PARSONS BEHLE & LATIMER
Erik A. Christiansen (USB 7372)
Benjamin D. Perkins (USB 18503)
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
BPerkins@parsonsbehle.com

VENABLE LLP
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE VERIFIED COMPLAINT**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Robert J. Shelby<br>Magistrate Judge: Hon. Cecilia M. Romero<br><br>Action Filed: July 18, 2023 |

Plaintiffs Capana Swiss Advisors AG ("Capana") and AmeriMark Automotive AG ("AmeriMark Automotive" and together with Capana "Plaintiffs") respectfully submit this Motion for Leave to Amend their Verified Complaint (the "Motion").

## INTRODUCTION AND BACKGROUND

Plaintiffs respectfully move the Court for leave to amend their Verified Complaint (the "Original Complaint") to add new claims against Defendants. The Court should allow Plaintiffs to allege these additional claims for multiple reasons. First, and most importantly, doing so will give Plaintiffs the maximum opportunity for each of their claims to be decided on its merits, as mandated by the Tenth Circuit. Second, Plaintiffs could assert these additional claims as a matter of course under Federal Rule of Civil Procedure 15(a)(1) after Defendants file their answer on Monday, September 18, 2023, but this would waste the resources of the parties and the Court. It would be more efficient and practical to allow Plaintiffs to file their amended pleading at this time so that Defendants may file a responsive pleading to the amended pleading rather than Plaintiffs' Original Complaint. Accordingly, Plaintiffs request that the Court grant them leave to file their attached, proposed Verified First Amended Complaint (the "Amended Complaint").[1]

Plaintiffs filed their Original Complaint on July 18, 2023, and therein asserted two claims for declaratory relief and accounting. [ECF No. 1, ¶¶ 103-110]. Plaintiffs did not initially seek money damages in their Original Complaint, but rather sought to establish AmeriMark Automotive's ownership of Defendant Rymark, Inc. *Id*., p. 36. After Plaintiffs filed their Original Complaint, on July 20, 2023, counsel for Defendants executed and returned a waiver of service on behalf of Defendants. [ECF No. 3]. In the waiver of service, Defendants

---

[1] In accordance with DUCivR 15-1(a), Plaintiffs have attached the proposed Verified First Amended Complaint to the Motion as Exhibit A as well as a redlined version of the Amended Complaint comparing it with the Original Complaint as Exhibit B.

acknowledged that their response to the Original Complaint is due 60 days from July 19, 2023, which placed the due date for the response on September 18, 2023.[2] *Id*.

Since Defendants executed their waiver of service, there have been no significant entries on the Court's docket. Defendants have not filed a response to the Original Complaint, and none of the parties have taken any other notable action with respect to this lawsuit.

## ARGUMENT

**I.    THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO AMEND THEIR ORIGINAL COMPLAINT**

The Court should grant leave for Plaintiffs to amend their Original Complaint to add additional claims for money damages. Under Federal Rule of Civil Procedure 15, a party may amend its pleading by seeking leave from the Court. Fed. R. Civ. P. 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so requires." *Id*. In conformance with this instruction, the Tenth Circuit has stated that the purpose of Rule 15 "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); *Complete Merchant Solutions, LLC v. F.T.C.*, No. 2:19-cv-00963-HCN-DAO, 2020 WL 4192294, at *2 (D. Utah July 21, 2020) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Moreover, in analyzing Rule 15, the Tenth Circuit has said "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or

---

[2] Sixty days from July 19, 2023, is Sunday, September 17, 2023. However, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the due date for the response "continues to run until the end of the next day that is not a … Sunday."

futility of amendment." *Bylin v. Billing*, 568 F.3d 1224, 1229 (10th Cir. 2009). Of these factors, the Tenth Circuit has stated that the "most important" factor is whether the amendment would prejudice the nonmoving party. *Minter*, 451 F.3d at 1207-08. None of these factors are at issue here.

