EXHIBIT 63

# Affidavit

Knowing the criminal consequences of a false or incomplete affidavit, even if made negligently, and knowing that this affidavit is intended for submission to the court, I affirm below under oath:

## 1. Personal Information

My name is Martin Fasser Heeg. I was born on May 31, 1966 and I am a business resident of Zurich / Switzerland. I have been a Swiss Certified Public Accountant since 1996 and a Certified Internal Auditor since 2006. For a total of 13 years I worked as an auditor with Deloitte and Ernst & Young, then for 14 years with global trading companies. Now I run a business consulting company in Zurich together with my wife.

## 2. Regarding the Matter

I am the Chairman of the Board of Directors of "AmeriMark Automotive AG", a public limited company incorporated under the laws of Switzerland (the "Company") with its registered office in Zug, Switzerland.

In response to allegations and doubts regarding AmeriMark Automotive AG's ownership title to 100% of RYMARK, Inc. of Taylorsville, Utah (USA) ("Rymark"), I have thoroughly reviewed the relevant pertinent documents in an attempt to uncover any material basis that might call this ownership title into question. Upon completion of this review, I can state that, as of the date of this Affidavit, Rymark is listed as a 100% subsidiary in the Company's financial statements for the year ended December 31, 2022. This information is expressly confirmed by the Board of Directors by signing the financial statements. Since that date, neither the Board of Directors nor the shareholders of the Company, the only bodies empowered under the Company's Articles of Association and Swiss law to decide on the divestment of all or part of the Rymark Participation, have taken any action on such divestment.

With respect to the history of the Company's interest in Rymark prior to my time with the Company, I have ascertained through a thorough review of available commercial register records and other publicly available and

- 2 -

internal documents, and through consultation with the Company's legal counsel and my colleague and member of the Company's Board of Directors, Mr. Colshorn, I have formed a detailed picture of the original contribution transaction by which Rymark became a wholly owned subsidiary of the Company. I can find no evidence that these documents do not expressly and without contradiction confirm that (i) 100% of the Rymark Shares were duly contributed to the Company in 2016, and (ii) this ownership position was not impaired or divested by any subsequent corporate action or transaction.

In particular, the aforementioned verification reveals that the Company acquired all shares in Rymark from Mr. Nicholas T. Markosian on the occasion of a capital increase and a change of legal form on June 6, 2016. As a result of this transaction (capital increase by contribution in kind), Mr. Markosian became the sole shareholder of the Company. Thus, from the contribution in kind on June 6, 2016 until the currently valid version of April 5, 2022, the Company's Articles of Association also consistently contain the reference that "100%" of the shares in Rymark were contributed in the course of the contribution in kind at that time (Article 3a).

In the course of subsequent transactions, Mr. Markosian, who was an active member of the Company's Board of Directors from June 6, 2016 (Election Date) until August 19, 2020 (Registration Date of Cancellation), then contributed his shares in the Company directly or indirectly to AmeriMark Group AG. In turn, Mr. Markosian became a shareholder of AmeriMark Group AG and caused AmeriMark Group AG to become the 100% owner of the Company on July 27, 2018 (registration date). AmeriMark Group AG's shares were subsequently listed for trading on the Vienna Stock Exchange on August 22, 2019.

During its time as a traded company, AmeriMark Group AG notably issued a press release indicating its 100% ownership in Rymark. It further cited Mr. Markosian's public statement on the company's performance for fiscal 2019 and published consolidated financial results, including Rymark's performance, at that time, in accordance with the relevant rules and regulations of the Vienna Stock Exchange.

Internally, all of the Company's annual reports for the period 2016 to 2022 show without any gaps that 100% of the shares in Rymark are held by the Company. Also, the tax returns filed with the relevant Swiss tax authorities for the years 2016 to 2021 (the most recent filed to date), show the Company's 100% interest in Rymark.

