R. Jeremy Adamson (12818) jadamson@kba.law
Chad S. Pehrson (12622) cpehrson@kba.law
Robert P. Harrington (12541) rharrington@kba.law
Stephen Richards *(19332)* srichards@kba.law
KUNZLER BEAN & ADAMSON, PC
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

---

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKKY SMALL, an individual,<br><br>Defendants. | **DEFENDANTS' SHORT-FORM DISCOVERY MOTION FOR A PROTECTIVE ORDER RE OVERBROAD THIRD-PARTY SUBPOENAS**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Robert J. Shelby<br>Magistrate Judge: Cecilia M. Romero |

In this dispute over the ownership of Defendant Rymark, Inc., Plaintiffs have adopted a scorched-earth approach to third-party discovery. Plaintiffs have served third-party subpoenas on, among others, every bank, credit union, or finance provider Plaintiffs can connect to Rymark, trying to preclude Rymark's access to capital and thereby put Rymark out of business.[1] Then

---

[1] Why this seems like a good idea to Plaintiffs, who ostensibly want to own Rymark at the end of this litigation, is a mystery.

1

they have filed these subpoenas on the public docket in an obvious attempt to embarrass Rymark.[2]

Rymark is the victim of a fraudulent market manipulation scheme perpetuated by Plaintiffs. Until now, Defendants have ignored these third-party subpoena antics. Yet over the past several months, Plaintiffs appear to have served every company in the country ever mentioned in Rymark's business records or emails as a current or potential funding source. These companies include: Bank of Utah , Bank of West, Mountain West Small Business Finance, Holladay Bank and Trust, Ted Jenkins, Keddington & Christensen, LLC, Security Service Credit Union, Utah Community Bank, White & Associates, Zions Bank, Covington Capital Corporation, First Insurance Funding, Arrowhead General Insurance Agency, Inc., the Small Business Administration, Katz Sapper & Miller LLP; Oak Street Funding; AAM Investments LTD; and LHPH Capital. The subpoenas serve no purpose in the litigation. Rather, the subpoenas are pretextual, and are simply a part of ongoing campaign of leveraging Defendants.

With Plaintiffs now into the dozens of third-party subpoenas, Rymark finally says enough is enough. Plaintiffs recently served a Rule 45 subpoena on Oak Street Funding and LHPH. Both subpoenas, which Rymark would provide to the Court upon request,[3] are vastly overbroad. As examples, the Oak Street subpoena seeks:

---

[2] The standard federal subpoena form provides proofs of service (let alone actual requests) should "not be filed with the court unless required by Fed. R. Civ. P. 45." Rule 45 says that proofs of service should only be filed "when necessary" to prove service, *i.e.*, when service is disputed. Nobody has disputed service on Plaintiffs' subpoenas, but despite multiple requests from Defendants, Plaintiffs continue to file subpoenas on the public docket.

[3] Local Rule DUCivR 37-1(b)(2)(B) does not permit parties to attach subpoenas to short-form motions. Defendants present a short-form motion as apparently preferred by the Court and its Local Rules. Defendants are happy to present a traditional-length motion on request.

(i) all documents and communications relating to any loan application (personal or commercial) for Rymark or its owner, Mr. Markosian;

(ii) all communications Oak Street had with anyone else relating to Defendants;

(iii) all communications from Rymark to Oak Street;

(iv) all communications between Oak Street and Rymark's current trial counsel; and

(v) all communications related to "ongoing or potential legal claims" against Rymark.

These documents are not important to this litigation that involves a securities fraud scheme which Plaintiffs implemented in Europe. And Plaintiffs neglected to ask Rymark for the information sought in these subpoenas. In other words, Plaintiffs do not appear to be engaged in a good-faith search for relevant information (which would naturally begin with discovery requests *to Rymark*, not Rule 45 subpoenas). Rather, Plaintiffs seek to damage Rymark's reputation with financing sources, and do so without seriously trying to advance the adjudicative interests of this case. Rymark respectfully submits that the Court end this improper practice by issuing a protective order ruling that Oak Street and LHPH are not required to respond to the Subpoena.

## CERTIFICATION

Plaintiffs have refused to telephonically meet and confer with Defendants averring they would not consent to recordings of those calls. Relevant background: after tiring of months of insults from Plaintiffs' counsel on those calls, Defendants' counsel have insisted on recording meet-and-confer calls. The proposed protocol included notification and immediate circulation to all parties of the recording. Plaintiffs through Erik Christiansen refuse to participate.

3

Defendants remain disappointed that Plaintiffs' counsel declines this simple prophylactic measure, and look forward to Court resolution of pending motion practice on this issue.

DATED: August 5, 2024

**KUNZLER BEAN & ADAMSON, PC**

<u>/s/ Chad S. Pehrson</u>
R. Jeremy Adamson
Chad S. Pehrson
Robert Harrington
Stephen Richards

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July, 2024, I filed the foregoing **DEFENDANTS' SHORT-FORM DISCOVERY MOTION FOR A PROTECTIVE ORDER RE OVERBROAD THIRD-PARTY SUBPOENAS** via the Court's CM/ECF system, which provided notice of such filing to all counsel of records.

*/s/Chad S. Pehrson*