R. Jeremy Adamson (12818) jadamson@kba.law
Chad S. Pehrson (12622) cpehrson@kba.law
Robert P. Harrington (12541) rharrington@kba.law
Stephen Richards *(19332)* srichards@kba.law
**KUNZLER BEAN & ADAMSON, PC**
50 W Broadway, Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

---

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKKY SMALL, an individual,<br><br>Defendants. | **DEFENDANTS' SHORT FORM DISCOVERY MOTION TO QUASH IMPROPER DEPOSITION NOTICE AND ADDRESS PLAINTIFFS' REFUSAL TO AWAIT COURT ADJUDICATION OF PREVIOUSLY FILED MOTION TO QUASH**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Robert J. Shelby<br>Magistrate Judge: Cecilia M. Romero |

On August 5, 2024 Defendants moved to quash improper subpoenas served on two of Defendants' lenders (Dkt. No. 128) ("**Motion**"). Rather than wait for adjudication of that Motion, Plaintiffs instead noticed a deposition of one of those lender's Vice Presidents, an individual with supervisory authority over Rymark's $22M+ credit line, which line was obtained long after Rymark instructed Shaen Bernhardt and Plaintiffs—in writing—to cease-and-desist their illegal European penny stock schemes (which efforts were expressly labeled by the Vienna

1

market authority as a "pumper" scheme). In short, the deposition notice is improper, and Plaintiffs' efforts constitutes discovery abuse. Rymark requests that the Court intervene and supervise Plaintiffs' approach to third party discovery and efforts to obtain leverage.

The Motion presented facts regarding Plaintiffs' scorched-earth approach to third-party discovery, including dozens of subpoenas to Rymark's lenders, banks, and insurance companies. The campaign appears intended to prevent Rymark's access to working capital necessary to run its business. In the Motion, Plaintiffs requested Court intervention on overbroad subpoenas which sought all communications from Defendants to Oak Street, and all communications that Oak Street had with anyone else relating to Defendants. This information is not pertinent to the claims and defenses in this litigation. And it's overly burdensome on a third party, particularly given that Plaintiffs failed to ask Rymark for the information sought in these subpoenas.

While the Motion was pending, one target—LHPH—voluntarily produced documents. Oak Street has not yet produced documents, apparently awaiting Court resolution of the propriety of the subpoena. Plaintiffs, though, are not willing to wait for the Court to address the matter. Instead, on August 19, 2024 Parsons Behle conveyed to Defendants a "deposition notice" for a Vice President of Oak Street, William Bower ("**Notice**"). The Notice purports to demand a deposition on September 18, 2024. Mr. Bower is an Oak Street employee with responsibilities over Rymark's $22M business credit line.

The Notice not only fails to allow this Court sufficient time to address the prior pending Motion, but it is also both defective and subject to the same objections as presented in the prior pending Motion. Non-party depositions proceed under Rule 45, not Rule 30. Fed. R. Civ. P. 45; *see also Mizrahi v. Equifax Info. Servs.*, No. 23-CV-4570, at *3 (E.D.N.Y. Mar. 4, 2024) ("Fed.

R. Civ. P. 45 sets forth the process for a party to obtain information from non-parties via subpoenas."); *Livesay v. Nat'l Credit Sys.*, 4:22-CV-19-TLS-JEM, at *4 (N.D. Ind. Dec. 6, 2022) ("[A] non-party may only be deposed via subpoena; notice is insufficient to compel a non-party's submission to a deposition."); *see also Wright & Miller* § 2107.  Failure to properly issue a subpoena to a non-party means there is no legal obligation to attend the deposition or produce documents

Rymark respectfully asks for an order quashing the improper deposition "notice" of Mr. Bower.

## CERTIFICATION

Plaintiffs have refused to telephonically meet and confer with Defendants averring they would not consent to recordings of those calls.  Following months of abusive statements from Plaintiffs' counsel, Defendants' counsel insisted on recording meet-and-confer calls.  The proposed protocol included notification and immediate circulation to all parties of the recording.  Plaintiffs refuse to participate.  Defendants remain disappointed that Plaintiffs' counsel declines this simple prophylactic measure, and look forward to Court resolution of pending motion practice on this issue.

DATED: August 29, 2024

**Kunzler Bean & Adamson, PC**

*/s/ Chad S. Pehrson*
R. Jeremy Adamson
Chad S. Pehrson
Stephen Richards
Robert Harrington

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2024, I filed the foregoing **DEFENDANTS' SHORT FORM DISCOVERY MOTION TO QUASH IMPROPER DEPOSITION NOTICE AND ADDRESS PLAINTIFFS' REFUSAL TO AWAIT COURT ADJUDICATION OF PREVIOUSLY FILED MOTION TO QUASH** via the Court's CM/ECF system, which provided notice of such filing to all counsel of records.

*/s/Chad S. Pehrson*