# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; and AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT<br><br><br><br><br>No. 2:23-cv-00467-TS-CMR<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

This case comes before the Court on Defendants' Motion for Leave to Amend Counterclaim and to File Third-Party Complaint.[1] As discussed in further detail below, the Court does not find that Plaintiffs demonstrated the Amended Counterclaim and Third Party Complaint to be futile or cause undue prejudice or delay. Therefore, the Court will grant the Motion.

## I. BACKGROUND

This case arises out of a dispute over the ownership of Rymark, Inc., a used car dealership in Taylorsville, Utah. Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG initiated this action on July 18, 2023,[2] alleging Defendants Rymark Inc., Nicholas Thayne Markosian, John Kirkland, and Vicky Small launched a scheme to transfer ownership of Rymark into AmeriMark Automative AG, a Swiss corporation, so that Defendants

---

[1] Docket No. 107.

[2] Docket No. 1. The current operative Complaint is Docket No. 16.

could list it on a foreign stock exchange.[3] Once AmeriMark Automotive owned all shares of Rymark, the President of Rymark, Markosian, allegedly transferred AmeriMark Automotive's shares into AmeriMark Group.[4] AmeriMark Group was listed on the Vienna Stock Exchange and investors bought its shares based on the financial materials provided by Defendants, which allegedly contained misrepresentations and false statements.[5] When AmeriMark Group share prices tanked, "Markosian attempted to disavow entirely the . . . transaction . . . which made Rymark a 100% subsidiary of AmeriMark Automotive, and to assume illegitimate ownership and control over Rymark[.]"[6] Plaintiffs assert ten causes of action for declaratory relief, accounting, conversion, breach of fiduciary duty, fraud, securities fraud, and civil conspiracy.[7]

Defendants filed their Answer and Counterclaim on September 18, 2023.[8] In their Counterclaim, Defendants broadly allege a "foreign shell entity penny stock scheme,"[9] in which Markosian trusted that third-parties David Hesterman and Ashley Miron Leshem sought to find European investors for Rymark.[10] Instead, Hesterman and Leshem allegedly "fraudulently prepared documents purporting to transfer the used car dealership into a new Swiss entity," without Markosian's knowledge.[11] In doing so, Hesterman and Leshem engaged in a variety of

---

[3] Docket No. 16 ¶¶ 12–13.

[4] *Id.* ¶ 13.

[5] *Id.* ¶ 14.

[6] *Id.* ¶ 17.

[7] *Id.* ¶¶ 103–259.

[8] Docket No. 11. The current operative Answer and Counterclaim is Docket No. 20.

[9] Docket No. 20, at 3.

[10] *Id.* at 1–2.

[11] *Id.* at 26.

fraudulent transactions in order to list AmeriMark Group on a Vienna stock exchange.[12] Defendants sought declaratory judgment that "Markosian is the sole owner of Rymark."[13] The Counterclaim left open the question whether Plaintiffs were active participants in or unknowing victims of Hesterman and Leshem's alleged scheme.[14] In October 2023, Plaintiffs filed a Motion to Dismiss Defendants' Counterclaim for failure to join necessary and indispensable parties,[15] which is pending before the court. In the meantime, discovery is ongoing[16] and closes on January 28, 2025.[17] November 28, 2024 is the last day to file motions to amend the pleadings or add parties.[18]

Defendants filed the instant Motion to Amend on July 13, 2024, seeking to assert five additional claims and add nine third-party defendants.[19] Defendants' Proposed Amended Counterclaim alleges an "international 'pump-and-dump' securities fraud scheme," originally "conceived" by Hesterman and Leshem and furthered by Leshem and various European associates, including Plaintiff Capana and its principal, Shaen Bernhardt.[20] Specifically, the

---

[12] *Id.* at 27.

[13] *Id.* at 36.

[14] *Id.* at 3 ("The extent to which Plaintiffs are victims or perpetrators of that scheme will be determined in discovery.").

[15] Docket No. 28, at 2 (seeking dismissal for failure to join "David A. Hesterman, Ashley Miron Leshem, Markus Thier, Adrian Zehner, unnamed attorneys at Gysi & Partner Rechtsanwälte Ltd. in St. Gallen Switzerland . . . ; unspecified 'Leshem-created shell entities;' and alleged foreign entities White Tree Capital, Ltd.; Emission Power & Solutions, Inc.; and Anada Capital Partners").

[16] Docket No. 107, at 8; *see also* Docket No. 133 (setting hearing on several discovery motions for October 2, 2024).

[17] Docket No. 88.

[18] *Id.*

[19] Docket No. 107, at 7–8.

[20] Docket No. 107-1, ¶ 1.

