R. Jeremy Adamson (12818) (jadamson@kba.law)
Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* (srichards@kba.law)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants, Counter Claimants and Third-Party Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **MOTION FOR LEAVE TO FILE CERTAIN EXHIBITS TO THE AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT UNDER SEAL**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Robert J. Shelby<br>Magistrate Judge: Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation,<br><br>Counter Defendants. | |

|  |
|---|
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>        Third-Party Plaintiffs,<br><br>vs.<br><br>SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation,<br><br>        Third-Party Defendants. |

      Counter Claimants and Third-Party Plaintiffs Rymark, Inc. and Nicholas Thayne Markosian (collectively, the "**Rymark Parties**") hereby move for leave under DUCivR 5–3(b) to file the following Exhibits to their Amended Counterclaim and Third-Party Complaint under seal: Exhibit Nos. 3, 5, 6, 17, 18, 19, 20, 21, 22, 23, 25, 26, 32, 34, 35, 36, and 37.

      The Rymark Parties clarify that *none* of these exhibits should remain under seal and further clarify that they simply bring this Motion out of an abundance of caution and in recognition that the status of these documents is the subject of a temporary seal and a pending motion. Dkts. 108, 110.

      The Rymark Parties assert that these exhibits ultimately do not qualify as confidential under the Protective Order and that the Plaintiffs have waived any confidentiality designation to them in

2

any event. *See* Dkt. 115. Indeed, the Plaintiffs have designated virtually their entire document production in this action as "confidential" and have failed to respond to challenges to those designations in a timely or sufficient manner and those documents accordingly lost their designations under the plain language of the Protective Order. *See generally id.*

With that understanding, the Rymark Parties submitted these exhibits with Defendants' Motion for Leave to Amend Counterclaim and to File Third-Party Complaint. Dkt. 107. Counsel for Plaintiffs then emailed the Clerk to request that several of those exhibits be sealed pending their (as-of-then-unfiled) motion to seal. The Clerk conferred with Plaintiffs' counsel over the phone about the specific documents to be sealed, and *even after the Rymark Parties objected* to both Plaintiffs' request to the Clerk and the *ex parte* communication, the Clerk "temporarily sealed" certain exhibits in response. *See* Dkt. 115. Plaintiffs then moved to seal those attachments and the Rymark Parties have opposed that motion. *See* Dkts. 110 and 115, respectively. Plaintiffs have also moved to protect their blanket confidentiality designations generally, Dkt. 111, and the Rymark Parties opposed, Dkt. 118.

The Rymark Parties understand that Plaintiffs' short-form motion regarding the issue of Plaintiffs' over-designation of their entire document production as Confidential and their failure to follow the Protective Order on challenges of designations will be the subject of an upcoming hearing before Judge Romero scheduled for October 2, 2024. *See* Dkt. 113. Plaintiffs' motion to seal the documents at issue remains before the Court. *See* Dkt. 110.

The Rymark Parties bring this Motion in good faith in recognition that the status of these exhibits is in dispute. But ultimately these exhibits should be a part of the public record in this

3

action.

DATED:  September 3, 2024.

**KUNZLER BEAN & ADAMSON, PC**

/s/ *Chad S. Pehrson*
R. Jeremy Adamson
Chad S. Pehrson
Robert P. Harrington
Stephen Richards

*Attorneys for Defendants,*
*Counter Claimants and*
*Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2024, I filed the foregoing via the Court's CM/ECF system, which provided notice of such filing to all counsel of records.

*/s/Chad Pehrson*
Chad Pehrson
