Erik A. Christiansen (USB 7372)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
BPerkins@parsonsbehle.com

Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG
and AmeriMark Automotive AG*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual, <br><br> Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' SHORT FORM MOTION TO QUASH IMPROPER DEPOSITION NOTICE AND ADDRESS PLAINTIFFS' REFUSAL TO AWAIT COURT ADJUDICATION OF PREVIOUSLY FILED MOTION TO QUASH** <br><br> Case No. 2:23-cv-00467 <br> Judge: Hon. Ted Stewart <br> Magistrate Judge: Hon. Cecilia M. Romero |

Defendants' latest Motion to Quash ("Motion") is a further transparent attempt to prevent Plaintiffs from obtaining relevant and proper third-party discovery. On August 4, Defendants demanded a protective order regarding the Oak Street Funding ("Oak Street") and LHPH

*document* subpoenas. (ECF 128). On August 14, Plaintiffs served a *deposition* subpoena for Oak Street employee William Bowers, which did not request that Mr. Bowers produce documents. Plaintiffs' deposition subpoena is separate from the document subpoena at issue in Defendants' Motion for Protective Order. Plaintiffs were not required to await the outcome of Defendants' motion regarding their document subpoenas to before serving the subpoena Mr. Bowers' deposition. Indeed, Defendants do not and cannot present any authority to the contrary. Defendants' latest Motion should be denied.

First, Defendants lack standing to object to Mr. Bower's deposition subpoena. "Generally, a motion to quash a subpoena may only be made by the party to whom the subpoena is directed." *Monroe v. FinWise Bank*, No. 221CV00042JNPDAO, 2021 WL 5926416, at *2 (D. Utah Dec. 15, 2021) (unpublished). "The exception is where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Id.* Defendants failed to allege that they have any "personal right or privilege with respect to the subject matter requested in the" deposition subpoena to Mr. Bowers such that they have standing to bring this Motion. Defendants also fail to demonstrate how arguments related to Plaintiffs' supposed "discovery abuse" give them standing to move to quash Mr. Bowers' deposition. *See, e.g.*, *Monroe v. FinWise Bank*, No. 221CV00042JNPDAO, 2021 WL 5926416, at *2 (D. Utah Dec. 15, 2021) ("[E]ven where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden, and 'on the grounds of overly broad and relevance.'").

Second, Defendants' deficient notice argument fails. Plaintiffs served Oak Street's counsel with a deposition subpoena for Mr. Bowers on August 14, 2024.[1] Plaintiffs also served notice of the deposition on Defendants' counsel pursuant to Rule 30(b)(1). That notice was not meant "to demand a deposition," but rather, the notice was meant to give Defendants "reasonable

---

[1] Plaintiffs will provide this subpoena to the Court upon request.

written notice…[of ] the time and place of the deposition." Fed. R. Civ. P. 30(b)(1). Given that the subpoena did not command production of documents, Plaintiffs were not required by the federal or local rules to forward a copy of the deposition subpoena to Defendants or to provide them a courtesy notice prior to serving the same.[2] *See* DUCivR 45-1. All the rules require is that Plaintiffs provide notice to the Defendants of the time/place of the deposition, which they did on August 19. Accordingly, Defendants' Motion is baseless and should be denied.

DATED: September 5, 2024

VENABLE LLP
Sarah E. Diamond (*Admitted Pro Hac Vice*)

PARSONS BEHLE & LATIMER
Erik A. Christiansen (USB 7372)

By: */s/ Erik A. Christiansen*

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG*

---

[2] Defendants are clearly aware of this nuance, given that Defendants' counsel served third-party Orie Rechtman with a deposition subpoena without first notifying Plaintiffs.

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2024, I caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' SHORT FORM MOTION TO QUASH IMPROPER DEPOSITION NOTICE AND ADDRESS PLAINTIFFS' REFUSAL TO AWAIT COURT ADJUDICATION OF PREVIOUSLY FILED MOTION TO QUASH** to be emailed to the below and to be filed on CM/ECF and accordingly electronically served to the parties of record.

R. Jeremy Adamson
Chad S. Pehrson
Stephen Richards
Taylor J. Smith
Robert Harrington
KUNZLER BEAN & ADAMSON
50 W BROADWAY STE 1000
SALT LAKE CITY, UT 84101
(801) 994-4646
Email: jadamson@kba.law
Email: cpehrson@kba.law
Email: tsmith@kba.law
Email: rharrington@kba.law

                                                */s/ Hannah Ector*
                                                Hannah Ector