Erik A. Christiansen (USB 7372)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG
and AmeriMark Automotive AG, and
Third-Party Defendants Shaen Bernhardt,
Martin Faser Heeg, and Stefan Kammerlander*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE, a Swiss corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM AND THIRD-PARTY COMPLAINT | **ANSWER TO THIRD-PARTY COMPLAINT [ECF NO. 139]** <br><br> Case No. 2:23-cv-00467 <br> Judge: Hon. Ted Stewart <br> Magistrate Judge: Hon. Cecilia M. Romero |

Third-Party Defendants Mr. Shaen Bernhardt ("Bernhardt"), Mr. Martin Faser Heeg ("Heeg"), and Mr. Stefan Kammerlander ("Kammerlander") (collectively, the "Third-Party Defendants"), by their attorneys, submit the following answer and defenses to Defendants' and Counter Plaintiffs' Rymark, Inc. ("Rymark"), Nicholas Thayne Markosian ("Markosian"), John Kirkland ("Kirkland"), and Vicky Small ("Small") (collectively, "Counter-Plaintiffs") Third-Party Complaint [ECF NO. 139] (the "Third-Party Complaint"), dated September 3, 2024, in the above-captioned matter, and state as follows:

## INTRODUCTION AND SUMMARY

1.     Third-Party Defendants deny the allegations of Paragraph 1.

2.     Third-Party Defendants have insufficient information to admit or deny the allegations of Paragraph 2, and therefore deny.

3.     Third-Party Defendants have insufficient information to admit or deny the allegations of Paragraph 3, and therefore deny.

4.     Third-Party Defendants deny the allegations of Paragraph 4.

5.     Third-Party Defendants have insufficient information to admit or deny the allegations of Paragraph 5, and therefore deny.

6.     Third-Party Defendants admit that Whitetree Capital ("Whitetree") cut off financing to AmeriMark Automotive AG ("AmeriMark Automotive") and AmeriMark Group AG ("AmeriMark Group") (collectively the "AmeriMark Companies") before May 2019. Third-Party Defendants deny the remainder of the allegations of Paragraph 6.

7.     Third-Party Defendants deny the allegations of Paragraph 7.

8.     Third-Party Defendants admit that the Vienna Stock Exchange agreed to admit AmeriMark Group shares to trading on its "Direct Market" segment. Third-Party Defendants deny the remainder of the allegations of Paragraph 8.

9.     Third-Party Defendants admit that on September 16, 2020, Rymark's counsel (Chad Pehrson then of Parr Brown Gee & Loveless) authored a letter to Miron Leshem ("Leshem"), David Hesterman ("Hesterman"), Nicholai Colshorn ("Colshorn"), and the

AmeriMark Companies (the "Disavowal Letter").  Third-Party Defendants admit that the Disavowal Letter demanded that the AmeriMark Group website be taken down, and that AmeriMark Group cease and desist from representing that it had any "connection with, relationship with, agency with, or authority from" Rymark.  Third-Party Defendants deny the remainder of the allegations of Paragraph 9.

10.     Third-Party Defendants admit that, through legal counsel, Plaintiffs and Counter Defendants Capana Swiss Advisors AG ("Capana") and AmeriMark Automotive sought to discuss the Disavowal Letter in 2020 and 2021.  Third-Party Defendants deny the remainder of the allegations of Paragraph 10.

11.     Third-Party Defendants admit that John Worden and Bernhardt engaged in discussions with Rymark's counsel regarding the Disavowal Letter in an attempt to resolve the dispute.  Third-Party Defendants admit that this effort included requests for current financial information from Rymark.  Third-Party Defendants deny the remainder of the allegations of Paragraph 11.

12.     Third-Party Defendants admit that Rymark sent financial information to Capana in May 2021.  Third-Party Defendants deny the remainder of the allegations of Paragraph 12.

13.     Third-Party Defendants admit that in May 2018 AmeriMark Group converted 3.4 million bearer shares held by the former shareholders of 4Service Cloud Tech AG into 6.8 million registered shares.  Third-Party Defendants deny the remainder of the allegations of Paragraph 13.

