# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants.<br><br>AND RELATED CLAIMS | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' [68] MOTION TO QUASH CURRENT THIRD-PARTY SUBPOENA TO PARR BROWN GEE & LOVELESS AND FOR RULE 45(D)(1) SANCTIONS**<br><br>Case No.: 2:23-cv-00467-TS-CMR<br><br>Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendants' Motion to Quash Third-Party Subpoena to Parr Brown Gee & Loveless (Parr Brown) and for Rule 45(d)(1) Sanctions (Motion) (ECF 68). The court heard argument on the Motion on June 14, 2024 (ECF 84) and announced an oral ruling at a hearing on October 3, 2024 (ECF 163). Subsequent to the hearing, the court also reviewed the parties' respective proposed orders on this Motion (ECF 158, 159, and 160). For the reasons stated by the court at the hearing, and after reviewing the proposed orders on the Motion, the court enters the below decision GRANTING IN PART AND DENYING IN PART the Motion (ECF 68) as to the current subpoena (ECF 68-1).

1

# I. DISCUSSION

As set forth at the hearing, "[a] motion to quash a subpoena is left to the sound discretion of the trial court." *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990). In addition, "[a] court has a duty to not necessarily quash a subpoena, but if it is overbroad it can reduce the demand to 'what is reasonable, considering the discoverer's needs and the discoveree's problems.'" *ZooBuh v. Better Broad. LLC*, No. 2:11-cv-00516, 2017 WL 1476135, at *2 (D. Utah Apr. 24, 2017) (quoting *Deithcman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 560 (7th Cir. 1984)).

With regard to standing, in general, "[a] motion to quash a subpoena may only be made by the party to whom the subpoena is directed." *Hutchinson v. Kamauu*, No. 2:20-cv-00796, 2022 WL 180641, at *2 (D. Utah Jan. 20, 2022) (quoting *Zoobuh*, 2017 WL 1476135, at *2). The exception to this rule is "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Id.* (quoting *Zoobuh*, 2017 WL 1476135, at *2). However, "even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden,' and on the grounds of overbreadth and relevance." *Id.* (quoting *Zoobuh*, 2017 WL 1476135, at *2). Courts have found this standard is met when a subpoena is issued to a party's attorney. *See, e.g., Willis v. Progressive Direct Ins. Co.*, 2023 WL 4305130, at *1 (W.D. Okla. June 30, 2023) ("[A] third party has standing to challenge a Rule 45 subpoena seeking documents protected by the work-product doctrine or attorney-client privilege."); *Lindley v. Life Investors Ins. Co. of Am.*, 2010 WL 1837715, at * 1 (N.D. Okla. Apr. 30, 2010) (concluding defendant had standing to object to non-party subpoena based on attorney client priviledge where subpoena sought a deposition of defendant's prior counsel and privileged communications with them).

While the position taken by Defendants at the hearing was confusing against the representation made in the Motion that Parr Brown continues to represent Defendant Rymark, Inc. in this matter, versus the representation made at the hearing that Parr Brown may only be consulting on other matters, Defendants have demonstrated standing to object to the subpoena. Defendants have established standing to challenge the subpoena to Parr Brown because of the potential disclosure of attorney-client privileged communications involving Defendants' current counsel Chad Pehrson (Mr. Pehrson), who was at Parr Brown during a portion of the relevant period for information that is sought in the subpoena. Moreover, the subpoena requests information related to this matter, though at its early stages, and given that Defendants retained Mr. Pehrson who did work on this matter, there is standing.

In terms of the standard that applies, Defendants argue the Motion should be denied because Plaintiffs have failed to meet the criteria set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), while Plaintiffs argue *Shelton* is inapplicable. In *Shelton*, the Eighth Circuit recognized that while counsel is not absolutely immune from being deposed, it should be done under limited circumstances including when the party seeking to take the deposition can demonstrate that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* In *Boughton v. Cotter Corporation*, 65 F.3d 823 (10th Cir. 1995), the Tenth Circuit approved and adopted the criteria set forth in *Shelton*. *See id.* at 830; *Graystone Funding Co., LLC v. Network Funding, L.P.*, No. 2:19-cv-00383, 2020 WL 10352379, at *2 (D. Utah Nov. 9, 2020).

