R. Jeremy Adamson (12818) (jadamson@kba.law)
Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* (srichards@kba.law)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants, Counter Claimants and Third-Party Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **OPPOSITION TO PLAINTIFFS' MOTION TO SEAL (DKT. NO. 175) EMAILS AMONG MIRON LESHEM, SHAEN BERNHARDT, AND NICOLAI COLSHORN**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero<br><br>**HEARING REQUESTED** |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation, | |

| |
|---|
| Counter Defendants. |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual, |
| Third-Party Plaintiffs, |
| vs. |
| SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation, |
| Third-Party Defendants. |

## I. RELIEF SOUGHT AND GROUNDS THEREFORE

Plaintiffs have repeatedly sought to seal documents for which there is no plausible legal basis for sealing. In their latest Motion (Dkt. No. 175), Plaintiffs seek to seal two email chains between Miron Leshem, Shaen Bernhardt and Nicolai Colshorn. The governing standard for sealing court records requires that the moving party must show a "significant interest that outweighs the presumption" of public access, and that this interest must be supported by "specific argument or facts." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). Plaintiffs' Motion does not identify any "significant interest" that might outweigh the presumption of public access. As such, the Motion must be denied.

## II.  LEGAL STANDARD: *Public's Right of Access to Judicial Records is the Presumption, and to Justify Any Sealing, that Access Right Must "Heavily Outweighed" by Countervailing Interests.*

In the United States, "there is both a constitutional (First Amendment) and common law right of public access to judicial documents." *Sparto v. Hearts for Hospice, LLC*, No. 2:12—801, 2023 WL 3080557, at *1 (D. Utah Apr. 25, 2023) (denying unopposed motion to seal). "Courts have long recognized a common-law right of access to judicial records," and although this right is "not absolute," it may be limited only when "countervailing interests heavily outweigh the public's interest in access." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). The party seeking to restrict access – here, Plaintiffs – bears the burden to show "some significant interest that outweighs the presumption." *Id.*; *see also Sparto*, 2023 WL 3080557, at *1 (applying this "significant interest" standard). This interest must be "real" and "substantial," and the burden to show it is "heavy." *Colony*, 698 F.3d at 1242. "[S]pecific argument or facts" as to why the "confidentiality" of documents "outweighs the presumption of public access" are required before a court may seal the documents. *Id.* And the burden on the party seeking to seal court records is particularly heavy when documents are "used to determine litigants' substantive legal rights"; when this is so, a "strong presumption of access attaches." *Id.* at 1242. Consistent with these requirements, this Court's Local Rules provide that the sealing of records is "highly discouraged." DUCivR 5-3(a)(1).

Local Rule 5-3(a)(1) refers to "good cause." But this is in addition *to* the Tenth Circuit's standard, not a replacement standard, and courts in this district regularly acknowledge that they are bound by the "significant interest" standard and must balance the public's right of access against the confidentiality interests asserted by litigants. *E.g.*, *Amann v. Office of Utah Attorney*

3

*General*, No. 2:18-cv-00341, 2024 WL 2188459, at *1 (D. Utah May 15, 2024) (acknowledging both local rules and Tenth Circuit authority and considering the public interest as to each document at issue); *AH Aero Serv., LLC v. Heber City*, No. 2:17-cv-1118, 2020 WL 6135819, at *2 (D. Utah Oct. 19, 2020) (explaining that Local Rule 5-3(a)(1) is "consistent" with the Tenth Circuit rules but must be "read in harmony with Tenth Circuit precedent"); *see also United States v. Jackman*, 2:09–cr–581, 2011 WL 2790165, at *1–2 (D. Utah July 14, 2011) (Stewart, D.J.) (acknowledging both the "good cause" and "significant interest" standards for sealing and repeatedly discussing the public interest).

**III. DISCUSSION**

First, Plaintiffs fail to even attempt to meet the relevant burden. As such, the Motion may be summarily denied. Alternatively, if the Court chooses to evaluate the two emails—the first from 2021 and the second from 2022, it will immediately ascertain that they do not contain the type of proprietary, highly confidential, and non-stale business data that could justify a sealing request.

**A. Plaintiffs Fail to Present Relevant, Compelling Reasons for Sealing; As Such, the Request to Seal Should be Denied.**

The only evidentiary support for the Motion is the following testimony from counsel for Plaintiffs:

1) the two email chains  "contain confidential, sensitive, and proprietary commercial information;

2) that "[p]rotecting the security and confidentiality of these attachments is warranted and critical";

3) the email chains were "designated 'CONFIDENTIAL' by Plaintiffs"; and

4) the sealing Motion "is narrowly tailored to seek protection for only the

4

information which Plaintiffs believes [sic] is truly deserving of protection."
[Dkt. No. 175-1, p 2.]

This conclusory testimony does not convey any specific facts, and as such does not provide any basis for performing the legally required analysis. Conclusory assertions are entitled to no weight at all in the sealing analysis, and this District Court routinely denies sealing motions that fail to provide specific facts and compelling arguments. *See, e.g.*, Hanks v. Anderson, No. 2:19-00999, 2024 WL 4187207, at *3 (D. Utah Sept. 13, 2024) (denying motion to seal where party did not "specifically identify any proprietary business information—other than a vague reference [to] the 'financial aspects' of the agreement"). The Tenth Circuit explained: a "generalized allusion to confidential information is inadequate to meet" the moving party's "heavy burden" on a sealing motion. Jetaway Aviation v. Bd. of Cnyt. Com'rs of Cnty. of Montrose, 754 F.3d 824, 827 (10th Cir. 2014) ("Plaintiffs must independently establish that the 'confidentiality' of the information they seek to seal 'outweigh[s] the presumption of public access.'")

Additionally, Plaintiffs' argument that they stamped the two emails CONFIDENTIAL under the standard protective order is wholly irrelevant under the law. A party's designation of a document as confidential does not justify sealing. *See* Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011) (party "cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order"); *see also* JetAway Aviation v. Bd. of Cnty. Comm'rs of Cnty. of Montrose, 754 F.3d 824, 826 (10th Cir. 2014) (a party "cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court"). Thus, the Motion is facially insufficient to outweigh the public presumption of access, and should be denied

**B. On a Substantive Analysis, the Two Email Chains Contain Nothing That is "Proprietary," "Sensitive," or Non-Stale, and Thus No Plausible Argument Exists that Could Outweigh the Public Presumption to Access.**

As mentioned, Plaintiffs' motion to seal does not identify a specific piece of proprietary commercial or financial information at issue or explain why the information is so sensitive that it should overcome the presumption of public access. And a simple review of the emails confirms that no such materials are present. So, while Plaintiffs' Motion does not include any analysis of the putative confidentiality aspects of the two emails, if an analysis were to take place, no plausible "confidentiality" interests exist, and even if some could be manufactured, they would not outweigh the public's interest.

**1. Short Description of Email Chains: Simple Communications Regarding Corporate Governance Operations.**

The first email chain (Dkt. No. 174-9) contains a series of short 2021 communications between Shaen Bernhardt and Nicolai Colshorn. Historically, Mr. Bernhardt and Mr. Colshorn are the two most involved actors for each Swiss shell entity. Plaintiffs describe this document only as "containing information relating to financial accounts and bookkeeping." [Dkt. No. 175-1, p. 2.] This characterization is not reasonably specific and upon even a casual glance at the short emails, it is not accurate. Moreover, this description is not relevant to any possible argument that compelling interests outweigh the public presumption. Notably, as revealed by even a cursory glance, the email chain on its face does not contain any proprietary or confidential information whatsoever.

The second email chain (Dkt. No. 174-10) contains a series of short 2022 communications among Shaen Bernhardt, Nicolai Colshorn and Miron Leshem. Plaintiffs describe this document only as "discussing Colshorn's possible resignation from the Board of AmeriMark Automotive

AG and AmeriMark Group AG and relevant outstanding invoices." [Dkt. No. 175-1, p. 2.] This characterization is reasonably accurate—a short email discussing a director's possible resignation in 2022, and the director's outstanding invoices to the company. What is unclear, though, is how or why this 2022 email chain need to be sealed. As now represented by the Plaintiffs publicly in this litigation, Mr. Colshorn did in fact eventually resign—in 2024—after his deposition was requested in this matter. Pointedly, the 2022 email chain on its face does not contain any proprietary, confidential, or non-stale information whatsoever.

### 2. Short Email Chains Relate to Years-Old Corporate Actions Is By Definition Stale and Incapable of Supporting an Argument of Substantial Competitive Harm.

Typically, the basis for a sealing request from a private company is the risk of "competitive harm" through revelation of the company's strategic interests. In other words, the risk is that *competitors* would use the information to their ongoing business advantage, in manners unrelated to the substance of the litigation. Yet here, not only has no such competitive harm been alleged, but no such competitive harm is possible.

First, each email involves the years-old *historic* corporate activities of two Swiss shell entities. The "information" contained in the email chains is dated and stale, and Plaintiffs have not and cannot articulate any present relevance to a current business interest that depends upon confidentiality. *Liberty Mut. Fire Ins. Co. v. Michael Baker Int'l, Inc.*, No. 2:19-CV-00881, 2023 WL 2504575, at *12 (D. Utah Mar. 14, 2023) (declining to seal documents where movant failed "to support its argument that the exhibits contain confidential business information").

Second, the only "business interest" that either Swiss entity claims is to own Rymark. (*See, e.g.*, Dkt. 16 (Plaintiffs alleging that Rymark is the "only operating asset" in the AmeriMark structure). As such, the only conceivable competitive interests of the Swiss entities would be

7

Rymark's competitive interests.  And Rymark opposes the sealing request.

In other words, the Swiss entities cannot suffer "competitive harm" because they do not participate in commerce and have no competitors.  They do not provide goods or services to anyone, in any economy.  Their sole prior "business"—which is no longer active— was to issue press releases and engage in sales of shares on a penny-stock exchange.  Yet that business has expired following the Viena regulator's delisting following discovery of "pusher" schemes. In this setting, it remains unclear how public availability of the two email chains could, in any way, cause "substantial competitive harm" to the Swiss entities.[1]  *Eagle View Techs., Inc. v. Nearmap US, Inc.*, No. 2:21-CV-00283, 2023 WL 121234, at *2 (D. Utah Jan. 6, 2023) (declining motion to seal where party argued "disclosure . . . would harm [party's] competitive standing, but [did] not explain how it would be harmed).

**IV.  CONCLUSION**

Defendants respectfully request the Court deny Plaintiffs' Motion to Seal.  As will continue to be shown through trial in this matter, the issues being litigated carry substantial public importance, particularly those relating to shell-entity, cross-border, reverse-merger market manipulation schemes.  This Court should honor the public presumption of access, and deny the Motion, including in view of Plaintiffs' failure to articulate any compelling reasons for the

---

[1] Given the noted absence of any actual compelling rationale, what appears to be driving this request to seal is Plaintiffs' and Counter-Defendants' fear of reputational harm from the public availability of numerous documents showing them engaged in securities market manipulation. While this fear is readily understandable, the law is clear: the "potential for reputational harm is typically not enough to overcome the heavy presumption in favor of keeping court records open to the public." *Sparto v. Hearts for Hospice, LLC*, No. 2:12-cv-801, 2023 WL 3080557, at *1 (D. Utah Apr. 25, 2023) (Stewart, D.J.).

requested sealing.

DATED: November 17, 2024

                  **KUNZLER BEAN & ADAMSON, PC**

                  /s/ *Chad S. Pehrson*
                  Chad S. Pehrson

                  *Attorneys for Defendants,*
                  *Counter Claimants and*
                  *Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, I filed the foregoing via the Court's CM/ECF system, which provided notice of such filing to all counsel of records.

*/s/Chad Pehrson*
Chad Pehrson