IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RYMARK INC., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' [175] MOTION TO SEAL <br><br> Case No. 2:23-cv-00467-TS-CMR <br><br> Judge Ted Stewart <br><br> Magistrate Judge Cecilia M. Romero |

## I. BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 7). Before the court is Plaintiffs' Motion to Seal (Motion to Seal) (ECF 175) regarding Exhibits 9 and 10 (ECF 174-9, 174-10) to the Declaration of Chad S. Pehrson (Declaration) (ECF 174) in support of Defendants' Motion to Compel Deposition of Director of Plaintiff AmeriMark Automotive Nicolai Colshorn (Motion to Compel) (ECF 173). Defendants filed an Opposition (ECF 176) to the Motion. Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Motion to Seal.

## II. DISCUSSION

On November 15, 2024, Defendants publicly filed their Motion to Compel (ECF 173) and supporting Declaration (ECF 174) with attached exhibits. On the same day, Plaintiffs filed the present Motion to Seal (ECF 175) pursuant to DUCivR 5-3 asking the court to seal Exhibits 9 and 10 (ECF 174-9, 174-10) to the Declaration filed in support of the Motion to Compel, as these

documents have been designated as confidential pursuant to the governing Standard Protective Order. Defendants thereafter filed their Opposition (ECF 176), and Plaintiffs did not file a reply.

DUCivR 5-3 provides that "[t]he court may make an independent determination as to whether the Document will be sealed, regardless of the parties' agreement or a party's decision not to oppose a Motion for Leave to File Under Seal." DUCivR 5-3(b)(3). The court may make this determination "on motion of a party and a showing of good cause." *See* DUCivR 5-3(a)(1). Courts will not grant a motion to seal "unless the moving party overcomes a presumption in favor of access to judicial records by 'articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011)). This requires the moving party to "submit[] any specific argument or facts indicating why the confidentiality of [the document] outweighs the presumption of public access." *Id.* (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241–42 (10th Cir. 2012)).

Here, Plaintiffs argue sealing these documents is necessary because Exhibit 9 is a confidential email containing information relating to financial accounts and bookkeeping and Exhibit 10 is a confidential email discussing outstanding invoices (ECF 175 at 3). Plaintiffs further argue the request is narrowly tailored to only the exhibits that would cause Plaintiffs "significant competitive harm in the marketplace or which would directly violate the privacy of third parties" (*id.* at 4). Defendants oppose this request arguing that designating documents as confidential does not justify sealing, Plaintiffs' conclusory arguments fail to show a significant interest that outweighs the presumption of public access, Exhibits 9 and 10 do not contain proprietary or confidential information, and there is no risk of competitive harm (ECF 176 at 6–7).

Having considered the parties respective arguments and the relevant caselaw, the court finds that Plaintiffs have met the relevant standard for sealing Exhibits 9 and 10. The court notes that Plaintiffs did not rely solely on their confidentiality designations and disagrees with Defendants' characterization of Plaintiffs' arguments as conclusory where Plaintiffs provided arguments with both evidentiary and legal support. Although the court acknowledges the presumption in favor of public access, the court finds good cause and substantial interest to overcome this presumption for the reasons stated in the Motion.

In addition, the court once again admonishes the parties to comply with the procedures set forth in DUCivR 5-3 and the Standard Protective Order. Defendants have demonstrated a pattern of publicly filing documents that have been designated as confidential by Plaintiffs in accordance with the Standard Protective Order. The appropriate procedure to challenge the propriety of these designations is outlined in the Standard Protective Order, which Defendants have not followed. Unless and until these designations have been properly challenged, the appropriate procedure for the filing of documents designated as confidential by another party is outlined in DUCivR 5-3(b)(2)(C)(i) ("If the sole basis for proposing that the Document be sealed is that another party designated it as confidential or for attorneys' eyes only, then so state that reason in the motion. If the designating party seeks to have the Document remain under seal, the designating party must file a Motion for Leave to File Under Seal in accordance with DUCivR 5-3(b)(2) within 7 days of service of the motion. If the designating party does not file a motion within 7 days, the original motion may be denied, and the Document may be unsealed without further notice."). Defendants' continued failure to comply with the rules of this court will result in sanctions. *See* DUCivR 1-2.

### III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Seal (ECF 175) is GRANTED and Exhibits 9 and 10 (ECF 174-9, 174-10) shall be placed under seal.

IT IS SO ORDERED.

DATED this 25 November 2024.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah