Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
SEDiamond@Venable.com
JSWorden@Venable.com

*Attorneys for Plaintiffs and Counterclaim Defendants Capana Swiss Advisors AG and AmeriMark Automotive AG*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION OF NICOLAI COLSHORN**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

## INTRODUCTION

On September 16, 2020, Defendants' counsel, Chad Pehrson, wrote Nicolai Colshorn, (then director of Plaintiff AmeriMark Automotive AG) that Defendants "have no connection or relationship with [him], and no connection or relationship with the putative entity AmeriMark AG." Since then (even after Plaintiffs filed their July 18, 2023 Complaint), Defendants made no effort to depose Colshorn and have denied any business connection to him. Now, in a complete reversal, Defendants argue that Colshorn, a *foreign national* now sixty-six (66) years old who *retired* on June 28, 2024 is their key witness and the timing of his long-planned departure is "suspicious." Nothing could be further from the truth.

Colshorn maintains no contact with or control over AmeriMark. His retirement was planned and the result of his own volition. Colshorn was not forced or even encouraged to resign. To the contrary, Plaintiffs were at pains to retain him. Colshorn is represented by separate counsel. Plaintiffs have provided Defendants with his attorney's contact information. Despite being told this in writing, Defendants unilaterally noticed Colshorn's deposition in Salt Lake City for August 6, 2024, presumably incurring the costs of that deposition.[1] Plaintiffs have no power, ability, or authority to produce Colshorn for a deposition. *See* ECF 174-3. As Plaintiffs have explained to Defendants multiple times, Plaintiffs do not and cannot control Colshorn. Colshorn's own attorney has informed Plaintiffs that he will not agree to travel to the United States for a deposition.

Defendants' Motion improperly asks this Court to adopt a new exception to the general rule that former employees are not managing agents of a corporate party and are thus not subject

---

[1] Defendants named Colshorn as a third-party defendant on September 3, 2024.

2

to deposition by notice.  Defendants' argument that a corporation must produce a director who was terminated during litigation under certain circumstances has not been addressed or adopted in this district or the Tenth Circuit.  Rather, Tenth Circuit courts look to whether a former employee retains control or authority over the corporation's affairs and whether the former employee maintains an interest consonant with the company's interests.  Under the controlling law, Colshorn is not a managing agent as he has no ties to AmeriMark whatsoever.

Even if this Court were to adopt the exception proposed by Defendants, it does not apply.  Defendants rely upon cases which recognize an exception to the general rule when a corporate party terminates, reassigns, or otherwise removes a director, officer, or managing agent authority despite pending litigation.  Here, Colshorn retired of his own volition and was not encouraged or compelled to do so.  Defendants do not and cannot present any authority that a corporate party must produce a former retired employee who independently left his position.

In sharp contrast to their prior pleadings, Defendants attempt to obfuscate the issue by identifying Colshorn as a critical witness.  Yet Defendants fail to present any authority to demonstrate that a potential witness's possible testimony is relevant to whether Plaintiffs are required to produce him.  It does not appear that Defendants have taken any steps to contact Colshorn's attorney or to serve a subpoena via the Swiss judicial assistance infrastructure.[2]

---

[2] On August 9, 2024 Defendants' counsel emailed the Kantonal Courts in Zug, Switzerland with a Letter of Request issued by the Court to take sworn testimony from Nicole Kuster.  *Within hours* Judge Laurent Krähenbühl of the Zug Kantonsgericht (the court of first instance competent to hear international matters, equivalent to a U.S. District Court) took the extraordinary measure of personally emailing Defendants' counsel, suggesting corrections to cure defects in their request and providing a roadmap to resubmit.  Despite his follow-up email to Mr. Pehrson, Defendants ignored him entirely.  *See* ECF No. 170.

Because Colshorn retired without being forced, encouraged, or compelled to do so; because he maintains no ties or common interests with Plaintiffs; and because Defendants have alternative means to obtain his testimony, Defendants' Motion should be denied.

## ARGUMENT

**I.   COLSHORN RETIRED FROM AMERIMARK AND IS NO LONGER AN OFFICER, MANAGING AGENT, OR DIRECTOR.**

It is undisputed that "[a] corporation is responsible for producing its officers, managing agents, and directors [for a deposition]." *OL Priv. Couns., LLC v. Olson*, No. 2:21-CV-00455, 2023 WL 8018982, at *2 (D. Utah Nov. 20, 2023). "But if the individual designated in a notice of deposition is not an officer, director, or managing agent, the deposition must proceed as for an ordinary nonparty witness, whose attendance may only be compelled by subpoena." *Id.* (quoting 7 Moore's Fed. Practice § 30.03 (3d ed. 2023)). Further, "[t]he general rule is that former employees cannot be managing agents of a corporation." *In re Honda Am. Motor Co., Inc. Dealership Rels. Litig.*, 168 F.R.D. 535, 541 (D. Md. 1996). "There are exceptions to the general rule, however, particularly when [1] a corporation terminates a managing agent in an attempt to avoid disclosure in pending or potential litigation, [2] when there is evidence that the managing agent has been or might be reappointed to another position in the corporation, or [3] when the former employee still has ultimate control with the ability to utilize an entity's organs of communication." *Id.* Notably, the Tenth Circuit has never recognized the first element, namely, that a former employee can be deemed a managing agent based on circumstances surrounding their termination. As discussed below, courts in this Circuit focus on the party's actual or effective control over its former employee when determining whether an exception applies.

4

Here, Colshorn choose to retire at sixty-five (65) and was not fired or otherwise compelled to leave his position. He retains no ties to or authority over the operations of AmeriMark. As such, he is not AmeriMark's director, officer, or managing agent.

Contrary to Defendants' baseless contention that Colshorn's retirement was "conveniently timed" (ECF No. 173), it is beyond dispute that his retirement was planned before this litigation commenced and was effective *prior to* Plaintiffs' receipt of Defendants' draft amended third-party complaint. Defendants ignore Bernhardt's deposition testimony in this regard. *See* Declaration of Shaen Bernhardt ("Bernhardt Decl."), ¶ 8, Ex. 1 (Bernhardt Dep. Tr. at 44:6-7 ("I'm certain that in spring 2022, [Mr. Colshorn] announced his intention to resign from both companies.")).

Colshorn's resignation was effective on the afternoon of June 27, 2024 Mountain Standard Time ("MST") (which is the morning of June 28, 2024 Central European Summer Time ("CEST")). *See* Bernhardt Decl. ¶ 5. Fasser Heeg became the sole executive of AmeriMark.[3] *See* Heeg Decl. ¶¶ 8-10. On June 29, 2024, at 1:40 a.m. CEST or June 28, 2024 at 5:40 p.m. MST (*at least twenty hours after Mr. Colshorn resigned from AmeriMark*), Defendants' counsel emailed Plaintiffs' counsel Defendants' draft third-party complaint, naming Colshorn as a proposed third-party Defendant (*see* screenshot below, captured from a San Francisco, CA computer at 4:40 p.m. Pacific Standard Time).



---

[3] MST is eight (8) hours behind CEST.

The timing of Colshorn's retirement was not, as Defendants put it, "convenient." Colshorn *coincidentally* retired from AmeriMark *before* he was named a proposed third-party defendant, well before his deposition was formally noticed, and months before Defendants' new claims were filed. Defendants were made aware of Colshorn's retirement on July 22, 2024, when Plaintiffs enclosed Colshorn's notice of retirement in a meet-and-confer letter. *See* ECF No. 174-3. As an officer/director of AmeriMark, Fasser Heeg was made available to Defendants for a deposition on November 26, 2024. Plaintiffs cannot produce Colshorn for a deposition.

### A.     Colshorn Retains No Authority Over AmeriMark's Actions and No Longer Possesses Interests Consonant with Plaintiffs'

Courts in this district recognize that "'managing agents' must possess general power to exercise judgment and discretion in corporate matters, must be a person who can be relied on to give testimony at the employer's request, and must be a person who can be expected to identify with the interests of the corporation." *PetSmart, Inc. v. Dancor Constr., Inc.*, No. 17-CV-361-CVE-JFJ, 2018 WL 4328258, at *3 (N.D. Okla. Aug. 6, 2018) (unpublished) (citing *Finley v. Count of Martin*, No. C-07-5922 EMC, 2009 WL 3320263, at *2 (N.D. Cal. Oct. 13, 2009)). Courts also accord "managing agent status to individuals who no longer exercise[] authority over the actions in question so long as those individuals retained some role in the corporation or at least maintained interests consonant with rather than adverse to its interests." *Id.* (quoting *Founding Church of Scientology, Inc. v. Webster*, 802 F.2d 1448, 1456 (D.C. Cir. 1986)); *see also OL Priv. Couns., LLC v. Olson*, No. 2:21-CV-00455, 2023 WL 8018982, at *4 (D. Utah Nov. 20, 2023) (individual must effectively or actually be under a party's control for that party to be required to produce them for a deposition).

Colshorn's official retirement from his position at AmeriMark was completed on June 27, 2024 MST/June 28, 2024 CEST after reaching retirement age. Heeg Decl. ¶¶ 8-11; Bernhardt Decl. ¶ 5. The current directors, officers, and employees of AmeriMark no longer communicate with Colshorn. Heeg Decl., ¶ 15. Colshorn has no residual involvement with or authority over AmeriMark's affairs since his retirement. *Id.*, ¶ 16. Furthermore, Colshorn has refused to cooperate with ongoing efforts such that Colshorn's interests may not align with AmeriMark's. *Id.*, ¶ 17. Colshorn has separate counsel, whose contact information was provided to Defendants. *Id.*, ¶ 19, Ex. 2 (August 1, 2024 email providing contact information for Colshorn's attorney). Plaintiffs do not represent or control Colshorn who is a foreign national. Plaintiffs have no ability to produce him for a deposition in the United States. *Id.*, ¶¶ 18, 19; Bernhardt Decl. ¶ 7.

There is a no basis for sanctions against Plaintiffs for their inability to produce a foreign national that they do not control, and whose retirement they did not demand or request, for a deposition in the United States. *See United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 414 (S.D.N.Y. 1994) (declining to require deposition where employer "does not have the evident control over the overseas agents that an employer has over employees.").[4] Defendants' Motion should be denied.

### B. Colshorn Retired of His Own Accord and Is Not a Managing Agent of AmeriMark

Courts outside the Tenth Circuit make exceptions to the general rule that determination of a witnesses' status of a "managing agent" is made at the time of the deposition "when a corporation

---

[4] Plaintiffs refer to cases outside the Tenth Circuit only where, as here, Tenth Circuit case law is unavailable.

7

terminates an officer in light of pending litigation..." *Rundquist v. Vapiano SE*, 277 F.R.D. 205, 208 (D.D.C. 2011) (internal citations omitted); *see* § IA, *supra*. However, this exception has never been adopted in this Circuit or district. Defendants provide no support for why this Court should adopt a doctrine never before recognized. Even if the Court analyzes Defendants' demanded exception, that exception does not apply to Colshorn's unilateral decision to retire.

In *Rundquist*, plaintiff moved to compel depositions of individuals claimed to be defendants' officers, directors, or consultants. 277 F.R.D. at 209. The *Rundquist* defendants signed sworn declarations indicating that the proposed deponents were no longer employees and had no supervisory or other authority. *Id.* at 209–11. The Court held that per defendants' sworn statements and plaintiff's inability to dispute them, the Court would not deem the proposed deponents managing agents. *Id.* As stated in *Rundquist*, "this, of course, does not preclude the plaintiff from … seeking other discovery from each of the defendants about [the deponent's] activities that may be relevant to the claims in the Complaint, as well as to [the defendant's] jurisdictional ties to this district." *Id.* at 211.

Here, despite attempts to question the legitimacy of Colshorn's retirement, Defendants' reference to Colshorn's association with other entities has no bearing on his retirement *from AmeriMark* in June of 2024. Defendants proffer nothing but their baseless argument to dispute the declarations of Fasser Heeg and Bernhardt.

Moreover, Defendants rely solely on cases which are inapposite. In *In re Terrorist Attacks on Sept. 11, 2001*, during jurisdictional discovery, plaintiffs prepared a list of current and former Saudi officials they wished to depose. No. 03MDL01570GBDSN, 2020 WL 8611024, at *1 (S.D.N.Y. Aug. 27, 2020). Several were not current Saudi government employees. *Id.* The Court

8

found that plaintiffs failed to demonstrate that the majority of the witnesses qualified as managing agents, with exceptions. *In re Terrorist Attacks on Sept. 11, 2001*, at *5. Concerning the exceptions, the Court explained "Courts have recognized an exception to the managing agent rule when "a corporation terminates an officer in light of pending litigation." *Id.* As to the specific example cited by Defendants, an internal memorandum demonstrated that Saudi Arabia intended to terminate the individual's employment. *Id.* The individual decided to take an "Early Retirement" instead. *Id.* The Court held that Saudi Arabia must produce the individual for a deposition for purposes of jurisdictional discovery. *Id.* The Court focused on the *party's* actions in reassigning, terminating, or retiring employees in the face of impending litigation. *See id.* (internal citation omitted). Here, Defendants offer no evidence that Plaintiffs terminated Colshorn's employment or forced him to retire. The record is clear that Colshorn retired of his own volition. This situation is thus inapposite to *In re Terrorist Attacks* and the cases cited therein.

Defendants also rely on *RePet, Inc. v. Zhao* for their argument that this Court should look to Colshorn's status as of the date his deposition was *requested*. But *RePet* does not support that proposition. In *RePet*, the corporate party admitted to terminating the relevant witness's employment because of "financial difficulties" after a deposition had been noticed and agreed to. 2018 WL 9802098, at *7 (C.D. Cal. Jan. 16, 2018). Because of the timing of the termination, that the deposition had already been noticed, and that the employer had already agreed to produce the employee for deposition prior to her termination, the Court determined the witness's managing agent status as of the time of the deposition *notice*. *Id.* Here, Defendants noticed Colshorn's deposition *after* learning that Colshorn had retired.

Defendants further rely on *In re Lithium Ion Batteries Antitrust Litigation*. Again, this case is inapposite. There, the parties agreed to a deposition protocol whereby defendants were required to inform plaintiffs when an individual on a "watch list" intends to or does leave his employment so that deposition could be taken before that departure. No. 13MD02420YGRDMR, 2015 WL 5440789, at *4 (N.D. Cal. Sept. 15, 2015). An individual on the watch list "suddenly" terminated his employment, and one month later, the employer informed plaintiffs of the individual's departure and stated that the employee would not appear for a deposition. *Id.*, at *2. Moreover, the record demonstrated that the purported former employee remained employed by the corporation in some capacity and continued to receive compensation after his claimed termination. *Id.*, at *4. The Court found that the defendants violated the deposition protocol. *Id.*, at *4–5. Further, given that the individual remained employed by Defendants and identified with defendants' interests, the Court found that the individual was a managing agent as of the date of the relevant deposition request. *Id.*, at *6.[5]

Here, Colshorn's retirement was not sudden. He is 66-years old and had been in the process of relinquishing his responsibilities at AmeriMark for years. Heeg Decl., ¶¶ 5, 6. Over six months before Colshorn reached retirement age in Switzerland (65), Fasser Heeg (who Plaintiffs deposed in Salt Lake City) took over as AmeriMark's senior executive. *Id.*, ¶ 6. This is public information. *Id.*, ¶ 13, Ex. 1. And unlike the relevant individual in *Lithium Ion*, Colshorn has no remaining ties

---

[5] Defendants' reliance on *Credit Lyonnais* is similarly misplaced. There, the president, CEO, sole director and owner of the defendant resigned after summary judgment was granted. *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). The plaintiff noticed their depositions after the entry of the judgment because it had been unsuccessful in collecting its judgment. The Court held that the plaintiff could compel the depositions for purposes of collecting the judgment. *Id.* This case did not analyze the managing agent issue and is thus irrelevant.

to AmeriMark. Heeg Decl., ¶¶ 15, 16. Colshorn does not remain employed by AmeriMark in any capacity and has no contact with any AmeriMark principals. *Id.*

Defendants also cite *E.I. DuPont* for the proposition that "when a witness is reassigned or otherwise moved within a corporate structure, particularly in response to litigation, courts will disregard these internal corporate machinations and require the witness to appear, even if the witness's new role does not qualify him or her as an officer, director, or managing agent." Mot., P. 7 (citing *E.I.DuPont de Nemours and Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 49 (E.D. Va. 2010)). Colshorn was not "reassigned or otherwise moved within a corporate structure;" he retired and no longer has any ties to AmeriMark.

Defendants fail to present any authority that the timing of an individual's retirement by itself, without any demonstration that the employer party was somehow involved in that individual's departure from the company, is enough for a court to deem that individual a managing agent or to determine managing-agent status as of the time of an informal deposition request. The exceptions discussed by Defendants are meant to ensure that a *party* cannot avoid its disclosure obligations by removing officers, directors, or managing agents. *See E.I. DuPont*, 268 F.R.D. at 49 ("The reason for these exceptions is obvious: without them, an organization could manipulate discovery and frustrate the purpose of the rule simply by moving its managers around whenever it wished to prevent them from being deposed.") These exceptions were not created to impose sanctions on a company when an individual resigns or retires of his own accord, maintains no ties with the company, and refuses to cooperate with that company. Even if Colshorn retired for suspicious reasons (he did not), there is nothing in the record to support that Plaintiffs were responsible for his decision. Because Plaintiffs were not responsible for Colshorn's retirement

and because he has no ties to Plaintiffs in any capacity, the exceptions relied upon by Defendants are irrelevant. Defendants' Motion to Compel should be denied.

## CONCLUSION

Colshorn is a retired foreign national who no longer has any association with AmeriMark. For the reasons set forth above, Plaintiffs should not be compelled to produce him for a deposition or suffer the threat of sanctions for failure to produce a witness they do not control. Defendants have not even attempted to pursue the other means available to them. Defendants' Motion should be denied.

DATED: November 27, 2024

VENABLE LLP
Sarah E. Diamond (*Admitted Pro Hac Vice*)
John S. Worden (*Admitted Pro Hac Vice*)

PARSONS BEHLE & LATIMER
Erik A. Christiansen
Hannah J. Ector

By: */s/ Sarah Diamond*
*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 27th day of November, 2024, I caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION NICOLAI COLSHORN** to be filed on the Court's CM/ECF platform, which sent notice to all counsel of record.

                                                    */s/ Hannah Ector*
                                                    Hannah Ector