Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
SEDiamond@venable.com
JSWorden@Venable.com

*Attorneys for Plaintiffs and Counterclaim Defendants Capana Swiss Advisors AG
and AmeriMark Automotive AG*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>        Defendants. | **DECLARATION OF SHAEN BERNHARDT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION OF NICOLAI COLSHORN**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

## DECLARATION OF SHAEN BERNHARDT

I, Shaen Bernhardt, declare as follows:

1.      I am over the age of 18 and unless otherwise stated, I have personal knowledge of the following facts and would testify consistent with the following information if called to do so.

2.      I am the corporate representative of Plaintiffs AmeriMark Automotive AG ("AmeriMark") and Capana Swiss Advisors AG ("Capana") in this action.

3.      During a phone call at approximately 3:00 p.m. on June 27, 2024 Central European Summer Time ("CEST"), AmeriMark's outside legal counsel Felix Kappeler informed me that Nicolai Colshorn wanted to have a conference call to deal with the logistics of his resignation from AmeriMark.

4.      Approximately one hour later the same day, Mr. Kappeler scheduled a Teams meeting for 9:30 a.m. CEST the next day, June 28, 2024 with himself, myself, and Mr. Colshorn as attendees.

5.      The Teams meeting began around 9:35 a.m. CEST on June 28, 2024. Mr. Kappeler, Mr. Colshorn, and myself were in attendance. The topics discussed included Mr. Colshorn's approval of the draft resignation letter that Mr. Kappeler had prepared the day before and the proper filings to be made with the commercial register of Zug.

6.      No one at AmeriMark forced, pushed, or otherwise encouraged Mr. Colshorn to retire.  To the contrary, Plaintiffs sought to retain him.

7.      Based on my understanding, Mr. Colshorn has indicated he will not agree to be deposed, even with knowledge that Plaintiffs may be subject to sanctions if he does not appear.

8.      I was deposed in this matter on September 4, 2024, in Salt Lake City, Utah.  A true and correct copy of the relevant excerpt from my deposition transcript is attached hereto as **Exhibit 1**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 26, 2024 at Zug, Switzerland.

_/s/ Shaen Bernhardt_
Shaen Bernhardt

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 27th day of November, 2024, I caused a true and correct copy of the foregoing **DECLARATION OF SHAEN BERNHARDT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITION OF NICOLAI COLSHORN** to be filed on the Court's CM/ECF platform, which sent notice to all counsel of record.

*/s/ Hannah Ector*
Hannah Ector

# EXHIBIT 1

```
 1                    UNITED STATES DISTRICT COURT

 2                     FOR THE DISTRICT OF UTAH

 3
      * * * * * * * * * * * * * * * *      CERTIFIED COPY
 4  CAPANA SWISS ADVISORS AG, a      *
    Swiss corporation; AMERIMARK      *
 5  AUTOMOTIVE AG, a Swiss            *
    corporation,                      *
 6                                    *
              Plaintiffs,             *
 7  v.                                *  Case No. 2:23-cv-00467
                                      *
 8  RYMARK, INC., a Utah corporation;*  Judge: Robert J. Shelby
    NICHOLAS THAYNE MARKOSIAN, an     *
 9  individual; JOHN KIRKLAND, an     *  Magistrate Judge:
    individual; and VICKY SMALL, an   *      Cecilia M. Romero
10  individual,                       *
                                      *
11          Defendants.               *
    -- -- -- -- -- -- -- -- -- -- -  *
12  RYMARK, INC., a Utah corporation;*
    and NICHOLAS THAYNE MARKOSIAN,    *
13  an individual;                    *
                                      *
14          Counter Claimants,        *
                                      *
15  v.                                *
                                      *
16  CAPANA SWISS ADVISORS AG, a       *
    Swiss corporation, and AMERIMARK  *
17  AUTOMOTIVE AG, a Swiss            *
    corporation,                      *
18                                    *
            Counter Defendants.       *
19    * * * * * * * * * * * * * * * *

20
                    VIDEORECORDED DEPOSITION OF
21
                         Shaen Bernhardt
22
                        September 4, 2024
23

24
         Reported by:   Spencer Von Jarrett, RPR No. 993793
25
```

1  Deposition of Shaen Bernhardt taken on September 4, 2024 at

2  9:00 a.m. at the offices of Kunzler, Bean & Adamson PC, located at

3  50 West Broadway, Suite 1000, Salt Lake City, Utah 84101, before

4  Spencer Von Jarrett, Certified Court Reporter, in and for the

5  State of Utah.

6

7                        A P P E A R A N C E S

8  Stephen Richards
   Chad S. Pehrson
9  KUNZLER BEAN & ADAMSON, PC
   50 West Broadway, Suite 1000
10 Salt Lake City, UT 84101
   srichards@kba.law
11 cpehrson@kba.law

12 John Worden
   VENABLE LLP
13 101 California Street, Suite 3800
   San Francisco, CA 94111
14 jsworden@venable.com

15
   Also present: Lance Harrison, Videographer
16

17

18

19

20

21

22

23

24

25

1   to his resignation.  And there were times before that, for

2   certain.

3        Q.   Did he tell you in that conversation why he wanted to

4   resign?

5        A.   I don't think he was resigning so much as he was

6   retiring.

7             And I think to some extent that his resignation, per se,

8   of AmeriMark Automotive was also a function of him leaving the

9   parent company, AmeriMark Group, that it was a combination.

10            But again, I'm speculating a little bit there.  It

11  wasn't really the nature of my conversation with him.

12       Q.   Is it your understanding that he resigned his

13  directorship at AmeriMark Automotive and AmeriMark Group at about

14  the same time?

15       A.   No, I think there was some delay.  But again, I'd want

16  to defer to the commercial register.

17       Q.   Which one came first in your recollection?

18       A.   I don't actually know when which one became effective

19  when.

20            And again, I can't say I don't know exactly what his

21  status is at AmeriMark Group at the moment.  I haven't looked at

22  the commercial register in some time.

23       Q.   When you asked him to stay on as a director of AmeriMark

24  Automotive, what did he say in response?

25       A.   Well, let's talk about which time we're talking about.

 1  That sounds like a tautology, I'm sorry.

 2         Can we --

 3     **Q.   Yeah, when was the first time Mr. Colshorn told you he**

 4  **wanted to resign as the director of AmeriMark Automotive?**

 5     A.   I'm not sure whether or not there was an instance

 6  before, let's call it, spring of 2022.  I'm certain that in spring

 7  2022, he announced his intention to resign from both companies.

 8  And he did so in email and writing.

 9         I didn't want him to leave the company because, at that

10  point in time, we were involved in trying to get things cleaned up

11  even more than they already had been.  There had been some issues.

12         Obviously, though it wasn't quite there yet, the specter

13  of this litigation was beginning to suggest itself in the vaguest

14  of ways.  I mean, we're talking still now when I think Mr. Worden

15  and I were having active conversations, or semi-active

16  conversations with Mr. Pehrson.

17         So he was a valuable resource, in my opinion.  He'd been

18  with a company, by which now I mean AmeriMark Automotive,

19  essentially since inception.  I think, if not since day one, then

20  within weeks of the initial formation.

21         So I didn't want him to leave because I thought he was

22  an invaluable resource.

23         I wasn't as, I think, good at suggesting that he not

24  leave, as was Felix Kappeler, who suggested to him that he should

25  really try to stay on.  That's my recollection of that.

1          Some of that was in email, and frankly, it's in

2   production.  I'm sort of surprised that the Defendant's pleadings

3   Haven't caught that nuance, but okay.

4          And some of that was in oral discussion subsequent.

5     Q.   So at that time in, say, spring of 2022, did Mr.

6   Colshorn tell you he wanted to resign from AmeriMark Automotive

7   because he was retiring, or did he give you another reason?

8     A.   It was retiring.  And he was, to my understanding,

9   starting to reduce almost all of his mandates, and was in the

10  process of either removing himself from mandates -- in companies

11  which he had been involved, he also, I think, put some into

12  liquidation in the 18 months prior to his retirement and generally

13  was reducing his involvement in Swiss corporate affairs.

14         In addition to that, and this was the real sign that we

15  might not be able to get him back, he started spending more time

16  at his summer home in Mallorca.  And you don't really get people

17  back from Mallorca after they're 60.

18    Q.   So we talked about spring 2022.

19         When is the next time that you can recall discussing Mr.

20  Colshorn's resignation with him?

21    A.   I think there probably might have been informal

22  discussions in between that, or sort of ad hoc, when he was

23  frustrated with something and wanted to go.

24         But then certainly it got very serious in -- here I'm

25  going from memory -- but sort of in the beginning of 2023.  And he

```
 1                    REPORTER'S CERTIFICATE

 2  STATE OF UTAH )

 3  COUNTY OF UTAH )

 4           I, Spencer Von Jarrett, a Certified Shorthand Reporter,

 5  Registered Professional Reporter, hereby certify:

 6           THAT the foregoing proceedings were taken before me at

 7  the time and place set forth in the caption hereof; that the

 8  witness was placed under oath to tell the truth, the whole truth,

 9  and nothing but the truth; that the proceedings were taken down by

10  me in shorthand and thereafter my notes were transcribed through

11  computer-aided transcription; and the foregoing transcript

12  constitutes a full, true, and accurate record of such testimony

13  adduced and/oral proceedings had, and of the whole thereof.

14           I have subscribed my name on this 3rd day of September,

15  2024.

16

17

18      _____

19      Spencer Von Jarrett

20      Registered Professional Reporter #993793

21

22

23

24

25
```