Jeremy Adamson (12818)
Chad S. Pehrson (12622)
Robert P. Harrington (12541)
Stephen Richards (19332)
Taylor J. Smith (17537)
Kunzler Bean & Adamson, PC
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DECLARATION OF CHAD PEHRSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION RE CONFIDENTIALITY DESIGNATIONS [Dkt. No. 172.]**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Robert J. Shelby<br>Magistrate Judge: Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAP ANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation,<br><br>Counter Defendants. | |

1

I, Chad Pehrson, declare as follows:

1. I am over 18 years of age and am fully competent to make this declaration. I am counsel to Defendants and Counterclaimants Rymark, Inc. ("**Rymark**"); Nicholas Markosian; John Kirkland; and Vicky Small ("**Defendants**"). I have personal knowledge of the matters set forth below or have obtained knowledge from my review of the file.

2. On January 17, 2024, Rymark sent Plaintiffs a letter explaining that (1) their blanket designations were improper, (2) the SPO obligated Plaintiffs not to over-designate, and (3) that it was *Plaintiffs'* obligation, not Rymark's, to go "page-by-page" through Plaintiffs' documents "to determine which documents are legitimately entitled to protection under the protective order."  A true and correct copy of this letter is attached hereto as Exhibit A.

3. On January 26, 2024, Plaintiffs sent Rymark a letter saying that they were "entitled" to designate their entire productions as confidential, and complaining that Rymark should "specifically identify the documents that [it believed] should not be designated as confidential." A true and correct copy of this letter is attached hereto as Exhibit B.

4. Subsequently, Plaintiffs continued their "rolling" production, and continued to designate every single page "CONFIDENTIAL."

5. On February 5, 2024, Rymark served another challenge.  A true and correct copy of this letter is attached hereto as Exhibit C.

6. Plaintiffs again did not respond by the Standard Protective Order's seven-day deadline. Instead, they waited nearly a month before communicated that they would "deny" it's the to de-designate and again demanding that Rymark go document-by-document through its productions.  A true and correct copy of this letter is attached hereto as Exhibit D.

7. As Plaintiffs continued their rolling production, they continued to designate every page of newly produced document batches as "Confidential."

8. On June 28, 2024, Rymark asked Plaintiffs whether they would stipulate to the proposed Amended Complaint. The conveyed proposed Amended Complaint included express reference to every single exhibit to be attached, by bates number. Along with this conveyance, Defendants served yet another express challenge to Plaintiffs' recent confidentiality designations: A true and correct copy of this communication is attached hereto as Exhibit E.

9. Following the June 28 challenge, Plaintiffs sent Rymark a letter complaining again that Rymark had not gone document-by-document through Plaintiffs' document production to specify which of every blanket-designated document in the entire production should be de-designated. A true and correct copy of this communication is attached hereto as Exhibit F.

10. Following a Court ruling, the parties subsequently met and conferred in person about confidentiality designations on October 11. At that meeting, the parties agreed that they were at an impasse over whether Plaintiffs' documents were still "Confidential" under the Standard Protective Order.

Executed on November 27, 2024, in Salt Lake City, Utah.

By:   /s Chad Pehrson
      Chad Pehrson