

201 S. Main Street, Suite 1800
Salt Lake City, Utah 84111
Main  801.532.1234
Fax  801.536.6111

A Professional
Law Corporation

Erik A. Christiansen
Attorney at Law
Direct  801.536.6719
echristiansen@parsonsbehle.com

January 26, 2024

**VIA ELECTRONIC MAIL**

Mr. Chad S. Pehrson
Kunzler Bean & Adamson
50 W Broadway, Suite 1000
Salt Lake City, Utah 84101
Cpehrson@kba.law

      Re:    *Capana Swiss Advisors AG et. al v. Rymark Inc., et. al*,
              **Civil Case No. 2:23-cv-00467**

Chad:

    We write to address the claims you make regarding Plaintiffs' discovery responses in your letter dated January 17, 2024 (the "January 17 Letter"). We respond to your baseless statements below:

**Plaintiffs' Responses to Defendant's Requests for Production**

*Plaintiffs' Responses to Requests for Production 2, 3, 4, 5, and 7*

    In your January 17 Letter, you persist in taking issue with Plaintiffs' use of the phrase "subject to and without waiving" in their discovery responses. As explained in our letter dated January 3, 2024 (the "January 3 Letter") there is nothing improper about using this phrase; litigants frequently use it without issue it in the District of Utah. It seems you are attempting to manufacture discovery disputes in an attempt to deflect from your own failures to respond to proper discovery requests. However, to avoid wasting additional time on this quibble, Plaintiffs have removed the phrase "subject to and without waiving" in their Second Amended Responses to Defendant's Request for Production of Documents (the "Second Amended Responses").

    Your January 17 Letter also continues to assert that Plaintiffs have an obligation to state they will produce "all responsive nonprivileged documents." That is simply not the law; "responsiveness" is not the touchstone for whether documents are discoverable. Rather, a document's **_relevance_** determines whether it is discoverable. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter **_that is relevant_** to any party's claim or

Chad S. Pehrson
January 26, 2024
Page Two

defense and proportional to the needs of the case." (emphasis added)); *Pipkin v. Acumen*, No. 1:18-cv-00113-HCN-PMW, 2019 WL 6324633, at *2 (D. Utah Nov. 26, 2019) ("[I]nformation related to [a certain topic] is irrelevant to the claims and defenses of the case and, therefore, [the topic] not discoverable."); *Source Direct Holdings, Inc. v. Intehritas, Inc.*, No. 2:08–CV–520–DB–DN, 2009 WL 3460279, at *4 (D. Utah Oct. 20, 2009) ("[T]he requested information is not relevant to the claims raised by the pleadings of either party, so it is not discoverable."). Plaintiffs will not search for or produce irrelevant documents merely because Defendant asked for them, and you will face a steep uphill battle convincing the Court that Plaintiffs must do so.

Your letter further states Plaintiffs are improperly withholding responsive documents. Plaintiffs' Second Amended Responses state, with respect to many of Defendant's requests, that Plaintiffs will "produce responsive, non-privileged documents." Plaintiffs have in fact produced thousands of responsive, non-privileged documents. We suggest you review the documents in Plaintiffs' recent production before you continue to accuse Plaintiffs of withholding documents. As stated in our January 24 Letter, it is Defendants who have failed to produce (and potentially collect) *years* of relevant data.

### *Plaintiffs' Response to Request for Production 4, Continued*

In your January 17 Letter, you take issue with Plaintiffs' response to Request for Production 4. Specifically, you state Plaintiffs should not limit the documents it will produce to those that are "pertinent to the claims and defenses raised in this lawsuit." This language simply reaffirms that Plaintiffs need not produce documents that are not relevant to the parties' claims and defenses. As reflected in Plaintiffs' Second Amended Responses, it will produce "responsive, non-privileged documents" that are relevant and related to Defendants or AmeriMark.

### *Plaintiffs' Response to Request for Production 5, Continued*

Your January 17 Letter also suggests, with respect to Request for Production 5, that the phrase "are related to the power(s) of attorney at issue in this matter" is problematic. We do not agree, but in a show of good faith, Plaintiffs have removed the language from its Second Amended Responses.

### *Plaintiffs' Response to Request for Production 6*

In your January 17 Letter, you continue to suggest, with respect to Request for Production 6, that Plaintiffs must search for documents related to Capana's compliance with "federal laws governing securities transactions and/or the acquisition of real estate." As we explained in our January 3 Letter, Defendant's request seeks irrelevant information; the documents sought will not support the claims and defenses in the parties' pleadings. Accordingly, Plaintiffs do not have an obligation to search for or produce the documents, especially in response to such an overbroad and undefined request. Nevertheless, in the spirit of cooperation, Plaintiffs offered to consider the request if Defendant would identify the specific laws at issue, which you contend bear a discoverable relationship to this lawsuit. Defendant has

Chad S. Pehrson
January 26, 2024
Page Three

failed to do so, and the request remains far too ambiguous to guide Plaintiffs in searching for responsive documents. It is not reasonable to ask Plaintiffs to speculate which laws Defendant might be referencing in its request, and Plaintiffs will not do so.

### *Plaintiffs' Response to Request for Production 8*

With respect to Request for Production 8, in your July 17 Letter, you continue to insist that documents "related to, with, or about Orbital AG and Shaen Bernhardt" are relevant and discoverable. We do not agree. As explained in our January 3 Letter, Orbital AG ("Orbital") and Mr. Bernhardt are only tangentially involved in this lawsuit. Aside from showing how Capana gained an interest in AmeriMark, Orbital has no role in this litigation. Furthermore, Mr. Bernhardt is not involved in this lawsuit at all in his personal capacity. This is evidenced by the fact that Defendants have alleged any claim against Mr. Bernhardt or Orbital. Because Defendants' claim and defenses have nothing to do with Mr. Bernhardt, we can only conclude Defendants' discovery requests are purposefully aimed at harassing non-parties. We will not countenance Defendants using discovery requests for this improper purpose. Fed. R. Civ. P. 26(g)(1)(B)(ii) ("By signing, an attorney or party certifies that … with respect to a discovery request, response, or objection, it is: … not interposed for any improper purpose, such as to harass.").

Moreover, we have reviewed the cherrypicked, bulleted list on page 4 of your January 17 Letter. It contains no relevant information; not a single line suggests, even implicitly, that Mr. Bernhardt communicated with Defendants or had any dealings with them. It certainly does not suggest Mr. Bernhardt defrauded them. This is not surprising, of course, as Defendants' counterclaim claims that David Hesterman and Miron Leshem allegedly defrauded them, not Mr. Bernhardt.

Even though Defendant's request seeks irrelevant information, in their Second Amended Responses, Plaintiffs have agreed to produce responsive, non-privileged documents in response to this request. We are hopeful that after reviewing the documents Plaintiffs recently produced, you will stop harassing Mr. Bernhardt and Orbital with Defendants' discovery requests.

### *Plaintiffs' Response to Request for Production 9*

In your January 17 Letter, you state that it was inappropriate for Plaintiffs to agree they would "produce non-privileged documents that are relevant and responsive to Request for Production 9." Though this response falls squarely within the requirements of the Federal Rules of Civil Procedure, Plaintiffs have amended their response to state "Plaintiff will produce responsive, non-privileged documents in its possession, custody, or control." Plaintiffs further clarify they will produce a privilege log for those documents they withhold based on a claim of privilege.

4879-8190-8896.

Chad S. Pehrson
January 26, 2024
Page Four

### *Plaintiffs' Response to Request for Production 10*

In your January 17 Letter, you state that it was inappropriate for Plaintiffs to agree they would produce "documents evidencing communications that are responsive to Request for Production 10." We have seldom encountered litigants who were so displeased with an opposing party's commitment to produce documents. Nevertheless, to assuage your concerns, Plaintiffs have amended their response to state "Plaintiff will produce responsive, non-privileged documents in its possession, custody, or control." Again, your fixation on this quibble is not well-taken. We have amended our responses a second time to shut down this discovery dispute.

### *Capana Swiss Advisors AG's Response to Request for Production 11*

In your January 17 Letter, with respect to Request for Production 11, you requested "the custodians and search terms you used in searching for documents responsive to this request." There is no rule that requires Plaintiffs to produce this information and it will not do so. Rather, as you adamantly insisted, we will exercise our own common sense in searching for documents that are responsive to this request. Moreover, Plaintiffs have amended their response to this request to state they will produce "responsive, non-privileged documents in its possession, custody, or control."

### *AmeriMark Automotive AG's Response to Request for Production 11*

In your January 17 Letter, you state that AmeriMark Automotive AG's response to Request for Production 11 is insufficient. You state that because "[t]his lawsuit is about who owns how much of Rymark," you are entitled to explore "all transactions by any party in AmeriMark's ownership units." We understand this request to mean you seek all transactions by any party who owns any portion of AmeriMark. If that is the case, your request is grossly overbroad and seeks irrelevant information. You are not entitled to review transactions that are wholly unrelated to this lawsuit merely because the transaction was engaged in by a party that owns a portion of AmeriMark. Plaintiffs have committed to producing information sufficient to show Plaintiffs' respective interests in AmeriMark. If you want more than that, you will need to explain to the Court why you need unfettered access to transactions that have nothing to do with the facts of this case.

### *Confidentiality Designations*

In your January 17 Letter, you state it was not acceptable for Plaintiffs to designate their productions as confidential. Plaintiffs are entitled to do so; their productions to date are comprised of commercially sensitive business documents that require confidentiality protection. If you disagree, please specifically identify the documents that you believe should not be designated as confidential, and we will consider whether they should be redesignated. Otherwise, we anticipate you will abide by the confidentiality designations and the protective order imposed by the Court.

4879-8190-8896

Chad S. Pehrson
January 26, 2024
Page Five

      Nothing in this letter should be construed as a waiver of any of Plaintiffs' rights, remedies, claims or defenses, at law or in equity, all of which are expressly reserved.

      Sincerely,

      PARSONS BEHLE & LATIMER

      */s/ Erik A. Christiansen*
      Erik A. Christiansen

      *Attorney for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG*

cc:    sediamond@venable.com
       bperkins@parsonsbehle.com
       jadamson@kba.law
       srichards@kba.law
       tsmith@kba.law