

February 5, 2024

Erik A. Christiansen
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
EChristiansen@parsonsbehle.com

Sarah E. Diamond
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
SEDiamond@Venable.com

  Re: *Capana Swiss Advisors AG, et al. v. Rymark, Inc. et al.*

Erik:

We write in response to your letters dated January 24 and January 26.

## Defendants' Discovery Responses

*Markosian – RFP 13*

We will shortly serve an amended response to this request.

*Markosian – RFP 17; Markosian – RFP 19; Kirkland – RFP 9; Small – RFP 8*

We previously explained why these blockbuster document requests were inappropriate, and we cited authority in support. Contra your letter, the requests you served are not meaningfully different from the requests at issue in the authority we cited. (*Compare, e.g.*, Markosian RFP 19 ("ALL DOCUMENTS AND COMMUNICATIONS that YOU contend support each and every affirmative defense") *with Grynberg v. Total S.A.*, 2006 WL 1186836, at *7 (D. Colo. May 3, 2006) (request sought "all material documents supporting the denial or affirmative defense") *and Lillard v. Univ. of Louisville*, 2014 WL 12725816, at *7 (W.D. Ky. Apr. 7, 2014) (request encompassed "every allegation or affirmative defense").[1]

---

[1] You suggest that *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575 (N.D. Tex. 2016), ordered a party to respond to some sort of blockbuster request. In fact, *Gondola* simply ordered a party to fulfill its obligation to make initial disclosures. *See id.* at 586–87 (ordering party to comply with Rule 26(a)(1)(A)(ii)).

Regardless, you may rest assured that we will produce to you in due course all documents, located after a reasonable search, that show fraud by Messrs. Leshem and Hesterman, or that support our affirmative defenses. Many of those documents, of course, can be found in your own productions, which you have repeatedly implored us to review carefully. (*See, e.g.*, Jan. 26 Christiansen – Pehrson Ltr. at 2 ("We suggest you review the documents in Plaintiffs' recent production . . .").) We are in the process of doing so and will continue to do throughout discovery.

### Defendants' Production

We have collected, and are in the process of reviewing, additional documents for responsiveness to Plaintiffs' discovery requests. We are beginning a rolling production of these documents today. You may download available documents at the following link:

https://pltech.sharefile.com/public/share/web-s9763e9030cf94939a27a8851eac5a1b3

### Confidentiality Designations

You have continued to blanket-designate all produced documents as "Confidential" under the terms of the protective order. We already explained to you why this was improper. Pursuant to Section 9(b) of the protective order, Defendants challenge all confidentiality designations you made to all documents produced since our January 17 letter and request that you remove the CONFIDENTIAL designation from all pages of all documents.

### Plaintiffs' Discovery Responses

We believe that the parties have largely reached an impasse with respect to the issues we have raised with your discovery responses, with the exception of three requests, where some progress may yet be made before we seek court intervention.

*AmeriMark – RFP 8*

This request for production calls for documents and communications related to, with, or about Orbital AG and Shaen Bernhardt. In our January 17 letter, we said that "with respect to Capana's response," we were "willing to narrow this request to documents and communications that are related to, with or about Orbital AG and Shaen Bernhardt, and that also relate to Defendants and/or any AmeriMark entity." But with respect to AmeriMark's response, we explained, we were "not willing to narrow" the request, since "[a]ll documents in AmeriMark's possession, custody, or control that relate to Orbital AG and/or Mr. Bernhardt are plainly relevant."

AmeriMark's Second Amended Responses mischaracterizes our letter, suggesting that even *vis-à-vis* AmeriMark, we had agreed to narrow the request. We had not. Please advise whether you will agree to produce all responsive documents in AmeriMark's possession,

custody, or control, without the limitation imposed by AmeriMark's Second Amended Responses.

In addition, we puzzled by the assertion in your amended responses that Mr. Bernhardt "was not a principal of Orbital AG until 2022, and was not an employee of Orbital AG until October 2021." First, this request does not only call for documents related to, with, or about Mr. Bernhardt while he was a principal or employee of Orbital AG. And second, Mr. Bernhardt was emailing from an Orbital email address at least as early as 2019. (*See, e.g.*, PL_0000006873.) If your amended response is meant to suggest that you are only searching documents from 2021 forward with respect to this request, that is unacceptable. Please provide the custodians, search terms, and timeframes you are using to locate documents responsive to this request.

*AmeriMark – RFP 11*

We do not understand what you intend to produce in response to this request. The request seeks "[d]ocuments sufficient to show all transactions by any party in AmeriMark's ownership units." AmeriMark's Second Amended Responses indicate that it will produce "responsive, non-privileged documents in its possession, custody, or control." This response has the usual defect – it does not agree to produce all responsive documents – but it also does not appear consistent with the statements made in your letter, which argues that the request is "grossly overbroad and seeks irrelevant information," that we are not entitled to "review transactions that are wholly unrelated to this lawsuit," like "all transactions by any party who owns any portion of AmeriMark," and that if we want to review documents responsive to the request, "you will need to explain to the Court why."

For clarity, the request does not seek documents sufficient to show all transactions by any party who owns ownership units in AmeriMark, <u>whether or not those transactions are in AmeriMark ownership units</u>. Instead, the request, by its plain terms, seeks documents sufficient to show all transactions by any party <u>in AmeriMark ownership units</u>. In other words, the only responsive transactions are transactions in AmeriMark ownership units, but you should produce document sufficient to show all such transactions by any party. (Here, "any party" means "anyone," not "any Defendant or Plaintiff.") With this understanding, please advise whether you produce all responsive documents.

*AmeriMark – RFP 6; Capana – RFP 6*

In an effort to seek compromise, we are willing, at this time, to limit this request to the following U.S. laws, but reserve the right to identify and request documents related to compliance with other laws, identified hereafter, as may become relevant:

- Any tax law promulgated by the United States, including but not limited to those referenced in IRS Publication 515 (https://www.irs.gov/pub/irs-pdf/p515.pdf);
- The Foreign Investment in Real Property Tax Act (FIRPTA);
- The Tax Equity and Fiscal Responsibility Act (TEFRA);
- The International Investment and Trade in Services Survey Act (IITSSA);

- The Foreign Investment and National Security Act (FINSA); and
- The Foreign Agents Registration Act (FARA).

## Forged Documents

We are troubled by your failure to respond to the portion of our January 17 letter addressing forged documents in your document productions, particularly because we had written to you "in good faith to give you an opportunity to respond to our concerns and provide us with additional information in advance of our seeking appropriate relief from the Court." (Jan. 17 Pehrson – Christiansen Ltr. at 9.) We have reviewed the additional tranches of documents you produced, but they do not include any "agreements pursuant to which Whitetree supposedly acquired an ownership interest in any AmeriMark entity." (*Id.* at 11.) We conclude, from this absence and from your silence, that you now believe, as we do, that Whitetree did not in fact actually acquire shares from Mr. Markosian, and that the shares you allege Capana acquired from Whitetree do not legitimately belong to Capana. We will seek appropriate relief.

## Deposition Availability

We intend to notice the deposition of Barbara McFarland. Please provide Ms. McFarland's availability during the first two weeks of March 2024.

.

KUNZLER BEAN & ADAMSON, P.C.

_____
Chad S. Pehrson

4