

201 S. Main Street, Suite 1800
Salt Lake City, Utah 84111
Main  801.532.1234
Fax  801.536.6111

A Professional
Law Corporation

Erik A. Christiansen
Attorney at Law
Direct  801.536.6719
echristiansen@parsonsbehle.com

March 4, 2024

**VIA ELECTRONIC MAIL**

Mr. Chad S. Pehrson
Kunzler Bean & Adamson
50 W Broadway, Suite 1000
Salt Lake City, Utah 84101
Cpehrson@kba.law

      Re:    *Capana Swiss Advisors AG et. al v. Rymark Inc., et. al,*
              **Civil Case No. 2:23-cv-00467**

Chad:

We write in response to your letter dated February 5, 2024 (the "February 5 Letter").

## Defendants' Responses to Plaintiffs' Requests for Production

### *Markosian's Response to Request for Production 13*

On February 5, 2024, in addition to your Letter, you served Markosian's Second Amended Responses to Plaintiffs' Requests for Production. Markosian's Amended Response to Request for Production 13 states that "Markosian will produce non-privileged documents in his possession, custody, or control sufficient to show dividends Rymark paid to entities other than AmeriMark Automotive." To date, Markosian has not produced these documents. Please be prepared to inform us when you will produce these documents during our meet and confer on Monday, March 4.

### *Markosian's Responses to Requests for Production 17 and 19; Kirkland's Response to Request for Production 9; Small's Response to Request for Production 8.*

Moreover, you stated in your February 5 Letter that you will "produce to [us] in due course all documents, located after a reasonable search, that show fraud by Messrs. Leshem and Hesterman." To date, you have not produced any documents that appear to evidence fraud by Leshem or Hesterman. Please identify the bates numbers of the documents you have produced that you contend are responsive to this Request. If you have not produced the documents, please be

Chad S. Pehrson
March 4, 2024
Page Two

prepared to inform us when we can expect to receive these documents during our meet and confer on Monday, March 4.

**Plaintiffs' Responses to Defendants' Requests for Production**

Your February 5 Letter states, with respect to Plaintiffs' responses to your clients' discovery requests, "[w]e believe that the parties have largely reached an impasse with respect to the issues we have raised with your discovery responses." We understand your statement to mean that you are unwilling to engage in any further good faith efforts to resolve the ostensible deficiencies in Plaintiffs' discovery responses. Accordingly, we have only addressed the responses identified in your February 5 Letter below:

### *Plaintiffs' Responses to Request for Production 8*

In your February 5 Letter, you continue to demand documents "related to, with, or about Orbital AG and Shaen Bernhardt." Indeed, your February 5 Letter states "[p]lease advise whether you will agree to produce all responsive documents in AmeriMark's possession, custody, or control, without the limitation imposed by AmeriMark's Second Amended Responses." As we explained in our letter to you dated January 26, 2024, Markosian's eighth Request for Production seeks irrelevant information. To date, Defendants still have not explained how information related to Mr. Bernhardt has any impact on the claims or defenses in this lawsuit. Even though the Request seeks irrelevant information that does not fall within the scope of discovery, Plaintiffs have produced information in response to this Request. You have not identified any deficiencies in the documents Plaintiffs have actually produced. Because you have not identified any deficiencies in Plaintiffs' actual production, but nevertheless continue to insist Plaintiffs' written response to this Request in insufficient, we firmly believe your Request is not truly aimed at uncovering information that is germane to the facts presented in this case. Rather, we believe you have solely issued this Request to harass Mr. Bernhardt. We do not believe the Court will look favorably upon this unsavory tactic.

### *Plaintiffs' Response to Request for Production No. 6*

In your February 5 Letter, you continue to insist Plaintiffs must review enormous, vague sections of the United State Code to identify documents that may be "related to [Plaintiffs'] compliance with the laws of the United States." For example, you suggest Plaintiffs should review "[a]ny tax law promulgated by the United States" and identify any documents in Plaintiffs' possession that may be "related" to Plaintiffs' compliance with these laws.

This is not a reasonable request, particularly because the sought-after information does not bear on the parties' claims and defenses. Plaintiffs will not review the United States Code sections identified in your February 5 Letter to determine whether they possess documents "related" to compliance with those Code sections.

Chad S. Pehrson
March 4, 2024
Page Three

### *AmeriMark Automotive's Response to Request for Production 11*

Your February 5 Letter states that you do not know what AmeriMark Automotive intends to produce in response to Request for Production 11. After reading the February 5 Letter, which attempts to clarify the documents sought by Request for Production 11, we understand that the Request seeks documents sufficient to show all transactions, by any person, in which AmeriMark Automotive's ownership units were bought or sold. Based on this understanding, and subject to the objections raised in AmeriMark Automotive's response to Request for Production 11, AmeriMark Automotive will produce documents that are responsive to this Request.

### Your Allegations of Fraud

In your February 5 Letter, you state "[w]e are troubled by your failure to respond to the portion of our January 17 letter addressing forged documents in your document productions." Let us assuage your concern: Plaintiffs have not forged any of the documents in their production. The third-party production we have received to date makes it abundantly clear that Markosian has communicated with several persons regarding AmeriMark Automotive and that he signed and acknowledged several documents evidencing AmeriMark Automotive's ownership of Rymark. We anticipate that when Markosian finally produces the numerous documents missing from his productions, as detailed in our letter dated February 28, 2024, they will further solidify the fact that Markosian is fully aware that AmeriMark Automotive owns Rymark.

Your February 5 Letter also states that you "have reviewed the additional tranches of documents you produced, but they do not include any 'agreements pursuant to which Whitetree supposedly acquired an ownership interest in any AmeriMark entity.'" We have already produced documents pertaining to Whitetree and will produce additional documents, if any additional are located, in the near term.

### Confidentiality Designations

In your February 5 Letter, you state "[p]ursuant to Section 9(b) of the protective order, Defendants challenge all confidentiality designations you made to all documents produced since our January 17 letter and request that you remove the CONFIDENTIAL designation from all pages of all documents." Plaintiffs deny your request. However, Plaintiffs will reconsider your request if you specifically identify the documents that you believe should not be designated as confidential. If you choose not to do so, we anticipate you will abide by the confidentiality designations and the protective order imposed by the Court.

### Barbara McFarland's Deposition

Finally, your request to depose Ms. Barbara McFarland is misplaced. First, she does not possess information relevant to the claims or defenses in this lawsuit. Second, if you wish to move forward you will need to serve a subpoena to Parsons Behle & Latimer given the privilege concerns. Please be prepared to give some rationale for why you seek to depose Ms. McFarland during our

Chad S. Pehrson
March 4, 2024
Page Four

meet and confer on Monday, March 4. Absent a clear explanation for her deposition, we will seek a protective order from the Court to preclude you from unnecessarily deposing her.

                              Sincerely,

                              PARSONS BEHLE & LATIMER

                              */s/ Erik A. Christiansen*
                              Erik A. Christiansen

                              *Attorney for Plaintiffs Capana Swiss*
                              *Advisors AG and AmeriMark Automotive AG*

cc:    sediamond@venable.com
        bperkins@parsonsbehle.com
        jadamson@kba.law
        srichards@kba.law
        tsmith@kba.law