R. Jeremy Adamson (12818) (jadamson@kba.law)
Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* (srichards@kba.law)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants, Counter Claimants and Third-Party Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **MOTION TO EXTEND TIME TO COMPLETE SERVICE OF ASHLEY MIRON LESHEM**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation, | |

1

|  |
|---|
| Counter Defendants. |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual, |
| Third-Party Plaintiffs, |
| vs. |
| SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation, |
| Third-Party Defendants. |

Cross-claimant Rymark, Inc. hereby submits this Motion for Extension of Time to Serve Complaint on Ashley Miron Leshem. (the "Motion").

RELIEF SOUGHT AND SPECIFIC GROUNDS FOR THE MOTION

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Rymark hereby moves the Court to grant an extension of the time to serve its Third-Party Complaint on Ashley Miron Leshem. Rymark requests a two-month extension. Key relevant facts include:

- Rymark retained two separate process server companies and two independent former FBI investigators to try to locate Mr. Leshem. To date, their efforts have not yet been successful.

- Mr. Leshem is one of the key actors in this case. He regularly emailed from a

2

"Capana" email address and appears many dozens of times on Plaintiffs' own privilege log as a recipient or sender of putatively privileged communications.

- Mr. Leshem is subject to multiple penny stock bars in the United States as a result of conduct similar to what is present in this matter. And French authorities recently charged Mr. Leshem with a securities market manipulation scheme also similar to the scheme at issue in this case; Mr. Leshem apparently also disappeared in that action and failed to respond in the proceeding against him.

In short, where Rymark has been unable to serve Mr. Leshem despite diligent efforts, good cause exists to extend the service deadline. No possible prejudice exists here, and the requested extension is only two months.

## FACTS

1. On September 3, 2024, Rymark filed its Third Party Complaint against Shaen Bernhard, Ashely Miron Leshem, David Hesterman, Nicolai Colshorn, Stefan Kammerlander, Alexander Coenen, Martin Fasser Heeg, and AmeriMark Group AG, Philomaxcap AG

2. Counting from September 3, 90 days is December 2.

3. Promptly after filing the Complaint against Mr. Leshem, Rymark engaged two different process servers and two different investigators to complete service on Mr. Leshem. [Declaration of Chad Pehrson ("Pehrson Decl."), ¶ 4.] The Pehrson Decl. is attached hereto as Exhibit A

4. The process servers attempted service on Defendant at the best known address according to all available databases, namely 7824 La Mirada Drive, Boca Raton, FL 33433. [Pehrson Decl. ¶ 5.]

5. The first process server, AMS United, made the following attempts:

> 10/3/2024 @ 8:14pm – There was no answer at the door. No activity was heard or seen inside.
> 10/6/2024 @ 2:18pm – There was no answer at the door. No activity was heard or seen inside.
> 10/7/2024 @ 11:05am – Upon arrival the server saw a man was standing in the driveway as I pulled up to the residence. The man went inside the house as I was getting out of the car. No answer at the door. White utility van parked in driveway. Can see another car parked in garage. May be avoiding service.

[Pehrson Decl. ¶ 6.]

6. Following these unsuccessful efforts, a different process server- John Valderrama-- was retained with instructions to spare no expense in locating and serving Mr. Leshem. Mr. Valderrama made the following attempts:

> 10/17/24: "Subject not home no vehicle on site"
> 10/18/24 : "No one home no vehicle on site"
> 10/18/24 (2nd evening attempt):  "No one home no vehicle on site"
> 101/9/24: "No one home no vehicle on site"

[Pehrson Decl. ¶ 7.]

7. Mr. Valderrama's Declaration of Service is attached as Exhibit 1 to the Declaration of Chad Pehrson. [Pehrson Decl. ¶ 7.]

8. Since the unsuccessful service efforts, Rymark has retained two former FBI agents to track down Mr. Leshem. Those efforts are ongoing and Rymark anticipates the efforts will eventually be successful. [Pehrson Decl. ¶ 8.]

## LEGAL STANDARD

Rule 4(m) of the Federal Rules of Civil Procedure states as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

So, the Rule provides for a mandatory extension if good cause is shown. And even if good cause is not shown, a plaintiff "may still be granted a permissible extension of time within the district court's discretion." *Espinoza v. U.S.*, 52 F.3d 838, 841 (10th Cir. 1995). This Court has stated the following factors are relevant in determining whether to grant a permissive extension: "1) potential barring of claims under a statute of limitations, 2) prejudice to the defendant, 3) whether the defendant had notice, 4) the likelihood of eventual service, 5) whether the plaintiff is represented by counsel, and 6) the length of the delay." *Golden v. Mentor Capital, Inc.*, No. 2:15-cv-00176, 2017 WL 3379106, *3 (D. Utah Aug. 3, 2017). In considering whether a permissive extension is warranted, "courts prefer to decide cases on their merits rather than on technicalities." *Allen v. Cavalry SPV I, LLC*, 2007 WL 675649, *2 (D. Kan. Mar. 1, 2007).

In 2015, the Rule Committee amended the time to effectuate service from 120 days to 90 days. On this change, the Committee noted that "Shortening the presumptive time for service will increase the frequency of occasions to extend the time. More time may be needed, for example, when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an in forma pauperis action."

**DISCUSSION**

A sixty-day extension should be granted to allow Rymark to complete service on Mr. Leshem.[1]

**I.     RYMARK SHOWS GOOD CAUSE FOR A MANDATORY EXTENSION OF TIME TO SERVE MR. LESHEM, AND ALTERNATIVELY REQUESTS A PERMISSIVE EXTENSION.**

As to the mandatory extension option, good cause exists here because the evidence suggests that defendant has avoided or evaded service of process, and also that Rymark has been diligent in service attempts. See *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997). Here, while Rymark has attempted to fully comply with the Rule, Mr. Leshem unsurprisingly has been difficult to serve. Rymark engaged two separate process servers to complete service on Defendant. However, each process server was unable to locate Mr. Leshem to complete service. Because there is good cause for an extension, the Court should extend the deadline through February 2, 2024.

Alternatively, if the Court finds there is not good cause for an extension, the Court should still grant a permissive extension of time. Under the circumstances at issue in the Motion, the factors favor granting an extension of time. Mr. Leshem surely knows about the litigation and Rymark's efforts to serve him. Furthermore, he will not suffer prejudice from the proposed brief extension of time.

On this permissive point, it is relevant to note Mr. Leshem's circumstances. As

---

[1] If Rymark is unable to locate Mr. Leshem within those 60 days, it will report to the Court on the issue and likely file a motion for alternative service, potentially serving Mr. Leshem through the email addresses on which Plaintiffs' privilege log claims that he sent and received many dozens of privileged emails from their counsel.

Rymark alleged in its Third-Party Complaint, Dkt. 139, Leshem is a central character in the fraudulent scheme at issue here. He is an experienced "pump-and-dump" schemer who is subject to multiple penny-stock bars in the United States as a result of his repeated participation in securities fraud schemes. (Dkt. 139 ¶ 45.) Leshem is also the subject of a €2 million fine imposed by the French securities regulator, AMF, earlier this year. (Leshem's company, Grantchester Equity, was separately hit with a €1 million fine.) (*Id.*) In 2015, Mr. Leshem pitched Mr. Markosian on a plan to raise money for Rymark in Europe. (*Id.* ¶ 3.) In fact, however, this was fraud from the start: Leshem's real plan was to pump-and-dump Rymark stock on a European stock exchange. He eventually accomplished this through the use of Plaintiff AmeriMark Automotive AG, a Swiss shell he acquired for the scheme, and in partnership with Plaintiff Capana Swiss Advisors AG, which managed the pump-and-dump.

      Plaintiffs' Amended Complaint, Dkt. 16, conspicuously mentions Mr. Leshem only twice, in footnotes, presumably because Plaintiffs do not want to openly associate themselves with him. But in fact Mr. Leshem was deeply involved at all relevant times with both Plaintiffs. He said that Plaintiff Capana Swiss Advisors AG was "the Swiss vehicle through which [he] conduct[s] business." (Dkt. 139, ¶ 97.) Leshem appears to have forged signatures and/or fabricated documents entirely, even joking with others about the forgeries. (*Id.* ¶¶ 66-70.) He conspired with others to hide the pump-and-dump scheme from Austrian market officials, including through the use of a phone number and corporate entity set up to give the false impression that AmeriMark Automotive had European operations. (*Id.* ¶¶ 89-92.) And, most importantly, Leshem engineered the theft of 13 million shares of stock that Leshem transferred from Mr. Markosian to a company called Whitetree Capital. (*Id.* ¶¶ 75-84.)

(Whitetree has repeatedly assisted Leshem with fraudulent schemes; it is mentioned in the AMF's 2024 order sanctioning Leshem.)  While Plaintiffs seek to downplay their connection with Mr. Leshem, the record reflects otherwise.  Dozens of entries on Plaintiffs' privilege log involve Mr. Leshem as a recipient or sender of putatively privileged emails.  Given that fact in particular, it continues to be surprising that at least when it comes to matters of discovery, service, and depositions, Plaintiffs continue to pretend that Mr. Leshem is not affiliated with them.

Finally, the length of delay proposed is minimal.  And Rymark brought this motion prior to the expiration of time to serve Mr. Leshem.  This Court has previously granted an extension of time where a plaintiff failed to serve the defendant for over two months after the deadline.  *Peel v. Rose*, No. 2:09-cv-01017, 2010 WL 2629804, *2 (D. Utah May 28, 2010). Because these elements favor granting a permissive extension, the Motion should be granted.  Rymark believes it will be able to complete service on Defendant withing the extended time.

CONCLUSION

For the foregoing reasons, Rymark respectfully requests that the Court grant its Motion for Extension of Time to Serve Complaint, and that the Court grant an extension to serve Defendant through and including February 2, 2024.

DATED: December 2, 2024

        **KUNZLER BEAN & ADAMSON, PC**

        <u>/s/ *Chad S. Pehrson*</u>
        R. Jeremy Adamson
        Chad S. Pehrson
        Robert P. Harrington
        Stephen Richards

        *Attorneys for Defendants,*
        *Counter Claimants and*
        *Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of December 2024, I filed the foregoing via the Court's CM/ECF system, which provided notice of such filing to all counsel of record.

*/s/Chad Pehrson*
Chad Pehrson
