Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
JSWorden@Venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG
and AmeriMark Automotive AG, and Third-Party Defendants
Shaen Bernhardt, Martin Fasser Heeg, and Stefan Kammerlander*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>　　　　Defendants. | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER TO MAINTAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

Plaintiffs and Counterclaim Defendants Capana Swiss Advisors AG and AmeriMark Automotive AG (collectively, "Plaintiffs"), through undersigned counsel, submit the following Reply in Support of their Motion for Protective Order to Maintain Confidentiality Designations.

In their Motion (ECF No. 172), Plaintiffs requested a protective order maintaining the confidentiality designations of documents produced in this litigation unless or until Defendants adequately challenge those designations pursuant to the Standard Protective Order ("SPO"). In their Opposition (ECF No. 182), Defendants claim: (1) they properly challenged Plaintiffs' designations under the SPO in blanket fashion such that ***all documents*** produced by Plaintiffs were therefore de-designated; and (2) that Plaintiffs have not demonstrated that ***any of*** their documents are confidential. Defendants' arguments each fail.

First, Defendants' Opposition relies on a false premise: that the entirety of Plaintiffs' productions were "blanket" designated as confidential such that Defendants were entitled to a "blanket" challenge to the same. Plaintiffs did not "blanket" designate their documents. In fact, Plaintiffs have de-designated over 325 documents since July 2024. *See* ECF No. 172, p. 5. Defendants refuse to indicate with which of the remaining documents they have concerns.

Additionally, Defendants never "state[d] with particularity" their concerns with any of Plaintiffs' designations. Defendants essentially claim that they stated with particularity the reason for their purported request for Plaintiffs to revise their designations by generally claiming that federal courts condemn "blanket" document designations. *See* ECF No. 182-2, p. 6:

> So far as we can tell, you have designated every page of every document in your productions as "CONFIDENTIAL." Federal courts condemn this approach [citing authoring from S.D. Tex.]… Instead, pursuant to Section 4(g) of the protective order, you were obligated to use "reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION . . . that is not entitled to such designation." It is, of course, not our obligation to review your entire

2

> production page-by-page to determine which documents are legitimately entitled to protection under the protective order. That was your obligation. Accordingly, pursuant to Section 9(b) of the protective order, Defendants challenge all confidentiality designations you made to your productions and request that you remove the CONFIDENTIAL designation from all pages of all documents.

*See also* ECF 182-4 at p. 2 ("You have continued to blanket-designate all produced documents as "Confidential" under the terms of the protective order. We already explained to you why this was improper.").

Such statements fall woefully short of Defendants' burden to "state with particularity" the reason for their request that Plaintiffs de-designate 100% of their documents. "Particularity" requires more than a general claim that another court in another district "condemned" a party's "blanket" confidentiality designations. *See, e.g.*, PARTICULARITY, Black's Law Dictionary (12th ed. 2024) ("The quality, state, or condition of being both reasonably detailed and exact.") Defendants were, in fact, required to point to one or more documents and explain why they believed those individual documents did not warrant protection.

Defendants have yet to provide any substantive explanation for why even a sample or example of any of Plaintiffs' documents is not entitled to protection. Instead, Defendants have doubled down on their unsupported interpretation of the SPO and continue to file Plaintiffs' confidential documents publicly, despite this issue being squarely in front of the Court. *See, e.g.*, ECF Nos. 173; 174. Unless and until Defendants provide a reasonably detailed explanation of their specific concerns with individual documents designated confidential by Plaintiffs, they have not complied with their duties under the SPO, and Plaintiffs' documents have not been de-designated.

Defendants rely on several non-binding cases to support their argument that they were entitled to "blanket challenge" Plaintiffs' designations. In *PPD Enterprises*, the designating party apparently claimed trade secret protection over "every single company email, regardless how vacuous or mundane." *PPD Enterprises, LLC v. Stryker Corp.*, No. CV H-16-0507, 2017 WL 3263469, at *1 (S.D. Tex. June 27, 2017). Here, Plaintiffs marked as confidential company emails concerning private business information; there is no argument related to trade secrets. (*See* ECF No. 172 at pp. 7–11 (explaining the confidential nature of certain documents)). Further, the challenging party in *PPD Enterprises* provided substantive arguments to the court for why certain documents designated as confidential by the designating party should lose their designation. *See PPD Enterprises, LLC v. Stryker Corp.*, Civil No. 4:16-cv-00507, *Plaintiffs' Response to Defendants' Motion for Protection and Motion for Sanctions* (S.D. Tex. Jun. 1, 2017) (attached hereto as Exhibit A). Defendants have failed to do even that bare minimum here.

Defendants also rely on *United States v. Planned Parenthood Fed'n of Am., Inc.* In that case, the Court explained that a blanket challenge to designations may be appropriate where the challenging party can demonstrate that the designating party acted in bad faith. No. 2:21-CV-022-Z, 2022 WL 19006362, at *3 (N.D. Tex. Oct. 11, 2022). Aside from claiming that Plaintiffs designated a large proportion of their documents as confidential, Defendants provide no evidence for their claim that Plaintiffs' designations were made in bad faith. Each case cited by Defendants involves a review of documents and a finding, based in part on those documents, of bad faith. *See e.g.*, *id.* Plaintiffs explained in their Motion the reason for their confidentiality designations, and Defendants do not seriously challenge those explanations or provide any other evidence for their claim of bad faith. Further, the challenging party in *Planned Parenthood* challenged the purported

overuse of the Attorneys Eyes Only ("AEO") designation, in part because the Plaintiffs in the case would essentially be kept in the dark about the facts of the case. No. 2:21-CV-022-Z at *4. Plaintiffs in this instant case have not marked any documents as AEO.

Given Defendants' failure to state with particularity the reasons for their concerns with Plaintiffs' designations, including their failure to provide any substantive argument for why even a sample document should not be considered confidential, their purported challenge to Plaintiffs' designations was ineffective. For the same reasons, Defendants' attempts to impute bad faith on the part of Plaintiffs by simply pointing to the number of documents marked as confidential, without reference to the substance of even one document, were ineffective and insufficient to warrant a blanket challenge to Plaintiffs' designations. Plaintiffs' designations should therefore be maintained.[1]

Defendants also argue in summary fashion that Plaintiffs failed to meet their burden of explaining why their documents are subject to protection. In their Motion, Plaintiffs explained in detail why the documents produced in this litigation are confidential and subject to the protections of the SPO. ECF No. 172, pp. 6–11. Defendants' only response to Plaintiffs' explanation is to

---

[1] Alternatively, in the event this Court finds that Defendants adequately challenged Plaintiffs' designations, there is little support in the case law for a blanket de-designation of Plaintiffs' documents without first affording Plaintiffs an opportunity to review and re-designate the documents in some manner. At the very least, Plaintiffs should be afforded the same opportunity here. *See, e.g.*, *Planned Parenthood*, 2022 WL 19006362, at *6 (ordering the designating party to "re-designate each document's level of restriction per the classifications specified in the Protective Order" by a certain date); *Storagecraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14-CV-76-DAK, 2016 WL 6988819, at *3 (D. Utah Nov. 29, 2016) (affirming the magistrate judge's decision requiring a designating party to "reexamine its entire CAEO production, to produce re-designated or de-designated versions of documents previously designated as CAEO, and to produce a log listing any documents previously designated as CAEO that [Persistent] has not re-designated or de-designated.")

question without authority whether Plaintiffs are in fact concerned with Swiss privacy laws. Defendants do not contest that disclosure of the documents would harm Plaintiffs and third parties by publicizing confidential personal business information between shareholders related to financial, compliance, tax, corporate planning, investment, and other issues and do not present any argument that the confidentiality of documents of this nature should not be protected.

## CONCLUSION

Based on the foregoing and on the arguments in Plaintiffs' Motion for Protective Order, this Court should enter an order maintaining the confidentiality designations on documents produced by Plaintiffs in this matter.

DATED: December 11, 2024

VENABLE LLP
John S. Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

PARSONS BEHLE & LATIMER
Erik A. Christiansen
Hannah J. Ector

By: /s/ Sarah E. Diamond
*Attorneys for Plaintiffs Capana Swiss Advisors AG, AmeriMark Automotive AG, Shaen Bernhardt, Martin Fasser Heeg, and Stefan Kammerlander*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December 2024, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER TO MAINTAIN CONFIDENTIALITY DESIGNATIONS** to be filed on the Court's CM/ECF platform, which sent notice to all counsel of record.

                                                 */s/ Hannah Ector*
                                                 Hannah Ector