Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and
AmeriMark Automotive AG, and Third-Party Defendants
Shaen Bernhardt, Martin Fasser Heeg, and Stefan Kammerlander*

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO COMPLETE SERVICE OF ASHLEY MIRON LESHEM**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

Plaintiffs and Counterclaim Defendants Capana Swiss Advisors AG and AmeriMark Automotive AG ("Plaintiffs"), through undersigned counsel, submit the following Opposition to Defendants' Motion to Extend Time to Complete Service of Ashley Miron Leshem (ECF No. 183) (the "Motion").

## INTRODUCTION

On the deadline for service, and after *waiting a month* to even attempt service, Defendants request additional time to serve third-party Plaintiff Ashley Miron Leshem.[1] If the Court grants this request, Defendants would have until *after the close of fact discovery* to serve Mr. Leshem, which would prejudice Plaintiffs. In support of their Motion, Defendants claim that they tracked down Mr. Leshem's "best known address" and have been attempting to serve him there without luck. Because they have been unable to serve him, Defendants claim, with no evidence or support, that Mr. Leshem must be evading service and thus that good cause exists for a mandatory extension. Defendants also claim that they are entitled to a permissive extension of time based on a conclusory analysis of certain factors. In that analysis, Defendants fail to acknowledge the prejudice on Plaintiffs for granting Defendants until after the current close of fact discovery to serve Mr. Leshem and instead focus on Mr. Leshem's purported "key" role in this case (which is not a factor courts consider when considering a request for an extension).

Because Defendants demonstrated a lack of diligence in serving Mr. Leshem and also failed to provide any evidence to support their claim that Mr. Leshem is evading service, good

---

[1] Defendants signed the agreement with Leshem at the center of this dispute on April 1, 2016, but waited over a year from when this litigation commenced (July 18, 2023 to August 6, 2024) to seek leave to add Leshem as a party. *See* ECF No. 17 (asserting that Leshem is an indispensable party to Defendants' Counterclaim).

cause does not exist for a mandatory extension of the service deadline. Further, given that Defendants failed to articulate how they are entitled to a permissive extension, their arguments in that regard fail. Defendants' Motion should be denied.

## ARGUMENT

I.  **Defendants Have Not Demonstrated Good Cause for an Extension**

Pursuant to Fed. R. Civ. P. 4(m), Defendants had 90 days from September 3, 2024 to serve Mr. Leshem. But, on a showing of good cause, this Court can extend the time for service for an appropriate period. *Id.* "The Tenth Circuit has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *Golden v. Mentor Cap., Inc.*, No. 215CV00176JNPBCW, 2017 WL 3379106, at *2 (D. Utah Aug. 3, 2017). The Tenth Circuit has provided further guidance as to the "good cause" inquiry, stating that the good cause exception should be "read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Id.*

Good cause may also exist when a party is evading service. *Id.*; *see also Sugar v. Tackett*, No. 1:20-CV-00331-KWR-LF, 2021 WL 3292615, at *6 (D.N.M. Aug. 2, 2021). However, to demonstrate that a party is evading service, the party attempting to serve him must do much more than make conclusory and unsupported statements about the party's perceived evasiveness. *Sugar*, 2021 WL 3292615, at *6 2021 WL 3292615, at *6 (holding that the plaintiffs did not show good cause for their failure to timely serve the defendant and explaining that without any "objective, reliable indicia in the record that [the defendant] was, in fact, ever found at the [] address, the fact that numerous attempts to serve him at that address proved unsuccessful does not, without more, support the inference that he was evading service.")

On the service deadline, Defendants moved for additional time to serve Mr. Leshem, claiming they had worked diligently to serve Mr. Leshem and accusing him of evading service.

First, Defendants failed to demonstrate they acted diligently in attempting to serve Mr. Leshem. Defendants filed their third-party complaint on September 3. It appears Defendants did not attempt to effectuate service on Mr. Leshem until a month after filing the third-party complaint. (ECF 183 at p. 4, ¶ 10 (indicating the first service attempt was made on October 3, 2024)).

Defendants also claim they have retained two former FBI agents to track down Mr. Leshem and that those efforts are "ongoing." Defendants do not state when they retained these agents or what efforts they are making to track down Mr. Leshem. It is unclear why it would take two former FBI agents almost two months to track down a domestic party's address or whereabouts.

Further, nothing in the process servers' affidavits supports the accusation that Mr. Leshem is evading service. First, Defendants provide no explanation for how and why they determined Mr. Leshem's "best known address," and neither process server documented any indicia that Mr. Leshem resided at that address. *See Sugar*, 2021 WL 3292615, at *6 ("Notably, [the process server's] affidavit does not explain how he determined, in the first instance, that the [] address was the "best home location" for [Defendant], nor does any other evidence of record indicate why Plaintiffs continued to believe that [Defendant] would be found at that address after numerous attempts failed."). Further, in the more recent service attempts on October 17-19, 2024, the process server indicated nobody was home and no vehicle was on site. (ECF No. 183, ¶ 6). It appears this process server never saw or made in-person contact with Mr. Leshem. (*Id.*) And although the first process server saw a white utility van and "another car" at the property, that process server apparently did not run license plates or perform any other investigation into whether the vehicles

4

belonged to Mr. Leshem or whether Mr. Leshem was "the man" seen in the driveway. (*Id.*, ¶ 5). Indeed, there is no information about "the man's" appearance to be able to determine whether he fits Mr. Leshem's description.[2] Accordingly, there is no evidence in the record to support that Mr. Leshem is evading service. Given Defendants' failure to demonstrate that Mr. Leshem is evading service, and given their lack of diligence in attempting to serve Mr. Leshem, they fail to demonstrate good cause for an extension.

## II. Defendants Are Not Entitled to a Permissive Extension

Defendants also list factors that this Court considers when determining whether to grant a permissive extension. Those factors are: "1) potential barring of claims under a statute of limitations, 2) prejudice to the defendant, 3) whether the defendant had notice, 4) the likelihood of eventual service, 5) whether the plaintiff is represented by counsel, and 6) the length of the delay." *Golden*, 2017 WL 3379106, at *3.

Rather than focus on these factors in detail, Defendants use a large portion of their Motion as yet another opportunity to put their unsupported and unproven allegations against Plaintiffs and Mr. Leshem into the public record. The purported importance and "circumstances" of Mr. Leshem, a named party, to this lawsuit is irrelevant to this Court's decision to extend time. *See id*. Defendants make no showing that they are entitled to a permissive extension of time to serve Mr. Leshem.

Granting the proposed extension will also prejudice Plaintiffs (which issue is not addressed by Defendants). Currently, fact discovery is set to expire on January 28, 2025.

---

[2] Notably, this process server's affidavit was not attached to Defendants' Motion to review.

Defendants' proposed extension would extend the time to serve Mr. Leshem to February 2, 2025. This would necessarily impact the current schedule, which has already been delayed by Defendants' amended counterclaim and third-party complaint (and which may be delayed even more by Defendants' recent motion to file a second amended counterclaim and third-party complaint.) (ECF No. 180).  Defendants should not be afforded these continuous opportunities to delay resolution of this case.  This Court should deny their motion.

## CONCLUSION

Based on the foregoing, this Court should deny Defendants' Motion to Extend Time to Complete Service of Ashley Miron Leshem.


DATED: December 11, 2024    VENABLE LLP
John S. Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

PARSONS BEHLE & LATIMER
Erik A. Christiansen
Hannah J. Ector

By:  */s/ Sarah E. Diamond*
*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, and Stefan Kammerlander*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of December, 2024, I caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO COMPLETE SERVICE OF ASHLEY MIRON LESHEM** to be filed on the Court's CM/ECF platform, which sent notice to all counsel of record.

                                                                                      */s/ Hannah Ector*
                                                                                       Hannah Ector