R. Jeremy Adamson (12818) (jadamson@kba.law)
Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* (srichards@kba.law)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants, Counter Claimants and Third-Party Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **MOTION FOR PROTECTIVE ORDER RE IMPROPER SUBPOENAS SERVED ON OAK STREET, LENDER TO RYMARK**<br><br>**REQUEST TO STAY DEPOSITION**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero<br><br>**HEARING REQUESTED** |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation, | |

|  |
|---|
| Counter Defendants. |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual, |
| Third-Party Plaintiffs, |
| vs. |
| SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation, |
| Third-Party Defendants. |

## I.   RELIEF SOUGHT AND GROUNDS THEREFORE

Plaintiffs' principal discovery strategy in this case has been to contact every party in any type of business relationship with Rymark, in a transparent attempt to embarrass Rymark and thereby leverage Rymark into a settlement.  Rymark files this protective order to a subpoena issued by Plaintiffs to Bill Bower of Oak Street Financial.  Mr. Bower holds supervisory authority over Rymark's $22M+ credit line, which line was obtained many months after Rymark instructed Plaintiff AmeriMark Automotive AG —in writing—to cease-and-desist their illegal European penny stock schemes.  The deposition is not intended to gather information relevant to the claims and defenses in this litigation. Rather, its intent is to intimidate Rymark by deriding Rymark and its owner, Defendant Nick Markosian, in front of Mr. Bower, a person who could

2

pull Rymark's credit line, an act that would end Rymark's business.[1] Rymark requests that a protective order be entered to prevent discovery on Mr. Bower from proceeding at this time.

## II.  RELEVANT FACTS INCLUDING PARTIES' EFFORTS TO MEET AND CONFER.

In July 2024, Plaintiffs prepared and served a document subpoena on Oak Street. As the Court subsequently acknowledged, the subpoena was extraordinarily broad, requesting – among other things – (i) "all documents and communications relating to all personal and commercial loan applications on behalf of Markosian or Rymark"; (ii) "all documents and communications sent to any third party relating to Markosian or Rymark"; (iii) "all documents and communications" Oak Street received from, or sent to, Defendants; (iv) "all documents and communications related to AmeriMark or AmeriMark Group AG"; and (v) "all documents and communications with Chad Pehrson" – Rymark's current counsel – "or any attorney with Parr Brown Gee & Loveless and any third-party related to Rymark or Markosian." (Declaration of Chad S. Pehrson ("Pehrson Decl.") ¶ 2 & Ex. A.)

Defendants moved for a protective order. At a hearing on October 2, the Court announced it would deny the motion for failure to meet and confer but then said it would provide some "additional guidance." (Pehrson Decl. Ex. B at 10:7–10.) First, the Court said, the subpoena appeared to be "very broad," and the parties "needed to discuss to determine" if the subpoena's document requests "could be narrowed." (*Id.* at 10:10–13.) And second, the Court "specifically ordered" the parties "to discuss" whether Defendants could produce the documents instead of Oak Street. (*Id.* at 10:14–19.)

---

[1] Plaintiffs' strategy here continues to puzzling, as in that event, Oak Street, a fully secured lender, would recover its interests in full while both Plaintiffs and Mr. Markosian—each of whom claim equity ownership in Rymark—would be left with nothing but litigation scars.

3

On October 11, 2024, counsel for the parties met and conferred in person, including regarding Defendants' concern that Plaintiffs' third party discovery efforts, specifically discovery targeted at Oak Street, was being pursued solely for leverage and embarrassment purposes, and that the subpoena served on Oak Street was overbroad. Mr. Pehrson expressly offered to provide documents relating to the Oak Street relationship, which documents had not previously been the subject of a discovery request to Rymark. Ms. Diamond indicated she would take this request under advisement.

Subsequently, on October 14, 2024, Ms. Diamond sent Defendants a letter stating: "The parties disagree as to the relevance of documents sought in the third-party subpoenas as well as whether Plaintiffs have already requested the documents from Defendants. We understand, however, that the parties agreed that <u>Plaintiffs will provide Defendants with a targeted list of documents they are seeking from Oak Street</u> and that <u>Defendants will confirm if they will agree to produce those documents in lieu of Plaintiffs seeking those same documents via third-party subpoena</u>." (Pehrson Decl. ¶ 5.)

Plaintiffs never provided the promised "targeted list." (*Id.* ¶ 7.) Instead, in December 2024, Plaintiffs prepared a new document subpoena, this time for an Oak Street executive named Bill Bower. Mr. Bower has direct authority over Rymark's line of credit. The new subpoena – the "Bower Document Subpoena" – was, in many respects, even broader than the subpoena Plaintiffs had originally served on Oak Street, which the Court previously described as "very broad." Like the first subpoena, it requested all documents related to loan applications from Rymark and Mr. Markosian. It requested "all documents and communications sent or received from any third party relating to Markosian or Rymark," and "all documents and communications

4

related to AmeriMark or AmeriMark Group AG." It requested "all documents and communications" between Oak Street and "any third-party" relating to this litigation. It also requested not just communications with Mr. Pehrson, Rymark's current counsel, or Parr Brown, Mr. Pehrson's former firm, but also Mr. Pehrson's *current* firm and Rymark's counsel of record, Kunzler Bean & Adamson. (Pehrson Decl. ¶ 7 & Ex. D.)

Federal Rule of Civil Procedure 45(a)(4) and Local Rule DuCivR 45-1 both required that Plaintiffs give Rymark advance notice of the Bower Document Subpoena before serving it. Plaintiffs failed to do so. Instead, they emailed the Bower Document Subpoena to Oak Street *without copying Rymark's counsel at all*. Oak Street subsequently notified Rymark of the Bower Document Subpoena, and Rymark demanded that Plaintiffs withdraw the subpoena in light of the fact that it violated the rules about advance notice.

Initially, Plaintiffs refused; Ms. Diamond said she would only withdraw the subpoena if Rymark would agree to produce, within two weeks, the list of documents Ms. Diamond had promised to provide in October but still *had not provided*. (Pehrson Decl. ¶ 10 & Ex. E.) When Rymark pointed out that this was an unacceptable attempt to leverage Plaintiffs' open violation of the rules into a demand that Rymark agree to produce a list of documents on an abbreviated schedule without even seeing the list first, Plaintiffs finally agreed withdrew the document subpoena but then issued an oral deposition subpoena to Mr. Bower (the "Bower Deposition Subpoena").

Rymark does not know how, or when, Plaintiffs served the Bower Deposition Subpoena. However, Plaintiffs served Rymark with a notice of the subpoena on Friday, December 6. Local DuCivR 30-1(d) provides that a "motion for a protective order to stay a deposition automatically

5

stays the deposition only if it is filed by the third business day after service of the deposition notice" – *i.e.*, by Wednesday, December 11. Rymark was therefore obligated to file this motion immediately. However, concurrent with filing this motion, Rymark has requested an opportunity to conduct further meet-and-confer in-person with Plaintiffs regarding the motion, and if this meet-and-confer yields fruit, Rymark will promptly amend this motion.

**II.     LEGAL STANDARD.**

Federal Rule of Civil Procedure 26(c) provides that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Federal Rule of Civil Procedure 45(b) provides that a court "must quash or modify" a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." The court also "may" "quash or modify" a subpoena that requires "disclosing . . . confidential . . . commercial information." *Id.*

Rule 45 governs subpoenas issued to nonparties, and a court may quash or modify a subpoena that requests privileged or protected information or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). While overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena, it is generally accepted that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b). *See Quarrie v. Wells,* 2020 WL 4934280, at *2 (D.N.M.) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."); Fed. R. Civ. P. 45(d)(1) advisory committee note. "A subpoena that seeks irrelevant, overly broad, or duplicative

discovery causes undue burden, and the trial court may quash it on those bases." *Zurich Am. Ins,. Co. v. Ascent Constr.*, No. 1:20-89, 2021 WL 7186068, at *2 (quotation omitted). Courts also consider whether discovery is being sought for "an improper purpose." *E.g.*, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

IV.  DISCUSSION

Mr. Bower is not a party to this litigation, and his proposed deposition is part of a pattern of discovery activity that reflects an improper purpose. Plaintiffs seek discovery from Mr. Bower that is irrelevant, and is sought to annoy, embarrass, and oppress Rymark. Rules 45 and 26 offer protections on this front, and the Court should issue a protective order.

### A. Rymark Has Standing To Seek A Protective Order Or Order Quashing The Bower Deposition Subpoena

Defendants have standing to challenge the Bower Deposition Subpoena. Plaintiffs ostensibly seek to depose Mr. Bower in order to gain confidential information about Mr. Markosian's and Rymark's finances. This is evident from both the original document subpoena Plaintiffs served on Oak Street – the one the Court described as "very broad" – as well as the (even broader) Bower Document Subpoena.

"Many courts have found that individuals whose financial records have been subpoenaed have a personal right or privilege that gives them standing to move to quash a subpoena issued to a non-party." *Compania de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua, S.A.B. de C.v.*, 2019 WL 8223561, at *3 (D. Colo. Dec. 31, 2019). This Court has so held. *See Zurich Am. Ins. Co. v. Ascent Constr., Inc.*, 2021 WL 7186068, at *2 (D. Utah June 2, 2021) ("Because Swenson has a personal right as to her banking and finance records, the court find[s] Swenson has standing to object to the Subpoenas.");

*LLC*, 2022 WL 4290099, at *2 (D. Utah Sept. 16, 2022) (collecting authority).

> B. **The Court Should Issue A Protective Order Quashing The Bower Deposition Subpoena And Staying The Requested Deposition Indefinitely.**

Plaintiffs have employed a scorched-earth approach to third-party discovery, including dozens of subpoenas to Rymark's lenders, banks, and insurance companies. The campaign appears intended to prevent Rymark's access to working capital necessary to run its business. Specifically, over the past several months, Plaintiffs have served third-party discovery on, so far as Rymark can tell, every company in the country ever mentioned in Rymark's business records or emails as a current or potential funding source. These companies include: (1) Bank of Utah, (2) Bank of West, (3) Mountain West Small Business Finance, (4) Holladay Bank and Trust, (5) Ted Jenkins, (6) Keddington & Christensen, LLC, (7) Security Service Credit Union, (8) Utah Community Bank, (9) White & Associates, (10) Zions Bank, (11) Covington Capital Corporation, (12) First Insurance Funding, (13) Arrowhead General Insurance Agency, Inc., (14) the Small Business Administration, (15) Katz Sapper & Miller LLP; (16) AAM Investments LTD; (17) LHPH Capital; and now (18) Oak Street Funding and Bill Bower. The subpoenas serve no purpose in the litigation. Rather, the subpoenas are pretextual, and are simply a part of ongoing campaign seeking to harass and intimidate Defendants.

Federal courts condemn tactics like these. This lawsuit does not give Plaintiffs "a free pass to fish through all of [Rymark's] financial records merely to see if anything interesting turns up." *US Magnesium, LLC v. ATI Titanium LLC*, 2020 WL 12847147, at *4 (D. Utah May 22, 2020). Nor is it appropriate for Plaintiffs to use discovery as a commercial weapon against Rymark in attempt to "annoy[]," "embarrass[]," or "oppress[]" Rymark. Fed. R. Civ. P. 26(c). Courts in this district routinely quash subpoenas for financial records. *See, e.g.*, *Zurich*, 2021 WL

7186068, at *2; *Ennis*, 2022 WL 429009, at *2.

Moreover, the requested information is not pertinent to the claims and defenses in this litigation, which involves a securities fraud scheme which Plaintiffs implemented in Europe. While Plaintiffs appear to have admitted their rules violations by withdrawing the document subpoena, they continue to insist upon a January deposition for Mr. Bower. For similar reasons articulated above, primarily relevance, burdensomeness, and ill intent, Mr. Bower should not be deposed in this litigation. At no time have Plaintiffs articulated what information could come from Mr. Bower's deposition that would be relevant to the claims and defenses in this litigation. Given this status, Rymark respectfully requests that the Court quash the proposed deposition.

### 1. Mr. Bower Does Not Have Relevant Information.

Plaintiffs' subpoenas to Oak Street and Mr. Bower are inappropriate first because neither Oak Street nor Mr. Bower will have any relevant information. This dispute relates to disputed transactions that (supposedly) took place in 2016 (AmeriMark Automotive's acquisition of Rymark) and 2018 (AmeriMark Group's acquisition of AmeriMark Automotive). (Dkt. 16) The parties dispute whether the transactions were effective or legitimate. Regardless, however, the parties fell into the present dispute in **September 2020**, when counsel for Rymark sent AmeriMark Automotive a letter disputing the transactions in question. Although Plaintiffs failed to file this lawsuit until almost three years later, everyone agrees that the dispute began with the September 2020 letter.

Rymark's line of credit with Oak Street, however, dates to **August 2021**. Oak Street and Mr. Bower therefore has **zero** relevant information to either the 2016 or 2018 transactions.

9

**<u>2. Subpoenaing Mr. Bower Is Intended to Harass Rymark.</u>**

Plaintiffs only care about Oak Street and Mr. Bower because Oak Street presently loans money to Rymark. As in many industries, access to capital is the limiting reagent in the car sales business. And Plaintiffs want to interfere with this business relationship so that Rymark will pay Plaintiffs lots of money to settle this lawsuit.

While case law involving the discovery tactics of shell-entity market manipulators from Switzerland is admittedly sparse, a ready analogy exists in employment law. Courts have recognized that serving subpoenas on a former employee's *current* employers can jeopardize an individual's employment status and thus should be avoided. In this setting, Oak Street and Mr. Bower are analogous to Rymark's "current employer."

For instance, in *Conrod v. Bank of New York*, 1998 WL 430546 (S.D.N.Y. July 30, 1998), *vacated pursuant to settlement*, the Court justified the imposition of sanctions against a defendant for issuing a subpoena to a plaintiff's current employer, without prior notice as required by Rule 45. Specifically, by issuing a subpoena to plaintiff's current employer, counsel caused plaintiff to worry about her continued employment relationship, in a manner amounting to harassment. As that court explained, the spirit of Rule 26 "is violated when discovery is used as a tactical weapon rather than to explore a party's claims and the facts connected therewith." *Id.* at *2 (citation omitted). *See also Graham v. Casey's General Stores*, 206 F.R.D. 251, 256 (S.D. Ind. 2002) (granting motion to quash where employee had "legitimate concern" that discovery request would be a "tool for harassment and result in difficulties for her in her new job").

This Court is empowered under the Rules to apply common-sense and pragmatism to this

discovery dispute. See Fed. R. Civ. P. 26(b)(1) (requiring courts to consider importance of the discovery in considering whether to permit discovery); see also Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995) ("[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant.").

### 3.  Plaintiffs Should Not Be Allowed Use the Subpoena Process to Make an End-Run Around Rule 34

Also, Plaintiffs cannot use the Rule 45 subpoena process as a means of making an end-run around the regular discovery practice under Rules 26 and 34. Burns v. Bank of America, No. 03-1685, 2007 WL 1589437 (S.D.N.Y. June 4, 2007). District courts recognize that if documents and information are available from a party, it is preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them.  Here, as set forth above, Rymark has expressly offered to provide documents sought by Plaintiffs.  Yet Plaintiffs not only did not accept that offer, but wholly failed to seek any discovery from Rymark that it sought first from Oak Street and then from Mr. Bower.[2]  This failing is not only contrary to the Rules, but it reflects the reality of Plaintiffs' improper purpose. As it stands, Plaintiffs service of third-party subpoenas has aggravated and consumed the time of people with whom Rymark have confidential and sensitive business relationships, deprived Rymark of a fair opportunity to object to the subpoenas prior to their service, and eliminated an essential stage of the process contemplated under Rule 45 for parties to try to work out their discovery differences without court intervention.

---

[2] Plaintiffs never sent Rymark the promised list of documents. On December 11, they served additional discovery requests on Rymark, but they have not abandoned their third-party discovery efforts vis-à-vis Oak Street.

### 4. The Subpoenas Demonstrate A Pattern of Overbreadth and Purposeful Non-Compliance With the Rules.

The effort to depose Mr. Bower cannot be rationally separated from the numerous improper efforts at obtaining documents from Oak Street and Mr. Bower. Notably, in the new improperly served document subpoena, Plaintiffs served some even *broader* requests than had previously been served on Oak Street. Of course, as acknowledged by Plaintiffs with their retraction,[3] before a third-party subpoena requesting document is served, "notice must be served on each party." Fed. R. Civ. P. 45(b)(1). And the Tenth Circuit has emphatically interpreted this requirement to require "notice to be given prior to service of a subpoena." *Butler v. Biocore Med. Technologies, Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003); *see also Welch v. Centex Home Equity Co., LLC*, 03-2132-JWL-DJW, 2004 WL 2331921, at *1 (D. Kan. Apr. 12, 2004) ("when an attorney misuses his or her power under Rule 45 to command a non-litigant to produce documents in a lawsuit to which he or she is a stranger by failing to give appropriate notice to the parties, public confidence in the integrity of court processes is eroded").

## V. CONCLUSION

Plaintiffs' selection of subpoena targets is aimed at embarrassing Rymark and interfering with Rymark's current business relationships. Specifically, Plaintiffs appear to be trying to poison Rymark's relationship with its principal lender Oak Street. This is not a proper purpose of discovery. The Court should issue a protective order with respect to the remaining deposition subpoena targeted at Mr. Bower of Oak Street.

---

[3] In addition, the illegal document subpoena to Mr. Bower was a clumsy attempt to evade the Court's prior granting in part of Rymark's motion to quash the subpoena to Parr Brown. Despite the Court's order, Plaintiffs are fixated on obtaining counsel's files.

DATED: December 11, 2024

**KUNZLER BEAN & ADAMSON, PC**

/s/ *Chad S. Pehrson*
Chad S. Pehrson

*Attorneys for Defendants,
Counter Claimants and
Third-Party Plaintiffs*

## WORD COUNT CERTIFICATION

Excluding signature blocks, the caption page, and the like, this brief is 3095 words.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, I filed the foregoing via the Court's CM/ECF system, which provided notice of such filing to all counsel of records.

/s/Chad Pehrson
Chad Pehrson