R. Jeremy Adamson (12818) (jadamson@kba.law)
Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* srichards@kba.law
KUNZLER BEAN & ADAMSON, PC
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DECLARATION OF CHAD S. PEHRSON IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE IMPROPER SUBPOENAS SERVED ON OAK STREET, LENDER TO RYMARK**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAP ANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation,<br><br>Counter Defendants. | |

1

| |
|---|
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual, |
| Third-Party Plaintiffs, |
| vs. |
| SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation, |
| Third-Party Defendants. |

I, Chad S. Pehrson, declare as follows:

1. I am over 18 years of age and am fully competent to make this declaration. I am counsel to Defendants and Counterclaimants Rymark, Inc. ("**Rymark**"); Nicholas Markosian; John Kirkland; and Vicky Small. I have personal knowledge of the matters set forth below or have obtained knowledge from my review of the file. I make this declaration in support of Rymark's Motion for Protective Order re Improper Subpoenas Served on Oak Street, Lender to Rymark.

2. On July 23, 2024, Plaintiffs served Defendants with notice that they intended to issue a third-party subpoena to Rymark's lender, Oak Street Funding ("Oak Street"). A true and correct copy of that subpoena is attached hereto as **Exhibit A**.

3. Defendants moved for a protective order with respect to the July 2024 Oak Street subpoena. The Court held a hearing where it addressed Defendants' motion, and a true and correct copy of the transcript from that hearing – with relevant portions highlighted on page 10 – is

2

attached hereto as **Exhibit B**.

4. Part of the Court's direction to the parties at the October 2 hearing was that the parties "needed to discuss" the breadth of the subpoena to Oak Street and were "specifically ordered" to discuss whether Defendants, rather than Oak Street, could produce necessary materials. On October 11, 2024, pursuant to the Court's order, counsel for the parties met and conferred in person regarding a number of discovery issues. At that meeting, I offered to provide documents relating to Rymark's relationship with Oak Street: documents that were not previously the subject of a discovery request. Counsel for Plaintiffs, Sarah Diamond, indicated that she would take my offer under advisement.

5. Three days later, on October 14, 2024, Ms. Diamond sent me a letter stating in relevant part:

> The parties disagree as to the relevance of documents sought in the third-party subpoenas as well as whether Plaintiffs have already requested the documents from Defendants. We understand, however, that the parties agreed that Plaintiffs will provide Defendants with a targeted list of documents they are seeking from Oak Street and that Defendants will confirm if they will agree to produce those documents in lieu of Plaintiffs seeking those same documents via third-party subpoena.

6. A true and correct copy of Ms. Diamond's letter, with relevant portions highlighted on pages 3 and 4, is attached hereto as **Exhibit C**.

7. Ms. Diamond never sent Rymark the promised "targeted list of documents." Instead, on December 3, 2024, Plaintiffs sent Oak Street a new document subpoena, this time addressed to an Oak Street executive named Bill Bower. Mr. Bower has control over Rymark's line of credit with Oak Street. A true and correct copy of Plaintiffs' subpoena to him is attached hereto as **Exhibit D**.

8. Plaintiffs did not give Rymark advance notice of the subpoena to Mr. Bower, as

3

required by both the Federal and Local Rules. Nor did they ask Rymark for the documents requested by the subpoena to Mr. Bower, or meet and confer with Rymark regarding the scope of the subpoena, as the Court had ordered.

9. On December 4, 2024, my colleague Stephen Richards sent Ms. Diamond and others an email asking Plaintiffs to withdraw the subpoena on account of their violations of the Federal and Local Rules, as well as the Court's direction to meet and confer about narrowing the Oak Street subpoena or seeking documents first from Rymark.

10. Ms. Diamond replied to say that Plaintiffs would "take [Mr. Bower's] deposition off calendar for the time-being" only if Defendants would "produce targeted documents by December 18." Ms. Diamond demanded that Rymark "immediately confirm" that it would "agree to this condition," even though she had not sent Rymark the list of documents. (She said she would do so by the next day.)

11. Mr. Richards replied to explain that although Rymark was happy to meet and confer in good faith about documents, it could not agree to produce documents on an expedited schedule based on a list it had not seen, particularly in response to an improper subpoena. The next day, Ms. Diamond replied to say that Plaintiffs had "withdrawn" the Bower subpoena and had "served a new subpoena to Mr. Bower" for an oral deposition but not documents. A true and correct copy of Ms. Diamond and Mr. Richards' correspondence is attached hereto as **Exhibit E**.

12. Plaintiffs subsequently served Mr. Bower with a deposition subpoena, a true and correct copy of which is attached hereto as **Exhibit F**.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the United States.

Executed on December 11, 2024, in Salt Lake City, Utah.

By:   <u>/s/Chad S. Pehrson</u>
     Chad S. Pehrson

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, I filed the foregoing via the Court's CM/ECF system, which provided notice of such filing to all counsel of records.

*/s/Chad Pehrson*
Chad Pehrson