

2049 CENTURY PARK EAST   SUITE 2300   LOS ANGELES, CA 90067
T 310.229.9900   F 310.229.9901   www.Venable.com

October 14, 2024

**Sarah E. Diamond**
t 310.229.0321
f 310.229.9901
SEDiamond@Venable.com

**VIA ELECTRONIC MAIL**

Mr. Chad Pehrson
Mr. Stephen Richards
KUNZLER BEAN & ADAMSON
50 W Broadway, Suite 1000
Salt Lake City, Utah 84101
cpehrson@kba.law
srichards@kba.law

           **Re:**    *Capana Swiss Advisors AG et. al v. Rymark Inc., et al,*
                    **Civil Case No. 2:23-cv-00467**

Counsel:

      We write to memorialize the parties' October 11, 2024 meet-and-confer discussion regarding discovery in the above-captioned case. Please promptly inform us if you disagree with any of the statements set forth below. Otherwise, we will assume the statements below are an accurate summary.

### *Issues Raised in Defendants' October 1 Correspondence*

      As previously stated, Plaintiffs have produced all non-privileged responsive documents in their possession, custody, or control. Plaintiffs are not knowingly withholding any documents other than those identified in Plaintiffs' privilege log.

      To address your questions pertaining to any qualifications stated in Plaintiffs' responses to Defendants' document requests, Plaintiffs will respond under separate correspondence to each specific request included in Defendants' October 1 letter in the near term.

### *Issues Raised in Defendants' October 3 Correspondence*

### *Depositions*

      **Heeg**: Plaintiffs proposed November 25 and 26 for dates for Mr. Heeg's deposition in Salt Lake City, subject to John Worden's November 4 trial date and trial scheduling associated with that trial. Defendants stated they are checking to confirm whether they are available either November 25 or 26.



Mr. Chad Pehrson
Mr. Stephen Richards
October 14, 2024
Page Two

**Kappeler**: Mr. Kappeler is outside legal counsel for Plaintiffs. Though Plaintiffs do not represent Mr. Kappeler and are not authorized to accept service on his behalf, we are happy to meet-and-confer on this issue if Defendants articulate specifically why, despite his role as Plaintiffs' attorney, Mr. Kappeler should be subject to deposition by Defendants.

**Hueser**: Mr. Hueser is not a current or former director, officer, employee of AmeriMark Automotive AG or Capana Swiss Advisors AG, nor does he fit the criteria of a managing agent of either entity. Moreover, Plaintiffs are not in contact with Mr. Hueser, do not represent him, and are not authorized to accept service for him. Nevertheless, we are happy to meet-and-confer on this issue if Defendants articulate specifically why, despite these facts, Plaintiffs should be required to produce Mr. Hueser.

**Colshorn**: As Plaintiffs have made clear, Mr. Colshorn is represented by separate counsel Mr. Manuel Bucher (who can be reached at manuel.bucher@gabriel-bucher.ch) and Mr. Colshorn is retired and no longer associated with Plaintiffs. As such, Plaintiffs have no ability to make him available for a deposition. In a show of good faith, though Defendants stated that they have not contacted Mr. Colshorn's attorney, Plaintiffs emailed Mr. Bucher on October 11 after the meet-and-confer to inquire as to whether he will agree to produce Mr. Colshorn for a deposition in Salt Lake City. On October 14, Mr. Bucher responded as follows: "I am legal counsel to Mr. Nicolai Colshorn. Mr. Colshorn has retired from Amerimark Automotive AG. With reference to your E-mail, I am not authorized to accept service on his behalf or produce him for any depositions." It therefore appears the parties are at an impasse on this issue.

*Defendants' Allegations of Withheld Documents*

It is Plaintiffs' position that there are no documents in Plaintiffs' possession from any pre-filing investigation that we have yet to produce to Defendants. Plaintiffs will, however, again review our production once more to ensure that no documents that should have been produced were accidentally withheld (including communications where non-privileged material was later sent to an attorney).

Regarding your statements about Plaintiffs' use of Relativity, Plaintiffs would appreciate additional details regarding what documents, if anything, you believe are missing from our production (or have only been produced in part). To facilitate that process, Plaintiffs have reviewed the third-party productions received from Mr. Hesterman. To date, Mr. Hesterman has provided Plaintiffs with 1,398 total documents. Plaintiffs have, in turn, provided the same number to Defendants. To be completely transparent: there are technically 1,399 documents from Mr. Hesterman in our Relativity database, but one was corrupt, and Mr. Hesterman sent a replacement. In other words, the only document that Plaintiffs did not produce to Defendants was



Mr. Chad Pehrson
Mr. Stephen Richards
October 14, 2024
Page Three

a corrupt duplicate of a document that we *did* produce to Defendants. Please let us know if you are missing any of these documents from Mr. Hesterman's third-party production or request that Plaintiffs re-produce them.

Plaintiffs also confirmed that no documents have been received from either Mr. Leshem or Mr. Holmes in response to our third-party subpoenas issued in late 2023. As no such documents exist, Plaintiffs have not produced any to Defendants. If Plaintiffs do receive a response from Mr. Leshem or Mr. Holmes, we will alert Defendants.

*Plaintiffs' Clawed back Documents*

Plaintiffs will again review the seventeen clawed back documents and will serve redacted versions and a supplemental privilege log as warratned.

*Plaintiffs' Privilege Log*

Plaintiffs will provide Defendants with their authority supporting the basis for the assertion of privilege for the third-parties listed on Plaintiffs' privilege log.

Plaintiffs disagree with Defendants' contention that the crime-fraud exception applies to Plaintiffs and Plaintiffs' counsel, making all the documents between Plaintiffs and their counsel discoverable. To the contrary, Plaintiffs maintain that the privilege log accurately represents the communications that are subject to the attorney-client privilege (which indeed, remains intact). As discussed, Plaintiffs will address Defendants' concerns once you provide additional details relating to your claims that Plaintiffs somehow perpetrated a crime, including the specific statutes that you claim Plaintiffs violated and how. Once Defendants have provided these details, we are happy to further meet-and-confer.

*Custodians*

As stated numerous times, Plaintiffs do not have access to the email accounts of Messrs. Staeger, Spielmann, or Leshem. Plaintiffs will, however, search again for any emails with these individuals that are in their possession, custody or control and will consult with our IT providers again to procure additional details.

*Third-Party Subpoenas*

The parties disagree as to the relevance of documents sought in the third-party subpoenas as well as whether Plaintiffs have already requested the documents from Defendants. We understand, however, that the parties agreed that Plaintiffs will provide Defendants with a targeted list of documents they are seeking from Oak Street and that Defendants will confirm if



Mr. Chad Pehrson
Mr. Stephen Richards
October 14, 2024
Page Four

they will agree to produce those documents in lieu of Plaintiffs seeking those same documents via third-party subpoena.

### Issues Raised in Plaintiffs' October 8 Correspondence

#### Reproduction of Documents

Plaintiffs look forward to receiving a more targeted version of PROD009 no later than October 17, 2024. Plaintiffs once again renew our request that Defendants provide more targeted prior productions in addition to PROD009. We understand that Defendants are refusing to do so. It therefore appears the parties are at an impasse on this issue.

At the very least, moving forward, Plaintiffs request that Defendants take the affirmative step of reviewing documents for relevancy prior to sending them to us, as we have amassed a significant amount in hosting fees due to Defendants failure to do so with previous productions. Plaintiffs appreciate your consideration in this regard.

#### Documents Missing from Defendants' Productions

We understand that Defendants agree to confirm whether the following accounts and devices had been searched and promptly notify Plaintiffs: ALL personal email addresses of Messrs. Markosian and Kirkland and Ms. Small; Mr. Markosian's iPhone and iPad, Defendants' use of Slack; and Defendants' use of WhatsApp. We also appreciate your willingness to respond to the specific missing documents identified on pages 3-5 of our October 8 letter.

Moreover, Plaintiffs remain concerned that we have not yet seen hard copy documents (or scans of the same), particularly given Defendants' accusations of forgery. We understand that Defendants agreed to confirm whether Defendants have any hard copies documents in their possession, and if so, to produce them to Plaintiffs.

#### Confidentiality Designations

Plaintiffs have already de-designated (and will continue to de-designate) documents that need not be labeled "CONFIDENTIAL." In the spirit of meeting-and-conferring in good faith, Plaintiffs request that and would appreciate if Defendants did the same, particularly as it relates to documents designated "AEO," which, as you know, is reserved for only the most sensitive documents.

At the very least, Plaintiffs requested that Defendants refrain from filing documents labeled "CONFIDENTIAL" on the public docket before the Court can rule on this issue. Plaintiffs understand, however, that Defendants have refused this request and that Defendants'

Case 2:23-cv-00467-TS-CMR   Document 192-4   Filed 12/11/24   PageID.5738   Page 5 of 6



Mr. Chad Pehrson
Mr. Stephen Richards
October 14, 2024
Page Five

position is that all documents Plaintiffs produced prior to July 15, 2024, bearing a "CONFIDENTIAL" designation, have been unilaterally de-designated by Defendants. It therefore appears that we are at an impasse on this issue.

*Defendants' Privilege Log*

We understand that Defendants agreed to confirm whether they withheld pre-litigation emails between Defendants and their counsel. As stated previously, Plaintiffs did *not* withhold such documents because we never received a response to Erik Christiansen's July 12, 2024 email asking whether the parties wanted to "agree to exclude from the privilege logs pre-complaint privileged communications between our respective clients and their counsel of record in the litigation, *i.e.*, Parsons Behle, Venable, and KBA."

*Eric Gardiner*

Please confirm that you do not have custody of Eric Gardiner's emails. As noted previously, the fact Defendants have already produced emails that were sent to Eric Gardiner, and Eric Gardiner *only*, forces Plaintiffs to question the integrity of Defendants' claim that no such emails are in your possession. We understand, however, that there may have been a process of forwarding emails from Mr. Gardiner's account that would have resulted in other custodians' possession of such emails. We understand that Plaintiffs agreed to confirm and if any emails are located to produce those.

*The Crime-Fraud Exception*

The parties agree to exchange their respective authority on this issue as to the assertions of both parties. Following this mutual exchange, we agree to further meet-and-confer.

Sincerely,

VENABLE LLP

*/s/ Sarah E. Diamond*
Sarah E. Diamond
*Attorney for Plaintiffs Capana Swiss*
*Advisors AG and AmeriMark Automotive AG*

cc:   echristiansen@parsonsbehle.com
      jworden@venable.com

5



Mr. Chad Pehrson
Mr. Stephen Richards
October 14, 2024
Page Six

   hector@parsonsbehle.com
   zgallagher@venable.com
   jadamson@kba.law
   rharrington@kba.law