AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Utah

| | |
|---|---|
| Capana Swiss Advisors AG, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:23-cv-00467 |
| ) | |
| Rymark, Inc., et al. ) | |
| *Defendant* ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Bill Bower, Oak Street Funding LLC, 8888 Keystone Crossing, Ste. 1700, Indianapolis, IN 46240
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remotely by Zoom. A link will be provided at a later date. | Date and Time: 01/10/2025 at 10:30 AM MST |
|---|---|

The deposition will be recorded by this method: court reporter and videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/03/2024

CLERK OF COURT

OR

_____          /s/ Erik Christiansen
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG , who issues or requests this subpoena, are:
Kevin J. Mitchell, 203 W. Wayne St., Ste. 408, Ft. Wayne, IN 46802, kevin@MitchellLitigation.com, (260) 444-6563

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-00467

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DUCivR 37-1 DISCOVERY: MOTIONS AND DISPUTES; REFERRAL TO MAGISTRATE JUDGE

**(a) Discovery Disputes.**

(1) The parties must make reasonable efforts without court assistance to resolve a dispute arising under Fed. R. Civ. P. 26-37 and 45.  At a minimum, those efforts must include a prompt written communication sent to the opposing party:

(A) identifying the discovery disclosure/request(s) at issue, the repsones(s) thereto, and specifying why those repsonses/objections are indequate, and;

(B) requesting to meet and confer, either in person or by telephone, with alternative dates and times to do so.

(2) If the parties cannot resolve the dispute, and they wish to have the Court mediate the dispute in accordance with Fed. R. Civ. P. 16(b)(3)(v), the parties (either individually or jointly) may contact chambers and request a discovery dispute conference.

(3) If the parties wish for the court to resolve the matter by order, the parties (either individually or jointly) must file a Short Form Discovery Motion, which should not exceed 500 words exclusive of caption and signature block.

(4) The Short Form Discovery Motion must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the names of all participating parties or attorneys. The filing party should include a copy of the offending discovery request/response (if it exists) as an exhibit to the Short Form Motion. Each party should also e-mail chambers a proposed order setting forth the relief requested in a word processing format.

(5) The parties must request expedited treatment as additional relief for the motion in CM/ECF to facilitate resolution of the dispute as soon as practicable. (After clicking the primary event, click Expedite.)

(6) The opposing party must file its response five business days [5] after the filing of the Motion, unless otherwise ordered. Any opposition should not exceed 500 words exclusive of caption and signature block.



(7) To resolve the dispute, the court may:

(A) decide the issue on the basis of the Short Form Discovery Motion after hearing from the parties to the dispute, either in writing or at a hearing, consistent with DUCivR 7-1(f);

(B) set a hearing, telephonic or otherwise, upon receipt of the Motion without waiting for any Opposition; and/or

(C) request further briefing and set a briefing schedule.

(8) If any party to the dispute believes it needs extended briefing, it should request such briefing in the short form motion or at a hearing, if one takes place. This request should accompany, and not replace, the substantive argument.

(9) A party subpoenaing a non-party must include a copy of this rule with the subpoena. Any motion to quash, motion for a protective order, or motion to compel a subpoena will follow this procedure

(10) If disputes arise during a deposition that any party or witness believes can most efficiently be resolved by contacting the Court by phone, including disputes that give rise to a motion being made under Rule 30(d)(3), the parties to the deposition shall call the assigned judge and not wait to file a Short Form Discovery Motion.

(11) Any objection to a magistrate judge's order must be made according to Federal Rule of Civil Procedure 72(a), but must be made within fourteen (14) days of the magistrate judge's oral or written ruling, whichever comes first, and must request expedited treatment. DUCivR 72-3 continues to govern the handling of objections.

## Short Form Discovery Flow Chart

When a discovery dispute arises, the parties must make reasonable efforts without the court to resolve that dispute. **At a minimum**, the party who intends to file a motion must:

**(1) identify the problem, (2) explain the deficiency, citing legal authority, (3) and request a telephone or in-person meeting.**

If the parties' attempts at informal resolution are unsuccessful, they may file a joint, or individual, motion seeking relief, but that motion may not exceed 500 words exclusive of caption and signature block. This motion must include a certification that the parties attempted to reach an agreement including "the date, time, and place of such consultation and the names of all participating parties or attorneys." The filing party or parties must request expedited treatment of the motion.

Unless otherwise ordered, the opposing party must file an opposition within five business days, also limited to 500 words

| Motion decided without hearing | Hearing set (potentially before opposition filed) | Court requests further briefing and sets briefing schedule |

Court issues ruling and order.

Any appeal from a magistrate judge's decision on a Short Form Discovery Motion is reviewed under an extremely-deferential standard that requires the objecting party to show the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Any purported error must strike the district court "as wrong with the force of a five-week-old, unrefrigerated dead fish." *Flying J Inc. v. TA Operating Corp.*, No. 06-30, 2008 WL 2019157, at *1 (D. Utah May 7, 2008) (quoting *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.,* 866 F.2d 228, 233 (7th Cir.1998)).

## SCHEDULE A

Pursuant to the foregoing subpoena deuces tecum, AmeriMark Automotive AG ("AmeriMark Automotive" or "Plaintiff") hereby requests that Bill Bower (hereinafter "Bower") produce, by the date stated on the subpoena, the documents requested herein.

## INSTRUCTIONS AND DEFINITIONS

1. These requests seek answers based on all information available to YOU, however it was obtained, and any and all information in YOUR actual or constructive possession or knowledge, or in the actual or constructive possession or knowledge of YOUR attorneys, agents or representatives.

2. "YOU," "YOUR," and "YOURS" shall refer to Bill Bower and his managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, affiliates, assigns and representatives, and any person or entity, past or present, acting on his behalf.

3. "MARKOSIAN" shall refer to Defendant Nicholas Thayne Markosian and his related companies, as well as any and all of its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, affiliates, assigns and representatives, and any person or entity, past or present, acting on his behalf.

4. "DEFENDANTS" means and refers to Rymark, Inc., as well as its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf, as well as Nicholas Markosian, Vicky Small, and John Kirkland, in their individual capacities.

5. "ACTION" means and refers to the civil lawsuit Capana Swiss Advisors AG, et al. v. Rymark, Inc., et al., which is pending in the United States District Court for the District of Utah, Central Division.

6. "AMERIMARK" means and refers to Plaintiff AmeriMark Automotive AG, as well as its officers, directors, members, managers, agents, consultants, contractors, employees,

attorneys, accountants, predecessors, successors, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.

7.  "CAPANA" means and refers to Plaintiff Capana Swiss Advisors AG, as well as its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys, accountants, predecessors, successors, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.

8.  "COMMUNICATION" means, by way of example only and not as a limitation, any disclosure, transfer, or exchange of words, ideas, information, pictures, sounds, symbols, thoughts or things, or combinations thereof, however made, including, without limitation, face-to-face conversations, mail, facsimile, email, text, tweet, Facebook messages, Instagram comments, photograph, audio recording, video recording, telegram, telex, teletype, cell phone, and telephone.

9.  "KSM" means and refers to Katz, Sapper & Miller, the advisory, tax, and audit firm headquartered in Indianapolis, Indiana.

10. PERSON" or "PERSONS" refer to any individual or entity, including, without limitation, any individual, sole proprietorship, association, organization, company, partnership, joint venture, corporation, trust, estate, or other entity.

11. "PLAINTIFFS" shall refer collectively to Plaintiffs Capana and AmeriMark Automotive.

12. "RELATING TO," "RELATE TO," "RELATES TO," or "RELATED TO" shall mean, in addition to their customary and usual meaning, evidence, consist, embody, contain, mention, describe, discuss, criticize, contradict, is based upon, pertain, constitute, reflect, or connect in any logical or factual way with the referenced manner.

13. "RYMARK" means and refers to Defendant Rymark, Inc., its past or present divisions, parents, subsidiaries, and related companies, as well as any and all of its officers, directors, members, managers, agents, consultants, contractors, employees, attorneys,

accountants, predecessors, successors, affiliates, assigns and representatives, and any person or entity, past or present, acting on its behalf.

14. When used in connection with a document, "IDENTIFY" means to state with respect to each such document: the nature and substance thereof, the date it bears, the date it was prepared, the identity or identities of the author or authors thereof, the identity of each addressee, the identity or identities of the present custodian or custodians thereof, and the present location of the document.

15. When used in reference to any act, occurrence, occasion, transaction, or conduct, "IDENTIFY" means to describe such act, occurrence, occasion, transaction, or conduct, and state the date and place thereof and the identity of the person or persons participating, present, or involved therein.

16. The singular form of a word shall be interpreted as a plural as well. "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

17. If YOU assert any privilege as to any information responsive to these requests, describe the subject matter and date of the information, the type of document (if any) containing the information, all person(s) giving and all person(s) receiving the information, and the ground(s) upon which YOU allege that the information is privileged or otherwise protected from discovery. If YOU assert a privilege with respect to a part of the request, respond to the remainder of the request and furnish all information over which YOU are not claiming the privilege.

18. If any of these requests cannot be answered by YOU in full, answer to the extent possible, specifying the reason for YOUR inability to answer the remainder and stating whatever information, knowledge, or belief YOU do have concerning the unanswered portion.

19. Unless a request specifically states otherwise, the relevant timeframe for each of the requests contained herein is January 1, 2016 to present.

20. The term "including" means "including, but not limited to."

21. The use of terms, phrases, and definitions is for convenience and no term, phrase, or definition shall be construed as an admission.

22. Any word that is not defined has its usual and customary meaning.

23. Each Request set forth should be construed independently, and not in reference to any other Request for purposes of limitation.

24. In producing the requested DOCUMENTS, furnish all DOCUMENTS in YOUR actual or constructive possession, custody, or control including, without limitation, DOCUMENTS which may be in the physical possession of another person or entity such as YOUR advisors, attorneys, investigators, employees, agents, associates, affiliates, or representatives.

25. If any requested DOCUMENT cannot be produced or cannot be produced in full, please produce it to the extent possible, indicating what portion or portions are being withheld and the reason it is being withheld.

26. If a DOCUMENT otherwise responsive to a request was, but no longer is, in YOUR actual or constructive possession, custody, or control, please state whether the DOCUMENT (a) is lost or destroyed; (b) has been transferred to another person or entity either voluntarily or involuntarily; or (c) has been otherwise disposed of, and, in each instance; and (d) explain the circumstance surrounding the disposition, including the date or approximate date of the disposition.

27. If YOU object to any Request of any DOCUMENT, YOU must state the reason for the objection with reasonable particularity. If YOU object to part of a Request, please specify the part to which YOU made the objection.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1: Produce ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ALL personal or commercial loan applications on behalf of MARKOSIAN or RYMARK or any subsidiary of RYMARK.

REQUEST FOR PRODUCTION NO. 2: Produce ALL DOCUMENTS AND COMMUNICATIONS RELATING to ALL approved personal loan applications on behalf of MARKOSIAN or RYMARK or any subsidiary of RYMARK.

REQUEST FOR PRODUCTION NO. 3: Produce ALL DOCUMENTS AND COMMUNICATIONS sent to or received from any third party RELATING TO MARKOSIAN or RYMARK.

REQUEST FOR PRODUCTION NO. 4: Produce ALL DOCUMENTS AND COMMUNICATIONS RELATED TO AMERIMARK or AmeriMark Group AG.

REQUEST FOR PRODUCTION NO. 5: Produce ALL DOCUMENTS AND COMMUNICATIONS RELATED TO European or Swiss holding structures for or RELATED TO RYMARK.

REQUEST FOR PRODUCTION NO. 6: Produce ALL DOCUMENTS AND COMMUNICATIONS RELATED TO efforts to list RYMARK or any related entities on a European stock exchange.

REQUEST FOR PRODUCTION NO. 7: Produce ALL DOCUMENTS AND COMMUNICATIONS TO or RELATING TO Main Street Ltd. (Malta)

REQUEST FOR PRODUCTION NO. 8: Produce ALL DOCUMENTS AND COMMUNICATIONS RELATED TO NOUV (Malta).

REQUEST FOR PRODUCTION NO. 9: Produce ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the ownership of RYMARK, AMERIMARK, or AmeriMark Group AG.

REQUEST FOR PRODUCTION NO. 10: DOCUMENTS and COMMUNICATIONS relating to MARKOSIAN's claim that he is the sole owner of RYMARK.

REQUEST FOR PRODUCTION NO. 11: Produce ALL DOCUMENTS AND COMMUNICATIONS with or RELATED TO Katz, Sapper & Miller and RYMARK.

REQUEST FOR PRODUCTION NO. 12: Produce ALL DOCUMENTS AND COMMUNICATIONS between YOU and any third-party relating to the Action, including, but not limited to, Brett Breedlove, Michael North, or any representative of KSM.

REQUEST FOR PRODUCTION NO. 13: Produce ALL DOCUMENTS AND COMMUNICATIONS between YOU and any audit, accounting, consulting, or review firm RELATED TO RYMARK including, but not limited to, KSM, Somerset CPAs, or Unified Field Examiners.

REQUEST FOR PRODUCTION NO. 14: Produce ALL DOCUMENTS AND COMMUNICATIONS with or RELATED TO MB Accounting & Consulting LLC and RYMARK, including, but not limited to, COMMUNICATIONS with Chad Martin.

REQUEST FOR PRODUCTION NO. 15: Produce ALL DOCUMENTS AND COMMUNICATIONS with Chad Pehrson or any attorney with Parr Brown Gee & Loveless or Kunzler Bean & Adamson and any third-party RELATED TO RYMARK or MARKOSIAN.

REQUEST FOR PRODUCTION NO. 16: Produce ALL DOCUMENTS AND COMMUNICATIONS RELATED TO ongoing or potential legal claims against DEFENDANTS or legal risk, or fraud, or potential fraud disclosures by RYMARK.