**Stephen Richards**

| | |
|---|---|
| **From:** | Diamond, Sarah E. <SEDiamond@Venable.com> |
| **Sent:** | Thursday, December 5, 2024 10:49 AM |
| **To:** | Stephen Richards; Chad Pehrson; Robert Harrington; Jeremy Adamson |
| **Cc:** | Erik A. Christiansen; Worden, John S.; Hannah Ector; Gallagher, Zoe; Julie Emery; Karen Rubino |
| **Subject:** | Capana Swiss Advisors AG et al. v. Rymark, Inc. et al. |

- EXTERNAL EMAIL -
Good morning Stephen,

We have withdrawn the 12/3/24 Bower deposition subpoena and have served a new subpoena to Mr. Bower which does not include any requests for documents.  As your actions concerning Mr. Rechtman acknowledge, neither the Federal nor local rules require advance notice before serving deposition subpoenas which do not include document requests.  *See* DUCivR 45-1 and Fed. R. Civ. P. 45(a)(4).  Moreover, Judge Romero has not limited the right to seek a third-party deposition without document requests.  We further note that, as you know, Judge Romero has already raised the issue of whether you even have standing to challenge any Oak Street Subpoena on any basis other than attorney-client privilege.

Given that we are no longer seeking documents from Mr. Bower, in lieu of sending you a targeted document list, we are serving Defendants with a further set of document requests seeking documents concerning Oak Street, pursuant to the Court's Amended Scheduling Order (Dkt. No. 88).  We are happy to schedule an in-person meet-and-confer to discuss these requests once you have reviewed them.

Best,
Sarah

**Sarah E. Diamond, Esq. | Venable LLP**
**t** 310.229.0321 | **f** 310.229.9901
2049 Century Park East, Suite 2300, Los Angeles, CA 90067

SEDiamond@Venable.com | www.Venable.com

---

**From:** Stephen Richards <srichards@kba.law>
**Sent:** Wednesday, December 4, 2024 6:37 PM
**To:** Diamond, Sarah E. <SEDiamond@Venable.com>
**Cc:** Worden, John S. <JSWorden@Venable.com>; Gallagher, Zoe <ZGallagher@Venable.com>; Julie Emery <JEmery@parsonsbehle.com>; Karen Rubino <KRubino@parsonsbehle.com>; Chad Pehrson <cpehrson@kba.law>; Robert Harrington <rharrington@kba.law>; Erik A. Christiansen <EChristiansen@parsonsbehle.com>; Hannah Ector <HEctor@parsonsbehle.com>
**Subject:** RE: Capana Swiss Advisors AG et al. v. Rymark, Inc. et al. | Violation of Local and Federal Rules | Notice of Intent to Seek Sanctions

**Caution: External Email**

Sarah:

Your October 14, 2024 letter said the following:

1

The parties disagree as to the relevance of documents sought in the third-party subpoenas as well as whether Plaintiffs have already requested the documents from Defendants. We understand, however, that the parties agreed that Plaintiffs will provide Defendants with a targeted list of documents they are seeking from Oak Street and that Defendants will confirm if they will agree to produce those documents in lieu of Plaintiffs seeking those same documents via third-party subpoena.

(10/14/2024 Ltr. at 3–4 (emphasis mine).)

I have no idea what you mean when you say you didn't know whether we "agreed" with "your statements" in the letter. You said you would send us a list of targeted documents we could produce "in lieu" of third-party subpoena practice. You never did. Then, instead of sending us the list, you issued a third-party subpoena (exactly the thing you told us you *weren't* going to do) without the advance notice to us required by the Local and Federal Rules. That isn't somehow Rymark's fault. You also didn't "re-issue" the subpoena, since neither the August nor the September subpoenas included document requests. Plaintiffs evidently drafted those specifically for this subpoena.

You can't possibly expect us to "immediately" agree to produce some theoretical list of documents by December 18. It's *always* been our intention to review your "targeted list" and work with you in good faith to avoid unnecessary third-party subpoena practice. But Rymark can't promise to produce, two weeks from now, a list of documents that currently exists only in your head. Send us the list tomorrow (or whenever), and we'll review it in good faith and then meet-and-confer with you if necessary. For now, though, you improperly issued a third-party subpoena, and you should immediately withdraw it. It's completely unacceptable for you to issue a subpoena in violation of the rules and your prior commitments, and then when we ask you to withdraw it, attempt to use the subpoena as leverage to demand documents.

With respect to Judge Romero's comments at the October 2 hearing, I don't understand how you could have thought it would be compliant with her direction to draft even broader requests to Mr. Bower than you did to Oak Street, and then serve those requests without meeting and conferring with us. And if your position is that you were only required to meet and confer with us regarding the breadth of those requests *after* the subpoena was served, I don't understand how we were supposed to know to meet and confer with you when you didn't comply with Local Rule 45-1.

Unless I hear from you that you have withdrawn the subpoena, I will assume Rymark will need to seek the Court's intervention. I share your stated desire for "civility" and "courteous[ness]," but I do not see how those goals are advanced through (i) open violations of the Local and Federal Rules, (ii) reneged commitments regarding third-party subpoena practice, and (iii) snap demands that we produce documents you have not identified.

Stephen

**STEPHEN RICHARDS**
DIRECT: 801.939.3696 OFFICE: 801.994.4646
srichards@kba.law

---

**From:** Diamond, Sarah E. <SEDiamond@Venable.com>
**Sent:** Wednesday, December 4, 2024 5:52 PM
**To:** Stephen Richards <srichards@kba.law>
**Cc:** Worden, John S. <JSWorden@Venable.com>; Gallagher, Zoe <ZGallagher@Venable.com>; Julie Emery <JEmery@parsonsbehle.com>; Karen Rubino <KRubino@parsonsbehle.com>; Chad Pehrson <cpehrson@kba.law>; Robert Harrington <rharrington@kba.law>; Erik A. Christiansen <EChristiansen@parsonsbehle.com>
**Subject:** RE: Capana Swiss Advisors AG et al. v. Rymark, Inc. et al. | Violation of Local and Federal Rules | Notice of Intent to Seek Sanctions

- EXTERNAL EMAIL -
Stephen,

As you are aware, you never responded to our October 14, 2024 meet-and-confer letter memorializing our October 11 in-person meet-and-confer.  We had no indication that you agreed with our statements.  Moreover, your baseless accusation that Plaintiffs "violate[ed] a Court order" is patently false and violates the directive of the Court to practice civility and treat all parties in a courteous manner.  We disagree with your interpretation of Judge Romero's statements at the October 2, 2024 hearing. In denying your Motion to Quash (ECF 128), Judge Romero emphasized that the parties needed to discuss whether the issues could be narrowed *prior to filing a motion to quash* – not *before* the deposition subpoenas was issued.

Yesterday, Plaintiffs' Indiana local counsel *re-issued* a subpoena to William Bower via email yesterday to Oak Street's counsel. Oak Street's counsel has not accepted service. As you know, notice was previously provided twice: on August 19, 2024, at 5:25 PM MST, and on September 10, 2024, at 9:31 AM MST.

In a show of good faith, we will inform Oak Street's counsel (assuming that is Mr. Bower's counsel) that we will take his deposition off-calendar for the time-being*, if Defendants produce targeted documents by December 18*. We will send you a targeted list of documents by tomorrow at 5pm MST.  ***Please immediately confirm if you will agree to this condition.***

Finally, yesterday we served a subpoena to Michael North of Katz, Sapper & Miller.  Please note that the subpoena does not contain any document requests, and therefore, Plaintiffs were not required to provide Defendants with notice pursuant to DUCivR 45-1 and Fed. R. Civ. P. 45(a)(4). You surely are aware of this rule given that you failed to provide Plaintiffs with advance notice before serving Mr. Rechtman with a subpoena or an amended subpoena.  We will serve the Deposition Notice for Mr. North today as we had planned.

Best,
Sarah

**Sarah E. Diamond, Esq. | Venable LLP**
**t** 310.229.0321 | **f** 310.229.9901
2049 Century Park East, Suite 2300, Los Angeles, CA 90067

SEDiamond@Venable.com | www.Venable.com

**From:** Stephen Richards <srichards@kba.law>
**Sent:** Wednesday, December 4, 2024 2:58 PM
**To:** Erik A. Christiansen <EChristiansen@parsonsbehle.com>
**Cc:** Diamond, Sarah E. <SEDiamond@Venable.com>; Worden, John S. <JSWorden@Venable.com>; Gallagher, Zoe <ZGallagher@Venable.com>; Julie Emery <JEmery@parsonsbehle.com>; Karen Rubino <KRubino@parsonsbehle.com>; Chad Pehrson <cpehrson@kba.law>; Robert Harrington <rharrington@kba.law>
**Subject:** Capana Swiss Advisors AG et al. v. Rymark, Inc. et al. | Violation of Local and Federal Rules | Notice of Intent to Seek Sanctions

**Caution: External Email**

Erik:

Yesterday you issued a Rule 45 subpoena to William Bower in violation of DUCivR 45-1, which required five days' notice of the subpoena to us prior to service, as well as Federal Rule of Civil Procedure 45(a)(4). We know you are aware of these requirements because you have previously served us with two dozen other third-party subpoenas pursuant to DuCivR 45-1, and because you have described the requirement in court filings. (*E.g.*, Dkt. 146.) We are alarmed by your open violation of the rules.

The subpoena to Mr. Bower also violates a Court order. As you know, you previously gave us notice of a subpoena to Oak Street Funding ("Oak Street"), and we filed a motion to quash. The Court denied our motion but noted that the subpoena in question was "very broad" and specifically required you to meet and confer with us regarding the subpoena's breadth and whether Rymark could produce the necessary documents:

> [Judge Romero:] I want to provide some additional guidance. First, the Court would note that in looking at the subpoenas they appear to be very broad, which **the parties needed to discuss to determine if they could be narrowed**.

> Second, the defendants indicate that perhaps with respect to some of the requests they are unnecessary as they may be able to produce the documents, **which the parties are specifically ordered to discuss**, and, third, if there are accusations of spoliation and refusal to produce, those need to be fully addressed and supported. The Court does not want to see any baseless accusations by any party going forward.

(Oct. 2, 2024 Tr. at 10:10-21 (emphasis added).)

You have never met and conferred with us regarding the breadth of the requests in the subpoena to Oak Street. Instead, you issued Mr. Bower with a *broader* version of the subpoena you previously served on Oak Street. (*Compare, e.g.*, Oak Street RFP 3 ("all documents and communications sent to any third party relating to Markosian or Rymark") *with* Bower RFP 3 ("all documents or communications sent to or received from any third party relating to Markosian or Rymark"); Oak Street RFP 11 *with* Bower RFP 9; Oak Street RFP 16 *with* Bower RFP 15; Oak Street RFP 17 *with* Bower RFP 16.)

Your subpoena to Mr. Bower is also a clumsy attempt to evade the Court's prior granting of our motion to quash your subpoena to Parr Brown. The subpoena seeks not only communications with Chad Pehrson and Parr Brown, but also communications with Rymark's trial counsel at KBA. We consider this deeply unprofessional, and we continue to be perplexed by your bizarre fixation on Mr. Pehrson, Parr Brown, and our firm.

We demand that you immediately withdraw the subpoena via an email to Oak Street (copying us), and that you refrain from reissuing a subpoena to Mr. Bower before meeting and conferring in-person with us as the Court has required. We also demand that you immediately identify to us, in writing, all other third parties whom you have served with Rule 45 subpoenas without providing us with proper notice, and that you immediately provide us with copies of those subpoenas. If you do not do both of these things by noon Mountain tomorrow, December 5, we will move for a protective order and for sanctions against you and your clients.


Stephen




## STEPHEN RICHARDS
**Partner**
50 W BROADWAY, SUITE 1000
SALT LAKE CITY, UTAH 84101
DIRECT: 801.939.3696 OFFICE: 801.994.4646
srichards@kba.law

**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************


**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************