

**Kanton Zug**           **Kantonsgericht**

RECEIVED CLERK
DEC 13 2024
U.S. DISTRICT COURT

Kantonsgericht, Aabachstrasse 3, Postfach, 6301 Zug

**Einschreiben (R)**
Frau
Nicole Kuster
Grabenackerstrasse 51
6312 Steinhausen

Zug, 26. November 2024 krl

**RH 2024 18**
**The United States District Court for the District of Utah in Sachen Capana Swiss Advisors AG und AmeriMark Automotive AG gegen Rymark Inc. betreffend Unternehmenseigentümerschaft (Aktenzeichen: 2:23-cv-00467-~~RJS-CMR~~ TS)**

Sehr geehrte Frau Kuster

Gestützt auf das Rechtshilfeersuchen des United States District Court for the District of Utah sowie Art. 160 Abs. 1 lit. b ZPO werden Sie hiermit aufgefordert, folgende Urkunden mit Bezug auf den oben erwähnten Prozess schriftlich innert **10** Tagen an das Kantonsgericht herauszugeben, nachdem Sie gemäss Angaben des ersuchenden Gerichts für einige der in den Rechtsstreit verwickelten Unternehmen bestimmte Buchhaltungsdienstleistungen erbracht hätten und auch an Mitteilungen und Anfragen im Zusammenhang mit deutschen Rechtsstreitigkeiten beteiligt gewesen seien, an denen eines der Unternehmen beteiligt gewesen sei, weshalb um Informationen zu diesen Themen ersucht wurde:

1. Dokumente, die die Kommunikation mit den folgenden Personen wiedergeben, einschliesslich Personen, die im Namen einer der folgenden Personen handeln:
   a. Miron Leshem
   b. Grantchester Equity
   c. Ananda Capital
   d. David Hestermann
   e. Orbital AG (einschliesslich aber nicht beschränkt auf Cyrill Staeger und Shaen Bernhardt)
   f. Capana Swiss Advisors AG (einschliesslich, aber nicht beschränkt auf Cyrill Staeger und Shaen Bernhardt)
   g. AmeriMark Automotive AG
   h. AmeriMark Group AG

2. Dokumente und Mitteilungen, insbesondere Vereinbarungen im Zusammenhang mit Transaktionen mit Aktien der AmeriMark Automotive AG und/oder der AmeriMark Group AG.

Aabachstrasse 3, Postfach, 6301 Zug
T 041 728 52 00

Seite 2/3

3. Dokumente im Zusammenhang mit der Whitetree Capital, Ltd.

4. Angeblich von Nicholas Marks unterzeichnete Dokumente.

5. Dokumente in Zusammenhang mit Rechtsstreitigkeiten, an denen AmerikMark Automative AG und/oder AmeriMark Group AG beteiligt sind, einschliesslich eidesstaatlicher Erklärungen oder anderer für diese Rechtsstreitigkeiten erstellter Unterlagen.

Mit Bezug auf die Mitwirkungspflichten und Verweigerungsrechte machen wir Sie auf die Art. 160 sowie Art. 165 f. ZPO aufmerksam. Eine unberechtigte Verweigerung der Mitwirkungspflichten kann die Folgen gemäss Art. 167 ZPO nach sich ziehen. Wir verweisen diesbezüglich auf die beigelegten Gesetzesartikeln.

Weiter machen wir Sie darauf aufmerksam, dass Sie als Zeugin im betreffenden Rechtshilfeverfahren einvernommen werden. Der Termin für die Zeugenbefragung wird Ihnen separat zugestellt werden. Diesbezüglich machen wir Sie schon vorab auf folgende Ausführungen aufmerksam:

Wie bereits erwähnt läuft zurzeit am vorerwähnten Gericht ein Verfahren, zu welchem Sie erbeten werden, gewisse Aussagen zu machen, welche als Beweismittel Eingang in das betreffende Verfahren finden würden. Grundsätzlich stehen Ihnen zwei Möglichkeiten zur Verfügung, welche Sie im Rahmen der Befragung geltend machen kann.

1. **Aussageverweigerungsrechte nach der Schweizerischen Zivilprozessordnung (Art. 165 ff. ZPO)**

Grundsätzlich sind Sie als Zeugin verpflichtet, Aussagen zu machen. Jedoch gibt es eine abschliessende Reihe von Ausnahmen, welche Ihnen ein Recht auf Aussageverweigerung geben. Diese sind geregelt in den Artikeln 165–167 ZPO. Dies sind Rechte zum Schutz von Ihnen selbst, Ihrer Familie oder dem Schutz bestimmter Berufspersonen. Sie werden dabei vor einem Loyalitätskonflikt geschützt, in den Sie sonst mit einer Aussage geraten würden. Sie können jedoch auch auf dieses Aussageverweigerungsrecht verzichten, womit die Aussagepflicht wieder besteht. Diese Rechte werden wir Ihnen vor der mündlichen Befragung nochmals erläutern.

2. **Standard Protective Order (Schutzverfügung) gemäss US-Recht**

Speziell in diesem Fall ist, dass Sie auch die Möglichkeit haben, einen Standard Protective Order zu unterschreiben, wenn Sie den Schutz der eigenen gemachten Aussagen durch diese Schutzverfügung wünschen. Mit Ausfüllen dieser Verfügung beantragen Sie beim zuständigen Gericht, d.h. beim United States District Court of Utah, dass bestimmte Informationen besonders vertraulich zu behandeln sind, wenn hierfür "besondere Gründe" vorliegen. Das Gericht würde in diesem Fall entscheiden, ob z.B. die Offenlegung gewisser Informationen verboten wird, die Bedingungen für die Offenlegung von Informationen festgelegt werden, eine andere Methode der Offenlegung vorgeschrieben wird oder der Umfang der Ermittlungen verboten oder auf bestimmte Punkte beschränkt wird. Sie müssen sich jedoch bewusst sein, dass ein Unterschreiben dieser Schutzverfügung zwar

Seite 3/3

den versprochenen Schutz gebietet, falls die gemachten Aussagen in den Geltungsbereich der Schutzverfügung fallen und als vertraulich gekennzeichnet werden, Sie sich aber somit auch der Gerichtsbarkeit des US-Bezirksgerichts unterwerfen.

Die entsprechende Erklärung in deutscher Fassung lassen wir Ihnen vorgängig ebenfalls als Beilage zukommen. Sollten Sie eine Unterzeichnung beabsichtigen, können Sie die unterzeichnete Erklärung an die Zeugeneinvernahme mitbringen, ansonsten wir sie Ihnen auch nochmals vorlegen werden.

Freundliche Grüsse
Kantonsgericht des Kantons Zug
Einzelrichter

L. Krähenbühl
Kantonsrichter

Beilagen erwähnt

Kopie an:
- das ersuchende Gericht
- Rechtsanwalt Chad S. Perhson, Kunzler Bean & Adamson, 50 W Broadway, Suite 1000, Salt Lake City, Utah 84101, USA, zur Kenntnisnahme

Kantonsgericht, Postfach, 6301 Zug, Schweiz [RH 2024 18 KRL]

DIE POST | P.P. CH-6301 Zug | PRIORITY

R  RY 653 411 755 CH

The United States District Court
for the District of Utah
351 S West Temple
UT 84101 Salt Lake City
USA

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 11 2024

GARY P. SERDAR
CLERK OF COURT

BY _____
DEPUTY CLERK

27.11.24    12.

CH - 6301
Zug

2000182



Doku
Gross
**DIE**

