Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG
and AmeriMark Automotive AG, and Third-Party Defendants
Shaen Bernhardt, Martin Fasser Heeg, and Stefan Kammerlander*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND REQUEST TO STAY DEPOSITION OF BILL BOWER**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG (collectively, "Plaintiffs"), by and through undersigned counsel, hereby oppose Defendants' Motion for Protective Order and Request to Stay Deposition (ECF No. 192) (the "Motion") as follows.

## BACKGROUND

This case has always been about the contribution of 100% of Rymark, Inc. ("Rymark") into the Swiss corporation AmeriMark Automotive AG in June 2016, the many misrepresentations made by the Defendants about that contribution over the years, misrepresentations made by the Defendants regarding their connection to Swiss entities AmeriMark Automotive and AmeriMark Group in the years since 2016, and the wrongful conversion of AmeriMark Automotive's subsidiary Rymark by the Defendants on September 16, 2020. These misrepresentations continue to this day and have been uncovered almost exclusively by the Plaintiffs' use of third-party subpoenas for documents and depositions.

The victims of these misrepresentations include the Defendants' accountants, auditors, tax preparers, lawyers, and lenders as well as the United States Government, and the Plaintiffs, all of whom have relied in good faith on these misrepresentations to their detriment. Plaintiffs have only been able to uncover the extent and pervasiveness of the Defendants' misrepresentations, discoveries that *are central* to the claims of the Plaintiffs and to Plaintiffs' efforts to establish the veracity (or lack thereof) of the Defendants and their counterclaims, by resorting to third-party subpoenas. The Defendants claim that Plaintiff's third-party subpoenas "...serve no purpose in the litigation . . . are pretextual, and are simply a part of ongoing campaign seeking to harass and intimidate Defendants." Nothing could be further from the truth. As the case record to date clearly demonstrates, third-party discovery has been an essential tool.

At issue before the Court is Plaintiffs' *deposition* subpoena to Bill Bower (the "Subpoena"), an employee of Oak Street Funding. The Subpoena does not include requests for documents. Plaintiffs merely seek to exercise their right to depose a third-party pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Oak Street Funding is the lender of Rymark's $22M credit line, and Mr. Bower supervises that line of credit. Testimony and documents from Rymark's auditor indicate that Mr. Bower was involved in calls and meetings with the Defendants within days of the sending by the Defendants of the September 16, 2020 "Disavowal Letter" at the heart of this litigation. (*See* Compl., ECF No. 16, ¶¶ 87-88). Mr. Bower was also involved in meetings and/or communications with Rymark in the days and weeks following service of the complaint and summons in this matter. Third-party testimony in this litigation indicates that Mr. Bower (*i.e.*, not the Defendants) informed Rymark's auditor, Katz, Sapper & Miller LLP ("KSM"), of the instant litigation. Plaintiffs intend to discuss with Mr. Bower the extent of his knowledge of Rymark's ownership structure at the time he approved the $22M line of credit and whether Mr. Bower was aware of Plaintiffs' ownership interest in Rymark. Each of these issues is relevant to Plaintiffs' claims (and their defenses to Defendants' counterclaims) and will further demonstrate the lengths to which Rymark has gone to defraud Plaintiffs as well as Rymark's lenders, auditors, and others. Plaintiffs are entitled to depose Mr. Bower and properly served him with a deposition subpoena on December 5.

Defendants focus their motion on subpoenas that have been withdrawn, arguing that Plaintiffs must want to question Mr. Bower on the same subjects in included in prior document subpoenas to Oak Street and Mr. Bower. Had Defendants bothered to abide by this Court's local rules and met and conferred with Plaintiffs about the instant subpoena before filing this Motion,

3

Plaintiffs could have explained that their focus in Mr. Bower's deposition is limited and unrelated to discussing Defendants' finances, and that Plaintiffs have sufficient information regarding those finances already from responses by KSM. Defendants' failure to attempt to meet and confer about the deposition subpoena prior to filing this Motion, coupled with their lack of standing to object to a third-party subpoena, dooms their Motion. This Court should deny the same.

## STATEMENT OF RELIEF REQUESTED AND GROUNDS THEREFOR

Defendants' Motion argues that Plaintiffs should not be allowed to depose Mr. Bower because Mr. Bower has no relevant information, that the deposition would be harassing of Rymark, and that the (deposition) subpoena is overbroad. Not so.

As an initial matter, while the parties previously conferred about prior document subpoenas to Oak Street Funding and Mr. Bower (which have been withdrawn), Defendants did not attempt to confer about the instant deposition subpoena until after filing the Motion. DUCivR 37-1(a) and Federal Rule of Civil Procedure 26(c) are clear that parties must attempt to meet and confer on discovery issues, including issues related to protective orders, prior to filing a motion. Defendants' failure to do so is grounds for denial of their motion.

Defendants also fail to demonstrate that they have standing to move for a protective order over a third-party deposition subpoena. Defendants claim that they have standing because they believe Plaintiffs intend to ask Mr. Bower about Rymark's confidential financial information. But, as explained above, that is not the purpose of Mr. Bower's deposition, as KSM has already provided Plaintiffs with that information. Indeed, Plaintiffs withdrew their document subpoena and requested other relevant financial information directly from Defendants via Rule 34 Requests

4

for Production. It is unclear how Plaintiffs could elicit testimony about Rymark's finances without documents for Mr. Bower to use to refresh his recollection.

Finally, to the extent this Court considers Defendants' arguments related to relevance and overbreadth, those arguments fail. First, any arguments related to overbreadth are not ripe, as the deposition has not even occurred. Next, Mr. Bower has relevant information related to Defendants' continual misrepresentations about the ownership structure of Rymark and the existence of this litigation. Plaintiffs are entitled to ask Mr. Bower about those misrepresentations. This Court should deny Defendants' Motion.

## **ARGUMENT**

### I.  DEFENDANTS' MOTION SHOULD BE DENIED FOR FAILURE TO MEET AND CONFER

DUCivR 37-1(a) and Federal Rule of Civil Procedure 26(c) require parties engaged in discovery disputes to confer (or at least attempt to confer) *prior* to filing a motion with the Court. Despite the rules, and this Court's stern warnings regarding the parties' obligations to meet and confer in person before filing any motions, Defendants' counsel did not attempt to meet and confer in person about the deposition subpoena until *after* they filed the Motion. The parties previously conferred over a document subpoena to Mr. Bower, and Plaintiffs withdrew that subpoena on December 5 and informed Defendants they served a deposition subpoena the same day (ECF No. 192-6). Defendants did not further attempt to confer over the deposition subpoena. Defendants attempt to excuse their failure to follow this Court's local rules and the Federal Rules of Civil Procedure by pointing out that they only had three business days to move to quash or for a protective order over Plaintiffs' Notice of Deposition. But that is no excuse. Defendants were

required to at least attempt to meet and confer with Plaintiffs before filing this Motion, and their failure to do so requires this Court to deny the Motion.

## II. DEFENDANTS FAIL TO DEMONSTRATE THAT THEY HAVE STANDING TO OBJECT TO MR. BOWER'S DEPOSITION

Federal Rule of Civil Procedure 45 allows parties to subpoena third parties for depositions so long as they take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. Rule 45 also provides that a court must quash or modify a subpoena for a number of enumerated reasons. Fed. R. Civ. P. 45(d)(3). However, "[a] motion to quash a subpoena may only be made by the party to whom the subpoena is directed." *Monroe v. FinWise Bank*, No. 221CV00042JNPDAO, 2021 WL 5926416, at *2 (D. Utah Dec. 15, 2021) (quoting *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-cv-00477, 2015 WL 2093292 at *2, 2015 U.S. Dist. LEXIS 59349 at *5 (D. Utah May 5, 2015)); s*ee also DIRTT Env't Sols., Inc. v. Henderson*, No. 1:19-CV-144 DPB, 2021 WL 247895, at *4 (D. Utah Jan. 25, 2021). "The exception is where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *Monroe*, 2021 WL 5926416, at *2. "However, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden, and on the grounds of overly broad and relevance." *Id.*; *see also Zoobuh*, 2015 WL 2093292 at *2 (holding that a party lacks standing to object to a third-party subpoena on the basis of undue burden, overbreadth, and relevance).

Defendants claim they have standing to object to Mr. Bower's deposition because Plaintiffs "ostensibly seek to depose Mr. Bower in order to gain confidential information about Mr. Markosian's and Rymark's finances." Mot., p. 7. Defendants' speculative argument in this regard fails to acknowledge that Plaintiffs withdrew their document subpoena to Mr. Bower and instead

6

submitted additional document requests to Defendants for information related to their financial records, and that Plaintiffs have already obtained such information from KSM and have no need to request it again. Plaintiffs do not seek to ask Mr. Bower about Defendants' finances. Further, even if Plaintiffs sought to ask Mr. Bower about Defendants' finances, it is unclear how Mr. Bower could testify about that subject without any documents from Oak Street to refer to. Defendants' speculation about what they think Plaintiffs will ask Mr. Bower do not give them standing to object to the deposition.

The remainder of Defendants' Motion argues that the deposition should be stayed because (1) Mr. Bower does not have relevant information; (2) the deposition of Mr. Bower is meant to harass Rymark; (3) the deposition subpoena is an end-run around discovery practice under Rule 34; and (4) the subpoena is overbroad. Defendants do not have standing to object to the deposition on these grounds. *Monroe*, 2021 WL 5926416, at *3 ("This request is rejected at the outset because FinWise Bank has no standing to move to quash a nonparty subpoena on the grounds of relevance, even if it otherwise had alleged or established standing to challenge it.").

### III. EVEN IF DEFENDANTS HAD STANDING, DEFENDANTS FAIL TO DEMONSTRATE A PROTECTIVE ORDER IS NECESSARY

In addition to failing to demonstrate that they have standing to object to the deposition of Mr. Bower, Defendants also fail to demonstrate any basis for a protective order. In their Motion, Defendants (baselessly) purport to inform the Court of what information Plaintiffs hope to elicit from Mr. Bower and claim such information is irrelevant to this case. Defendants also baselessly claim that Plaintiffs only seek to depose Mr. Bower to harass Rymark and as an end-run around their obligations under Rule 34. These arguments are meritless.

As to their claims about relevance, Defendants claim "[a]t no time have Plaintiffs articulated what information could come from Mr. Bower's deposition that would be relevant to the claims and defenses in this litigation." This is exactly the reason for this Court's meet and confer requirements. Had Defendants contacted Plaintiffs *prior* to filing their Motion, Plaintiffs could have explained the information they hoped to elicit from Mr. Bower and how that information is relevant. It is unclear how Plaintiffs could have "articulated what information could come from Mr. Bower's deposition that would be relevant to the claims and defenses in this litigation" without meeting and conferring with Defendants.

In any event, the information Plaintiffs seek to elicit from Mr. Bower, namely the (mis)representations made to him, and Rymark's lender, about ownership of Rymark and the existence of this litigation, are entirely relevant to Plaintiffs claims. Plaintiffs claim that Rymark defrauded it and others by denying or hiding its connection to Plaintiffs. *See, e.g.*, Compl., ECF No. 16, ¶¶ 12; 16; 114; 148; 152–205; 254. Mr. Bower can speak directly to the representations Mr. Markosian and Rymark's management made to him about ownership of Rymark and this litigation.

Defendants' claims related to rule 34 are confusing. *See* Mot. at p. 11. As Defendants acknowledge, Plaintiffs withdrew their document subpoena to Mr. Bower and instead served Rule 34 requests on Defendants, which is exactly what Defendants argue they should have done. In any event, Plaintiffs are not prevented from obtaining documents from a third party who possesses them. *See City of Orem v. Evanston Ins. Co.*, No. 2:16-CV-425-JNP-PMW, 2017 WL 3731242, at *1 (D. Utah Aug. 29, 2017) (declining to quash a document subpoena to a third party requesting documents that it did not request from a party under Rule 34 because "[a]lthough Rule 34 permits

8

a party to request production of documents in the responding party's possession, custody, or control, Plaintiffs are not prevented from obtaining such documents from a non-party also in possession of them.")

Finally, Defendants' arguments related to overbreadth are speculative and premature. Plaintiffs issued a deposition subpoena to Mr. Bower; the document subpoena was withdrawn. Defendants' argument that the questions Plaintiff will ask will be overbroad is entirely speculative and cannot be considered until the questions are asked. Defendants' Motion should be denied.

## CONCLUSION

Based on the foregoing, Defendants' Motion for Protective Order should be denied.

DATED: December 26, 2024

VENABLE LLP
John S. Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

PARSONS BEHLE & LATIMER
Erik A. Christiansen
Hannah J. Ector

By: */s/ Sarah E. Diamond*
*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, and Stefan Kammerlander*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December, 2024, I caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND REQUEST TO STAY DEPOSITION OF BILL BOWER** to be filed on the Court's CM/ECF platform, which sent notice to all counsel of record.

                                                                         */s/ Hannah Ector*
                                                                        Hannah Ector