Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG
and AmeriMark Automotive AG, and Third-Party Defendants
Shaen Bernhardt, Martin Fasser Heeg, and Stefan Kammerlander*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **AMERIMARK GROUP AG'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE PURSUANT TO RULE 12(B)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

AmeriMark Group AG ("AmeriMark Group") moves the Court to dismiss the claims filed against it by Defendants Rymark, Inc., Nicholas Thayne Markosian, John Kirkland, and Vicky Small ("Defendants") and Third-Party Plaintiffs Rymark, Inc. and Nicholas Thayne Markosian ("Third-Party Plaintiffs") pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure based on insufficient service of process (the "Motion").[1]

## RELIEF SOUGHT AND SUPPORTING GROUNDS

Defendants and Third-Party Plaintiffs (hereinafter collectively "Defendants") failed to satisfy the procedural requirements necessary for this Court to exercise jurisdiction over AmeriMark Group and therefore, the claims against these individuals should be dismissed. Despite naming AmeriMark Group as a Third-Party Defendant and filing forms purporting to document service of process (*see* ECF No. 186), the individual served did not have the authority to accept service of behalf of AmeriMark Group (as clearly stated and documented at the time). As such, Defendants deprived this Court of jurisdiction over AmeriMark Group through insufficient service of process. AmeriMark Group respectfully request that this Court dismiss it.

## FACTS

The following facts are relevant to this Motion.

1. On September 3, 2024, Defendants were granted leave from this Court allowing them to file an Amended Counterclaim and Third-Party Complaint (ECF No. 137). *See*

---

[1] AmeriMark Group has concurrently filed an Answer to the Third-Party Complaint to preserve its rights should the Court deny the present Motion.

2

Declaration of Sarah E. Diamond ("Diamond Decl.") ¶ 2.

2. That same day, Defendants filed their Third-Party Complaint (ECF No. 139) which pending service, added AmeriMark Group as a Third-Party Defendant. *Id.* ¶ 3.

3. At the deposition of Martin Fasser Heeg in Salt Lake City, Utah on November 26, 2024, Defendants attempted to serve AmeriMark Group by providing summons to John S. Worden, counsel for Plaintiffs, and Martin Fasser Heeg. Diamond Decl. ¶ 4.

4. Mr. Worden was then counsel for the following parties in the above-captioned case: Capana Swiss Advisors AG, AmeriMark Automotive AG, Shaen Bernhardt, Martin Fasser Heeg, and Stefan Kammerlander. He was not counsel for AmeriMark Group AG, and therefore was not authorized to accept service on its behalf. *Id.* ¶ 5.

5. John Worden objected at the commencement of the Heeg deposition stating that: "neither he nor Mr. Heeg were authorized to accept service on behalf of AmeriMark Group." *Id.* ¶ 6; Ex. 1 (Transcript of November 26, 2024 Deposition of Mr. Heeg at 151:15-19).

6. Switzerland has expressly reserved in-person service upon Swiss entities via service on their representatives as a condition of joining the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Service Convention") stating "...documents which are effectively addressed to a person resident abroad cannot be served on a legal entity who is not authorized to receive them in the country in which they were drawn up without derogating from Articles 1 and 15, first paragraph, of the Convention." *See* Hague Convention Declaration (https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=424&disp=resdn) (last visited Jan. 1, 2025). Even where service is

3

properly affected, service on a Swiss entity is not authorized "unless it is in the language of the authority addressed, *i.e.* in German, French or Italian, or accompanied by a translation into one of these languages...." *Id.*  The documents purportedly served by the Defendants were not so translated.

7. On December 10, 2024, Defendants filed their returned summons as to AmeriMark Group (ECF No. 186) purporting to have effectuated service on AmeriMark Group. Diamond Decl. ¶ 8.  This was the only known attempt to serve AmeriMark Group.  *Id.*

8. Because Defendants' service of AmeriMark Group was insufficient, AmeriMark Group has never been served with a copy of the summons and complaint in this case.

## **LEGAL STANDARD**

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for insufficient service of process.  *Massey v. Dep't of the Interior*, No. 2:17-cv-1207 TS, 2018 U.S. Dist. LEXIS 164423, *2 (D. Utah Sept. 24, 2018) (citing Fed. R. Civ. P. 12(b)(5)).  This allows a defendant to challenge the mode or lack of delivery of the summons and complaint.  Fed. R. Civ. P. 4(m).  Proper service of process is a jurisdictional prerequisite to litigation, meaning that a court cannot exercise personal jurisdiction over a defendant unless the plaintiff has properly serviced the defendant.  *Massey*, 2018 U.S. Dist. LEXIS 164423 at *2 (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)).  Service "must mean sufficient, valid service according to the Rules.  Anything less would defeat the whole point of a service prerequisite."  *Felders v. Bairett*, 855 F.3d 646, 658 (10th Cir. 2018). The burden of proof is on the Plaintiff to establish the adequacy of service of process.  *Fed. Deposit Ins. Corp v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

## ARGUMENT

AmeriMark Group should be dismissed as a party on jurisdictional grounds because Defendants have not served AmeriMark Group.  Defendants' failure to do so deprives the Court of jurisdiction over AmeriMark Group.  Dismissal is therefore appropriate pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Here, Defendants' *only* effort to serve AmeriMark Group was by providing the summons and complaint to two individuals who were explicitly *not* permitted to accept service on behalf of AmeriMark Group.  Diamond Decl. at ¶¶ 5, 7.  After being told that Messrs. Worden and Heeg were not authorized to accept service, Defendants made *no additional efforts* to serve AmeriMark Group.  This is insufficient.  Fed. R. Civ. P. 4(e).

Service may be effectuated by either:

> "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Fed. R. Civ. P. 4(e).  Here, Defendants presumably attempted to effectuate service under Fed. R. Civ. P. 4(e)(2)(C).  Critically, however, because Messrs. Worden and Heeg were not authorized to accept service on behalf of AmeriMark Group, service was ineffective.  Notwithstanding the proof of service form filed as ECF No. 168, AmeriMark Group was never served with the Summons and Complaint, and as such, service should be quashed.  Diamond Decl. at ¶¶ 8-9.

Defendants now have the burden of showing that they properly served AmeriMark Group, or, that they had good cause for their failure to serve AmeriMark Group.  *See* Fed. R.

Civ. P. 4(m). Defendants cannot do so here for two reasons: first, because the deadline to serve AmeriMark Group has passed, and second, because Defendants have thus far made *zero* attempts to serve international parties, such that it should not be presumed that they would do so here.

### 1.  The Deadline to Serve AmeriMark Group Has Passed

Defendants admit that the deadline to serve any proposed Third-Party Defendants passed on December 2, 2024. *See* ECF No. 183 at 3. Where the deadline to effectuate service has passed, a plaintiff must show good cause for their failure to timely serve a defendant. *See* Fed. R. Civ. P. 4(m). "The Tenth Circuit has interpreted the phrase narrowly, rejecting inadvertence or neglect as good cause for untimely service." *Golden v. Mentor Cap., Inc.*, No. 2:15-cv-00176-JNP-BCW, 2017 U.S. Dist. LEXIS 122647, at *6 (D. Utah Aug. 3, 2017) (internal citations omitted). Here, good cause cannot be shown because Defendants have made no efforts *whatsoever* to serve AmeriMark Group aside from ineffective attempts to serve Messrs. Worden and Heeg, who *immediately* notified Defendants that they were not authorized to accept service. Rather than make additional attempts at service, Defendants merely stood by and waited for the deadline to pass.

### 2.  Defendants Never Attempted to Serve an International Third-Party Defendant

Defendants have alleged an international conspiracy, supposedly perpetrated by upwards of thirteen individuals across multiple continents, yet they have failed to serve—or even attempt to serve—a single international Third-Party Defendant. Aside from their failed attempts to serve Ashley Miron Leshem, who—even according to Defendants, is a resident of Florida (*see* ECF No. 183)—Defendants have made no attempts at service whatsoever. Instead, Defendants have

only served Third-Party Defendants for which service has been waived. Defendants should not be permitted to lodge allegations against international parties and then fail to take any steps to effectuate service.

AmeriMark Group is incorporated in Switzerland. Diamond Decl., ¶ 3. Switzerland is a signatory to the Hague Convention. 16 Moore's Federal Practice – Civil § 108.122 (2024). It is true that "if the plaintiff can serve the foreign corporation on a domestic agent under state law without a transmittal abroad, the Hague Convention does not apply, and service may be proper." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988). Here, however, AmeriMark Group has no domestic agents. Service, therefore, was not made upon a "domestic agent," as required. *See id.* Unless and until service is made upon such an individual (which is no longer possible since the deadline for service has passed), Defendants are required to effectuate service in a manner that complies with the Hague Convention. *See Brand v. Mazda Motor of Am., Inc.*, 920 F. Supp. 1169, 1170-71 (D. Kan. Feb. 27, 1996) (requiring that service upon a Japanese entity must comply with the Hague Convention since Japan is a signatory to the same).

Defendants did not even *attempt* to comply with the Hague Convention. Service was therefore insufficient and should be quashed.

## CONCLUSION

Based on the foregoing, this Court should dismiss AmeriMark Group from the above-captioned case on personal jurisdiction grounds, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, because Defendants failed to effectuate service on AmeriMark Group.

DATED: January 2, 2025.
        VENABLE LLP
John S. Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

PARSONS BEHLE & LATIMER
Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)

By:   */s/ Sarah E. Diamond*

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Faser Heeg, and Stefan Kammerlander*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January 2025, I served by electronic filing the foregoing **AMERIMARK GROUP AG'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE PURSUANT TO RULE 12(B)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE** upon counsel of record listed below.

*ATTORNEYS FOR DEFENDANTS, COUNTER CLAIMANTS, AND COUNTER PLAINTIFFS*

R. Jeremy Adamson
Chad S. Pehrson
Stephen Richards
Robert Harrington
KUNZLER BEAN & ADAMSON
50 W BROADWAY STE 1000
SALT LAKE CITY, UT 84101
(801) 994-4646
Email: jadamson@kba.law
Email: cpehrson@kba.law
Email: srichards@kba.law
Email: rharrington@kba.law

/s/ *Hannah Ector*
Hannah Ector