Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG
and AmeriMark Automotive AG, and Third-Party Defendants
Shaen Bernhardt, Martin Fasser Heeg, and Stefan Kammerlander*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' MOTION FOR LEAVE TO SEAL EXHIBIT B TO EXHIBIT TO DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF RULE 4(M) EXTENSION OF TIME TO SERVE ASHLEY MIRON LESHEM**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG (collectively, "Plaintiffs"), by and through undersigned counsel and pursuant to DUCivR 5-3(b)(2)(C)(i), hereby request that the Court seal Exhibit B to Defendants' Reply Memorandum in Support of Rule 4(m) Extension of Time to Serve Ashley Miron Leshem (ECF No. 203).

On December 26, 2024, Defendants filed their Reply Memorandum in Support of Rule 4(m) Extension of Time to Serve Ashley Miron Leshem (ECF No. 201) and attached as Exhibit B a copy of Plaintiffs' Privilege Log (ECF No. 203).[1]  Defendants moved to file Exhibit B under seal because Plaintiffs marked the privilege log as CONFIDENTIAL pursuant to this Court's Standard Protective Order (ECF No. 202).  Accordingly, pursuant to DUCivR 5-3(b)(2)(C)(i), Plaintiffs request that this Court seal Exhibit B for the following reasons.

"It is beyond question that this court has discretionary power to control and seal, if necessary, records and files in its possession." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir.1980)). "In exercising this discretion we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.  The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." *Id.* (cleaned up).

Here, Plaintiff has a strong interest in maintaining its privilege log under seal.  The privilege log reflects private and privileged communications between various individuals, both

---

[1] By filing this Motion, Plaintiffs do not waive the right to object to the new evidence included in Defendants' Reply on the grounds that the new evidence could and should have been included with their initial Motion to Extend Time to Complete Service of Ashley Miron Leshem and is not evidence of new matters raised in Plaintiffs' Opposition.

2

inside and outside of the United States. As detailed in Plaintiffs' Motion for Protective Order to Maintain Confidentiality Designations (ECF No. 172, p. 8), the vast majority of discovery produced by the Plaintiffs in this case is the result of email and other electronic communication, much of it with third parties not named in this case and who reside in Switzerland or Europe, where the case records in civil litigation are sealed by default and third-party access is a practical impossibility. These individuals' expectations and interests in maintaining their privacy extends to the information contained in the privilege log, including email addresses, subject matter, senders and recipients of privileged communications.

Further, the public interest in a party's privilege log during litigation is limited. A privilege log is meant to enable a party to assess another party's claims of privilege. Fed. R. Civ. P. 26(b)(5). The federal rules do not provide that the intent behind a privilege log also extends to the public. There is no basis to make Plaintiffs' confidential privilege log public.

For the foregoing reasons, Plaintiffs' interest in maintaining its privilege log under seal outweighs the public's interest in accessing the same. Exhibit B to Defendants' Reply Memorandum in Support of Rule 4(m) Extension of Time to Serve Ashley Miron Leshem should therefore remain under seal permanently.

/ / /

DATED: January 2, 2025

VENABLE LLP
John S. Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

PARSONS BEHLE & LATIMER
Erik A. Christiansen
Hannah J. Ector

By:  */s/ Sarah E. Diamond*
*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, and Stefan Kammerlander*

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 2nd day of January, 2025, I caused a true and correct copy of the foregoing **PLAINTIFFS' MOTION FOR LEAVE TO SEAL EXHIBIT B TO EXHIBIT TO DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF RULE 4(M) EXTENSION OF TIME TO SERVE ASHLEY MIRON LESHEM** to be filed on the Court's CM/ECF platform, which sent notice to all counsel of record.

                    */s/ Hannah Ector*
                     Hannah Ector