Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG,*
*and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg,*
*Stefan Kammerlander, and AmeriMark Group AG*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE, a Swiss corporation, | **AMERIMARK GROUP AG'S ANSWER TO THIRD-PARTY COMPLAINT [ECF NO. 139]** |
| Plaintiffs, | Case No. 2:23-cv-00467 |
| v. | Judge: Hon. Ted Stewart |
| RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual, | Magistrate Judge: Hon. Cecilia M. Romero |
| Defendants. | |

Third-Party Defendant AmeriMark Group AG ("AmeriMark Group"), by its attorneys, seek to dismiss this action pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.  Service upon AmeriMark Group was propounded upon Messrs. John Worden, counsel for Plaintiffs AmeriMark Automotive AG and Capana Swiss Advisors AG, and Martin Fasser Heeg, on November 26, 2024, at the deposition of Martin Fasser Heeg in the above-captioned case.  *See* ECF No. 186.  As stated by Mr. Worden at Mr. Heeg's November 26, 2024 deposition, neither individual was legally authorized to accept service on behalf of AmeriMark Group.  Service was therefore insufficient.[1]

Subject to, and without waiving the objection on the basis of Fed. R. Civ. Proc. 12(b)(5), AmeriMark Group, by its attorneys, submits the following answer and defenses to Defendants' and Counter Plaintiffs' Rymark, Inc. ("Rymark"), Nicholas Thayne Markosian ("Markosian"), John Kirkland ("Kirkland"), and Vicky Small ("Small") (collectively, "Counter-Plaintiffs") Third-Party Complaint [ECF No. 139] (the "Third-Party Complaint"), dated September 3, 2024, in the above-captioned matter, and state as follows:

## INTRODUCTION AND SUMMARY

1.      AmeriMark Group denies the allegations of Paragraph 1.

2.      AmeriMark Group has insufficient information to admit or deny the allegations of Paragraph 2, and therefore denies.

3.      AmeriMark Group has insufficient information to admit or deny the allegations of Paragraph 3, and therefore denies.

4.      AmeriMark Group denies the allegations of Paragraph 4.

5.      AmeriMark Group has insufficient information to admit or deny the allegations of Paragraph 5, and therefore denies.

---

[1] AmeriMark Group has concurrently filed a Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure based on insufficient service of process.  [ECF No. 207].

6.      AmeriMark Group admits that Whitetree Capital ("Whitetree") cut off financing to AmeriMark Automotive AG ("AmeriMark Automotive") and AmeriMark Group (collectively the "AmeriMark Companies") before May 2019.  AmeriMark Group denies the remainder of the allegations of Paragraph 6.

7.      AmeriMark Group denies the allegations of Paragraph 7.

8.      AmeriMark Group admits that the Vienna Stock Exchange agreed to admit AmeriMark Group shares to trading on its "Direct Market" segment.  AmeriMark Group denies the remainder of the allegations of Paragraph 8.

9.      AmeriMark Group admits that on September 16, 2020, Rymark's counsel (Chad Pehrson then of Parr Brown Gee & Loveless) authored a letter to Miron Leshem ("Leshem"), David Hesterman ("Hesterman"), Nicholai Colshorn ("Colshorn"), and AmeriMark Group AG (the "Disavowal Letter").  AmeriMark Group admits that the Disavowal Letter demanded that the AmeriMark Group website be taken down, and that AmeriMark Group cease and desist from representing that it had any "connection with, relationship with, agency with, or authority from" Rymark.  AmeriMark Group denies the remainder of the allegations of Paragraph 9.

10.      AmeriMark Group admits that, through legal counsel, Plaintiffs and Counter Defendants Capana Swiss Advisors AG ("Capana") and AmeriMark Automotive sought to discuss the Disavowal Letter in 2020 and 2021.  AmeriMark Group denies the remainder of the allegations of Paragraph 10.

11.      AmeriMark Group admits that John Worden and Bernhardt engaged in discussions with Rymark's counsel regarding the Disavowal Letter in an attempt to resolve the dispute.  AmeriMark Group admits that this effort included requests for current financial information from Rymark.  AmeriMark Group denies the remainder of the allegations of Paragraph 11.

12.      AmeriMark Group admits that Rymark sent financial information to Capana in May 2021.  AmeriMark Group denies the remainder of the allegations of Paragraph 12.

13.     AmeriMark Group admits that AmeriMark Group was founded with 3.4 million bearer shares in May of 2018, shares formerly held by the former shareholders of 4Service Cloud Tech AG, and later converted those shares into 6.8 million registered shares as required by Swiss law and the Vienna Stock Exchange.  AmeriMark Group denies the remainder of the allegations of Paragraph 13.

14.     AmeriMark Group admits that on June 8, 2021, the Vienna Stock Exchange sent a letter confirming that AmeriMark Group shares would continue trading for 30 days until July 9, 2021, and would then be delisted.  AmeriMark Group denies the remainder of the allegations of Paragraph 14.

15.     AmeriMark Group denies the allegations of Paragraph 15.

16.     AmeriMark Group admits that Capana exercised its options for AmeriMark Group shares in 2022.  AmeriMark Group denies the remainder of the allegations of Paragraph 16.

17.     AmeriMark Group admits that Plaintiffs and Counter Defendants Capana and AmeriMark Automotive filed the present lawsuit on July 18, 2023.  AmeriMark Group denies the remainder of the allegations of Paragraph 17.

18.     AmeriMark Group admits that Rymark's attorneys sent Venable a letter on January 17, 2024, claiming that the shares "appear to have been stolen from Markosian and transferred to your client."  AmeriMark Group denies the remainder of the allegations of Paragraph 18.

19.     AmeriMark Group denies the allegations of Paragraph 19.

20.     AmeriMark Group denies the allegations of Paragraph 20.

21.     AmeriMark Group denies the allegations of Paragraph 21.

22.     AmeriMark Group admits that Rymark's declaratory judgment counterclaim attempts to seek a declaration that Markosian owns Rymark.  AmeriMark Group denies the remainder of the allegations of Paragraph 22.

23.     AmeriMark Group admits that Markosian attempts to seek $126,750,000 in damages.  AmeriMark Group denies the remainder of the allegations of Paragraph 23.

## PARTIES

24.     AmeriMark Group admits that Markosian is an individual.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations of Paragraph 24, and therefore denies.

25.     AmeriMark Group has insufficient information to admit or deny the allegations of Paragraph 25, and therefore denies.

26.     AmeriMark Group admits the allegations of Paragraph 26.

27.     AmeriMark Group admits that Leshem is an individual.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations of Paragraph 27, and therefore denies.

28.     AmeriMark Group admits that Hesterman is an individual.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations of Paragraph 28, and therefore denies.

29.     AmeriMark Group admits that Colshorn is an individual.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations of Paragraph 29, and therefore denies.

30.     AmeriMark Group admits the allegations of Paragraph 30.

31.     AmeriMark Group admits the allegations of Paragraph 31.

32.     AmeriMark Group admits the allegations of Paragraph 32.

33.     AmeriMark Group admits the allegations of Paragraph 33.

34.     AmeriMark Group admits the allegations of Paragraph 34.

35.     AmeriMark Group admits the allegations of Paragraph 35.

36.     AmeriMark Group admits that the Court has subject matter jurisdiction over the parties.

37.     AmeriMark Group admits that the venue is proper with this Court.

38.     AmeriMark Group denies that the Court has personal jurisdiction over the parties.

## **GENERAL ALLEGATIONS**

39.     AmeriMark Group denies that Markosian owns Rymark.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations in Paragraph 39, and therefore denies.

40.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 40, and therefore denies.

41.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 41, and therefore denies.

42.     AmeriMark Group denies that Markosian was unaware of Hesterman's criminal history.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations in Paragraph 42, and therefore denies.

43.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 43, and therefore denies.

44.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 44, and therefore denies.

45.     AmeriMark Group admits that the French securities regulator, the AMF, sanctioned Grantchester Equity ("Grantchester") and Leshem and fined them EUR 1,000,000 and 2,000,000 (respectively).  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations in Paragraph 45, and therefore denies.

46.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 46, and therefore denies.

47.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 47, and therefore denies.

48.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 48, and therefore denies.

49.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 49, and therefore denies.

50.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 50, and therefore denies.

51.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 51, and therefore denies.

52.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 52, and therefore denies.

53.     The Third-Party Complaint omits Paragraph 53.

54.     AmeriMark Group admits that between 2016 and 2019, Rymark's listing agent Ananda Capital, and then Grantchester Equity, took efforts to list the Swiss structures that owned Rymark.  AmeriMark Group admits that, pursuant to powers of attorney signed by Markosian, a Swiss shell company was purchased and, in June 2016, converted into AmeriMark Automotive. AmeriMark Group admits that on June 6, 2016, Markosian contributed 100% of Rymark into AmeriMark Automotive and eventually received 18,000,000 shares (100%) of AmeriMark Automotive in return.

55.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 55, and therefore denies.

56.     AmeriMark Group admits that the initial efforts to list AmeriMark Automotive in 2016 aimed at a listing on the Marche Libre exchange.  AmeriMark Group admits that Marche Libre application efforts of AmeriMark Automotive were abandoned.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations in Paragraph 56, and therefore denies.

57.     AmeriMark Group admits that, with the approval and support of Counter Plaintiffs for over a year, AmeriMark Automotive attempted to have its shares admitted to trading on the Malta Stock Exchange.

58.     AmeriMark Group admits that after the refusal of the Maltese auditor to pass on Rymark's financials, efforts to list the entities shifted to a merger with Swiss corporation 4Service Cloud Tech AG.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations in Paragraph 58, and therefore denies.

59.     AmeriMark Group admits that Colshorn served as a member of the board of directors of 4Service Cloud Tech AG at least since 2015.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations in Paragraph 59, and therefore denies.

60.     AmeriMark Group admits that Leshem sent an email stating that there was "almost no trading activity" of 4Service Cloud Tech's stock and that 4Service Cloud Tech's shares had "lost some 90%+ of their value over time."  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations in Paragraph 60, and therefore denies.

61.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 61, and therefore denies.

62.     AmeriMark Group admits that the merger between 4Service Cloud Tech AG and AmeriMark Automotive was completed on or around May 9, 2018 via the contribution of 18,000,000 shares of AmeriMark Automotive into 4Service Cloud Tech AG, and that 4Service Cloud Tech AG was renamed as AmeriMark Group on May 9, 2018.  AmeriMark Group admits that Stefan Kammerlander was hired as auditor to validate the contribution report supporting the May 9, 2018 merger, and joined the board of directors of Capana on November 9, 2021, three and a half years after the May 9, 2018 merger.  AmeriMark Group denies that Kammerlander was hired in June 2018, as the merger was already complete by that date.  AmeriMark Group denies that Leshem "bought Capana personnel in to help with the scheme."  AmeriMark Group denies the remainder of the allegations of Paragraph 62.

63.     AmeriMark Group admits that Euronext rejected the admission to trading of the 20,000,000 newly issued registered shares of AmeriMark Group, and that Euronext delisted

3,400,000 bearer shares that had been issued by 4Service Cloud Tech AG.  AmeriMark Group denies the remainder of the allegations of Paragraph 63.

64.     Paragraph 64 sets forth a legal conclusion and therefore requires no response.  To the extent a response is required, AmeriMark Group denies the allegations of Paragraph 64.

65.     Paragraph 65 sets forth a legal conclusion and therefore requires no response.  To the extent a response is required, AmeriMark Group denies the allegations of Paragraph 65.

66.     AmeriMark Group denies the allegations of Paragraph 66.

67.     AmeriMark Group denies the allegations of Paragraph 67.

68.     AmeriMark Group denies the allegations of Paragraph 68.

69.     AmeriMark Group denies the allegations of Paragraph 69.

70.     AmeriMark Group denies the allegations of Paragraph 70.

71.     AmeriMark Group denies the allegations of Paragraph 71.

72.     AmeriMark Group denies the allegations of Paragraph 72.

73.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 73, and therefore denies.

74.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 74, and therefore denies.

75.     AmeriMark Group denies the allegations of Paragraph 75.

76.     AmeriMark Group admits that efforts were made to list Rymark on a European stock exchange spanning from 2016 to 2019.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations in Paragraph 76, and therefore denies.

77.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 77, and therefore denies.

78.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 78, and therefore denies.

79.     AmeriMark Group admits that several subscription forms dated May 10, 2018, were attached as Exhibit 24 to Plaintiffs and Counter Defendants Capana and AmeriMark

Automotive's Amended Complaint, and that those forms purported to effect a swap of 17,497,500 AmeriMark Automotive shares for 19,441,667 shares in AmeriMark Group. AmeriMark Group denies the remainder of the allegations in Paragraph 79.

80.     AmeriMark Group denies the allegations of Paragraph 80.

81.     AmeriMark Group denies the allegations of Paragraph 81.

82.     AmeriMark Group denies the allegations of Paragraph 82.

83.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 83, and therefore denies.

84.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 84, and therefore denies.

85.     AmeriMark Group admits that Frank Heuser was retained to head the planned implementation of the "Markosian Formula" in Germany.  AmeriMark Group denies the remainder of the allegations in Paragraph 85.

86.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 86, and therefore denies.

87.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 87, and therefore denies.

88.     AmeriMark Group denies the allegations of Paragraph 88.

89.     AmeriMark Group denies the allegations of Paragraph 89.

90.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 90, and therefore denies.

91.     AmeriMark Group has insufficient information to admit or deny the allegations in Paragraph 91, and therefore denies.

92.     AmeriMark Group admits that Bernhardt sent an email to outside counsel in May 2021.  AmeriMark Group denies the remainder of the allegations of Paragraph 92.

93.     AmeriMark Group admits that Bernhardt and Colshorn exchanged emails in July 2020, including regarding purported shareholder complaints.  AmeriMark Group denies the remainder of the allegations of Paragraph 93.

94.     AmeriMark Group admits that Bernhardt and Colshorn exchanged emails in July 2020, including regarding purported shareholder complaints.  AmeriMark Group denies the remainder of the allegations of Paragraph 94.

95.     AmeriMark Group admits that Bernhardt and Colshorn exchanged emails in August 2020, including regarding discussions with AmeriMark Automotive's outside legal counsel.  AmeriMark Group denies the remainder of the allegations of Paragraph 95.

96.     AmeriMark Group admits that Bernhardt and Colshorn exchanged emails in August 2020, including regarding discussions with AmeriMark Automotive's outside legal counsel.  AmeriMark Group denies the remainder of the allegations of Paragraph 96.

97.     AmeriMark Group admits that Leshem sent an email describing Capana as "the Swiss vehicle through which I conduct business and [to] which Shaen [Bernhardt] is an advisor," and that Leshem was "working on a plan that should result in some significant liquidity in the shares of Amerimark" and "allow the current investors some type of exit strategy," and that he was hoping to "salvage the deal."  AmeriMark Group denies the remainder of the allegations of Paragraph 97.

98.     AmeriMark Group admits that on August 31, 2020, Colshorn received an email accusing AmeriMark Group of a "possible market manipulation."

99.     AmeriMark Group admits that in July and August of 2020, dozens of individuals purporting to be AmeriMark Group shareholders spammed Markosian and Kirkland with repeated communications.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations in Paragraph 99, and therefore denies.

100.    AmeriMark Group admits that in July and August of 2020, dozens of individuals purporting to be AmeriMark Group shareholders spammed Markosian and Kirkland with

repeated communications.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations in Paragraph 100, and therefore denies.

101.   AmeriMark Group admits that on September 16, 2020, Rymark's counsel sent the Disavowal Letter to Leshem, Hesterman, Colshorn, and AmeriMark Group.

102.   Paragraph 102 sets forth a legal conclusion and therefore requires no response. To the extent a response is required, AmeriMark Group denies the allegations of Paragraph 102.

103.   AmeriMark Group admits that Rymark is the central operational asset within the AmeriMark Companies.  AmeriMark Group denies the remainder of the allegations of Paragraph 103.

104.   AmeriMark Group admits that, through legal counsel, Plaintiffs and Counter Defendants Capana and AmeriMark Automotive discussed the Disavowal Letter in 2020 and 2021 with Rymark's counsel.  AmeriMark Group denies the remainder of the allegations of Paragraph 104.

105.   AmeriMark Group admits that, through legal counsel, Plaintiffs and Counter Defendants Capana and AmeriMark Automotive discussed the Disavowal Letter in 2020 and 2021 with Rymark's counsel.  AmeriMark Group denies the remainder of the allegations of Paragraph 105.

106.   AmeriMark Group admits that on February 2, 2021, and February 8, 2021, Colshorn emailed Bernhardt regarding outstanding invoices.  AmeriMark Group denies the remainder of the allegations of Paragraph 106.

107.   AmeriMark Group admits that 3,400,000 of AmeriMark Group's bearer shares were the result of the 2018 4Service Cloud Tech AG merger.  AmeriMark Group was compelled by Swiss law to convert the bearer shares into registered shares and required by the Vienna Stock Exchange to merge all AmeriMark Group shares into a single share class and apply to have those shares listed on the Direct Market segment of the Vienna Stock Exchange.  AmeriMark Group denies the remainder of the allegations of Paragraph 107.

108.     AmeriMark Group admits that Plaintiffs and Counter Defendants Capana and AmeriMark Automotive requested that Rymark provide timely and accurate financials to meet its duties as a subsidiary to its parent, AmeriMark Automotive.  AmeriMark Group denies the remainder of the allegations of Paragraph 108.

109.     AmeriMark Group admits Plaintiffs and Counter Defendants Capana and AmeriMark Automotive were pursuing a business solution to resolve the dispute with the Defendants and that this solution included a potential transaction or the securing of external financing and that Rymark's financials were used for that purpose.  AmeriMark Group denies the remainder of the allegations of Paragraph 109.

110.     AmeriMark Group admits that legal counsel for Plaintiffs and Counter Defendants Capana and AmeriMark Automotive repeatedly attempted to discuss with Rymark's counsel and that Rymark's counsel delayed discussions.  AmeriMark Group denies the remainder of the allegations of Paragraph 110.

111.     AmeriMark Group admits the allegations of Paragraph 111.

112.     AmeriMark Group admits that Capana sent a letter of interest on April 30, 2021, and requested audited financials for 2020 for the purpose of seeking "potential financing for, or investment in Rymark, Inc."  AmeriMark Group denies the remainder of the allegations of Paragraph 112.

113.     AmeriMark Group admits that AmeriMark Group published a press release on May 4, 2021.  AmeriMark Group denies the remainder of the allegations in Paragraph 113.

114.     AmeriMark Group denies the allegations of Paragraph 114.

115.     AmeriMark Group admits that AmeriMark Group complied with requirements to publish timely and accurate financials, including those of its indirect subsidiary Rymark, including in May 2021.  AmeriMark Group admits that AmeriMark Group did not publish the false Disavowal Letter of September 16, 2020.  AmeriMark Group denies the remainder of the allegations of Paragraph 115.

116.     AmeriMark Group denies the allegations of Paragraph 116.

13

117.    AmeriMark Group admits that AmeriMark Group issued a press release on May 17, 2021.  AmeriMark Group admits that the false Disavowal Letter was not published. AmeriMark Group denies the remainder of the allegations of Paragraph 117.

118.    AmeriMark Group admits that Martin Wenzl ("Wenzl") emailed Colshorn on May 12, 2021.  AmeriMark Group denies the remainder of the allegations of Paragraph 118.

119.    AmeriMark Group admits that AmeriMark Group's stock price fluctuated throughout May 2021.  AmeriMark Group denies the remainder of the allegations of Paragraph 119.

120.    AmeriMark Group admits that Austrian Financial Market Authority ("FMA") issued an investor warning on May 21, 2021.  AmeriMark Group denies the remainder of the allegations of Paragraph 120.

121.    AmeriMark Group admits that AmeriMark Group issued a press release on May 25, 2021, to respond to the FMA notice, as required by Article 17, Section 1 of EU Regulation 596/2014 (the MAR).  AmeriMark Group denies the remainder of the allegations of Paragraph 121.

122.    AmeriMark Group admits that Wenzl and Colshorn discussed public communications of AmeriMark Group in an email dated May 25, 2021.  AmeriMark Group denies the remainder of the allegations of Paragraph 122.

123.    AmeriMark Group admits that AmeriMark Group issued a press release disclosing discussions with AutoScout24 on June 1, 2021.  AmeriMark Group denies the remainder of the allegations of Paragraph 123.

124.    AmeriMark Group denies the allegations of Paragraph 124.

125.    AmeriMark Group admits that Wenzl and Colshorn discussed the AutoScout24 press release by email.  AmeriMark Group has insufficient information to admit or deny the remainder of the allegations of Paragraph 125, and therefore denies.

126.    AmeriMark Group has insufficient information to admit or deny the allegations of Paragraph 126, and therefore denies.

127.    AmeriMark Group admits that AmeriMark Group's outside counsel took efforts to address the concerns of Wenzl.  AmeriMark Group denies the remainder of the allegations of Paragraph 127.

128.    AmeriMark Group admits that Colshorn emailed Bernhardt on June 6, 2021, regarding outstanding invoices.  AmeriMark Group denies the remainder of the allegations of Paragraph 128.

129.    AmeriMark Group admits that Wenzl and Colshorn, under Section 10 of the rules and regulations of the Vienna Stock Exchange, mutually arranged for the delisting of AmeriMark Group shares.  AmeriMark Group denies the remainder of the allegations of Paragraph 129.

130.    AmeriMark Group denies the allegations of Paragraph 130.

131.    AmeriMark Group denies the allegations of Paragraph 131.

132.    AmeriMark Group admits the allegations of Paragraph 132.

133.    AmeriMark Group denies the allegations of Paragraph 133.

134.    AmeriMark Group admits that Plaintiffs and Counter Defendants Capana and AmeriMark Automotive were pursuing a business solution in an attempt to resolve the dispute, including a sale of Rymark.  AmeriMark Group denies the remainder of the allegations of Paragraph 134.

135.    AmeriMark Group denies the allegations of Paragraph 135.

136.    AmeriMark Group admits that Rymark has refused to retract its false Disavowal Letter or any of the misrepresentations therein.  AmeriMark Group admits that Plaintiffs and Counter Defendants Capana and AmeriMark Automotive filed this litigation in July 2023.  AmeriMark Group denies the remainder of the allegations of Paragraph 136.

137.    AmeriMark Group admits that Capana obtained 12,545,810 shares of AmeriMark Group from Whitetree.  AmeriMark Group denies the remainder of the allegations of 137.

138.    AmeriMark Group denies the allegations of Paragraph 138.

139.    AmeriMark Group denies the allegations of Paragraph 139.

140.     AmeriMark Group has insufficient information to admit or deny the allegations of Paragraph 140, and therefore denies.

141.     AmeriMark Group has insufficient information to admit or deny the allegations of Paragraph 141, and therefore denies.

142.     AmeriMark Group has insufficient information to admit or deny the allegations of Paragraph 142, and therefore denies.

143.     AmeriMark Group has insufficient information to admit or deny the allegations of Paragraph 143, and therefore denies.

144.     AmeriMark Group has insufficient information to admit or deny the allegations of Paragraph 144, and therefore denies.

145.     AmeriMark Group denies the allegations of Paragraph 145.

## FIRST CAUSE OF ACTION
### Declaratory Relief
#### *Markosian and Rymark Against AmeriMark Automotive, Capana, and AmeriMark Group*

146.     AmeriMark Group incorporates the responses and the factual allegations included in Plaintiffs and Counter Defendants Capana and AmeriMark Automotive's First Amended Complaint, Dkt. 16 (the "Amended Complaint").

147.     AmeriMark Group denies the allegations of Paragraph 147.

148.     AmeriMark Group denies the allegations of Paragraph 148.

149.     AmeriMark Group denies the allegations of Paragraph 149.

150.     AmeriMark Group has insufficient information to admit or deny the allegations of Paragraph 150, and therefore denies.

151.     AmeriMark Group denies the allegations of Paragraph 151.

152.     AmeriMark Group denies that Markosian and Rymark are entitled to such an order.

a.   AmeriMark Group denies the allegations of Paragraph 152(a).

b.   AmeriMark Group denies the allegations of Paragraph 152(b).

    c.    AmeriMark Group denies the allegations of Paragraph 152(c).

    d.    AmeriMark Group denies the allegations of Paragraph 152(d).

    e.    AmeriMark Group denies the allegations of Paragraph 152(e).

    f.    AmeriMark Group denies the allegations of Paragraph 152(f).

## SECOND CAUSE OF ACTION
### In The Alternative: Declaratory Relief
*Markosian Against Capana, AmeriMark Group, and Philomaxcap AG*

153.    AmeriMark Group incorporates the responses and the factual allegations included in the Amended Complaint, Dkt. 16.

154.    AmeriMark Group denies the allegations of Paragraph 154.

155.    AmeriMark Group denies the allegations of Paragraph 155.

156.    AmeriMark Group denies the allegations of Paragraph 156.

157.    AmeriMark Group denies that Markosian is entitled to such an order.

## THIRD CAUSE OF ACTION
### Civil Conspiracy
*Markosian and Rymark, Inc. Against Capana, AmeriMark Automotive, AmeriMark Group, Leshem, Hesterman, Bernhardt, Kammerlander, Colshorn, and Coenen*

158.    AmeriMark Group incorporates the responses and the factual allegations included in the Amended Complaint, Dkt. 16.

159.    AmeriMark Group denies the allegations of Paragraph 159.

160.    AmeriMark Group denies the allegations of Paragraph 160.

161.    AmeriMark Group denies the allegations of Paragraph 161.

162.    AmeriMark Group denies the allegations of Paragraph 162.

163.    AmeriMark Group denies the allegations of Paragraph 163.

164.    AmeriMark Group denies the allegations of Paragraph 164.

## FOURTH CAUSE OF ACTION
### In The Alternative: Receiving/Retaining/Withholding/Disposing of Stolen Property
### Utah Code Ann. § 76-6-408
### *Markosian Against Leshem, Capana, Bernhardt, and Philomaxcap AG*

165.     AmeriMark Group incorporates the responses and the factual allegations included in the Amended Complaint, Dkt. 16.

166.     AmeriMark Group denies the allegations of Paragraph 166.

167.     AmeriMark Group denies the allegations of Paragraph 167.

168.     AmeriMark Group denies the allegations of Paragraph 168.

169.     AmeriMark Group denies the allegations of Paragraph 169.

170.     AmeriMark Group denies the allegations of Paragraph 170.

171.     AmeriMark Group denies the allegations of Paragraph 171.

172.     AmeriMark Group denies the allegations of Paragraph 172.

173.     AmeriMark Group denies the allegations of Paragraph 173.

## FIFTH CAUSE OF ACTION
### In The Alternative: Conversion
### *Markosian Against Leshem, Capana, Bernhardt, and Philomaxcap AG*

174.     AmeriMark Group incorporates the responses and the factual allegations included in the Amended Complaint, Dkt. 16.

175.     AmeriMark Group denies the allegations of Paragraph 175.

176.     AmeriMark Group denies the allegations of Paragraph 176.

177.     AmeriMark Group denies the allegations of Paragraph 177.

178.     AmeriMark Group denies the allegations of Paragraph 178.

179.     AmeriMark Group denies the allegations of Paragraph 179.

180.     AmeriMark Group denies the allegations of Paragraph 180.

## SIXTH CAUSE OF ACTION
### Fraudulent Inducement
### *Markosian and Rymark Against Leshem, Hesterman, Bernhardt, Kammerlander, and Capana*

181.     AmeriMark Group incorporates the responses and the factual allegations included in the Amended Complaint, Dkt. 16.

182.    AmeriMark Group denies the allegations of Paragraph 182.

183.    AmeriMark Group denies the allegations of Paragraph 183.

184.    AmeriMark Group denies the allegations of Paragraph 184.

185.    AmeriMark Group denies the allegations of Paragraph 185.

186.    AmeriMark Group denies the allegations of Paragraph 186.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Not Knowing and Intentional)**

AmeriMark Group did not violate any agreement, covenant, or contract with Counter Plaintiffs knowingly or intentionally, and Counter Plaintiffs are not entitled to recover any damages or penalties.

### SECOND AFFIRMATIVE DEFENSE

**(No Willful Conduct)**

AmeriMark Group did not violate any agreement, covenant, or contract with Counter Plaintiffs willfully or knowingly. A good-faith dispute exists as to whether Counter Plaintiffs' alleged conduct violated any such agreement, covenant, or contract. Accordingly, Counter Plaintiffs are not entitled to recover any damages or penalty.

### THIRD AFFIRMATIVE DEFENSE

**(Excuse of Performance)**

The Third-Party Complaint, and each cause of action and claim for relief alleged therein, is barred because the Third-Party Defendant is excused from any and all obligations under the alleged agreements.

### FOURTH AFFIRMATIVE DEFENSE

**(Fault of Counter Plaintiffs)**

Counter Plaintiffs' alleged injuries and damages, if any, were caused solely by the acts, wrongs, or omissions of Counter Plaintiffs, and/or by things over which the Third-Party Defendant had no control and for which the Third-Party Defendant is not responsible.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Third-Party Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification)

The Third-Party Complaint, and each cause of action alleged therein, is barred on the ground that Counter Plaintiffs ratified the Third-Party Defendant's alleged actions.

## SEVENTH AFFIRMATIVE DEFENSE

### (The Third-Party Defendants Acted in Good Faith and With Reasonable Belief of Legality)

If AmeriMark Group is found to be liable for damages as alleged in the Third-Party Complaint of any amount due, which the AmeriMark Group denies, AmeriMark Group acted at all times on the basis of a good faith and reasonable belief that its actions were in compliance and conformity with all applicable state laws and/or written administrative regulations, orders, rulings, or interpretations, and therefore AmeriMark Group's actions were not willful or in reckless disregard of the law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Reasonable Reliance)

The Third-Party Complaint, and each cause of action and claim for relief alleged therein, is barred, in whole or in part, by Counter Plaintiffs' lack of reasonable reliance on any alleged misrepresentations by the Third-Party Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Absence of Material Factual Misrepresentation)

The Third-Party Complaint, and each cause of action and claim for relief alleged therein, is barred, in whole or in part, on the ground that Counter Plaintiffs have failed to allege, with the requisite specificity, that the Third-Party Defendants made a material factual misrepresentation.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

The Third-Party Complaint, and each cause of action and claim for relief alleged therein, is barred, in whole or in part, by the doctrine of laches, as Counter Plaintiffs' unreasonable delay in commencing this action has prejudiced the Third-Party Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

The Third-Party Complaint does not describe the events and claims therein with sufficient particularity to enable the Third-Party Defendant to determine all of the defenses, that may exist to such events and claims. The Third-Party Defendant, therefore, reserves its right to add, delete, or modify any and all defenses that may pertain to the Third-Party Complaint if the precise nature of such events and claims is determined through clarification or amendment to the Third-Party Complaint, through discovery, through further legal analysis of Counter Plaintiffs' claims and positions in this action, or otherwise.

The Third-Party Defendant does not knowingly or intentionally waive any applicable defenses and reserve their right to assert such additional defenses.

## PRAYER

WHEREFORE, AmeriMark Group respectfully prays that this Court:

1. Dismiss all of Counter Plaintiffs' claims with prejudice and rule that Counter Plaintiffs recover nothing from AmeriMark Group;

2. Enter an order awarding AmeriMark Group its costs in defending this action;

3. Schedule a trial on all issues so triable; and

4. Grant AmeriMark Group such other and further relief as shall be just and proper.

DATED: January 2, 2025

VENABLE LLP
John S. Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

PARSONS BEHLE & LATIMER
Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)

By: */s/ Sarah E. Diamond*
*Attorneys for Plaintiffs Capana Swiss*
*Advisors AG and AmeriMark Automotive*
*AG, and Third-Party Defendants Shaen*
*Bernhardt, Martin Faser Heeg, and Stefan*
*Kammerlander, and AmeriMark Group AG*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of January 2025, I served by electronic mail the

foregoing **AMERIMARK GROUP AG'S ANSWER TO THIRD-PARTY COMPLAINT**

**[ECF NO. 139]** upon counsel of record listed below.

*ATTORNEYS FOR DEFENDANTS, COUNTER CLAIMANTS, AND COUNTER PLAINTIFFS*

R. Jeremy Adamson
Chad S. Pehrson
Stephen Richards
Robert Harrington
KUNZLER BEAN & ADAMSON
50 W BROADWAY STE 1000
SALT LAKE CITY, UT 84101
(801) 994-4646
Email: jadamson@kba.law
Email: cpehrson@kba.law
Email: srichards@kba.law
Email: rharrington@kba.law

/s/ *Hannah Ector*
Hannah Ector