R. Jeremy Adamson (12818) (jadamson@kba.law)
Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* srichards@kba.law
KB & A
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DECLARATION OF CHAD S. PEHRSON IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY COUNSEL**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAP ANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation,<br><br>Counter Defendants. | |

1

| |
|---|
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>        Third-Party Plaintiffs,<br><br>vs.<br><br>SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation,<br><br>Third-Party Defendants. |

I, Chad S. Pehrson, declare as follows:

1. I am over 18 years of age and am fully competent to make this declaration. I am counsel to Defendants, Counterclaimants, and Third-Party Plaintiffs Rymark, Inc. ("**Rymark**"); Nicholas Markosian; John Kirkland; and Vicky Small. I have personal knowledge of the matters set forth below or have obtained knowledge from my review of the file. I make this declaration in support of Rymark's Motion to Disqualify Counsel.

*John Worden and Venable*

2. On September 16, 2020, on behalf of Rymark, Inc., I sent a cease-and-desist letter to Third-Party Defendants AmeriMark Group AG ("**AmeriMark Group**"), Nicolai Colshorn, Miron Leshem, and David Hesterman. My letter requested that these individuals and entities immediately cease and desist from representing that AmeriMark Group owned Rymark (which does business as Markosian Auto).

2

3. Six days later, on September 22, 2020, I received an email from John Worden of Venable LLP. Mr. Worden told me that he represented "AmeriMark" and wanted to discuss my letter. A true and correct copy of Mr. Worden's September 22, 2020 is attached hereto as **Exhibit 1**. At all times subsequent to his first call, and leading up to this litigation, Mr. Worden gave me the impression that he represented AmeriMark Group.

4. I spoke with Mr. Worden later that day. During our call, Mr. Worden stated that "AmeriMark" was surprised to receive my letter and that AmeriMark owned Rymark. Mr. Worden also told me that he would ask his client – *i.e.*, AmeriMark – for permission to send me certain documents he believed would establish AmeriMark's ownership of Rymark.

5. Mr. Worden subsequently sent me some documents, but when I asked him basic questions about AmeriMark, he was not forthcoming. For instance, I asked Mr. Worden on September 23, 2020 to tell me who the "principals of 'AmeriMark'" were that had "retained [him] on behalf of 'Amerimark.'" But Mr. Worden never told me. The next day, on another phone call, I asked Mr. Worden – among other things – what AmeriMark was, what its business was, how many shares of AmeriMark Mr. Markosian supposedly owned, how many other shareholder there were, and when those people or entities became shareholders. Mr. Worden did not have answers for any of these questions.

6. Instead, on September 25, 2020, Mr. Worden introduced me to Shaen Bernhardt, who Mr. Worden said "works with AmeriMark." I now understand that in fact, Mr. Bernhardt is affiliated with Plaintiff Capana Swiss Advisors AG ("**Capana**"). I responded that I still wanted "answers to the many questions" I had "about the basic nature of this situation." These answers never came. A true and correct copy of my September 25, 2020 exchange with Mr. Worden is

attached hereto as **Exhibit 2**.

7.     I subsequently had a call with Mr. Worden and Mr. Bernhardt, both of whom urged me to withdraw my September 16 letter. Mr. Bernhardt explained that the letter would cause problems for AmeriMark in Europe. On the call, I asked Mr. Worden and Mr. Bernhardt to provide me with a capitalization table of AmeriMark Group so that I could advise my client on who the owners of AmeriMark supposedly were (including how many shares of AmeriMark Group Mr. Markosian supposedly owned). But Mr. Worden and Mr. Bernhardt would not provide me with the capitalization table, even after a written request. Instead, Mr. Worden told me on October 15, 2020 that although he realized I was "waiting for some information," my "Sept 16 letter [was] still out there." Mr. Worden said, "we need to do something about your letter now" and asked whether I would "withdraw[] the statements therein." A true and correct copy of Mr. Worden's October 15, 2020 emails is attached hereto as **Exhibit 3**.

8.     Mr. Bernhardt and Mr. Worden made periodic efforts over the next approximately two-and-a-half years attempting to persuade me, or Rymark, to withdraw the September 16, 2020 letter. I never agreed to do so. So in July 2023, Plaintiffs – though, not AmeriMark Group – filed this lawsuit.

*The Stolen 13,000,000 Shares*

9.     Plaintiffs' Amended Complaint alleges that in May 2018, Mr. Markosian held 19,441,655 out of 20,000,000 total shares in AmeriMark Group: that is, more than 97% of the total. (Dkt. 16 ¶ 43–44; *id.* ¶ 173; Dkt. 16-22.) However, Plaintiffs also allege that sometime in or around late 2018, AmeriMark Group "secured a new, Cyprian investor, White Tree Capital" [sic: *Whitetree Capital* ("**Whitetree**")], which "demanded a significant stock grant in order to fund

4

ongoing expenses." (Dkt. 16 ¶ 52.) According to Plaintiffs, Mr. Markosian gave 13,000,000 of his 19,441,655 shares to Whitetree, which subsequently gave the shares to Capana. Plaintiffs also attached to the Amended Complaint (or produced thereafter) a shareholder register dated January 18, 2019 that lists Whitetree as holding 13,000,000 shares of AmeriMark Group and Mr. Markosian holding only 6,441,655 shares. (Dkt. 16-36.)

10. Shortly after discovery began, Rymark began investigating Plaintiffs' claims regarding Whitetree. Almost immediately, we determined that there was no evidence that Mr. Markosian had ever transferred any shares to Whitetree, and that instead, Third-Party Defendant Miron Leshem stole the shares and purported to give them to Whitetree. (*See* Dkt. 139 ¶¶ 76–81.) Plaintiffs themselves produced forged documents meant to substantiate (after-the-fact) the transfer of shares to Whitetree. (*See*, *e.g.*, Dkt. 139 ¶¶ 79–82.) The forgeries are clumsy and internally inconsistent. Plaintiffs' counsel has never proffered a defense or explanation of these forged documents.

11. In January 2024, I sent Plaintiffs' counsel a letter informing them that Rymark had discovered the forged documents, that the Amended Complaint's allegations "regarding Whitetree's supposed acquisition of shares [we]re false," and that the 13,000,000 shares "appear to have been stolen from Mr. Markosian" and transferred to Capana. I explained that I was writing to Plaintiffs' counsel "in good faith to give [them] an opportunity to respond" on the forged documents. But Plaintiffs' counsel never responded to explain the forged documents or the theft.

12. In deposition, AmeriMark Group's director, Martin Fasser Heeg, was blasé about the forged documents. When asked whether he had "investigated" the forged documents, Mr. Fasser Heeg replied, "Why should I?" (Heeg Tr. at 113:16-17.) He also testified that no one had

asked him to investigate the forged documents. (*Id.* at 113:14–15.) Mr. Heeg separately testified that AmeriMark Automotive does not have any money and was not paying counsel's bills, and that he assumed Capana was paying. (*Id.* at 82:11–23.) A true and correct copy of relevant portions of Mr. Fasser Heeg's deposition transcript is attached hereto as **Exhibit 4**.

13. In deposition, Capana's CFO, Stefan Kammerlander, testified that Capana was paying Venable's invoices. A true and correct copy of relevant portions of Mr. Kammerlander's deposition transcript is attached hereto as **Exhibit 5**.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the United States.

Executed on January 2, 2025, in Salt Lake City, Utah.

By: */s/Chad S. Pehrson*
Chad S. Pehrson