R. Jeremy Adamson (12818) (jadamson@kba.law)
Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* (srichards@kba.law)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants, Counter Claimants and Third-Party Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE IMPROPER SUBPOENAS SERVED ON OAK STREET, LENDER TO RYMARK**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero<br><br>**HEARING REQUESTED** |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation, | |

| |
|---|
| Counter Defendants. |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual, |
| Third-Party Plaintiffs, |
| vs. |
| SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation, |
| Third-Party Defendants. |

## I.   INTRODUCTION

Plaintiffs are engaged in a campaign of third-party discovery aimed at destroying Rymark's commercial relationships, including with Rymark's lender, Oak Street. Plaintiffs' Opposition appears to acknowledge this, in that they say they already have "sufficient information" about Rymark's finances from discovery taken from KSM, Rymark's auditor, and that they do not need any more. (Dkt. 200 ("**Opp'n**") at 4; *see also id.* (KSM has "already provided Plaintiffs" with what they need); *id.* at 7 ("Plaintiffs have already obtained such information").) Yet just last month – *after* a deposition of KSM, and *after* a document production from KSM, Plaintiffs issued a broad subpoena seeking Rymark's financial information from Bill Bower, a representative of Oak Street and the relationship officer for Oak Streets $20+M credit line with Rymark. (*See* Dkt. 192-5.)

2

In short, Plaintiffs:

(1) admit they do not need any of the documents they requested from Mr. Bower,

(2) admit they failed to give Rymark the required advance notice of the subpoena,

(3) admit that the Court had previously ordered them to seek the documents from Rymark first, and

(4) admit they promised Rymark they would seek documents from it first but did not do so.

And yet, following these admissions and the evidence of the abusive discovery approach, Plaintiffs still insist upon taking an oral deposition of Mr. Bower. But according to the Opposition, the purpose of the deposition is not, apparently, to discover information. Instead, Plaintiffs say they want to "discuss" certain matters with Mr. Bower, including what Rymark told Mr. Bower in 2021 about its ownership structure.

Of course, this dispute dates back to 2020, so Mr. Bower's "knowledge" about Rymark's "ownership structure" in 2021 is not at all relevant to the merits of the litigation. Those conversations were simple. Rymark told Mr. Bower and Oak Street that it was owned by Nicholas Markosian. Rymark's financial statements, which were obtained by Plaintiffs, said the same thing. Mr. Markosian personally guaranteed all obligations of Rymark, a fact that would not and could not occur if someone else owned Rymark. All this was true then. It is true now. It is consistent with Rymark's litigation position, and it's consistent with the September 2020 Cease-and-Desist letter. Of course, these representations are inconsistent with *Plaintiffs'* theory of this case. But that's a given. There is nothing to "discuss" with Mr. Bower. Instead, Plaintiffs are simply jazzed about the opportunity to present what they believe to be embarrassing information about Mr.

Markosian, and thereby "persuade" Mr. Bower and Oak Street to pull Rymark's credit line, which will end its business. Plaintiffs believe this creates leverage, and Plaintiffs are experts in both leverage and market manipulation schemes. (Again, while it is beside the point, Plaintiffs misapprehend the setting: if Oak Street pulls the line, Rymark's active business ends. Oak Street recovers fully under its first priority liens. Plaintiffs and Mr. Markosian leave with nothing except litigation scars.)

Furthermore, if Plaintiffs really need to know about "the representations Mr. Markosian and Rymark's management made to him," Opp'n at 8, they can *ask Rymark* – just as the Court *ordered them to do*. (Dkt. 192-3 at 10:14-21) Yet Plaintiffs have not done so; rather, they want to harm Rymark's relationship with Oak Street. This is an abuse of discovery, plain and simple. The Court should put an end to it and grant the Motion.

## II.   ARGUMENT

### A.   Defendants Have Standing To Seek A Protective Order

The Opposition characterizes Rymark's motion as being a motion to quash and asserts that Rymark lacks standing. In fact, Rymark moved for a protective order, not to quash. But it hardly matters. Rymark has standing either way. Parties have "standing to challenge testimony subpoenaed from a nonparty on the grounds that the information sought is irrelevant to any claim or defense, unduly burdensome, or otherwise merits the issuance of a protective order." *City of Las Cruces v. United States*, No. 17-809, 2021 WL 5207098, at *37 (D.N.M. Nov. 9, 2021). And this is particularly true of subpoenas that seek financial information. (Mot. at 7-8.)

Plaintiffs provide no contrary authority. Instead, they argue that because they "withdrew" their document subpoena to Mr. Bower, and because they now say that they already have all the

4

financial information they need from KSM, Rymark is merely "speculat[ing]" that Plaintiffs will ask Mr. Bower about Rymark's finances, and that this "speculative argument" does not support standing. (Opp'n, pp. 6-7.) Plaintiffs also say that even if they want to ask Mr. Bower about irrelevant things, there is nothing Rymark can do about it, because Rymark lacks standing to object on irrelevance or overbreadth grounds.

There are several problems with these arguments. *First*, it is hardly "speculative" to imagine that when a party issues a subpoena for financial documents and an oral deposition, the party might ask about financial matters in the deposition. And Plaintiffs' abrupt disavowal of any intent to ask about financial matters should really be understood as an admission that their attempt to take discovery from Oak Street has been inappropriate: something that warrants Court intervention on its own.

*Second*, the only information Mr. Bower has about Rymark is financial in nature. Mr. Bower is, once again, a representative of Rymark's *lender*, Oak Street. He has no operational role or authority with Rymark.

*Third*, federal courts – including this Court – regularly quash third-party subpoenas (on motion from a party) when those subpoenas seek wholly irrelevant information. *See, e.g.*, *Zurich Am. Ins. Co. v. Ascent Constr., Inc.*, No.20-0089, 2021 WL 7186068, at *2 (D. Utah June 2, 2021) (Romero, M.J.) (quashing third-party subpoena that sought information "not relevant to either parties' claims or defenses under Rule 26"); *Ennis v. Alder Protection Holdings LLC*, No. 19-512, 2022 WL 4290099, at *4 (D. Utah Sept. 16, 2022) (quashing third-party subpoenas "[d]ue to their overbreadth and questionable relevance"); *see also Constantino v. City of Atl. City*, No. 13-6667, 2015 WL 12806490, at *3 (D.N.J. Nov. 4, 2015) (explaining that parties may not "subpoena

irrelevant documents in a case with impunity" and then rely on standing arguments, including because "[a]ny effort" a party "expends on" irrelevant third-party discover "is undue"). And in any case, standing is not genuinely at issue, since the Court can always – even *sua sponte* – issue protective orders regarding discovery. *See, e.g.*, [*Dodd v. Indian Health Care Res. Ctr. Of Tulsa, Inc.*, No. 24-327, 2024 WL 4648150, at \*2 (N.D. Okla. Nov. 1, 2024)](#) ("[T]he Court always has the inherent power to limit irrelevant or non-proportional discovery requests.").

### B.     The Court Should Issue A Protective Order

Rule 26(b)(2)(C) provides that the Court "must limit" discovery that "can be obtained from some other sources that is more convenient, less burdensome, or less expensive." And Rule 26(c)(1) permits the Court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Either of these rules warrants a protective order here.

*First*, the Opposition identifies *no* relevant information Plaintiffs might obtain from Mr. Bower. Instead, Plaintiffs say that they want to "discuss" with Mr. Bower "the extent of his knowledge of Rymark's ownership structure" at the time he approved Rymark's line of credit. (Opp'n at 3.) But this framing only shows that Plaintiffs' subpoena to Mr. Bower is improper. Rule 45 does not exist so that lawyers can "discuss" topics with third parties. And Mr. Bower's "knowledge" of Rymark's ownership structure in 2021, when Oak Street began lending to Rymark, has nothing to do with Plaintiffs' claims, which arose from (alleged) transactions in 2016 and 2018, and (apparently) from a letter sent in 2020. Either Plaintiffs are right that Rymark was given to two Swiss shell companies in 2016 and 2018 in exchange for nothing, or Defendants are right that Plaintiffs are fraudsters. Regardless, a representative of a lender that began loaning money to

Rymark well after this dispute began is not going to have any pertinent information.

*Second*, although Rymark doubts Plaintiffs really need to know about "the representations Mr. Markosian and Rymark's management made to [Mr. Bower] about the ownership of Rymark and this litigation," Opp'n at 8, they could *ask for that information from Rymark*. That is what the Court *already ordered Plaintiffs to do*. ([Dkt. 192-3](Dkt. 192-3) at 10.) And it is far "more convenient, less burdensome, and less expensive" than chasing an out-of-state lender representative for an oral deposition. Fed. R. Civ. P. 26(b)(2)(C)(i). But Plaintiffs appear determined to harass Rymark by questioning an important business associate, Mr. Bower, and doing so even if it requires flouting this Court's orders. They want Oak Street to stop lending Rymark money to operate its business, thereby obtaining settlement leverage in a complex and expensive dispute. This is just the sort of "annoyance, embarrassment," and "oppression" that Rule 26(c)(1) forbids.

> C. **Rymark Met-and-Conferred With Plaintiffs Regarding Discovery From Oak Street, But Plaintiffs Abandoned The Meet-and-Confer Process In Violation Of The Court's Order**

Finally, contrary to Plaintiffs' argument, Rymark met and conferred with Plaintiffs in-person about discovery from Oak Street on October 14, 2024. This meeting resulted in an agreement between the parties. As Plaintiffs described that agreement, they would give Rymark a "targeted list" of documents that Rymark could produce "in lieu of" additional third-party discovery from Oak Street. ([Dkt. 192-4](Dkt. 192-4) at 3–4.)

But Plaintiffs, it turns out, were not acting in good faith. They abandoned the agreement to provide a "targeted list" of documents, flouted the Court's order that they first seek documents from Rymark, served Mr. Bower with an unlawful document (and deposition) subpoena in secret, and then withdrew that subpoena only under the threat of a sanctions motion from Rymark, after

7

initially refusing. Then, *without seeking to meet and confer with Rymark*, Plaintiffs served Mr. Bower with a fresh deposition subpoena, starting Local Rule 30-1(d)'s three-business-day-clock.

So it is inaccurate for Plaintiffs to now say in the Opposition that Rymark did not meet and confer.[1] In truth, Rymark has met-and-conferred about this issue. Meanwhile, Plaintiffs strategically gamed that meet-and-confer process as soon as they perceived a tactical opportunity to harm Rymark. The Court must not bless this sort of open gamesmanship.

## III. CONCLUSION

The Court should issue a protective order with respect to Mr. Bower's deposition.

DATED: December 11, 2024

> **KUNZLER BEAN & ADAMSON, PC**
>
> /s/ *Chad S. Pehrson*
> Chad S. Pehrson
>
> *Attorneys for Defendants,*
> *Counter Claimants and*
> *Third-Party Plaintiffs*

---

[1] Upon filing the Motion on December 12, counsel for Rymark contacted counsel for Plaintiffs, noted that the parties had "already met and conferred about these issues," and offered yet again to "further meet and confer in person." But counsel for Plaintiffs – Sarah Diamond – said that she and Plaintiffs' local counsel, Erik Christiansen, were not available until December 23: nine days later. When that meet-and-confer finally occurred, Plaintiffs refused to provide an explanation for why they issued subpoenas to Mr. Bower despite their prior representations.

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January 2025, I filed the foregoing via the Court's CM/ECF system, which provided notice of such filing to all counsel of records.

*/s/Chad Pehrson*
Chad Pehrson
