R. Jeremy Adamson (12818) (jadamson@kba.law)
Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* (srichards@kba.law)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants, Counter Claimants and Third-Party Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **OPPOSITION TO THIRD-PARTY DEFENDANT AMERIMARK GROUP AG'S MOTION TO DISMISS**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation,<br><br>Counter Defendants. | |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual, | |

|  |
|---|
| Third-Party Plaintiffs,<br>vs.<br>SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation,<br>Third-Party Defendants. |

## I. INTRODUCTION

Service of process on corporations – whether "domestic or foreign" – is governed by Federal Rule of Civil Procedure 4(h). Rule 4(h)(1) says that when a corporation is served "in a judicial district of the United States," service may be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Service can also be made pursuant to state law. *See id.* 4(h)(1)(A).

Here, Third-Party Plaintiffs Nicholas Markosian and Rymark, Inc. (together, "**Rymark**") served Third-Party Defendant AmeriMark Group AG ("**AmeriMark Group**") by delivering a copy of the summons and complaint to Martin Fasser Heeg while Mr. Heeg was in Salt Lake City for a deposition. Mr. Heeg is the chairman of AmeriMark Group's board of directors. According to his own sworn testimony, he is also an officer of AmeriMark Group and the only natural person with any affiliation with AmeriMark Group:

2

```
13      Q.    (BY MR. RICHARDS) But you're the only natural
14   person, by which I mean a real person like us --
15      A.    Yes.
16      Q.    -- that has any association with
17   AmeriMark Group; correct?
18      A.    Correct.
19      Q.    And you're an officer of AmeriMark Group?
20      A.    Correct.
21      Q.    And a director of AmeriMark Group?
22      A.    Correct.
```

Declaration of Chad S. Pehrson ("**Pehrson Decl.**" ¶ 4 & Ex. B **("Heeg Tr**.")") at 155:13-22.) Mr. Heeg also has single signature authority at AmeriMark Group; that is, he can legally bind AmeriMark Group on his own. (*Id.* at 153:24-154:4; *see also id.* at 46:8-10.) Mr. Heeg is therefore an "officer" and "managing or general agent" of AmeriMark Group under Rule 4(h), and Rymark successfully effected service on AmeriMark Group through him.

Nevertheless, AmeriMark Group moved to have itself dismissed from the lawsuit for insufficient service. Its motion does not cite Rule 4(h). Instead, AmeriMark Group argues that (1) Rymark "presumably attempted to effectuate service" under Rule 4(e)(2)(C) but did not do so effectively because Mr. Heeg was not authorized to accept service on behalf of AmeriMark Group; (2) Rymark was required to serve AmeriMark Group in Switzerland; and (3) Rymark's deadline to serve AmeriMark Group has passed. Each argument is wrong.

*First*, AmeriMark Group is a corporation, so Rymark effectuated service under Rule 4(h) ("Serving a Corporation, Partnership, or Association"), not Rule 4(e)(2)(C) ("Serving an Individual Within a Judicial District of the United States"). And there is no question that Mr. Heeg

3

is an "officer, managing or general agent" of AmeriMark Group under Rule 4(h), and therefore that AmeriMark Group could be served through him (in the United States). Indeed, it is not clear why counsel's declaration in support of the Motion states that Mr. Heeg has "no role at AmeriMark Group." (Dkt. 208 at 3 ¶ 7.) That is not accurate. Mr. Heeg's own recent sworn testimony in this proceeding states that he is the chairman of AmeriMark Group's board of directors and its sole director:

```
1     Q.    Are you also on the board of the
2     Amerimark Group?
3     A.    Yes.
4     Q.    Are you the chairman of the board there as
5     well?
6     A.    Yes.
7     Q.    Are there any other board members there?
8     A.    No.
```

(Heeg Tr. at 12:1–8.)

*Second*, Rymark did not need to attempt service in Switzerland, under the Hague Convention or otherwise, since it successfully served AmeriMark Group in the United States. As Plaintiffs' motion concedes, Dkt. 207 ("**Mot.**") at 7, the Hague Convention "does not apply" when a foreign corporation is served in the United States. *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 707 (1988).

And *third*, Rymark's deadline to serve AmeriMark Group is not relevant here because Rymark effected service on November 26. Regardless, though, the deadline Plaintiffs say has passed – Rule 4(m)'s 90-day deadline – expressly does not apply "to service in a foreign country."

Fed. R. Civ. P. 4(m).

The Motion should be denied.

## II. FACTUAL BACKGROUND

This litigation concerns whether Rymark – a Taylorsville-based car dealership – is actually owned by AmeriMark Automotive, a Swiss shell company that is itself is a subsidiary of AmeriMark Group, another Swiss shell company. Plaintiffs allege that Rymark was contributed to AmeriMark Automotive, and then to AmeriMark Group, in a series of transactions between 2016 and 2018. Over the course of these transactions, Plaintiffs say, Defendant Nicholas Markosian went from being the sole owner of Rymark to only a "32.21%" owner of AmeriMark Group. (Dkt. 16 ¶ 53.) AmeriMark Group owns nothing valuable except Rymark, *id.* ¶ 14, so the upshot of Plaintiffs' allegations is that Mr. Markosian went from owning all of his company to less than a third of it. Plaintiffs do not say what Mr. Markosian received in this exchange.

Defendants, by contrast, have alleged that in fact, Rymark was the subject of a Europe-based "pump-and-dump" securities fraud scheme, that most of AmeriMark Group was stolen from Mr. Markosian, and that this lawsuit is the last step in a fraudulent scheme to steal Rymark from Mr. Markosian altogether. (*See generally* Dkt. 139.)

AmeriMark Group is mentioned well over 200 times in the Amended Complaint, Dkt. 16, but it did not join this lawsuit as a plaintiff. On July 13, 2024, Rymark moved for leave to file a Third-Party Complaint against, among others, AmeriMark Group. (Dkt. 107.) The Court granted Rymark's motion, Dkt. 137, and Rymark filed its Third-Party Complaint, Dkt. 139.

AmeriMark Group is a Swiss corporation. It has a board of directors, but currently, that board has only one member: Martin Fasser Heeg. This is a matter of public record; Switzerland

publishes these things online. (See Pehrson Decl. ¶ 3 & Ex. A.) Mr. Heeg is also a director of Plaintiff AmeriMark Automotive, and Defendants noticed his deposition for November 26 in Salt Lake City, Utah. (*See* Pehrson Decl. ¶ 2.) Counsel for Defendants also informed counsel for Plaintiffs that a process server would be present at the deposition to serve AmeriMark Group. (*Id.*)

When Mr. Heeg arrived at the deposition, a process server served him on behalf of AmeriMark Group. (Pehrson Decl. ¶ 2; *see also* Dkt. 186.) Mr. Heeg did not object to service at the time. However, a little more than three hours into the deposition,[1] Mr. Heeg's counsel stated on the record that Mr. Heeg was "not legally authorized to accept service on behalf of AmeriMark Group AG." (Heeg Tr. at 151:15-19.) Yet Mr. Heeg testified at deposition that:

- He is on the board of AmeriMark Group. (Heeg Tr. at 12:1-3.)
- He is the chairman of the board of AmeriMark Group. (*Id.* at 12:4-6.)
- AmeriMark Group has no other board members. (*Id.* at 12:7–8.)
- He has individual signature authority for AmeriMark Group.[2] (*Id.* at 153:24–154:1.)
- No one else has signature authority for AmeriMark Group. (*Id.* at 154:2–4.)
- No one else has any employment position with AmeriMark Group, and AmeriMark Group has no other personnel. (*Id.* at 154:5–9.)
- He is the only natural person with an association with AmeriMark Group. (*Id.* at

---

[1] Both the Motion and counsel's declaration say, incorrectly, that Mr. Worden "objected at the commencement of the Heeg deposition." (Mot. at 3; Dkt. 208 at 3 ¶ 6.) Actually, he objected closer to the end of the deposition than to the beginning – something that is reflected by the fact that the relevant portion of the deposition appears on page 151 of the transcript.
[2] This means that a single individual – in this case, Mr. Heeg – can legally bind AmeriMark Group. (Heeg Tr. at 46:8–10.)

155:13–18.)

- He is an officer of AmeriMark Group. (*Id.* at 155:19–20.)

- He is a director of AmeriMark Group. (*Id.* at 155:21–22.)

### III. DISCUSSION

#### A. AmeriMark Group Was Properly Served Under Rule 4(h)

Rule 4(h)(1) provides rules for serving a corporation "in a judicial district of the United States" – whether the corporation in question is "domestic" or "foreign." Service can be effected by giving the summons and complaint "to an officer" or "a managing or general agent." Fed. R. Civ. P. 4(h)(1)(B). Parties can also follow state law for service. *See id.* 4(h)(1)(A). In this case, the difference is not important, because Utah law for serving corporations mirrors federal law: service can be made on an "officer" or a "managing or general agent." *See* Utah R. Civ. P. 4(d)(E).

There is no question that Mr. Heeg was within "a judicial district of the United States" when he was served in Salt Lake City. There is also no question that he is an "officer" of AmeriMark Group. Under oath, he said so:

```
19      Q.    And you're an officer of AmeriMark Group?
20      A.    Correct.
```

(Heeg Tr. at 155:19–20.) And, in any case, there is also no question that Mr. Heeg easily meets the test for being a "managing" or "general agent." The test for being a managing or general agent is practical: the question is simply whether the individual in question can be expected to "transmit notice of the commencement of the action to organizational superiors." *Emerald Equip. Leasing, Inc. v. Sea Star Line, LLC*, No. 08-10672, 2009 WL 1182575, at *3 (S.D.N.Y. May 1, 2009)

(quoting 4A C. Wright & A. Miller, Federal Practice and Procedures § 1103, p. 573 (3d ed. 2002)). Here, Mr. Heeg does not even *have* organizational superiors; he is the highest (and only) person associated with AmeriMark Group at all. Indeed, if Mr. Heeg did not qualify as a managing or general agent, then AmeriMark Group – which has no other personnel – would be immune from service under Rule 4(h)(1).

      **B.    The Hague Convention Does Not Apply When A Foreign Corporation Is Served In The United States**

Plaintiffs argue that Rymark should have attempted to serve AmeriMark Group under the (costly, time-consuming, and uncertain) Hague Service Convention procedures. But Plaintiffs also concede that the Hague Service Convention "does not apply" when service on a foreign corporation is effectuated in the United States. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707–08 (1988). This is true when a foreign corporation has a domestic agent for service, as was the case in *Schlunk*. (*Id*. at 696.) But it is also the case when a foreign corporation is served through its officer or managing or general agent, on U.S. soil. *See, e.g.*, *Johnson v. CL Medical SARL*, No. 15-2075, 2016 WL 9665160, at *2 (C.D. Ill. July 15, 2016) (Hague service unnecessary where corporation's COO "was served personally in a judicial district in the United States"); *see also M & R Marketing Sys., Inc. v. Top Stamp, Inc.*, No. 96-828, 1996 WL 805485, at *4 (D.N.J. 1996) (question whether Hague service was adequate was "moot" because corporation was served through its managing agent "at his deposition in California").

      **C.    Rule 4(m)'s 90-Day Deadline Does Not Apply To Foreign Service**

Finally, Plaintiffs argue that the deadline to serve AmeriMark Group has now passed. The deadline to serve AmeriMark Group is not important, since Rymark successfully served AmeriMark Group on November 26, 2024. But in any case, Rule 4(m)'s 90-day deadline

"explicitly does not apply to service in a foreign country." *Navarro v. Tufesa USA LLC*, No. 2:17-44, 2019 WL 763798, at *2 (D. Utah Feb. 21, 2019) (quotation marks and citation omitted).[3]

## IV.  CONCLUSION

Rymark served AmeriMark Group under Rule 4(h). Plaintiffs' Motion relies on an apparent misunderstanding of the rules regarding service of corporations, as well as a misstatement of the relevant facts regarding Mr. Heeg's role at AmeriMark Group. The Motion should be denied.

DATED: January 14, 2025

          **KUNZLER BEAN & ADAMSON, PC**

          /s/ *Chad S. Pehrson*
          R. Jeremy Adamson
          Chad S. Pehrson
          Robert P. Harrington
          Stephen Richards

          *Attorneys for Defendants,*
          *Counter Claimants and*
          *Third-Party Plaintiffs*

---

[3] Federal courts have varying views on whether Rule 4(m) creates an unlimited period to serve foreign defendants, or whether service must be at least be initiated within 90 days. "The Tenth Circuit has not addressed this issue," but given the language of Rule 4(m) regarding foreign service, courts only dismiss foreign defendants when a plaintiff has "abandoned" its claims against a defendant by wholly failing to even attempt service. *Navarro*, 2019 WL 763798, at *2. Obviously that is not the case here.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January 2025, I filed the foregoing via the Court's CM/ECF system, which provided notice of such filing to all counsel of records.

*/s/Chad Pehrson*
Chad Pehrson