R. Jeremy Adamson (12818) (jadamson@kba.law)
Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* (srichards@kba.law)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants, Counter Claimants and Third-Party Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DEFENDANTS' MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation,<br><br>Counter Defendants. | |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual, | |

|  |  |
|---|---|
| Third-Party Plaintiffs,<br>vs.<br>SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation,<br>Third-Party Defendants. |  |

## I.  SUMMARY OF REQUESTED RELIEF

In September 2024, the Court granted Rymark leave to add nine new third-party defendants to this case. Two of those defendants – AmeriMark Group AG and Ashley Miron Leshem – were only recently served: AmeriMark Group on November 26, 2024, and Mr. Leshem on January 13, 2025 (after months of evading service). On January 2, 2025, AmeriMark Group filed a motion to dismiss, contesting service. Mr. Leshem has not yet appeared.

Both AmeriMark Group and Mr. Leshem are critical parties in this case. Until now, Rymark has been unable to obtain discovery from them. Fact discovery is due to close on January 28, 2025. Rymark is eager to proceed to trial in this matter but needs discovery from AmeriMark Group and Mr. Leshem. Accordingly, Rymark seeks a limited 90-day extension of the fact discovery period, solely for discovery involving AmeriMark Group and Mr. Leshem.

## II.  INTRODUCTION AND BACKGROUND

### A.  Recently Added Third-Party Defendants

In September 2024, the Court granted Defendants Nicholas Markosian and Rymark, Inc. (together, "**Rymark**") leave to file an Amended Counterclaim and Third-Party Complaint. The

2

Third-Party Complaint added nine third-party defendants. Three of those third-party defendants – Nicolai Colshorn, Alexander Coenen, and Philomaxcap AG – are European individuals or corporations that Rymark is currently attempting to serve through the Hague Service Convention. Three others – Shaen Bernhardt, Stefan Kammerlander, and Martin Fasser Heeg – are represented by Plaintiffs' counsel, who accepted service on their behalf. And David Hesterman was successfully served last year.

### B. AmeriMark Group and Miron Leshem

That leaves AmeriMark Group AG ("**AmeriMark Group**") and Ashley "Miron" Leshem, both of whom proved more challenging to serve than Rymark anticipated. Although AmeriMark Group is now represented by Plaintiffs' counsel, that counsel would not accept service on behalf of AmeriMark Group. So Rymark served the chairman of AmeriMark Group's board of directors, Martin Fasser Heeg, at a deposition in November 2024. On January 2, 2025, AmeriMark Group appeared – but contested service. (Dkt. 207.)

Mr. Leshem is a central character – in many ways, *the* central character – in this litigation. Rymark alleges in its Third-Party Complaint that Mr. Leshem is an experienced "pump-and-dump" schemer who seeks out small American companies and convinces them that they can raise money through equity offerings in Europe. (Dkt. 139 ¶ 1.) Then Leshem "pumps" the stock of those companies through false press releases and "dumps" stock at a fraudulent profit. (*Id.* ¶ 2.) Leshem's schemes have landed him in trouble both in the United States (where he is subject to two penny-stock bars) and in Europe (where he and his company were fined 3 million Euros by France's securities regulator last year). (*Id.* ¶ 45.) Rymark alleges that in this case, Leshem and a co-conspirator, David Hesterman, solicited Mr. Markosian, who was seeking money to expand his

3

car dealership. Eventually the pair fleeced Mr. Markosian for $125,000 that Leshem said would be used to raise money in Europe. (*Id.* ¶ 3.) Subsequently, as Rymark alleges, Leshem stole from Mr. Markosian 13,000,000 shares of the Swiss shell company he was trying to list – AmeriMark Group – so that Leshem could pump-and-dump the shares. (*Id.* ¶¶ 5–6.) Those shares eventually made their way to Plaintiff Capana Swiss Advisors AG, which Leshem described as "the Swiss vehicle through which [he] conduct[ed] business." (*Id.* ¶ 97.)

Leshem has been aligned with Plaintiffs throughout this litigation. Plaintiffs withheld as privileged communications with Leshem both before and after the Complaint was filed – including communications with Plaintiffs' counsel on which Leshem was copied. Leshem also provided Plaintiffs with some of the documents they attached to their Complaint and Amended Complaint.

Yet once the Third-Party Complaint was filed, Leshem attempted to evade service. As set forth in Defendants' motion for an extension of time to serve Leshem, Rymark retained two different process servers and two independent former FBI investigators to locate Leshem, with no luck. At one point, a process server arrived right at a house as a man – presumably Leshem – went inside and then would not answer the door. (Dkt. 183 at 4.) Rymark continued to attempt to serve Leshem, at considerable expense.

On December 30, 2024, while Rymark was still attempting to serve Leshem, Plaintiffs informed Rymark that they had subpoenaed Leshem for a third-party deposition – and that they had served the Rule 45 subpoena not on Leshem, but on his apparent counsel who was only known to Plaintiffs. The same day, Rymark's attorneys contacted this newly discovered Leshem attorney and asked him whether he would accept service of the third-party complaint. (Declaration of Chad S. Pehrson ("**Pehrson Decl.**") ¶ 4.) But the attorney said he was "not authorized to accept service."

(*Id.*)

Finally, on January 13, 2025, Rymark's efforts paid off, and investigator managed to serve Leshem at his gym. (Pehrson Decl. ¶¶ 2-4.) Leshem has not appeared in the litigation, although Rymark informed Leshem's putative counsel of the service and of this motion.

Fact discovery closes on January 28, 2025. (Dkt. 88.)

### III.  LEGAL STANDARD

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Scheduling orders may be amended for good cause. Fed. R. Civ. P. 16(b)(4). Courts may consider a number of different factors when weighing a request to extend discovery including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Integrated Bus. Planning Assocs., Inc. v. Operational Results, Inc.*, No. 2:22-733, 2024 WL 4884447, at *1 (D. Utah Nov. 25, 2024) (Romero, M.J.) (citation omitted). Good cause requires "the moving party to show the deadline cannot be met despite the movant's diligent efforts." *Id.* (citation omitted).

### IV.  ARGUMENT

The addition of new parties in this case presented an obvious chance that the fact discovery deadline might need to be extended at least partially. Indeed, courts in this district sometimes treat it as given that an order granting a pleadings amendment will necessitate at least a limited

5

discovery extension. *See, e.g.*, *Phase v. Eisenberg*, No. 1:22-cv-00035, 2023 WL 5046809, at *3 (D. Utah Aug. 8, 2023) ("To the extent that additional discovery will be required on the new counterclaim, either party may move to extend the deadline for written discovery."); *Lobo Well Serv., LLC v. Marion Energy, Inc.*, No. 2:07-273, 2008 WL 3926121, at *7 (D. Utah Aug. 21, 2008) (granting leave to amend and explaining that it was "true that discovery (on the new issues only) may have to be re-opened").

Despite this risk, Rymark diligently sought discovery from the parties who had appeared and diligently sought to serve the remaining parties (despite intransigence from both AmeriMark Group and Leshem). Only now does Rymark seek a modest extension of time – to run alongside expert discovery – for the purpose of conducting new discovery involving only those parties recently served.

The relevant factors weigh in favor of granting Rymark's request. First, trial is not imminent; accordingly, "[t]his factor weighs in favor of finding good cause as there will be no effect of delaying trial proceedings." *Integrated Business*, 2024 WL 4884447, at *2.

Second, although Plaintiffs have stated they will oppose Rymark's request, there is no legitimate basis for them to do so. Plaintiffs have had access to Leshem all along. Leshem emailed from a Capana email address, provided Capana with documents it attached to the Complaint and was included on emails with Plaintiffs' counsel prior to the filing of the Complaint. Plaintiffs have even withheld, as allegedly privileged, communications with Leshem *after* the Complaint was filed. Capana's principal, Shaen Bernhardt, said in deposition that he has had "multiple conversations" with Leshem during this litigation and described him as a "very good resource for information." (Pehrson Decl. ¶ 5 [Bernhardt Decl. at 36:5–8].) Plaintiffs should not be heard to

complain now that *Rymark's* ability to take discovery from Leshem should be restricted due to Leshem's attempts to evade service.

*Third*, there will be no prejudice to Plaintiffs (or the other Third-Party Defendants), particularly in light of the modest length and scope of the proposed extension. *See* [Integrated Business, 2024 WL 4884447, at *2](#) (party was unable to provide "specific reasons why" it would be prejudiced by additional depositions made necessary by a late document production). Indeed, unless Plaintiffs wish to take discovery from Leshem, they need not do anything during the 90-day period. Moreover, this case is barely 18 months old, and the Court has only granted one other discovery extension. *Cf. [id.](#)* at *1 (parties were already on their Second Amended Scheduling Order).

*Fourth*, Rymark was as diligent as it could have been in discovery. Rymark can hardly be blamed for not being able to do the impossible task of issuing discovery to parties who were evading or contesting service. And Rymark issued written discovery to, and took depositions of, all three Third-Party Defendants who *did* accept service. It also tried for *months* to serve Leshem (while he evidently collaborated in the background with Plaintiffs).

*Fifth*, it was not at all foreseeable that Rymark would be unable to obtain discovery from AmeriMark Group and Leshem. The lengths Leshem went to play games around service of process were extraordinary. It is one thing for Leshem to race inside his Mother's house when a process server appears, and refuse to open the door. It is quite another for Leshem to hire a lawyer to accept service of *Plaintiffs'* subpoena but then direct his lawyer to refuse service of *Rymark's* Third-Party Complaint. Similarly, AmeriMark Group should have simply accepted service, given that it is represented by the same attorneys as Plaintiffs; instead, it forced Rymark to serve its chairman of

the board in person and then contested service through a (meritless) motion to dismiss. And having now given Rymark the run-around, AmeriMark Group should not be heard to argue that it should be immune from civil discovery in a case where Judge Stewart specifically authorized its addition as a party.

*Finally*, not extending the fact discovery period would be unfair to Rymark. Plaintiffs took *nearly three years* to prepare the Complaint. Rymark, by contrast, has had only the limited fact discovery period in this case to deduce the real story of what happened by combing through Plaintiffs' document productions and deposing Plaintiffs' witnesses. And still, this task is not finished. Plaintiffs have taken specific actions to frustrate Rymark's access to information and relief. For instance, *after* Rymark announced that it had discovered the theft of the 13,000,000 shares, Capana transferred those shares to Third-Party Defendant Philomaxcap AG, a German corporation. So now Rymark is having to serve Philomaxcap AG through the Hague Convention. Plaintiffs have also withheld more than 2,000 documents on claims of privilege; the parties are meeting and conferring about Plaintiffs' privilege log, but additional motion practice will be necessary. Rymark emphatically does not seek a delay in the scheduling of a trial. It is as anxious to proceed to trial as anyone; Mr. Markosian would like to get back to the business of running his car dealership. But first, Rymark is entitled to standard privilege every civil litigant in federal court should have: access to reasonable discovery about the claims and defenses at issue in the case, from every defendant properly added to the action.

## V. CONCLUSION

Rymark has shown good cause[1] to extend discovery. The Motion should be granted, and the Court should issue an order extending fact discovery 90 days to facilitate discovery involving AmeriMark Group and Leshem.

DATED: January 15, 2024

                                                                   **KUNZLER BEAN & ADAMSON, PC**

                                                                   /s/ *Chad S. Pehrson*

---

[1] Because Rymark has moved for a limited extension of the discovery deadline *before* that deadline has passed, it need not show excusable neglect under Rule 6(b)(1)(B). Nevertheless, it could show excusable neglect if it could, since that standard requires only a "showing a good faith on the party of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *Integrated Business*, 2024 WL 4884447 at *2. And relevant factors include the danger of prejudice to the nonmoving party, the length of delay, the reason for delay, and whether the movant acted in good faith. *Id.* at *4. These factors all support granting the Motion: Rymark acted expeditiously and in good faith to seek discovery, the delay is modest and a trial date has not been set, and Plaintiffs cannot credibly claim prejudice.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, I filed the foregoing via the Court's CM/ECF system, which provided notice of such filing to all counsel of records.

/s/Chad Pehrson
Chad Pehrson