Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF GERMAN COMPANY REGISTER AND PRESS RELEASE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY COUNSEL**<br><br>Civil Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

Pursuant to Federal Rule of Evidence 201(b) and 201(c)(2), Plaintiffs and Counterclaim Defendants Capana Swiss Advisors AG ("Capana") and AmeriMark Automotive AG ("Automotive") and Third-Party Defendants Shaen Bernhardt, Stefan Kammerlander, Martin Fasser Heeg, and AmeriMark Group AG ("AM Group") (collectively, "Plaintiffs") respectfully request that the Court take judicial notice of the documents attached hereto in connection with their accompanying Opposition to Defendants' Motion to Disqualify Counsel.

- **Exhibit 1:** A copy of Philomaxcap AG's Official Company Register, published to the German Company Register at https://www.unternehmensregister.de/ on June 30, 2024, and retrieved January 14, 2025, and a certified translation of the same.

- **Exhibit 2:** A copy of Philomaxcap AG's Official Press Release, published to Factiva, a publication of Dow Jones, capturing a press release published to Pressetext, a German news publication, at https://www.pressetext.com/news/philomaxcap-ag-erhoeht-grundkapital-auf-17-millionen-euro.html on February 23, 2024, and retrieved on January 14, 2025, and a certified translation of the same.

## LEGAL STANDARD

Federal Rule of Evidence 201(b) states that courts may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Furthermore, Rule 201(c)(2) states that courts "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added); *see also Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001).

The Tenth Circuit has routinely held that courts may take judicial notice of facts that are "matter[s] of public record" that are not subject to reasonable dispute. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quoting *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001)). To this end, "[t]he contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice." *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681

F.3d 1208, 1213 (10th Cir. 2012) (citing *In re Calder,* 907 F.2d 953, 955 n. 2 (10th Cir. 1990)); *see also Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917, 930 n.43 (D. Kan. 2014) (court "may take judicial notice of SEC's filings because they are a matter of public record"); *Heiner v. Watford*, No. 20-CV-02652-NYW-STV, 2022 WL 18777077, at *1 (D. Colo. Nov. 21, 2022) (SEC Filings that are "publicly available through the SEC's 'EDGAR' filing system" are "proper for judicial notice" (citing *In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, 838 F. Supp. 2d 1148, 1156 (D. Colo. 2012))); *Grimes v. Navigant Consulting, Inc.*, 185 F.Supp.2d 906, 913 (N.D. Ill. 2002) (finding that courts may take judicial notice of published stock prices on the internet).

Courts in the Tenth Circuit have explicitly held that courts may "take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007); *In re Zagg Inc. S'holder Deriv. Action*, No. 2:12CV1188, 2014 WL 5089939, at *1 (D. Utah Oct. 9, 2014) (taking judicial notice of press releases); *see also City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n. 1 (6th Cir. 2005) (taking judicial notice of term defined on the National Association of Securities Dealers, Inc.'s website).

## ARGUMENT

Exhibits 1 and 2 are appropriate for judicial notice because both documents are "matter[s] of public record." *Biers v. Dentons US LLP*, No. 2:22-CV-00298-HCN, 2024 WL 1072401, at *2 (D. Utah Mar. 12, 2024) (quoting *Tal*, 453 F.3d at 1264 n.24). Exhibit 1, a copy of Philomaxcap AG's Official Company Register, is a "matter of public record" from the website of Germany's public company registry system, "Unternehmensregister." *See* Unternehmensregister, https://www.unternehmensregister.de/ (last visited Jan. 14, 2025). Exhibit 2, an announcement that Philomaxcap AG would be purchasing 13,000,000 shares of AmeriMark Group, is a "matter of public record" from Presstext, a German news publication. *See Philomaxcap AG: Philomaxcap AG erhöht Grundkapital auf 17 Millionen Euro* [*Philomaxcap AG: Philomaxcap*

*AG increases share capital to 17 Million euros*], Presstext (Feb. 23, 2024, 10:02 AM), https://www.pressetext.com/news/philomaxcap-ag-erhoeht-grundkapital-auf-17-millionen-euro.html.  The same was also published to Factiva, a publication of the Dow Jones that is also accessible online.

Exhibit 1 is judicially noticeable because public files from this website, which is operated by the German Federal Ministry of Justice, are "matter[s] of public record" that "qualify for judicial notice."  *Winzler*, 681 F.3d at 1213 ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice." (citing *In re Calder*, 907 F.2d at 955)); *see also Instructure, Inc. v. Canvas Techs., Inc.*, No. 2:21-CV-00454-DAK, 2022 WL 43829, at *16 (D. Utah Jan. 5, 2022) ("[T]aking judicial notice of [] factual information found on the internet is proper"); *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004).

Further, Tenth Circuit courts take judicial notice of documents found on the internet where (1) a party supplies the court with the complete addresses for the documents; and (2) the documents are still available at those addresses.  *See New Mexico ex rel. Balderas v. Google, LLC*, 489 F. Supp. 3d 1254, 1257 (D.N.M. 2020) (taking judicial notice of various statements from Google's website where "Google gave the complete address for each document on its website and these pages are still found at those addresses").  Here, Plaintiffs provided the Court with the complete address for Exhibit 1, and the document is still found at that address.  *See supra* at 1.  As a result, Plaintiffs have supplied the Court with the necessary information to take judicial notice of this document, and thus the Court "must take" judicial notice of this document pursuant to Federal Rule of Evidence 201(c)(2).

Exhibit 2 similarly is appropriate for judicial notice because the Tenth Circuit routinely grants judicial notice to documents that contain public information about a company's filings.  *See Jordan*, 3 F. Supp. 3d at 930 n.43 (courts "may take judicial notice of SEC's filings because they

are a matter of public record."); *Heiner*, 2022 WL 18777077, at *1 (SEC filings that are on SEC's 'EDGAR' filing system are "proper for judicial notice" (citing *In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, 838 F. Supp. 2d at 1156)). As such, judicial notice is warranted for this document that contains public information about Defendants' filings. Exhibit 2 explains that Philomaxcap AG "received 13,000,000 shares in AmeriMark Group AG." *See supra* at 1.

Plaintiffs also satisfy the requirement set forth in *New Mexico ex rel. Balderas* for Exhibit 2 by providing the complete website address for Exhibit 2, which is still accessible. 489 F. Supp. 3d at 1257. *See supra* at 2. Exhibit 2 is judicially noticeable. *See* Fed. R. Evid. 201(c)(2).

For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice **Exhibits 1 and 2** submitted in support of Plaintiffs' Opposition to Defendants' Motion to Disqualify Counsel.

Dated:  January 16, 2025

PARSONS BEHLE & LATIMER

*/s/ Hannah Ector*
Erik A. Christiansen
Hannah Ector

VENABLE LLP
John Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

## CERTIFICATE OF SERVICE

I hereby certify that on **January 16, 2025**, I caused a true and correct copy of the foregoing **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF GERMAN COMPANY REGISTER AND PRESS RELEASE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY COUNSEL** to be filed on CM/ECF and accordingly electronically served to the parties of record.

*/s/ Hannah Ector*
Hannah Ector