Chad S. Pehrson (12622) cpehrson@kba.law
Robert P. Harrington (12541) rharrington@kba.law
Stephen Richards (19332) srichards@kba.law
**KB&A**
50 W Broadway, Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DEFENDANTS' SHORT FORM DISCOVERY MOTION TO STRIKE OBJECTIONS AND COMPEL RULE 30(B)(6) DEPOSITION**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |

Local Rule 30-2(b) provides that within "7 days" of being served with a Rule 30(b) deposition notice, "the noticed entity may serve a written objection." Defendant Rymark, Inc. ("**Rymark**") served Plaintiffs Capana Swiss Advisors AG ("**Capana**") and AmeriMark Automotive AG ("**AmeriMark**") with Rule 30(b)(6) deposition notices on December 13, 2024. Plaintiffs' deadline to serve objections was December 20. Plaintiffs did not object by that date.

1

On January 2, 2025, Plaintiffs' counsel told counsel for Defendants that they were unavailable on the noticed dates for the depositions, and proposed new dates. On January 9, 2025, Rymark's counsel agreed to re-notice the depositions for Plaintiffs' preferred dates. New notices were issued the same day. The notices changed **only the dates** of the depositions. **The Rule 30(b)(6) topics were unchanged.**

On January 16 – one week before the first of the depositions is set to proceed – Plaintiffs served objections to the Rule 30(b)(6) topics: 6 of the 20 topics for AmeriMark Group, and 5 of the 20 topics for Capana. The parties subsequently discussed in-person. Counsel for Rymark explained that objections were due by December 20 and that the revised notices – which were issued at **Plaintiffs'** request and changed **nothing but the dates** – did not re-open the objection period. Plaintiffs would not agree to withdraw the objections and have refused to produce a witness on the objected-to topics.

Plaintiffs' objections are untimely and should be stricken. Local Rule 30-2 sets forth a detailed procedure for Rule 30(b)(6) notices and objections: Rule 30(b)(6) notices must be served 28 days in advance of a deposition, giving time for objections within "7 days," followed by a meet-and-confer period, followed by motion practice (if necessary). Plaintiffs ignored this procedure, serving objections only after they asked Defendants to re-notice the depositions. This is contrary to the plain language of Local Rule 30-2.[1] And if Plaintiffs' gambit here were permissible, it would create unsavory downstream consequences. A party could request a last-minute change to a

---

[1] *See, e.g.*, *Cahoo v. SAS Institute, Inc.*, 2019 WL 4139152, at *5 (E.D. Mich. Aug. 30, 2019) (rejecting argument that party's request for a "courtesy subpoena" "reset the clock for filing objections"). Rymark is not aware of District of Utah authority construing Local Rule 30-2(b), presumably because the rule is so straightforward.

deposition – the date, the location, or even the *time* – to ambush an opposing party with belated objections. And parties would be incentivized to never agree to requests for date changes, since those requests might actually be disguised attempts to reset the objection clock. In short, Plaintiffs' belated objections are not defensible under the plain language of Local Rule 30-2(b), or common sense.

Plaintiffs' objections themselves are meritless. Plaintiffs objected to permissible Rule 30(b)(6) topics, including (1) the basis for Plaintiffs' factual allegations,[2] (2) Plaintiffs' 2000-entry privilege log,[3] and (3) several topics that have been the subject of written discovery (like AmeriMark's operations, related litigation in Germany, stock exchanges' delisting or refusal to list AmeriMark, and a related scheme with a company called CAG International). *See* Exs. 1, 2. But the Court need not reach the substance of the topics, since Plaintiffs' objections were untimely.

## MEET-AND-CONFER CERTIFICATION

On January 17, 2025, the parties met and conferred in-person about Plaintiffs' objections and agreed that they are at an impasse. Attendees included: Chad Pehrson, Stephen Richards, Sarah Diamond, and Erik Christiansen.

## WORD COUNT CERTIFICATION

Excluding the caption page, signature block, and certifications, this motion is 487 words.

DATED: January 20, 2024

---

[2] *See, e.g.*, *Ward v. Nesibo*, 2023 WL 3391145, at *4 (D. Utah May 11, 2023) ("[T]he emerging trend appears to favor allowing a 30(b)(6) witness to testify as to the factual underpinnings of affirmative defenses.").

[3] *See, e.g.*, *JP Morgan Chase Bank, N.A. v. Winget*, 2010 WL 11545411, at *1 (E.D. Mich. May 21, 2010) (authorizing 30(b)(6) deposition "for the purposes of gaining additional information relating to the documents for which privilege has been claimed").

**KB&A**

*/s/ Chad Pehrson*
Chad S. Pehrson
Stephen Richards
Robert Harrington
*Attorneys for Defendants*