Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' SHORT FORM DISCOVERY MOTION TO STRIKE OBJECTIONS AND COMPEL RULE 30(B)(6) DEPOSITION (ECF NO. 226)**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

On December 3, 2024, Defendants' counsel emailed Plaintiffs' counsel proposing dates for Plaintiffs' 30(b)(6) depositions. Plaintiffs said they needed to review Defendants' 30(b)(6) topics (which were not initially provided) before they could confirm witnesses and their availability. Defendants did not respond but instead served deposition notices on December 13, 2024, without confirming that the noticed dates would work.[1] On January 2, 2025, Plaintiffs informed Defendants that the noticed dates would not work. Defendants did not respond or serve amended notices until January 9, 2025. Plaintiffs served their objections 7 days later, on January 16, 2025.

DUCivR 30-2(b) expressly states that "[w]ithin 7 days of being served with a notice or subpoena, the noticed entity may serve a written objection." Defendants argue that Plaintiffs' objections to their respective 30(b)(6) deposition notices were untimely, because Plaintiffs were required to object 7 days after the original deposition notices rather than 7 days after service of the operative notices. Not so.

Defendants read the rule as requiring objections to be served 7 days after receipt of a notice *that the parties know will be amended in the future* rather than 7 days after receipt of the final and operative notice. While case law on this issue is scarce, there is case law suggesting that a party's failure to object to an amended deposition notice with identical topics to the original effectively waives any objections. *See Escano v. RCI, LLC*, No. CV 2:22-360 DHU/GJF, 2024 WL 1532749, at *5 (D.N.M. Mar. 1, 2024) (holding that it was reasonable for the noticing party to expect the party being deposed would produce a witness to testify on all topics in the second deposition notice, even though the party had objected to the first deposition notice with identical topics). It logically follows that parties only need to object to the *operative* notice to avoid having to serve multiple objections, as Plaintiffs did here.

This situation highlights why this Court requires parties to confer on deposition dates before serving notices and why FRCP 30 suggests parties should confer on 30(b)(6) topics *before*

---

[1] December 13, 2024 was the last date to serve 30(b)(6) notices prior to the fact discovery cutoff of January 28 pursuant to DUCivR 30-2(a)(1).

service of a notice. FRCP 30(b)(6) ("Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.") Had Defendants responded to Plaintiffs' request for topics or conferred about dates rather than waiting until the last minute to serve its notices, Plaintiffs would have understood the notices served in December as the notices that would actually govern their depositions.

Further, Defendants' concerns about the timing of Plaintiffs' objections one week before the depositions are set to proceed is an issue of their own making. Defendants served the original notices on the last day to do so and without conferring about dates. Plaintiffs provided dates of availability on January 2, and Defendants waited another week to serve the notices.

Dated: January 22, 2025

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen
Hannah Ector

VENABLE LLP
John Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

4927-5063-1953.v1

## CERTIFICATE OF SERVICE

I hereby certify that on **January 22, 2025**, I caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' SHORT FORM DISCOVERY MOTION TO STRIKE OBJECTIONS AND COMPEL RULE 30(B)(6) DEPOSITION** to be filed on CM/ECF and accordingly electronically served to the parties of record.

*/s/ Hannah Ector*
Hannah Ector

4927-5063-1953.v1