Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY (ECF NO. 219)**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG (collectively, "Plaintiffs"), by and through undersigned counsel, hereby oppose Defendants' Motion for Limited Extension of Fact Discovery (ECF No. 219) ("Motion") as follows.

## RELIEF SOUGHT AND GROUNDS THEREFOR

This is Defendants' *second* attempt to extend discovery and push trial after their delay. Seven months ago, on June 13, 2024, the Court rejected Defendants' request to push the discovery deadline from September 30, 2024 all the way to June 30, 2025. Instead, the Court extended discovery 120 days, and "encourage[d] everybody to make sure they are diligently addressing discovery needs, as the Court will look at that as we go forward." 6/13/24 Hrg. Tr. At that June 13 hearing, Plaintiffs raised the issue of Defendants' delays. In response, the Court said that though "at this time the Court does not consider that appropriate to consider" it "certainly would consider that going forward." *Id*. Now again and on the eve of the close of fact discovery, Defendants ask to push the discovery deadline again because they failed to do what they should have done six months ago. This time, Defendants argue they need more time to conduct discovery from two parties they have been directly associated with *long before the inception of this case* but failed to pursue until recently – Miron Leshem and AmeriMark Group AG.[1] Defendants' dilatory tactics should not be rewarded. Their Motion should be denied.

## FACTUAL BACKGROUND

Plaintiffs filed this lawsuit on July 18, 2023, to assert its contractual rights, alleging that after Markosian injected 100% of the shares of Rymark into the Swiss entity he created, AmeriMark Automotive, Defendants repeatedly and falsely stated to auditors, lenders, and others that Markosian owned 100% of Rymark; that Markosian wrongfully declared himself dividends from Rymark without the consent (or knowledge) of Rymark's owner, AmeriMark Automotive; and that Rymark, through Markosian, eventually attempted to disavow any connection with AmeriMark Automotive and its related entities. ECF No. 16. Defendants responded with a

---

[1] At the start of this case, on October 10, 2023, Plaintiffs filed a Motion to Dismiss Defendants' Counterclaim based on their failure to join indispensable parties, including Leshem. ECF 17.

2

counterclaim, alleging among other things, that Third-Party Defendants Leshem and David Hesterman "fraudulently prepared documents purporting to transfer the used car dealership into a new Swiss entity" (even though these documents were signed by Markosian and scanned through a Markosian Auto scanner). *See, e.g.*, Declaration of Sarah Diamond ("Diamond Decl.") ¶ 2, Ex. 1. Despite naming Leshem at least 15 times and alleging he was one of the architects of the alleged fraud, and despite listing *both* Leshem and AmeriMark Group AG as potential witnesses in their November 2023 initial disclosures (ECF No. 30-2 at 2; 11), Defendants waited over a year to seek leave to add them as parties. Further, even after being granted leave to file the Third-Party Complaint on September 3, 2024, Defendants did not even attempt to serve Leshem until October 3, 2024. *See* ECF No. 190 at 4.

Defendants have attempted to delay trial in this case from the start. On October 23, 2023, Plaintiffs filed a Motion for Rule 16 Scheduling Order proposing September 30, 2024 as the discovery cutoff. ECF No. 18 at 3. On November 7, 2023—one day *after* the deadline to do so—Defendants filed their own Rule 16 Motion asking for a **June 30, 2025** discovery deadline. ECF No. 21 at 7. Defendants claimed they needed another year "to engage in discovery with respect to 49 specific individuals or companies that are presently located in Europe" (*id.* at 1)—something Defendants to this day have failed to do.

A hearing on case scheduling order was held on June 13, 2024. Defendants argued they needed additional time because "the reality is that these letters of request for judicial assistance ["Letters"] typically take three to six months once they are issued to be able to allow [Defendants] to take any discovery from the individuals we're talking about." [2] 6/13/24 Hrg. Tr. at 6:3-7. Defendants claimed the Letters they intended to seek from the Court were "the gatekeeping issue for [them]," and they "c[ould] not] do anything without those Letters being issued by the Court." 6/13/24 Hrg. Tr. at 7:1-3. Defendants also stated that they planned to "file an amended complaint

---

[2] Notably, Plaintiffs did not oppose Defendants' Motion for Issuance of Letters of Request for International Assistance Under the Hauge Evidence Convention ("Motion for Issuance of Letters"). *See* ECF No. 67.

3

and counterclaim which will introduce new claims and parties."[3]  6/13/24 Hrg. Tr. at 6:10-12.  The Court extended discovery for 120 days to accommodate Defendants, but "encourage[d] everybody to make sure they are diligently addressing discovery needs, as the Court will look at that as we go forward."  *Id.* at 11:22-24.  The fact discovery deadline is currently January 28, 2025.  ECF Nos. 86, 88.

Defendants have failed to diligently pursue their purported necessary discovery.  First, and most critically, despite alleging the "centrality" of Leshem and AmeriMark Group AG since September 2023, Defendants never attempted to obtain discovery from them, whether through Rule 45 subpoena, Letters, or otherwise, prior to naming them in the case.  This delay is particularly egregious given that Defendants have a long association with Leshem and AmeriMark Group, having retained Leshem to help create the AmeriMark companies on April 1, 2016, more than eight years ago.  Diamond Decl. ¶ 3, Ex. 2 (April 1, 2016 Listing Agreement).  Similarly, Defendants themselves created AmeriMark Group AG in May of 2018, more than six and a half years ago, thus availing themselves of the jurisdictional benefits (and limits in matters of discovery) of Switzerland.  *Id.* at ¶ 4, Ex. 3 (2018 Reverse Merger Agreement).  Nevertheless, Defendants waited over a year to name Leshem and AmeriMark Group AG as third-party defendants, delayed any attempts to serve them, and refused to appear at Leshem's previously noticed deposition, despite knowledge of the impending fact discovery deadline.[4]  Now, days before the fact discovery deadline, Defendants argue they need more time to complete discovery related to AmeriMark Group AG and Leshem, who, Defendants claim, are "critical parties in this case."  Notably, despite Defendants' lack of diligence, 1,577 emails from, to, or cc to Leshem *have*

---

[3] Defendants also waited one month, until July 13, 2024 to seek leave to amend their counterclaim after making this representation to the Court.

[4] Plaintiffs served Leshem with a subpoena on December 30, 2024, for a January 16, 2025 deposition.  Plaintiffs gave Defendants a copy that same day.  ECF No. 219-1, ¶ 4.  Defendants did not bother to cross-notice Leshem.  At 6:01pm the night before Leshem's deposition, Defendants said they would not attend because they are "entitled to serve Mr. Leshem and AmeriMark Group with written discovery and to take in-person party depositions of each." *See* Diamond Decl. ¶ 4, Ex. 4 (1.14.25 Email from S. Richards).

4

*already been produced* by other parties.  Diamond Decl. at ¶ 6.  Specifically, Plaintiffs have produced 864 such emails, Rymark has produced 419; and Hesterman has produced 292.  *Id.*

Second, Defendants have delayed pursuing discovery in Europe (which was Defendants' main argument to support their last request for an extension).  According to a letter sent from Cantonal Judge L. Krahenbuhl of the Cantonal Court of the Canton of Zug (the equivalent of a U.S. District Court) (filed with this Court), ***the Swiss Court replied within days of receiving the letter on August 9, 2024***.  *See* ECF No. 170-1.  Despite the immediate responsiveness to the Defendants' letter ***Defendants ignored the repeated emails of the Cantonal Judge trying to assist them, efforts that went so far as to attempt help Defendants perfect their requests so as to be compliant with Swiss civil procedure.***  Still, Defendants failed to "make contact" with the Cantonal Court until at least October 10, 2024.  *Id.*

> Case 2:23-cv-00467-TS-CMR   Document 170-1   Filed 10/28/24   PageID.5088   Page 3 of 7
>
> page 2/3
>
> **Whereas**
>
> - the representatives of the defendants submitted letters rogatory to the High Court of the Canton of Zug by e-mail on August 9, 2024, which were forwarded to the Cantonal Court of the Canton of Zug on the same day for reasons of competence;
> - the Cantonal Court of the Canton of Zug subsequently called on the representatives of the Defendants to make certain statements and to submit documentation;
> - on August 26, 2024, the Cantonal Court of the Canton of Zug once again attempted to contact the representatives of the Defendants by e-mail regarding this matter;
> - the representatives of the Defendants have not made contact in the meantime;

Defendants' lack of diligence in European discovery efforts is also clearly on display elsewhere.  Despite filing their Amended Counterclaim on September 3, 2024 naming German Corporation Philomaxcap AG and German citizen Andrew Coenen (ECF No. 139), there is not a single docket entry reflecting any effort by Defendants to serve them four and a half months later, a delay that exceeds the 120 days the Court has already granted Defendants specifically to pursue foreign discovery.  Finally, though they claimed that the issuance of international letters of request to 49 European individuals and entities were "the gatekeeping issue for [them]," and they "c[ould not] do anything without those letters being issued by the Court," (6/13/24 Hrg. Tr. at 7:1-3) Defendants only filed *five* such letters.  None of the five letters were issued to AmeriMark, and

5

Defendants have not moved for a *single* additional letter of issuance to pursue the international discovery they insisted was so essential.

## LEGAL STANDARD

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") "To meet the showing of good cause, the moving party must 'show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *100 Mount Holly Bypass v. Axos Bank*, No. 2:20-cv-00856-TS-CMR, 2023 WL 3007940, at *2 (D. Utah Apr. 19, 2023) (quoting *Emuveyan v. Ewing*, No. 2:19-cv-00616, 2022 WL 464306, at *1 (D. Utah Feb. 15, 2022)). Moreover, "[t]he Tenth Circuit has explained that good cause 'comes into play in situations in which there is no fault—excusable or otherwise,' such as by a cause outside the movant's control and where a deadline cannot be met despite the movant's diligent efforts." *100 Mount Holly Bypass*, 2023 WL 3007940, at *2 (quoting *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700–01 (10th Cir. 2017)).

A party's failure to diligently pursue discovery weighs against an extension of the same. *See, e.g.*, *Jones v. State Farm Fire & Casualty. Co.*, No. CIV-20-00684-JD, 2022 WL 1518039, at *1 (W.D. Ok., Mar. 29, 2022) (denying a motion to extend discovery where the moving party waited months to request discovery it now sought additional time supplement); *Torres v. United States*, 2:13-cv-00402-RB-CG, 2014 U.S. Dist. LEXIS 205200, at *6 (D.N.M., May 14, 2014) (denying a motion to extend discovery to accommodate the moving party's "last minute" efforts to arrange a deposition); *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019)

(denying a motion to extend discovery on the basis that there was no good cause where the moving party failed to "show the scheduling deadlines [could not] be met despite [her] diligent efforts").

## ARGUMENT

Defendants' Motion presents several factors that this Court has indicated are relevant to whether a Court should *reopen* discovery. Mot. at 5 (citing *Integrated Bus. Planning Assocs., Inc. v. Operational Results, Inc.*, No. 2:22-733, 2024 WL 4884447, at *1 (D. Utah Nov. 25, 2024)). Discovery in this matter does not expire until January 28, and it does not appear that the factors described by Defendants are relevant to their request to *extend* discovery. *See Integrated Bus. Planning Assocs.*, 2024 WL 4884447, at *1; *Trove Brands, LLC v. Hut Grp. Ltd.*, No. 2:20-CV-00803, 2022 WL 2835470, at *1 (D. Utah July 20, 2022); *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Still, Defendants fail to demonstrate that these factors weigh in favor of their requested extension and fail to demonstrate good cause for an extension because they failed to work diligently to obtain the requested discovery. *See 100 Mount Holly Bypass*, 2023 WL 3007940, at *2. *See also Integrated Bus. Planning Assocs.*, 2024 WL 4884447, at *1:

> Relevant factors for courts to consider in determining whether good cause exists to reopen discovery include: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

Defendants' primary argument is that that good cause exists for its requested extension because it exercised diligence in seeking to serve AmeriMark Group AG and Leshem, accusing both of "intransigence" and accusing Leshem of evading service. This is false.

As an initial matter, given that (1) AmeriMark Group AG was not properly served (*see* ECF No. 207), and (2) Leshem was untimely served, and was served while a Motion for Extension

of the time to serve him was pending, Plaintiffs do not stipulate or otherwise concede that either AmeriMark Group AG or Leshem are currently parties to this case.

Moreover, Defendants' claims that Leshem evaded service are baseless and unsupported by their own evidence. *See generally*, Plaintiffs' Opposition to Defendants' Motion for Extension of Time to Effectuate Service on Leshem (ECF No. 190). Indeed, Defendants filed a declaration from a private investigator wherein the investigator claims to have conducted an address search on December 17, 2024 (*i.e.*, 15 days *after* Defendants filed the Motion for Extension to Effectuate Service). ECF No. 201-1. Defendants have utterly failed to demonstrate they worked diligently to timely serve Leshem. Notably, it appears the final address obtained for Mr. Leshem differs from the "presumed residence" described in the initial Motion and in the private investigator's report. *Compare* ECF Nos. 183-1 and 201-1 with ECF No. 218.[5] It appears Mr. Leshem was not evading service; Defendants were searching for him at the wrong address.

Further, Defendants' claims about Plaintiff's "access" to Leshem are incorrect. Counsel for Plaintiffs have had minimal contact with Leshem only since December 2024. Yet, even if Defendants' claims were true (they are not) this argument does not change the fact that Defendants failed to act diligently in attempting to obtain discovery from Leshem. As detailed above, Defendants filed a counterclaim in September of 2023 naming Leshem as the architect of the alleged fraudulent scheme no less than 15 times. Defendants named Leshem as a potential witness

---

[5] A simple Google search uncovered the address on the Return of Service for the undersigned.



in their November 2023 initial disclosures and filed an amended counterclaim in October of 2023 re-alleging the same or similar claims against him. ECF Nos. 30-2; 20. Despite their claims regarding Leshem's involvement in the alleged fraudulent scheme (since at least the time of the filing of their September 2023 counterclaim), Defendants waited a year to add Leshem as a third-party defendant. ECF Nos. 11; 139. During this time, Defendants made no attempts to obtain discovery from Leshem, through Rule 45 subpoena or otherwise. After filing the Third-Party Complaint on September 3, 2024, Defendants delayed in attempting to serve Leshem for a month. ECF No. 190 at 4 (citing ECF No. 183 at p. 4, ¶ 10). Then, despite receiving notice of Leshem's January 16 deposition on December 30, Defendants refused to appear, claiming they had a right to conduct their own discovery and in-person deposition. Diamond Decl., ¶ 5, Ex. 4. Defendants have made no attempts to schedule this in-person deposition. None of these facts evidence diligence.

As to AmeriMark Group AG, Defendants have not and cannot provide any rationale for their apparent inability to serve that entity, except to allege that Plaintiffs' counsel, who did not represent the entity until recently, would not accept service of the Third-Party Complaint. Despite knowledge that Plaintiffs' counsel was not authorized to accept service, Defendants failed to even attempt to serve AmeriMark Group AG for more than two months after filing the Third-Party Complaint, presumably waiting until the November 26 deposition of Martin Fasser Heeg to avoid following the procedures outlined in the Hague Convention for serving foreign parties. *See* ECF No. 207 (AmeriMark Group AG's Motion to Dismiss).

Moreover, Defendants have been aware of AmeriMark Group AG's claims in this matter since Plaintiffs filed their July 2023 Complaint. *See* ECF No. 1, ¶ 2. Defendants also listed this entity in its November 2023 initial disclosures. ECF No. 30-2. Indeed, at least since November of 2023, Defendants have claimed that "Amerimark Group AG purports to be a Swiss corporation with its principal place of business in Zug, Switzerland. Amerimark Group AG does not operate any actual business. It makes nothing, sells nothing, does nothing. It is a shell entity," and also knew that Plaintiffs allege that it is the 100% parent of Plaintiff AmeriMark Automotive AG and

9

the 100% owner of Rymark. ECF No. 30-2 at 2; ECF No. 1, ¶ 1–2; ECF No. 11. Again, like they did with Leshem, Defendants waited a year to name AmeriMark Group AG as a third-party defendant and took no steps in the meantime to reach out to AmeriMark Group's Swiss counsel, Mr. Kappeler, who has been known to them since the onset of this ligation, to request a waiver of service, or to obtain discovery from AmeriMark Group AG through Rule 45 subpoena or otherwise. In sum, Defendants clearly failed to act diligently and should not be rewarded for their delay by being allowed additional time to obtain discovery it could have requested months ago. Defendants' Motion should be denied.

## CONCLUSION

Based on the foregoing, good cause to extend discovery does not exist. Defendants' Motion should be denied.

Dated: January 22, 2025

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen
Hannah Ector

VENABLE LLP
John Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

## CERTIFICATE OF SERVICE

I hereby certify that on **January 22, 2025**, I caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY (ECF NO. 219)** to be filed on CM/ECF and accordingly electronically served to the parties of record.

                                          */s/ Hannah Ector*
                                          Hannah Ector