# EXHIBIT 4

**Hannah Ector**

---

**From:** Stephen Richards <srichards@kba.law>
**Sent:** Tuesday, January 14, 2025 6:01 PM
**To:** Diamond, Sarah E.; Chad Pehrson; Robert Harrington
**Cc:** Erik A. Christiansen; Worden, John S.; Gallagher, Zoe; Hannah Ector; Karen Rubino
**Subject:** RE: Capana v. Rymark | Discovery Meet and Confer Correspondence

**This Message Is From an External Sender**
This message came from outside your organization.

Report Suspicious

Sarah:

Thank you for your email. We certainly hope the fires haven't impacted you or your colleagues too severely.

Our investigator managed to serve Mr. Leshem with our Third-Party Complaint yesterday. As you may know, although Mr. Leshem's attorney was apparently willing to accept service of your Rule 45 subpoena, he would not accept service of the Third-Party Complaint. We intend to move for a 90-day extension of the fact discovery deadline to facilitate discovery from Mr. Leshem and AmeriMark Group. We believe we are entitled to serve Mr. Leshem and AmeriMark Group with written discovery and to take in-person party depositions of each.

Please advise whether you will stipulate to our request. If so, we will circulate a draft stipulation. If not, we need to immediately meet-and-confer with you regarding the issue. We are willing to put off that meet-and-confer until Friday, as you request below, but only if the remote Leshem deposition comes off-calendar. Otherwise, we will meet-and-confer on this issue with whichever members of your team are at the Rymark deposition tomorrow, and we will file our motion thereafter. We can meet and confer on other issues on Friday.

We also need to meet and confer regarding the H2E and Simkiss depositions. I do not believe we have received an explanation from you for your refusal to stipulate that we may take H2E's and the Simkisses' depositions after the currently scheduled close of fact discovery, given their unavailability this month. As you know, parties are required to be accommodating of third parties' schedules. In addition, the Utah Standards of Professionalism and Civility require lawyers to "agree to reasonable requests for extension of time and waiver of procedural formalities when doing so will not adversely affect their clients' legitimate rights," to "consult with other counsel so that depositions, hearings, and conferences are scheduled at mutually convenient times," and to "cooperate in making any reasonable adjustments" to schedules. Courts in this district expect parties to cooperate regarding depositions. *E.g., Borandi v. USAA Cas. Ins. Co.*, 2014 WL 12626264 (D. Utah Feb. 3, 2014) (refusal to accommodate scheduling request for deposition around the close of discovery was "inappropriate and constitutes a form of practice that this court will not tolerate"; parties should "agree to short extensions of time to accommodate for the availability of counsel and the deponent").

If you will not stipulate that we may depose H2E and the Simkisses in February, we will move for relief on that issue as well.

We will look forward to meet-and-conferring with you on Friday. Chad and I can be available at 11:00 a.m. Mountain/10:00 a.m. Pacific.

Best,

Stephen

1