Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **THIRD-PARTY DEFENDANT AMERIMARK GROUP AG'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

As made clear in AmeriMark Group AG's ("AM Group") Motion to Dismiss, neither attorney John Worden nor Martin Fasser Heeg were authorized to accept service on AM Group's behalf and therefore service upon Mr. Heeg during his deposition on November 26, 2024 in Salt Lake City was insufficient. Service upon AM Group, a Swiss corporation, was also insufficient pursuant to the Hague Service Convention.

In their Opposition, Defendants claim they properly served AM Group pursuant to Rule 4(h) by serving Mr. Heeg, who they claim was an officer and/or a general agent of AM Group. Defendants also claim that the Hague Convention does not apply because they served AM Group in the United States. Each of their arguments fail.

First, Defendants' Opposition is based on their conclusory argument that because Mr. Heeg is an officer and/or agent of AM Group, service upon him was sufficient. However, Defendants ignore the uncontroverted fact that Mr. Heeg and counsel explicitly stated they were not authorized to accept service on behalf of AM Group. Defendants apparently believe that the rules allow them to force service upon a director of an entity who explicitly does not have authority to accept the same, presumably so that they can avoid the "costly, time-consuming, and uncertain" procedures under the Hague Service Convention. *See* Opposition (ECF No. 217) at 8; *see also Romand v. Zimmerman*, 881 F. Supp. 806, 810 (N.D.N.Y. 1995) ("directors of corporations are not officers or other agents of the corporation for purposes of Rule 4."). Tellingly, the cases cited by Defendants do not address situations in which the director of an entity is explicitly *not authorized* to accept service.

Second, as explained in the Motion, because AM Group is a Swiss entity, Defendants must comply with the Hague Service Convention for service. Mot., p. 7. Under Swiss law, directors

are not permitted to accept service on behalf of an entity without express authority to do so, and such requests must be made through the procedures outlined in the Hague Service Convention.[1] Defendants (not Plaintiffs) knowingly authorized the creation of the Swiss entity at issue in this case, and in so doing, availed themselves of the benefits (and protections) of the jurisdiction and are required to abide by the laws of Switzerland.  *See, e.g.*, *Oteng v. Golden Star Res., Ltd.*, 615 F. Supp. 2d 1228, 1238 (D. Colo. 2009) ("the rights of a shareholder in a foreign company … are determined by the law of the place where the company is incorporated").  Switzerland's express reservations to the Hague Convention require that "documents which are effectively addressed to a person resident abroad cannot be served on a legal entity who is not authorized to receive them in the country in which they were drawn up."[2]

Defendants claim the Hague Convention does not apply if the foreign corporation is served "through its officer or managing or general agent, on U.S. soil."  Opp'n at 8 (citing *Johnson v. CL Medical SARL*, No. 15-2075, 2016 WL 9665160, at *2 (C.D. Ill. July 15, 2016); *M & R Marketing Sys., Inc. v. Top Stamp, Inc.*, No. 96-828, 1996 WL 805485, at *4 (D.N.J. 1996)).  Not so.  For this exception to apply, the person served must be conducting business on behalf of the entity in the United States at the time of service.  *Gift Card Impressions, LLC v. Grp. Servs. Ltd.*, No. 12-CV-

---

[1] *See* US EMBASSY IN SWITZERLAND & LIECHTENSTEIN, *Service Process*, https://ch.usembassy.gov/u-s-citizen-services/local-resources-of-u-s-citizens/living-in-ch/judicial-information/service-process/#:~:text=Switzerland%2C%20in%20a%20reservation%20to,addressed%2C%20i.e.%20in%20German%2C%20French. (last visited January 27, 2025).

[2] *See* HAGUE CONVENTION ON PRIVATE INTERNATIONAL LAW, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, arts. 1, 5, 8, 10, 15, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=424&disp=resdn (last visited Jan. 27, 2025).

02766-JAR-KMH, , at *3 (D. Kan. July 15, 2013); *Rocky Mountain Chipseal, LLC v. Sherman Cnty., Kan.*, 841 F. Supp. 2d 1224, 1229 (D. Colo. 2012) ("When a corporate officer is served in the forum state while she was there for reasons unrelated to the defendant-corporation, and that corporation lacks minimum contacts with the forum state, serving that officer did not confer the forum state with jurisdiction over the corporation."). Here, Mr. Heeg was in the United States to testify at a deposition as a fact witness in his individual capacity; he did not testify as a 30(b)(6) witness on behalf of any entity involved in this litigation and was not present to conduct any business on behalf of AM Group. *See* ECF No. 124 at 2 (demonstrating that Defendants sought to depose Mr. Heeg because they allege he personally joined a "fraudulent scheme").

Further, Defendants make no attempts to demonstrate that Mr. Heeg is AM Group's "officer or managing or general agent." Defendants are required to demonstrate that Mr. Heeg, in his apparent role as officer or agent of AM Group, is "authorized to transact all business of a particular kind at a particular place, or [is] vested with powers of discretion rather than under direct superior control." *United States Gypsum Co. v. Level 5 Tools, LLC*, No. 18-2538-JWL, 2019 WL 280957, at *5 (D. Kan. Jan. 22, 2019). Defendants make no attempts to do so (nor can they) and have therefore failed to meet their burden to prove service was proper. *See id.*

## CONCLUSION

Based on the foregoing, this Court should dismiss AM Group from the above-captioned case on personal jurisdiction grounds, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, because Defendants failed to effectuate service on AM Group.

Dated: January 28, 2025

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen
Hannah Ector

VENABLE LLP
John Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2025, I caused a true and correct copy of the foregoing **THIRD-PARTY DEFENDANT AMERIMARK GROUP AG'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE** to be filed on CM/ECF and accordingly electronically served to the parties of record.

*/s/ Hannah Ector*
Hannah Ector