Chad S. Pehrson (12622) cpehrson@kba.law
Robert P. Harrington (12541) rharrington@kba.law
Stephen Richards (19332) srichards@kba.law
**KUNZLER BEAN & ADAMSON, PC**
50 W Broadway, Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual, <br><br> Defendants. | **DEFENDANTS' SHORT FORM DISCOVERY MOTION TO ACCOMMODATE THIRD-PARTY SCHEDULES AND AUTHORIZE THREE THIRD-PARTY DEPOSITIONS—JOHN SIMKISS, SARAH SIMKISS, AND H2E— AFTER SCHEDULED CLOSE OF FACT DISCOVERY** <br><br> Case No.: 2:23-cv-00467 <br><br> Judge: Ted Stewart <br> Magistrate Judge: Cecilia M. Romero |

Under Rule 45(d)(1), parties "must take reasonable steps to avoid imposing undue burden or expense on a person subject to [a third-party] subpoena." Similarly, the Utah Standards of Professionalism and Civility Nos. 14 and 15 provide that lawyers "shall agree to reasonable requests for extension of time . . . when doing so will not adversely affect their clients' legitimate

1

rights," "consult with other counsel so that depositions . . . are scheduled at mutually convenient times," and "cooperate in making any reasonable adjustments" to schedules.

Here, Defendants noticed depositions of three third parties: H2E Americas LLC ("**H2E**"), John Simkiss, and Sarah Simkiss. Defendants have also served document subpoenas on those same third parties. Each has information important to the parties' claims and defenses. Briefly, Defendants contend that Plaintiff Capana Swiss Advisors AG ("**Capana**") took 13,000,000 stolen shares of stock that belonged to Defendant Nicholas Markosian and transferred that stock to Third-Party Defendant Philomaxcap AG. Now, Philomaxcap and Capana are working on a transaction with H2E where H2E will become by far the largest shareholder in Philomaxcap— and therefore control the stolen shares. Mr. Markosian seeks a declaration that he is the true owner of the shares, as well as more than $100 million in damages. John and Sarah Simkiss are affiliated with H2E. Mr. Simkiss has long been involved in this litigation; he is on communications with Plaintiffs' counsel and even attended a hearing.

Rymark noticed H2E and the Simkisses' depositions in December 2024, setting deposition dates during the week of January 20, 2025. H2E and the Simkisses' retained counsel, and that counsel has advised Rymark that he would be out of the country on the noticed dates and that the Simkisses are unavailable for deposition through the week of January 27, 2025. Fact discovery closes on January 28, 2025. Rymark advised Plaintiffs of the Simkisses' scheduling constraints and asked Plaintiffs to agree that, in order to accommodate the Simkisses, the depositions could be held after the close of fact discovery on dates convenient for the Simkisses. Plaintiffs refused. H2E and the Simkisses have since filed motions to quash the subpoenas in three separate federal judicial districts and meet and confer efforts with their counsel are ongoing.

There is no basis for Plaintiffs' refusal, which ignores both Rymark's obligations to reasonably accommodate the Simkisses *and* Plaintiffs' obligation to reasonably accommodate Rymark. Rymark could have, of course, proceeded on the noticed dates, knowing the witnesses will not show up, and then move to enforce the subpoenas, thus preserving its right to take the depositions later. But Rymark believes instead that it should accommodate reasonable scheduling requests of third parties. And this Court has admonished parties who, like Plaintiffs, will not play nice when it comes to deposition scheduling. *See, e.g.*, *Borandi v. USAA Cas. Ins. Co.*, 2014 WL 12626264 (D. Utah Feb. 3, 2014) (refusal to accommodate scheduling request for deposition around the close of discovery was "inappropriate and constitutes a form of practice that this court will not tolerate"; parties should "agree to short extensions of time to accommodate for the availability of counsel and the deponent").

Defendants therefore respectfully request an order authorizing them to take H2E's and the Simkisses' deposition after the close of discovery and to work with them on responses to document requests and preserve the right to move to compel responses, if necessary.

**MEET-AND-CONFER PROCESS**

Counsel for Defendants contacted counsel for Plaintiffs on January 8, explained the Simkisses' scheduling constraints, and asked if Plaintiffs would be "amenable to holding those depositions after the fact discovery cutoff if those are the only dates that would work for [the witnesses]." Plaintiffs responded: "We must decline the request." A call was subsequently held where Plaintiffs' counsel continued to refuse the accommodation. Rymark asked for more information on January 14, and Plaintiffs' counsel responded on January 15 to say that the parties had "already met and conferred" on the issue. On January 17, 2025, the parties met-and-conferred

3

in person regarding the issue, and still, Plaintiffs would not agree to hold these depositions after the close of fact discovery. The parties agreed that they are at an impasse.

DATED: January 28, 2025

**Kunzler Bean & Adamson, PC**

<u>/s/Chad S. Pehrson</u>
Chad S. Pehrson
Stephen Richards
Robert Harrington

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January, 2025, I filed the foregoing **DEFENDANTS' SHORT FORM DISCOVERY MOTION TO ACCOMMODATE THIRD-PARTY SCHEDULES AND AUTHORIZE THREE THIRD-PARTY DEPOSITIONS AFTER SCHEDULED CLOSE OF FACT DISCOVERY** via the Court's CM/ECF system, which provided notice of such filing to all counsel of record.

*/s/Chad S. Pehrson*