Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL SEARCH OF ADDITIONAL COMMUNICATION PLATFORMS**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

Defendants refuse to search: (1) Markosian's iPad; (2) Rymark's Slack channels, and (3) Markosian's personal emails for responsive documents in violation of their Rule 26(b)(2) discovery obligations. Plaintiffs have been forced to compel a search of these platforms.

**Markosian's iPad**. Critical emails sent from Markosian's iPad have only been produced *by third parties*. Markosian claims that Whitetree Capital (an entity he initially said he never heard of) stole 13M of his AmeriMark Group shares without his knowledge. However, Whitetree's December 2024 production revealed that Markosian consented to all transactions and even emailed Whitetree directly. This critical email was produced by Whitetree, *not Defendants*, though it was "[s]ent from [Markosian's] iPad."

```
-------- Weitergeleitete Nachricht --------
Betreff: Re: New Opportunity High Importance!!
Datum: Wed, 31 Oct 2018 16:20:03 +0100
Von: Nick Markosian <Nick@beenjerkedaround.com>
An: Miron Leshem <anandacapital@comcast.net>
Kopie (CC): a.keller@whitetreecapital.ltd, andreavoss@vossreedstein.com,
mr@vossreedstein.com <mr@vossreedstein.com>

This is fine with me.

-Nick

Sent from my iPad
```

Defendants never produced this email and have failed to provide any explanation for this critical omission. During the parties' January 17, 2025 meet-and-confer, Defendants' counsel said that they refuse to search Markosian's iPad because the Outlook servers Defendants searched *should* have all emails sent by Markosian (regardless of the device they were sent from). The Whitetree production demonstrates this is false. Defendants must search Markosian's iPad and immediately produce all responsive documents.

**Rymark's Slack Channels**. Defendant John Kirkland admitted at his August 26, 2024 deposition that Defendants communicate on the messaging application Slack. Moreover, dozens of documents from Defendants' production refer to Slack. Still, Defendants refuse to search the Slack platform.[1]

---

[1] Plaintiffs produced all Slack messages responsive to Defendants' document requests.

**Markosian's Personal Emails**.  Defendants' production refers to an email, markosianauto1@gmail.com, which Defendants admit was never searched because, they claim, it is a personal email used only for subscriptions.  Defendants also claim Markosian's email nickwvap@netscape.net has no responsive documents (without providing any explanation).  Defendants' baseless assurances do not satisfy their obligation to search these email accounts.

Defendants have no basis to refuse to search these platforms for potentially relevant documents.  *See, e.g.*, *Navajo Nation v. Urban Outfitters, Inc.*, No. 12cv0195 LH/LAM, 2014 U.S. Dist. LEXIS 187471 (D. N.M. Nov. 21, 2014) at *12 (compelling defendants to search additional share drives where those drives "may" have additional responsive documents); *Larsen v. PTT, LLC*, No. 3:04-CR-00191-FDW, 2024 U.S. Dist. LEXIS 9515 (W.D.N.C. Jan. 18, 2024) (compelling search of Slack for responsive documents when there was evidence that employees used Slack for internal communications).  In response to Plaintiffs' request that Defendants search these platforms, Defendants claimed in their meet-and-confer letter dated January 6, 2025, *without any support*, that "there is no basis to believe that responsive documents will be found in personal email addresses or on Slack or WhatsApp, and as a result, our diligent search did not extend there."[2]  Defendants' discovery obligations demand that they search these platforms.

## CERTIFICATION

On January 17, 2025, counsel for the parties (Chad Pehrson, Stephen Richards, Sarah Diamond, and Erik Christiansen) met and conferred on these issues in-person pursuant to DUCivR 37-1(b).  The parties are at an impasse as to these issues.

---

[2] Such claims are dubious given Defendants' practice of "dumping" thousands of non-responsive documents throughout discovery from other platforms.  *See* ECF No. 114.

Dated: January 31, 2025

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen
Hannah Ector

VENABLE LLP
John Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

4

4927-5063-1953.v1

## CERTIFICATE OF SERVICE

I hereby certify that on **January 31, 2025**, I caused a true and correct copy of the foregoing **PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL SEARCH OF ADDITIONAL COMMUNICATION PLATFORMS** to be filed on CM/ECF and accordingly electronically served to the parties of record.

*/s/ Hannah Ector*
Hannah Ector

4927-5063-1953.v1