Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and
AmeriMark Automotive AG, and Third-Party Defendants
Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander,
and AmeriMark Group AG*

**UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' SHORT FORM MOTION TO ACCOMMODATE THIRD-PARTY SCHEDULES AND AUTHORIZE THREE THIRD-PARTY DEPOSITIONS—JOHN SIMKISS, SARAH SIMKISS, AND H2E—AFTER SCHEDULED CLOSE OF DISCOVERY**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

Defendants call *Plaintiffs* unreasonable, but it was *Defendants* who waited *six months* to notice the depositions of third-parties with no involvement in this case, John and Sarah Simkiss and H2E ("Simkiss/H2E"). Defendants want to use these depositions to extend discovery. There is no basis to do so. Defendants' overlength Motion[1] purports to "accommodate third-party schedules." Not so. Defendants' Motion should be denied because: (1) Defendants unduly delayed any effort to depose Simkiss/H2E; and (2) Simkiss/H2E are completely unrelated parties.

***First,*** Defendants waited *six months* to try and depose Simkiss/H2E after the parties first discussed Simkiss during the June 18, 2024 meet-and-confer.[2] On July 15, 2024, Plaintiffs produced a document where Simkiss was copied (PL_0000016404). Defendants then asked Mr. Bernhardt extensive questions about Simkiss/H2E at his September 4, 2024 deposition. Defendants then **waited until December 9, 2024** to serve subpoena notices to Simkiss/H2E (including grossly overbroad document requests like "all communications between [Simkiss] and" *fifteen* individuals/entities). On January 8, 2025, Defendants asked Plaintiffs to extend discovery until after Simkiss/H2E depositions. Plaintiffs explained to Defendants that Simkiss/H2E have no relevance to this case, and therefore, there was no basis to extend discovery for their depositions.

Motions of this nature are routinely denied. *See, e.g.*, *Cooperstein v. Univ. of Utah*, 2:22-cv-00537, 2025 U.S. Dist. LEXIS 8988, at *1 (D. Utah Jan. 16, 2025) (denying extension where the need for depositions was "foreseeable before the close of fact discovery" and the moving party was not "diligen[t] in pursuing them"); *Newpath Mut. Ins. Co. v. Higgins*, No. 2:22-cv-00709; 2024 U.S. Dist. LEXIS 183176 at *1-2 (D. Utah. Oct. 7, 2024). Defendants' reliance on *Borandi v. USAA Cas. Ins. Co.* to claim otherwise is misplaced. *Borandi* prohibits unilaterally noticed depositions, which is exactly what Defendants did here. No. 2:13-cv-141-TS-PMW, 2014 U.S. Dist. LEXIS 199987, at *6 (D. Utah Feb. 3, 2014). *Borandi* encourages "agreeing to

---

[1] Defendants' 689-word Motion violates DUCivR 37-1(a)(3).

[2] The "hearing" Defendants reference in their Motion was held on *June 13, 2024*.

2

short extensions of time … particularly where there is no resulting prejudice." *Id.* at *2. Here, in contrast, Defendants did not provide alternative dates. Moreover, given that Plaintiffs have complied with all discovery deadlines, Plaintiffs will be prejudiced by further delay. *See* ECF No. 228.

*Second,* Defendants do not and cannot show that Simkiss/H2E have *any* relevant information in this case.[3] Defendants even acknowledge the attenuated relationship with Simkiss/H2E – stating that Simkiss/H2E *considered* investing in Philomaxcap, the *parent of the parent of the parent* of AmeriMark Automotive. There is no basis to extend discovery for these depositions. The Motion should be denied.

Dated: February 3, 2025

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen
Hannah Ector

VENABLE LLP
John S. Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

---

[3] Simkiss/H2E filed motions to quash the subpoenas, noting that Defendants "inaccurately represented that [Simkiss/H2E] had 'long been involved in this litigation.'" *Capana Swiss Advisors, AG, et al. v. Rymark Inc., et al.*, Case No. 2:25-mc-00005-AB (E.D. Pa.), Dkt. No. 1; *see also Capana Swiss Advisors, AG, et al. v. Rymark Inc., et al*., Case No. 2:25-mc-00153-SSV-DPC (E. D. La), Dkt. No. 1.

4927-5063-1953.v1

## CERTIFICATE OF SERVICE

I hereby certify that on **February 3, 2025**, I caused a true and correct copy of the foregoing **OPPOSITION TO DEFENDANTS' SHORT FORM MOTION TO ACCOMMODATE THIRD-PARTY SCHEDULES AND AUTHORIZE THREE THIRD-PARTY DEPOSITIONS—JOHN SIMKISS, SARAH SIMKISS, AND H2E—AFTER SCHEDULED CLOSE OF DISCOVERY** to be filed on CM/ECF and accordingly electronically served to the parties of record.

*/s/ Hannah Ector*
Hannah Ector

4927-5063-1953.v1