> **A.  There Is No Undue Prejudice, Undue Delay, Or Bad Faith Or Dilatory Motive To Justify Refusal Of Plaintiffs' Motion**
>
> **1.  Amending The Original Complaint Will Not Cause Defendants Undue Prejudice**

Amending the Original Complaint will not cause Defendants undue prejudice. "Typically, courts will find prejudice only when an amendment unfairly affects non-movants 'in terms of preparing their [response] to the amendment.'" *Bylin*, 568 F.3d at 1229. Moreover, "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Id*. at 1230. This lawsuit has just started. Defendants have not yet filed a responsive pleading and the parties have not engaged in any discovery. Defendants still have access to every legal option available to prepare a response to Plaintiffs' proposed Amended Complaint, and accordingly, they will suffer no unfair prejudice if Plaintiffs are allowed to amend their Original Complaint. *Delta Pegasus Mgmt., LLC v. NetJets Sales, Inc*., No. 2:21-cv-00393, 2021 WL 6087707, at *3-4 (D. Utah Dec. 23, 2021) (granting leave to amend under Federal Rule of Civil Procedure 15 in part because "the case is still in its early stages; no answer has been filed and no discovery has taken place"). Thus, the Court should grant Plaintiffs leave to amend their Original Complaint.

> **2.  Plaintiffs Have Not Unduly Delayed And Have No Bad Faith Or Dilatory Motive In Seeking To Amend The Original Complaint**

Additionally, Plaintiffs have not unduly delayed in seeking to amend their Original Complaint. Indeed, Plaintiffs seek to file their Amended Complaint approximately eight weeks after filing their Original Complaint. This Court has found there was no undue delay when other

litigants sought to amend their complaints in similar timeframes, and accordingly, the Court should find Plaintiffs did not unduly delay in filing its Motion. *See, e.g., Delta Pegasus*, 2021 WL 6087707, at *3 ("Plaintiffs did not unduly delay in moving to amend their complaint. Plaintiffs filed their motion … eight weeks after the motion to dismiss was filed.").

Similarly, Plaintiffs have no bad faith or dilatory motive in seeking to amend their Original Complaint. Rather, they seek "the maximum opportunity for each [of their] claim[s] to be decided on its merits." *Id.* at *2; *Minter*, 451 F.3d at 1204. To ensure the Plaintiffs are given a fair opportunity to have their claims heard, the Court should allow Plaintiffs to amend their Original Complaint.

### B. Allowing Plaintiffs To Amend Their Complaint Now Is More Efficient Than Requiring Plaintiffs To File Their Amended Complaint Later

Allowing Plaintiffs to file their Amended Complaint now would be more efficient than forcing them to wait until after Defendants file a response to the Original Complaint. Under Rule 15(a)(1)(B), "[a] party may amend its pleading once as a matter of course within … 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Accordingly, after Defendants file their responsive pleading to the Original Answer on September 18, 2023, Plaintiffs will have 21 days to amend their pleadings as a matter of course. Rather than relying on Rule 15(a)(1)(B) and filing their Amended Complaint as a matter of course after Defendants file their answer to the Original Complaint, it would be much more efficient to allow Plaintiffs to file their Amended Complaint now so that Defendants may file an answer to it, rather than the Original Complaint. The Court should thus allow Plaintiffs to file their Amended Complaint.

## **CONCLUSION**

Because allowing Plaintiffs to amend their Original Complaint would comport with the letter and spirit of Rule 15, and because it would be more efficient to allow Plaintiffs to amend their Original Complaint now, Plaintiffs respectfully request that the Court grant them leave to amend their Original Complaint.

DATED this 15th day of September, 2023.

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen
Benjamin D. Perkins

VENABLE LLP
Sarah E. Diamond (*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG*

## CERTIFICATE OF SERVICE

I certify that on September 15, 2023, I filed the foregoing **PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE VERIFIED COMPLAINT** via the Court's CM/ECF system, which provided notice of such filing to all counsel of record.

<i>/s/ Erik A. Christiansen</i><br>
Erik A. Christiansen