- 3 -

It is worth noting here that the 2016 tax return was personally signed by Mr. Markosian as the then Chairman of the Board of Directors of the Company.

A hypothetical sale of Rymark shares or their pledge or use as collateral or a similar ownership charge by the Company would have had to be approved (depending on the size of the transaction) either by the Board of Directors alone or with the approval of the Company's shareholders' meeting; under Swiss law, the execution of a transaction so approved would have been exclusively within the authority and responsibility of the Board of Directors. No such transactions are known to the Company, nor has any consideration for any transaction involving Rymark been disclosed in the Company's financial statements, and none of the persons involved has ever alleged any such sale or impairment of shares of Rymark by the Company.

Based on the foregoing, to the best of my knowledge and belief, I am unable to identify any document or transaction that would indicate that 100% of Rymark was not properly contributed on June 6, 2016, or has not been continuously held by the Company since that date, or that such holding has been impaired in any way in the interim period.

Zug (Switzerland), March 6, 2023 [SIGNATURE]

## Notarial Certification

The undersigned Notary Public of the Canton of Zug, Felix Kappeler, Attorney at Law, Dammstrasse 19, 6300 Zug, hereby certifies the authenticity of the signature affixed above of Mr. Martin Fasser Heeg, born May 31, 1966, of Val Müstair, according to his own statement residing in Zollikon (Switzerland), who has duly identified himself.

Zug, (Switzerland), March 6, 2023          The Notary:
[SIGNATURE AND NOTARIAL STAMP]
Felix Kappeler

[Apostille Seal of the Kanton of Zug, Switzerland]

- 4 -

## Instruction

The false affirmation under oath according to § 156 StGB is punishable by **imprisonment of up to up to three years or a fine.**

Under Section 161 of the German Criminal Code, negligence is punishable by up to one year's imprisonment or a fine.

The court may, at its discretion, mitigate the penalty if the offender corrects the false statements in good time (Section 158 StGB).

## Eidesstattliche Versicherung

In Kenntnis der strafrechtlichen Folgen einer auch fahrlässig abgegebenen falschen oder unvollständigen eidesstattlichen Versicherung und in dem Bewusstsein, dass diese Erklärung zur Vorlage bei Gericht bestimmt ist, versichere ich nachfolgend an Eides statt:

**1.   Zur Person**

Mein Name ist Martin Fasser Heeg. Ich bin geboren am 31. Mai 1966 und geschäftsansässig in Zürich / Schweiz. Ich bin seit 1996 diplomierter Schweizer Wirtschaftsprüfer und seit 2006 Certified Internal Auditor. Während total 13 Jahren habe ich als Wirtschaftsprüfer bei Deloitte und Ernst & Young gearbeitet, danach während 14 Jahren bei global tätigen Handelsfirmen. Jetzt führe ich zusammen mit meiner Gattin ein Wirtschaftsberatungsunternehmen in Zürich.

**2.   Zur Sache**

Ich bin Präsident des Verwaltungsrates der Gesellschaft "AmeriMark Automotive AG", einer Aktiengesellschaft mit Sitz in Zug (Schweiz), die nach Schweizer Recht organisiert ist (die "Gesellschaft").

Als Antwort auf die Behauptungen und Anzweiflungen bezüglich des Eigentumstitels der AmeriMark Automotive AG an 100% der RYMARK, Inc. mit Sitz in Taylorsville, Utah (USA) ("Rymark"), habe ich die entsprechenden einschlägigen Unterlagen gründlich geprüft, um zu versuchen, jegliche materielle Grundlage aufzudecken, die diesen Eigentumstitel in Frage stellen könnte. Nach Abschluss dieser Überprüfung kann ich festhalten, dass Rymark zum Zeitpunkt der Abgabe dieser Eidesstattlichen Erklärung im Jahresabschluss der Gesellschaft für das Jahr 2022, der auf den 31. Dezember 2022 datiert ist, als 100%ige Beteiligung aufgeführt ist. Diese Angaben werden vom Verwaltungsrat durch Unterzeichnung der Jahresrechnung ausdrücklich bestätigt. Seit diesem Datum haben weder der Verwaltungsrat noch die Aktionäre der Gesellschaft, die einzigen Organe, die gemäss den Statuten der Gesellschaft und dem Schweizer Recht befugt sind, über die Veräusserung der gesamten oder eines Teils der Rymark-Beteiligung zu entscheiden, Massnahmen zu einer solchen Veräusserung ergriffen.

Was die Geschichte der Beteiligung der Gesellschaft an Rymark vor meiner Zeit bei der Gesellschaft betrifft, so habe ich mir durch eine gründliche Überprüfung der verfügbaren Handelsregisterunterlagen und anderer öffentlich zugänglicher und



- 2 -

interner Dokumente sowie durch Rücksprache mit dem Rechtsberater der Gesellschaft und meinem Kollegen und Mitglied des Verwaltungsrats der Gesellschaft, Herrn Colshorn, ein detailliertes Bild von der ursprünglichen Einbringungstransaktion gemacht, durch welche Rymark zu einer 100%igen Tochtergesellschaft der Gesellschaft wurde. Ich kann keine Anhaltspunkte dafür finden, dass diese Dokumente nicht ausdrücklich und widerspruchsfrei bestätigen, dass i) 100 % der Rymark-Anteile 2016 ordnungsgemäss in die Gesellschaft eingebracht wurden, und ii) diese Beteiligungsposition durch keine nachfolgende Unternehmensmassnahme oder Transaktion beeinträchtigt oder veräussert wurde.

Insbesondere ergibt die vorgenannte Überprüfung, dass die Gesellschaft anlässlich einer Kapitalerhöhung und eines Rechtsformwechsels am 6. Juni 2016 alle Anteile an Rymark von Herrn Nicholas T. Markosian erworben hat. Infolge dieser Transaktion (Kapitalerhöhung durch Sacheinlage) ist Herr Markosian zum alleinigen Aktionär der Gesellschaft geworden. So enthält die Satzung der Gesellschaft seit der Sacheinlage vom 6. Juni 2016 bis zur aktuell gültigen Fassung vom 5. April 2022 auch durchgängig den Hinweis, dass "100%" der Aktien von Rymark im Zuge der Sacheinlage zu jenem Zeitpunkt eingebracht worden sind (Artikel 3a).

Im Zuge späterer Transaktionen hat Herr Markosian, der vom 6. Juni 2016 (Wahltag) bis zum 19. August 2020 (Eintragungstag der Löschung) aktives Mitglied des Verwaltungsrats der Gesellschaft war, dann seine Aktien an der Gesellschaft direkt oder indirekt in die AmeriMark Group AG eingebracht. Im Gegenzug wurde Herr Markosian Aktionär der AmeriMark Group AG und bewirkte, dass die AmeriMark Group AG am 27. Juli 2018 (Eintragungsstichtag) zum 100%igen Eigentümer der Gesellschaft wurde. Die Aktien der AmeriMark Group AG wurden daraufhin am 22. August 2019 zum Handel an der Wiener Börse aufgenommen.

Während ihrer Zeit als gehandeltes Unternehmen gab die AmeriMark Group AG insbesondere eine Pressemitteilung heraus, in der sie auf ihre 100%ige Beteiligung an Rymark hinwies. Sie zitierte weiter die öffentliche Erklärung von Herrn Markosian über die Leistung der Gesellschaft für das Geschäftsjahr 2019 und veröffentlichte zu dieser Zeit konsolidierte Finanzergebnisse, einschliesslich der Leistung von Rymark, gemäss den einschlägigen Regeln und Vorschriften der Wiener Börse.

Intern geht aus allen Geschäftsberichten der Gesellschaft für den Zeitraum 2016 bis 2022 lückenlos hervor, dass 100 % der Anteile an Rymark von der Gesellschaft gehalten werden. Auch die bei den zuständigen Schweizer Steuerbehörden eingereichten Steuererklärungen für die Jahre 2016 bis 2021 (die aktuellste, die bisher eingereicht wurde), weisen die 100%ige Beteiligung der Gesellschaft an Rymark aus.



- 3 -

Hier ist erwähnenswert, dass die Steuererklärung von 2016 von Herrn Markosian als damaligem Verwaltungsratspräsidenten der Gesellschaft persönlich unterzeichnet wurde.

Ein hypothetischer Verkauf von Rymark-Aktien oder deren Verpfändung oder Verwendung als Sicherheit oder eine ähnliche Eigentumsbelastung durch die Gesellschaft hätte (je nach Umfang der Transaktion) entweder vom Verwaltungsrat allein oder mit Zustimmung der Aktionärsversammlung der Gesellschaft beschlossen werden müssen; nach schweizerischem Recht wäre die Durchführung einer so genehmigten Transaktion ausschliesslich in die Zuständigkeit und Verantwortung des Verwaltungsrats gefallen. Weder sind derartige Transaktionen bei der Gesellschaft bekannt, noch wurde eine Gegenleistung für eine Transaktion im Zusammenhang mit Rymark in den Finanzberichten der Gesellschaft ausgewiesen, und keine der beteiligten Personen hat jemals einen derartigen Verkauf oder eine derartige Wertminderung von Aktien von Rymark durch die Gesellschaft behauptet.

Auf der Grundlage der vorstehenden Ausführungen kann ich nach bestem Wissen und Gewissen kein Dokument oder eine Transaktion erkennen, die darauf hindeuten würde, dass 100% von Rymark am 6. Juni 2016 nicht ordnungsgemäss eingebracht wurden oder seit diesem Datum nicht ununterbrochen von der Gesellschaft gehalten wurden oder dass diese Beteiligung in der Zwischenzeit in irgendeiner Weise beeinträchtigt wurden.

Zug (Schweiz), den 6. März 2023                    _____

## Notarielle Beglaubigung

Der unterzeichnete Notar des Kantons Zug, Felix Kappeler, Rechtsanwalt, Dammstrasse 19, 6300 Zug, beglaubigt hiermit die Echtheit der oben angebrachten Unterschrift von Herrn **Martin Fasser Heeg**, geb. 31. Mai 1966, von Val Müstair, nach eigenen Angaben wohnhaft in Zollikon (Schweiz), der sich gebührend ausgewiesen hat.

Zug, (Schweiz), den 6. März 2023              Der Notar:

Felix Kappeler

## Apostille

(Convention de la Haye du 5 octobre 1961)

1. Land: Schweizerische Eidgenossenschaft, Kanton Zug

   Diese öffentliche Urkunde

2. ist unterschrieben von **Felix Kappeler**

3. in der Eigenschaft als **Urkundsperson**

4. Sie ist versehen mit dem Stempel der / des

   **Urkundsperson**

   **des Kantons Zug**

   Bestätigt

5. in 6300 Zug                    6.    am **6. März 2023**

7. durch die Staatskanzlei des Kantons Zug

8. unter Nr.              *3827* / **23**

9. Stempel

   10.   Unterschrift

   *Arnold*

   Andrea Arnold

- 4 -

**Belehrung**

Die falsche Versicherung an Eides Statt nach § 156 StGB wird mit **Freiheitsstrafe bis zu drei Jahren oder mit Geldstrafe** bestraft.

Eine fahrlässige Begehung wird nach § 161 StGB mit Freiheitsstrafe bis zu einem Jahr oder mit Geldstrafe bestraft.

Das Gericht kann nach Ermessen die Strafe mildern, wenn der Täter die falschen Angaben rechtzeitig berichtigt (§ 158 StGB).