3

Proposed Amended Counterclaim asserts causes of action for declaratory relief, civil conspiracy, theft by receiving stolen property, conversion, and fraudulent inducement, and seeks to add Bernhardt, Leshem, Hesterman, Nicolai Colshorn, Stefan Kammerlander, Alexander Coenen, Martin Fasser Heeg, AmeriMark Group AG, and Philomaxcap AG as third-party defendants.[21] Having fully reviewed the parties' briefing and finding that oral argument would not be materially helpful,[22] the Court now rules on the Motion to Amend.

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedures provides that, after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[23] "[T]he court should freely give leave [to amend] when justice so requires,"[24] because "[t]he purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[25]

The Tenth Circuit instructs that "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[26] "A general presumption exists in favor of allowing a party to amend its

---

[21] *See* Docket No. 107-1.

[22] *See* DUCivR 7-1(g).

[23] Fed. R. Civ. P. 15(a)(2).

[24] *Id.*

[25] *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[26] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

pleadings, and the non-moving party bears the burden of showing that the proposed amendment is improper."[27]

## III. ANALYSIS

Defendants' Proposed Amended Counterclaim asserts five additional claims and adds nine third-party defendants.[28] Plaintiffs argue Defendants' Motion to Amend should be denied for futility of amendment, undue delay, and undue prejudice.[29] The Court will address each argument in turn.

   1. Futility of Amendment

An amendment is futile when "the complaint, as amended, would be subject to dismissal."[30] Plaintiffs argue granting Defendants' Motion to Amend is futile for two reasons. First, because the proposed claims are time-barred by the applicable statute of limitations and second, because the proposed claims fail as a matter of law.[31]

---

virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

[27] *Carrazco v. Morrison*, No. 21-cv-01277-NYW, 2022 WL 2666031, at *2 (D. Colo. July 11, 2022) (citing *Foman*, 371 U.S. at 182 and *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[28] Docket No. 107, at 7–8. Specifically, Defendants' Proposed Amended Counterclaim asserts causes of action for declaratory relief, civil conspiracy, theft by receiving stolen property, conversion, and fraudulent inducement and adds Shaen Bernhardt, Ashley Miron Leshem, David Hesterman, Nicolai Colshorn, Stefan Kammerlander, Alexander Coenen, Martin Fasser Heeg, AmeriMark Group AG, and Philomaxcap AG.

[29] Docket No. 125, at 3.

[30] *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal quotation marks and citation omitted).

[31] Docket No. 125, at 4.

Plaintiffs rely solely on evidence outside the pleadings to argue Defendants' proposed new claims are barred by the statute of limitations.[32] The statute of limitations begins to run on the day the pleading party knew or should have known of the injury or facts that give rise to the cause of action.[33] Plaintiffs cite to various documents attached to their Opposition to establish the dates on which they believe the statute of limitations began to run.[34] However, the documents Plaintiffs cite are not part of or referred to in the Proposed Amended Counterclaim. Defendants assert it is improper to consider this extrinsic evidence at this stage and the Court agrees. Both parties agree that the Proposed Amended Counterclaim should be reviewed using the same standard as a 12(b)(6) motion to dismiss.[35] When deciding a 12(b)(6) motion, the court evaluates the sufficiency of the complaint based on its contents.[36] While there are limited exceptions to this restriction on the evidence a court may consider, the documents offered by Plaintiffs do not

---

[32] *Id.* at 5–7.

[33] *Alexander v. Okla.*, 382 F.3d 1205, 1216 (10th Cir. 2004) (citation omitted).

[34] Specifically, Plaintiffs cite a Valuation Report published on June 17, 2019 and emails produced by Defendants during discovery to argue Markosian knew or should have known about the transfer of shares from AmeriMark Group to Whitetree Capital Limited on June 17, 2019. Docket No. 125, at 7 ("Defendants knew or should have known that a publicly accessible Valuation Report showing Whitetree Capital as a holder of 13,000,000 shares was published on Monday, June 17, 2019; indeed, Defendants have produced documents referencing this report.") (emphasis omitted). Similarly, Plaintiffs assert Markosian knew or should have known he owned only 6,441,655 shares when he was emailed a copy of his holdings on July 13, 2020. *Id.* at 6–7 ("Markosian was certainly on notice of his share ownership by July 13, 2020 (at the latest), when he was sent power of attorney forms showing his stake as 6,441,655 shares.") (emphasis omitted).

[35] Docket No. 125, at 8 ("The proposed pleading should be 'analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).'") (quoting *Anderson v. PAR Elec. Contractors, Inc.*, 318 F.R.D. 640, 642–43 (D. Kan. 2017)); *Reply* at 2–3 ("Accordingly, when considering futility, federal courts apply the well-worn standard for 12(b)(6) motions: they 'accept as true all well-pleaded factual allegations in the amended complaint and consider them in the light most favorable' to the party seeking amendment.") (quoting *Chilcoat v. San Juan Cty.*, 41 F.4th 1196, 1218 (10th Cir. 2022)).

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

appear to fall into any of these narrow categories.[37] The Court will not consider this evidence at this stage. Because Plaintiffs relied solely on evidence beyond the pleadings, the Court cannot find the claims are barred by the applicable statute of limitations. Moreover, by their very nature the proposed claims call into question whether the statute of limitations should be tolled because of the alleged fraud, a question ill-suited for resolution in this Motion to Amend.

Plaintiffs also assert Defendants' claims are futile because they fail as a matter of law. Plaintiffs first address Defendants' proposed claims for theft by receiving stolen property, conversion, and declaratory relief and then address Defendants' proposed claims for civil conspiracy, fraudulent inducement, and declaratory relief. The Court will do the same.

According to Plaintiffs, Defendants' proposed claims for theft by receiving stolen property, conversion, and declaratory relief fail because the Proposed Amended Counterclaim does not sufficiently plead the requisite intent elements.[38] Plaintiffs contend Defendants' claim for theft by receiving stolen property fails because the Proposed Amended Counterclaim "merely allege[s] that 'Capana knew or should have known in 2022 that the 13,000,000 shares were stolen as a result of the [Disavowal Letter].'"[39] Similarly, according to Plaintiffs, Defendants did not adequately plead the requisite willful intent for a conversion claim.[40] In making their

---

[37] *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) ("There are exceptions to this restriction on what the court can consider, but they are quite limited: (1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice.") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)).

[38] Docket No. 125, at 8–9.

[39] *Id.* (quoting Docket No. 107-1, ¶ 168).

[40] *Id.* at 8 ("Defendants allege that 'in either 2018 or 2019, Lesham stole [the AMG Shares] from Markosian and purported to transfer those shares to Whitetree Capital.'") (quoting Docket No. 107-1, ¶ 168).

7

argument, Plaintiffs appear to have focused only on whether the paragraphs beneath each count constituted "[t]hreadbare recitals of the elements of a cause of action[.]"[41] However, the Proposed Amended Counterclaim should be read as a whole.[42] As Defendants identify in their Reply, the Proposed Amended Counterclaim contains many paragraphs outlining the required intent elements of both conversion and theft by receiving stolen property.[43]

Plaintiffs argue Defendants' conversion claims fail for an additional reason: "in September 2023, Markosian abandoned the very property he now claims was stolen," because under Utah law "a security is presumed abandoned three years after . . . the holder . . . attempt[s] to confirm the apparent owner's interest in the security[.]"[44] According to Plaintiffs, because "Defendants refused . . . [to] acknowledge any connection to the AmeriMark companies," they abandoned the 13,000,000 shares of AmeriMark they now contend were stolen by Capana.[45] However, the Court must accept as true all well-pleaded factual allegations, and Plaintiffs do not cite to the Proposed Amended Counterclaim to identify factual support for their contention that Markosian abandoned his shares. The Court finds Plaintiffs have not satisfied their burden of showing Defendants' proposed claims for theft by receiving stolen property, conversion, and declaratory relief are futile.

---

[41] *Iqbal*, 556 U.S. at 678 (citation omitted).

[42] *See, e.g.*, *Jaramillo v. Padilla*, No. CIV 20-1286 RB/KRS, 2021 WL 4430627, at *4 (D.N.M. Sept. 27, 2021) ("Yet, the Court is not limited to reading the paragraphs immediately under the Count I heading but can consider the factual allegations of the Complaint as a whole.").

[43] Docket No. 130, at 6 (identifying Docket No. 107-1, ¶¶ 10–11, 16, 18, 77–82, 105, 119, 134–138, and 167 as outlining the evidence for Defendants' conversion, receipt of stolen property, and declaratory judgment claims).

[44] Docket No. 125, at 9 (quoting Utah Code 67-4a-206 (1)–2(a)).

[45] *Id.*

Plaintiffs argue Defendants' proposed claims for civil conspiracy, fraudulent inducement, and declaratory relief fail because "[c]laims based on alleged fraud must satisfy the heightened pleading requirements of Rule 9(b)."[46] However, Plaintiffs again appear to focus only on the paragraphs under each count heading.[47] When read as a whole, the Proposed Amended Counterclaim and the attached materials satisfy Rule 9(b) by providing Plaintiffs with the "who what, when, where, and how"[48] of the allegedly fraudulent acts and representations.[49] The Court finds Plaintiffs have not satisfied their burden of showing the proposed counts are futile.

2. Undue Delay

A party's ability to amend its pleadings is not restricted to a particular stage in the action.[50] Therefore, "[l]ateness does not of itself justify the denial of the amendment."[51] Rather, the Tenth Circuit instructs district courts to "focus[] primarily on the reasons for the delay."[52] If the moving party "has no adequate explanation for the delay," the court has sufficient grounds to deny leave to amend.[53] The court may also deny the motion "where the party seeking

---

[46] *Id.*

[47] *Id.* at 10 (asserting Defendants do not provide 'the time, place, or contents of the false representation, the identity of the party making the false statements and the consequences thereof') (citing *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

[48] *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023).

[49] *See* Docket No. 130, at 7 n.3 (identifying Docket No. 107-1, ¶¶ 1–3, 7, 9, 12, 15–27, 35–44, 47–52, 104–05, 108, 110, 114, 132–147, 159–61, 163–64, 171–73, and 182 as evidence of the alleged fraudulent acts and activities).

[50] *Minter*, 451 F.3d at 1205 (citation omitted).

[51] *Id.* (internal quotation marks and citation omitted).

[52] *Id.* at 1206.

[53] *Id.* (quoting *Frank*, 3 F.3d at 1365–66).

9

amendment kn[ew] or should have known of the facts upon which the proposed amendment is based but fail[ed] to include them in the original complaint[.]"[54]

Defendants filed their Motion for Leave to Amend months in advance of the scheduling order's late November deadline to amend pleadings or to add parties.[55] Likewise, Defendants explain they filed "this Motion a short time after learning about the basis for it through discovery."[56] Under these circumstances, courts in this district generally find no undue delay.[57]

Plaintiffs contend Defendants unduly delayed because "Defendants have been in possession of the purported new information for years."[58] Specifically, Plaintiffs assert at least four of the third-parties "and their roles were well known to Defendants for months, if not years, before Defendants sought to add them as parties."[59] But Defendants knowing the third-parties had roles in the relevant companies is not sufficient for Defendants to plead "factual content that allows the court to draw the reasonable inference that the [third-parties are] liable for the [market manipulation scheme] alleged."[60] To show undue delay, Plaintiffs would need to demonstrate Defendants were long aware of the specific conduct of each third-party in the alleged market

---

[54] *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (internal quotation marks and citation omitted).

[55] Docket No. 88, at 3.

[56] Docket No. 107, at 10.

[57] *See, e,g.*, *J White, L.C. v. Wiseman*, No. 2:16-cv-01179-CW-PMW, 2019 WL 4393297, at *2 (D. Utah Sept. 13, 2019) ("If Defendants had objections to the potential that Plaintiffs would seek leave to amend their complaint, Defendants should not have agreed to . . . the deadline for filing such motions.").

[58] Docket No. 125, at 3.

[59] *Id.* at 10–11; *see also id.* at n.6 (outlining the roles of the proposed third-parties).

[60] *Iqbal*, 556 U.S. at 678 (citation omitted).

10

manipulation scheme. The Court finds Defendants did not unduly delay in bringing the Motion to Amend.

3. Undue Prejudice

The most important factor when deciding a motion to amend "is whether the amendment would prejudice the nonmoving party."[61] While any amendment will invariably cause some degree of practical prejudice, "[c]ourts typically find prejudice only when the amendment unfairly affects the [non-moving party] in terms of preparing [its] defense to the amendment."[62] This occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[63]

Plaintiffs argue Defendants' proposed amendment would be prejudicial because they are "eight months (and hundreds of thousands of dollars) into discovery pursuing Defendants' prior claim."[64] However, Tenth Circuit precedent is clear that "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice."[65] Because discovery is still ongoing, Plaintiffs have the time and opportunity to conduct any necessary investigation into Defendants' proposed new claims. Further, Plaintiffs do not adequately explain their contention the Proposed Amended Counterclaim represents an "eleventh-hour, total reversal on theory, strategy, and tactics."[66] Defendants' original Counterclaim alleged a fraudulent scheme and Defendants now, with the benefit of discovery, seek to amend their Counterclaim to better reflect that alleged

---

[61] *Minter*, 451 F.3d at 1207.

[62] *Id.* at 1208 (internal quotation marks and citation omitted).

[63] *Id.*

[64] Docket No. 125, at 4.

[65] *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) (citation omitted).

[66] Docket No. 125, at 12.

scheme. The Court concludes Plaintiffs have failed to carry their burden of establishing they will suffer significant prejudice from Defendants' proposed amendments.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Leave to Amend Counterclaim and to File Third-Party Complaint (Docket No. 107) is GRANTED. Defendants are directed to file their Amended Counterclaim with the Court within fourteen days of this Order. It is further

ORDERED that Plaintiffs' Motion to Dismiss (Docket No. 28) is DENIED as MOOT.

DATED this 3rd day of September, 2024.

BY THE COURT:

Ted Stewart
United States District Judge