14.     Third-Party Defendants admit that on June 8, 2021, the Vienna Stock Exchange sent a letter confirming that AmeriMark Group shares would continue trading for 30 days until July 9, 2021, and would then be delisted.  Third-Party Defendants deny the remainder of the allegations of Paragraph 14.

15.     Third-Party Defendants deny the allegations of Paragraph 15.

16.     Third-Party Defendants admit that Capana exercised its options for AmeriMark Group shares in 2022.  Third-Party Defendants deny the remainder of the allegations of Paragraph 16.

17.     Third-Party Defendants admit that Plaintiffs and Counter Defendants Capana and AmeriMark Automotive filed the present lawsuit on July 18, 2023.  Third-Party Defendants deny the remainder of the allegations of Paragraph 17.

18.     Third-Party Defendants admit that Rymark's attorneys sent Venable a letter on January 17, 2024, claiming that the shares "appear to have been stolen from Markosian and transferred to your client."  Third-Party Defendants deny the remainder of the allegations of Paragraph 18.

19.     Third-Party Defendants deny the allegations of Paragraph 19.

20.     Third-Party Defendants deny the allegations of Paragraph 20.

21.     Third-Party Defendants deny the allegations of Paragraph 21.

22.     Third-Party Defendants admit that Rymark's declaratory judgment counterclaim attempts to seek a declaration that Markosian owns Rymark.  Third-Party Defendants deny the remainder of the allegations of Paragraph 22.

23.     Third-Party Defendants admit that Markosian attempts to seek $126,750,000 in damages.  Third-Party Defendants deny the remainder of the allegations of Paragraph 23.

## **PARTIES**

24.     Third-Party Defendants admit that Markosian is an individual.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations of Paragraph 24, and therefore deny.

25.     Third-Party Defendants have insufficient information to admit or deny the allegations of Paragraph 25, and therefore deny.

26.     Third-Party Defendants admit the allegations of Paragraph 26.

27.     Third-Party Defendants admit that Leshem is an individual.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations of Paragraph 27, and therefore deny.

28.     Third-Party Defendants admit that Hesterman is an individual.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations of Paragraph 28, and therefore deny.

29.     Third-Party Defendants admit that Colshorn is an individual.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations of Paragraph 29, and therefore deny.

30.     Third-Party Defendants admit the allegations of Paragraph 30.

31.     Third-Party Defendants admit the allegations of Paragraph 31.

32.     Third-Party Defendants admit the allegations of Paragraph 32.

33.     Third-Party Defendants admit the allegations of Paragraph 33.

34.     Third-Party Defendants admit the allegations of Paragraph 34.

35.     Third-Party Defendants admit the allegations of Paragraph 35.

36.     Third-Party Defendants admit that the Court has subject matter jurisdiction over the parties.

37.     Third-Party Defendants admit that the venue is proper with this Court.

38.     Third-Party Defendants admit that the Court has personal jurisdiction over the parties.

## **GENERAL ALLEGATIONS**

39.     Third-Party Defendants deny that Markosian owns Rymark.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations in Paragraph 39, and therefore deny.

40.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 40, and therefore deny.

41.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 41, and therefore deny.

42.     Third-Party Defendants deny that Markosian was unaware of Hesterman's criminal history.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations in Paragraph 42, and therefore deny.

43.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 43, and therefore deny.

44.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 44, and therefore deny.

45.     Third-Party Defendants admit that the French securities regulator, the AMF, sanctioned Grantchester Equity ("Grantchester") and Leshem and fined them EUR 1,000,000 and 2,000,000 (respectively).  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations in Paragraph 45, and therefore deny.

46.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 46, and therefore deny.

47.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 47, and therefore deny.

48.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 48, and therefore deny.

49.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 49, and therefore deny.

50.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 50, and therefore deny.

51.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 51, and therefore deny.

52.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 52, and therefore deny.

53.     The Third-Party Complaint omits Paragraph 53.

54.     Third-Party Defendants admit that between 2016 and 2019, Rymark's listing agent Ananda Capital, and then Grantchester Equity, took efforts to list the Swiss structures that owned Rymark.  Third-Party Defendants admit that, pursuant to powers of attorney signed by Markosian, a Swiss shell company was purchased and, in June 2016, converted into AmeriMark Automotive.  Third-Party Defendants admit that on June 6, 2016, Markosian contributed 100% of Rymark into AmeriMark Automotive and eventually received 18,000,000 shares (100%) of AmeriMark Automotive in return.

55.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 55, and therefore deny.

56.     Third-Party Defendants admit that the initial efforts to list AmeriMark Automotive in 2016 aimed at a listing on the Marche Libre exchange.  Third-Party Defendants admit that Marche Libre derailed the application efforts of AmeriMark Automotive.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations in Paragraph 56, and therefore deny.

57.     Third-Party Defendants admit that, with the approval and support of Counter Plaintiffs for over a year, AmeriMark Automotive attempted to have its shares admitted to trading on the Malta Stock Exchange.

58.     Third-Party Defendants admit that after the refusal of the Maltese auditor to pass on Rymark's financials, efforts to list the entities shifted to a merger with Swiss corporation 4Service Cloud Tech AG.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations in Paragraph 58, and therefore deny.

59.     Third-Party Defendants admit that Colshorn served as a member of the board of directors of 4Service Cloud Tech AG at least since 2015.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations in Paragraph 59, and therefore deny.

60.     Third-Party Defendants admit that Leshem sent an email stating that there was "almost no trading activity" of 4Service Cloud Tech's stock and that 4Service Cloud Tech's shares had "lost some 90%+ of their value over time."  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations in Paragraph 60, and therefore deny.

61.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 61, and therefore deny.

62.     Third-Party Defendants admit that the merger between 4Service Cloud Tech AG and AmeriMark Automotive was completed on May 9, 2018 via the contribution of 18,000,000 shares of AmeriMark Automotive into 4Service Cloud Tech AG, and that 4Service Cloud Tech AG was renamed as AmeriMark Group on May 9, 2018.  Third-Party Defendants admit that Stefan Kammerlander was hired as auditor to validate the contribution report supporting the May 9, 2018 merger, and joined the board of directors of Capana on November 9, 2021, three and a half years after the May 9, 2018 merger.  Third-Party Defendants deny that Kammerlander was hired in June 2018, as the merger was already complete by that date.  Third-Party Defendants deny that Leshem "bought Capana personnel in to help with the scheme."  Third-Party Defendants deny the remainder of the allegations of Paragraph 62.

63.     Third-Party Defendants admit that Euronext rejected the admission to trading of the 20,000,000 newly issued registered shares of AmeriMark Group, and that Euronext delisted 3,400,000 bearer shares that had been issued by 4Service Cloud Tech AG.  Third-Party Defendants deny the remainder of the allegations of Paragraph 63.

64.     Paragraph 64 sets forth a legal conclusion and therefore requires no response.  To the extent a response is required, Third-Party Defendants deny the allegations of Paragraph 64.

65.     Paragraph 65 sets forth a legal conclusion and therefore requires no response.  To the extent a response is required, Third-Party Defendants deny the allegations of Paragraph 65.

66.     Third-Party Defendants deny the allegations of Paragraph 66.

67.     Third-Party Defendants deny the allegations of Paragraph 67.

68.    Third-Party Defendants deny the allegations of Paragraph 68.

69.    Third-Party Defendants deny the allegations of Paragraph 69.

70.    Third-Party Defendants deny the allegations of Paragraph 70.

71.    Third-Party Defendants deny the allegations of Paragraph 71.

72.    Third-Party Defendants deny the allegations of Paragraph 72.

73.    Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 73, and therefore deny.

74.    Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 74, and therefore deny.

75.    Third-Party Defendants deny the allegations of Paragraph 75.

76.    Third-Party Defendants admit that efforts were made to list Rymark on a European stock exchange spanning from 2016 to 2019.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations in Paragraph 76, and therefore deny.

77.    Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 77, and therefore deny.

78.    Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 78, and therefore deny.

79.    Third-Party Defendants admit that several subscription forms dated May 10, 2018, were attached as Exhibit 24 to Plaintiffs and Counter Defendants Capana and AmeriMark Automotive's Amended Complaint, and that those forms purported to effect a swap of 17,497,500 AmeriMark Automotive shares for 19,441,667 shares in AmeriMark Group.  Third-Party Defendants deny the remainder of the allegations in Paragraph 79.

80.    Third-Party Defendants deny the allegations of Paragraph 80.

81.    Third-Party Defendants deny the allegations of Paragraph 81.

82.    Third-Party Defendants deny the allegations of Paragraph 82.

83.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 83, and therefore deny.

84.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 84, and therefore deny.

85.     Third-Party Defendants admit that Frank Heuser was retained to head the planned implementation of the "Markosian Formula" in Germany.  Third-Party Defendants deny the remainder of the allegations in Paragraph 85.

86.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 86, and therefore deny.

87.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 87, and therefore deny.

88.     Third-Party Defendants deny the allegations of Paragraph 88.

89.     Third-Party Defendants deny the allegations of Paragraph 89.

90.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 90, and therefore deny.

91.     Third-Party Defendants have insufficient information to admit or deny the allegations in Paragraph 91, and therefore deny.

92.     Third-Party Defendants admit that Bernhardt sent an email to outside counsel in May 2021.  Third-Party Defendants deny the remainder of the allegations of Paragraph 92.

93.     Third-Party Defendants admit that Bernhardt and Colshorn exchanged emails in July 2020, including regarding purported shareholder complaints.  Third-Party Defendants deny the remainder of the allegations of Paragraph 93.

94.     Third-Party Defendants admit that Bernhardt and Colshorn exchanged emails in July 2020, including regarding purported shareholder complaints.  Third-Party Defendants deny the remainder of the allegations of Paragraph 94.

95.     Third-Party Defendants admit that Bernhardt and Colshorn exchanged emails in August 2020, including regarding discussions with AmeriMark Automotive's outside legal counsel.  Third-Party Defendants deny the remainder of the allegations of Paragraph 95.

96.     Third-Party Defendants admit that Bernhardt and Colshorn exchanged emails in August 2020, including regarding discussions with AmeriMark Automotive's outside legal counsel.  Third-Party Defendants deny the remainder of the allegations of Paragraph 96.

97.     Third-Party Defendants admit that Leshem sent an email describing Capana as "the Swiss vehicle through which I conduct business and [to] which Shaen [Bernhardt] is an advisor," and that Leshem was "working on a plan that should result in some significant liquidity in the shares of Amerimark" and "allow the current investors some type of exit strategy," and that he was hoping to "salvage the deal."  Third-Party Defendants deny the remainder of the allegations of Paragraph 97.

98.     Third-Party Defendants admit that on August 31, 2020, Colshorn received an email accusing AmeriMark Group of a "possible market manipulation."

99.     Third-Party Defendants admit that in July and August of 2020, dozens of individuals purporting to be AmeriMark Group shareholders spammed Markosian and Kirkland with repeated communications.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations in Paragraph 99, and therefore deny.

100.     Third-Party Defendants admit that in July and August of 2020, dozens of individuals purporting to be AmeriMark Group shareholders spammed Markosian and Kirkland with repeated communications.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations in Paragraph 100, and therefore deny.

101.     Third-Party Defendants admit that on September 16, 2020, Rymark's counsel sent the Disavowal Letter to Leshem, Hesterman, Colshorn, and the AmeriMark entities.

102.     Paragraph 102 sets forth a legal conclusion and therefore requires no response. To the extent a response is required, Third-Party Defendants deny the allegations of Paragraph 102.

11

103.     Third-Party Defendants admit that Rymark was the central operational asset within the AmeriMark Companies.  Third-Party Defendants deny the remainder of the allegations of Paragraph 103.

104.     Third-Party Defendants admit that, through legal counsel, Plaintiffs and Counter Defendants Capana and AmeriMark Automotive discussed the Disavowal Letter in 2020 and 2021 with Rymark's counsel.  Third-Party Defendants deny the remainder of the allegations of Paragraph 104.

105.     Third-Party Defendants admit that, through legal counsel, Plaintiffs and Counter Defendants Capana and AmeriMark Automotive discussed the Disavowal Letter in 2020 and 2021 with Rymark's counsel.  Third-Party Defendants deny the remainder of the allegations of Paragraph 105.

106.     Third-Party Defendants admit that on February 2, 2021, and February 8, 2021, Colshorn emailed Bernhardt regarding outstanding invoices.  Third-Party Defendants deny the remainder of the allegations of Paragraph 106.

107.     Third-Party Defendants admit that 3,400,000 of AmeriMark Group's bearer shares were the result of the 2018 4Service Cloud Tech AG merger.  AmeriMark Group was compelled by Swiss law to convert the bearer shares into registered shares and urged by the Vienna Stock Exchange to apply to have those shares listed.  Third-Party Defendants deny the remainder of the allegations of Paragraph 107.

108.     Third-Party Defendants admit that Plaintiffs and Counter Defendants Capana and AmeriMark Automotive requested that Rymark provide timely and accurate financials to meet its duties as a subsidiary to its parent, AmeriMark Automotive.  Third-Party Defendants deny the remainder of the allegations of Paragraph 108.

109.     Third-Party Defendants admit Plaintiffs and Counter Defendants Capana and AmeriMark Automotive were pursuing a business solution to resolve the dispute with the Defendants and that this solution included a potential transaction or the securing of external financing and that Rymark's financials were used for that purpose.  Third-Party Defendants deny the remainder of the allegations of Paragraph 109.

110.     Third-Party Defendants admit that legal counsel for Plaintiffs and Counter Defendants Capana and AmeriMark Automotive repeatedly attempted to discuss with Rymark's counsel and that Rymark's counsel delayed discussions.  Third-Party Defendants deny the remainder of the allegations of Paragraph 110.

111.     Third-Party Defendants admit the allegations of Paragraph 111.

112.     Third-Party Defendants admit that Capana sent a letter of interest on April 30, 2021, and requested audited financials for 2020 for the purpose of seeking "potential financing for, or investment in Rymark, Inc."  Third-Party Defendants deny the remainder of the allegations of Paragraph 112.

113.     Third-Party Defendants admit that AmeriMark Group published a press release on May 4, 2021.  Third-Party Defendants deny the remainder of the allegations in Paragraph 113.

114.     Third-Party Defendants deny the allegations of Paragraph 114.

115.     Third-Party Defendants admit that AmeriMark Group complied with requirements to publish timely and accurate financials, including those of its indirect subsidiary Rymark, including in May 2021.  Third-Party Defendants admit that AmeriMark Group did not publish the false Disavowal Letter of September 16, 2020.  Third-Party Defendants deny the remainder allegations of Paragraph 115.

116.     Third-Party Defendants deny the allegations of Paragraph 116.

117.     Third-Party Defendants admit that AmeriMark Group issued a press release on May 17, 2021.  Third-Party Defendants admit that the false Disavowal Letter was not published. Third-Party Defendants deny the remainder of the allegations of Paragraph 117.

118.    Third-Party Defendants admit that Martin Wenzl ("Wenzl") emailed Colshorn on May 12, 2021.  Third-Party Defendants deny the remainder of the allegations of Paragraph 118.

119.    Third-Party Defendants admit that AmeriMark Group's stock price fluctuated throughout May 2021.  Third-Party Defendants deny the remainder of the allegations of Paragraph 119.

120.    Third-Party Defendants admit that Austrian Financial Market Authority ("FMA") issued an investor warning on May 21, 2021.  Third-Party Defendants deny the remainder of the allegations of Paragraph 120.

121.    Third-Party Defendants admit that AmeriMark Group issued a press release on May 25, 2021, to respond to the FMA notice, as required by Article 17, Section 1 of EU Regulation 596/2014 (the MAR).  Third-Party Defendants deny the remainder of the allegations of Paragraph 121.

122.    Third-Party Defendants admit that Wenzl and Colshorn discussed public communications of AmeriMark Group in an email dated May 25, 2021.  Third-Party Defendants deny the remainder of the allegations of Paragraph 122.

123.    Third-Party Defendants admit that AmeriMark Group issued a press release disclosing discussions with AutoScout24 on June 1, 2021.  Third-Party Defendants deny the remainder of the allegations of Paragraph 123.

124.    Third-Party Defendants deny the allegations of Paragraph 124.

125.    Third-Party Defendants admit that Wenzl and Colshorn discussed the AutoScout24 press release by email.  Third-Party Defendants have insufficient information to admit or deny the remainder of the allegations of Paragraph 125, and therefore deny.

126.    Third-Party Defendants have insufficient information to admit or deny the allegations of Paragraph 126, and therefore deny.

127.    Third-Party Defendants admit that AmeriMark Group's outside counsel took efforts to address the concerns of Wenzl.  Third-Party Defendants deny the remainder of the allegations of Paragraph 127.

128.    Third-Party Defendants admit that Colshorn emailed Bernhardt on June 6, 2021, regarding outstanding invoices.  Third-Party Defendants deny the remainder of the allegations of Paragraph 128.

129.    Third-Party Defendants admit that Wenzl and Colshorn, under Section 10 of the rules and regulations of the Vienna Stock Exchange, mutually arranged for the delisting of AmeriMark Group shares.  Third-Party Defendants deny the remainder of the allegations of Paragraph 129.

130.    Third-Party Defendants deny the allegations of Paragraph 130.

131.    Third-Party Defendants deny the allegations of Paragraph 131.

132.    Third-Party Defendants admit the allegations of Paragraph 132.

133.    Third-Party Defendants deny the allegations of Paragraph 133.

134.    Third-Party Defendants admit that Plaintiffs and Counter Defendants Capana and AmeriMark Automotive were pursuing a business solution in an attempt to resolve the dispute, including a sale of Rymark.  Third-Party Defendants deny the remainder of the allegations of Paragraph 134.

135.    Third-Party Defendants deny the allegations of Paragraph 135.

136.    Third-Party Defendants admit that Rymark has refused to retract its false Disavowal Letter.  Third-Party Defendants admit that Plaintiffs and Counter Defendants Capana and AmeriMark Automotive filed this litigation in July 2023.  Third-Party Defendants deny the remainder of the allegations of Paragraph 136.

137.    Third-Party Defendants admit that Capana obtained 12,545,810 shares of AmeriMark Group from Whitetree.  Third-Party Defendants deny the remainder of the allegations of 137.

138.    Third-Party Defendants deny the allegations of Paragraph 138.

139.    Third-Party Defendants deny the allegations of Paragraph 139.

140.    Third-Party Defendants have insufficient information to admit or deny the allegations of Paragraph 140, and therefore deny.

141.     Third-Party Defendants have insufficient information to admit or deny the allegations of Paragraph 141, and therefore deny.

142.     Third-Party Defendants have insufficient information to admit or deny the allegations of Paragraph 142, and therefore deny.

143.     Third-Party Defendants have insufficient information to admit or deny the allegations of Paragraph 143, and therefore deny.

144.     Third-Party Defendants have insufficient information to admit or deny the allegations of Paragraph 144, and therefore deny.

145.     Third-Party Defendants deny the allegations of Paragraph 145.

**FIRST CAUSE OF ACTION**
**Declaratory Relief**
***Markosian and Rymark Against AmeriMark Automotive, Capana, and AmeriMark Group***

146.     Third-Party Defendants incorporate the responses and the factual allegations included in Plaintiffs and Counter Defendants Capana and AmeriMark Automotive's First Amended Complaint, Dkt. 16 (the "Amended Complaint").

147.     Third-Party Defendants deny the allegations of Paragraph 147.

148.     Third-Party Defendants deny the allegations of Paragraph 148.

149.     Third-Party Defendants deny the allegations of Paragraph 149.

150.     Third-Party Defendants have insufficient information to admit or deny the allegations of Paragraph 150, and therefore deny.

151.     Third-Party Defendants deny the allegations of Paragraph 151.

152.     Third-Party Defendants deny that Markosian and Rymark are entitled to such an order.

     a.   Third-Party Defendants deny the allegations of Paragraph 152(a).

     b.   Third-Party Defendants deny the allegations of Paragraph 152(b).

     c.   Third-Party Defendants deny the allegations of Paragraph 152(c).

     d.   Third-Party Defendants deny the allegations of Paragraph 152(d).

e.   Third-Party Defendants deny the allegations of Paragraph 152(e).

f.   Third-Party Defendants deny the allegations of Paragraph 152(f).

## SECOND CAUSE OF ACTION
### In The Alternative: Declaratory Relief
***Markosian Against Capana, AmeriMark Group, and Philomaxcap AG***

153.   Third-Party Defendants incorporate the responses and the factual allegations included in the Amended Complaint, Dkt. 16.

154.   Third-Party Defendants deny the allegations of Paragraph 154.

155.   Third-Party Defendants deny the allegations of Paragraph 155.

156.   Third-Party Defendants deny the allegations of Paragraph 156.

157.   Third-Party Defendants deny that Markosian is entitled to such an order.

## THIRD CAUSE OF ACTION
### Civil Conspiracy
***Markosian and Rymark, Inc. Against Capana, AmeriMark Automotive, AmeriMark Group, Leshem, Hesterman, Bernhardt, Kammerlander, Colshorn, and Coenen***

158.   Third-Party Defendants incorporate the responses and the factual allegations included in the Amended Complaint, Dkt. 16.

159.   Third-Party Defendants deny the allegations of Paragraph 159.

160.   Third-Party Defendants deny the allegations of Paragraph 160.

161.   Third-Party Defendants deny the allegations of Paragraph 161.

162.   Third-Party Defendants deny the allegations of Paragraph 162.

163.   Third-Party Defendants deny the allegations of Paragraph 163.

164.   Third-Party Defendants deny the allegations of Paragraph 164.

## FOURTH CAUSE OF ACTION
### In The Alternative: Receiving/Retaining/Withholding/Disposing of Stolen Property
### Utah Code Ann. § 76-6-408
***Markosian Against Leshem, Capana, Bernhardt, and Philomaxcap AG***

165.   Third-Party Defendants incorporate the responses and the factual allegations included in the Amended Complaint, Dkt. 16.

166.    Third-Party Defendants deny the allegations of Paragraph 166.

167.    Third-Party Defendants deny the allegations of Paragraph 167.

168.    Third-Party Defendants deny the allegations of Paragraph 168.

169.    Third-Party Defendants deny the allegations of Paragraph 169.

170.    Third-Party Defendants deny the allegations of Paragraph 170.

171.    Third-Party Defendants deny the allegations of Paragraph 171.

172.    Third-Party Defendants deny the allegations of Paragraph 172.

173.    Third-Party Defendants deny the allegations of Paragraph 173.

## FIFTH CAUSE OF ACTION
### In The Alternative: Conversion
*Markosian Against Leshem, Capana, Bernhardt, and Philomaxcap AG*

174.    Third-Party Defendants incorporate the responses and the factual allegations included in the Amended Complaint, Dkt. 16.

175.    Third-Party Defendants deny the allegations of Paragraph 175.

176.    Third-Party Defendants deny the allegations of Paragraph 176.

177.    Third-Party Defendants deny the allegations of Paragraph 177.

178.    Third-Party Defendants deny the allegations of Paragraph 178.

179.    Third-Party Defendants deny the allegations of Paragraph 179.

180.    Third-Party Defendants deny the allegations of Paragraph 180.

## SIXTH CAUSE OF ACTION
### Fraudulent Inducement
*Markosian and Rymark Against Leshem, Hesterman, Bernhardt, Kammerlander, and Capana*

181.    Third-Party Defendants incorporate the responses and the factual allegations included in the Amended Complaint, Dkt. 16.

182.    Third-Party Defendants deny the allegations of Paragraph 182.

183.    Third-Party Defendants deny the allegations of Paragraph 183.

184.    Third-Party Defendants deny the allegations of Paragraph 184.

185.    Third-Party Defendants deny the allegations of Paragraph 185.

186.    Third-Party Defendants deny the allegations of Paragraph 186.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Not Knowing and Intentional)**

The Third-Party Defendants did not violate any agreement, covenant, or contract with Counter Plaintiffs knowingly or intentionally, and Counter Plaintiffs are not entitled to recover any damages or penalties.

### SECOND AFFIRMATIVE DEFENSE

**(No Willful Conduct)**

The Third-Party Defendants did not violate any agreement, covenant, or contract with Counter Plaintiffs willfully or knowingly.  A good-faith dispute exists as to whether Counter Plaintiffs' alleged conduct violated any such agreement, covenant, or contract.  Accordingly, Counter Plaintiffs are not entitled to recover any damages or penalty.

### THIRD AFFIRMATIVE DEFENSE

**(Excuse of Performance)**

The Third-Party Complaint, and each cause of action and claim for relief alleged therein, is barred because the Third-Party Defendants are excused from any and all obligations under the alleged agreements.

### FOURTH AFFIRMATIVE DEFENSE

**(Fault of Counter Plaintiffs)**

Counter Plaintiffs' alleged injuries and damages, if any, were caused solely by the acts, wrongs, or omissions of Counter Plaintiffs, and/or by things over which the Third-Party Defendants had no control and for which the Third-Party Defendants are not responsible.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Third-Party Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification)

The Third-Party Complaint, and each cause of action alleged therein, is barred on the ground that Counter Plaintiffs ratified the Third-Party Defendants' alleged actions.

## SEVENTH AFFIRMATIVE DEFENSE

### (The Third-Party Defendants Acted in Good Faith and With Reasonable Belief of Legality)

If Third-Party Defendants are found to be liable for damages as alleged in the Third-Party Complaint of any amount due, which the Third-Party Defendants deny, the Third-Party Defendants acted at all times on the basis of a good faith and reasonable belief that its actions were in compliance and conformity with all applicable state laws and/or written administrative regulations, orders, rulings, or interpretations, and therefore the Third-Party Defendants' actions were not willful or in reckless disregard of the law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Reasonable Reliance)

The Third-Party Complaint, and each cause of action and claim for relief alleged therein, is barred, in whole or in part, by Counter Plaintiffs' lack of reasonable reliance on any alleged misrepresentations by the Third-Party Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Absence of Material Factual Misrepresentation)

The Third-Party Complaint, and each cause of action and claim for relief alleged therein, is barred, in whole or in part, on the ground that Counter Plaintiffs have failed to allege, with the requisite specificity, that the Third-Party Defendants made a material factual misrepresentation.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

The Third-Party Complaint, and each cause of action and claim for relief alleged therein, is barred, in whole or in part, by the doctrine of laches, as Counter Plaintiffs' unreasonable delay in commencing this action has prejudiced the Third-Party Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

The Third-Party Complaint does not describe the events and claims therein with sufficient particularity to enable the Third-Party Defendants to determine all of the defenses, that may exist to such events and claims.  The Third-Party Defendants, therefore, reserve their right to add, delete, or modify any and all defenses that may pertain to the Third-Party Complaint if the precise nature of such events and claims is determined through clarification or amendment to the Third-Party Complaint, through discovery, through further legal analysis of Counter Plaintiffs' claims and positions in this action, or otherwise.

The Third-Party Defendants do not knowingly or intentionally waive any applicable defenses and reserve their right to assert such additional defenses.

## PRAYER

WHEREFORE, the Third-Party Defendants respectfully pray that this Court:

1.      Dismiss all of Counter Plaintiffs' claims with prejudice and rule that Counter Plaintiffs recover nothing from the Third-Party Defendants;

2.      Enter an order awarding the Third-Party Defendants their costs in defending this action;

3.      Schedule a trial on all issues so triable; and

4.      Grant the Third-Party Defendants such other and further relief as shall be just and proper.

DATED: October 15, 2024

VENABLE LLP
Sarah E. Diamond (*Admitted Pro Hac Vice*)

PARSONS BEHLE & LATIMER
Erik A. Christiansen (USB 7372)

By:   */s/ Erik A. Christiansen*

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Faser Heeg, and Stefan Kammerlander.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of October 2024, I served by electronic mail

the foregoing **ANSWER TO THIRD-PARTY COMPLAINT [ECF NO. 139]** upon counsel of

record listed below.

*ATTORNEYS FOR DEFENDANTS, COUNTER CLAIMANTS, AND COUNTER PLAINTIFFS*

R. Jeremy Adamson
Chad S. Pehrson
Stephen Richards
Robert Harrington
KUNZLER BEAN & ADAMSON
50 W BROADWAY STE 1000
SALT LAKE CITY, UT 84101
(801) 994-4646
Email: jadamson@kba.law
Email: cpehrson@kba.law
Email: srichards@kba.law
Email: rharrington@kba.law

/s/ *Karen Rubino*
Karen Rubino