Plaintiffs argue that *Shelton* is not applicable to this case for three reasons. First, Plaintiff argues *Shelton* does not apply because it involved deposition testimony, not a subpoena, which is what is requested in the present matter. However, courts "in the Tenth Circuit have applied the *Shelton* test's reasoning to subpoenas duces tecum because the use of a subpoena duces tecum to attempt to obtain opposing counsel's documents and files is equally improper and may be more burdensome than merely attempting to obtain testimony." *XTO Energy, Inc. v. ATD, LLC*, 2016 WL 1730171, at *31 (D.N.M. Apr. 1, 2016) (quoting *Kirzhner v. Silverstein*, 2011 WL 1321750, *3 (D. Colo. Apr. 5, 2011), *objections sustained in part and overruled in part,* 870 F. Supp. 2d 1145, 1151 (D. Colo. Jan. 12, 2012)).

Second, Plaintiffs argue *Shelton* is inapplicable because Parr Brown is former counsel, not current counsel. While the parties dispute whether Parr Brown is former or current counsel, "courts have extended the *Shelton* test to former counsel." *Quarrie v. Wells*, 2020 WL 7385730, at *7 (D.N.M. Dec. 16, 2020); *Anzora v. Lezama*, 2018 WL 11183554, at *2 (D. Colo. Sept. 18, 2018) (*Shelton/Boughton* concerns "apply with equal force" to depositions of former counsel). Parr Brown, through Mr. Chad Pehrson, did work for Defendants relating to this matter and was former counsel at Parr Brown.

Third, Plaintiffs argue that *Shelton* is inapplicable because Parr Brown is not trial counsel. Even if Parr Brown is not trial counsel, in the *Graystone* case, this court applied *Shelton* to an attorney "who was involved in some of the events that [led] to the litigation" and who was being deposed regarding "his work and correspondence related to the matter currently before the court." *Graystone*, 2020 WL 10352379, at *2–3. It did not matter that the attorney was not trial counsel or even that the deposition might not reveal trial strategy, the court said, because *Shelton* and

4

*Boughton* apply more broadly than that. *See id.*; *see also Corsentino v. Hub Int'l Servs., Inc.*, 2018 WL 6597231, at *3 (D. Colo. Mar. 12, 2018) (explaining that limiting *Shelton* to depositions that would reveal litigation strategy would be "inconsistent with the Tenth Circuit's holding in *Boughton*"). Because Plaintiffs' document subpoena seeks communications from Parr Brown while Mr. Pehrson was at Parr Brown and served as counsel for Defendants, the subpoena seeks information regarding an attorney who was involved in the events that led to the litigation and requests information about his work and correspondence related to the matter currently before the court as in *Graystone*. Specifically, the subpoena requests communications between Parr Brown and others "that refer or relate to" this litigation, or that "refer or relate to" either of the Plaintiffs (ECF 68-1 Ex. 1 at 6). The court therefore agrees with Defendants that the *Shelton* criteria is applicable.

Having found that *Shelton* is applicable, the court also finds that Plaintiffs failed to address the *Shelton* criteria in the briefing and the supplemental briefing—in particular, elements one and three. With respect to the second element, while Plaintiffs argued at the hearing, they were only requesting non-privileged information, some of the requests in the subpoena conflict with that position. For example, request one is asking for non-privileged documents regarding Parr Brown and a third-party defendant, David Hesterman. In addition, request three asks for the engagement letter. At the hearing, Plaintiffs agreed to withdraw request three and limit others to ensure it is clear no privileged information is requested. Notwithstanding, there is only the current subpoena before the court, and because some of the requests are not clear that non-privileged communications are being sought, the court cannot find the second element is met.

## II. CONCLUSION AND ORDER

For the above reasons, the Motion is GRANTED IN PART as to the request to quash the current subpoena and DENIED IN PART as to the request for attorneys' fees. If a subpoena is reissued, the court orders the parties to meet and confer, specifically to discuss the standard the court finds applicable, and if there is no consensus, file an appropriate motion addressing the standard set forth herein.

Defendants' request for attorneys' fees under Federal Rule of Civil Procedure 45(d)(1) is DENIED. There was a legitimate dispute about the applicable standard in resolving this Motion, specifically the applicability of the *Shelton* test, and the parties' positions on both sides were reasonably justified. The court therefore declines to award sanctions.

**IT IS SO ORDERED.**

DATED this 23 October 2024.

*/s/ Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah