| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and Address): | Telephone No.: (801) 994-4646 | FOR COURT USE ONLY |
|---|---|---|

**Chad S. Pehrson (12622)**

**KUNZLER BEAN & ADAMSON, PC**
**50 W. Broadway, 10th Floor**
**Salt Lake City, UT 84101**

ATTORNEY FOR (NAME): **Rymark, Inc., et al**

Ref. No. or File No.
**Capana vs. Rymark**

Insert name of court, judicial district or branch court, if any:

**United States Courthouse for the District of Utah**
**District of Utah**
**351 S W Temple**
**Salt Lake City, UT 84101**

PLAINTIFF:
**Capana Swiss Advisors, AG, et al**

DEFENDANT
**Rymark, Inc., et al**

| **PROOF OF SERVICE** | DATE | TIME | DEPT/DIV | CASE NUMBER |
|---|---|---|---|---|
| | | | | **2:23-cv-00467** |

# UNITED STATES DISTRICT COURT
## DECLARATION OF SERVICE

I, THE UNDERSIGNED, DECLARE UNDER PENALTY OF PERJURY THAT I WAS ON THE DATE HEREIN REFERRED TO OVER THE AGE OF 18 YEARS AND NOT A PARTY TO THE WITHIN ENTITLED ACTION. I SERVED THE FOLLOWING DOCUMENT(S) OR TRUE COPIES THEREOF WITH ALL EXHIBITS:

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

ON: **Sarah Simkiss**

AT: **150 Millcreek Rd**
**Ardmore, PA 19003**

MANNER OF SERVICE: **In compliance with Federal Code of Civil Procedure.**
**Personal Service - By delivering to and leaving with the above named person a copy thereof.**

DATE AND TIME OF DELIVERY: **12/20/2024 11:45:00 AM**

FEE FOR SERVICE: $87.50

**Not a Registered California Process Server**
County: **Southampton, PA**
**Registration No.**
**American Messenger Service, Inc.**
**3330 Market Street, Suite C**
**San Diego, CA 92102**
**(619) 278-0891**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **Thursday, January 02, 2025**

Signature: _____
Joseph Valentine

## PROOF OF SERVICE

622185

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    2:23-cv-00467

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*    Sarah Simkiss

on *(date)*    12/18/2024    .

☒    I served the subpoena by delivering a copy to the named person as follows:    Sarah Simkiss

_____    on *(date)*    12/20/2024    ; or

☐    I returned the subpoena unexecuted because: _____    .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____    .

My fees are $    87.50    for travel and $    0.00    for services, for a total of $    87.50    .

I declare under penalty of perjury that this information is true.

Date:    01/02/2025    _____
*Server's signature*

Joseph Valentine / Process Server
*Printed name and title*

c/o American Messenger Service, Inc.
3330 Market Street, Suite C, San Diego, CA 92102
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_

District of Utah

| | | |
|---|---|---|
| CAPANA SWISS ADVISORS, AG, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    2:23-CV-00467 |
| | ) | |
| RYMARK INC., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    SARAH SIMKISS
                    150 Millcreek Rd., Ardmore, PA 19003

*(Name of person to whom this subpoena is directed)*

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

### SEE ATTACHMENT A

| Place: | Kunzler Bean & Adamson, PC 50 W. Broadway, Suite 1000 Salt Lake City, UT 84101 | (*electronic production preferred per instructions) | Date and Time: | January 8, 2025  5:00PM EST |
|---|---|---|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/16/2024

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Chad S. Pehrson* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Rymark, Inc., Nicholas Markosian, and Vicky Small _____, who issues or requests this subpoena, are:
Chad S. Pehrson, Robert P. Harrington, Kunzler Bean & Adamson, PC, 50 W. Broadway, Suite 1000, Salt Lake City, UT 84101 - (801) 994-4646 - cpehrson@kba.law and rharrington@kba.law

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.      2:23-CV-00467

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## ATTACHMENT A

## INSTRUCTIONS

For purposes of responding to this Subpoena Duces Tecum, please adhere to the following instructions:

1.      You must produce a document in its entirety and not just portions thereof, including all attachments to responsive emails.  If any document is not produced in full, please state the reason(s) the document is not being produced in full and describe with reasonable particularity the portions of the document not being produced.

2.      You must produce all non-identical copies or drafts (meaning copies or drafts that are different from the originals because of alterations, notes, comments, etc.) of any documents.

3.      If any documents are withheld based upon a claim of privilege, work produce, confidentiality, or any other grounds, please state with respect to each document the nature of the withheld document and the reason it is being withheld.

4.      We prefer that you produce documents electronically. Please send the electronic production to the following: cpehrson@kba.law; jadamson@kba.law; srichards@kba.law; rharrington@kba.law; acoats@kba.law; and mhansen@kba.law.

## DEFINITIONS

5.      "You" and "Your" mean Sarah Simkiss, any corporate entities in which Sarah Simkiss holds a controlling interest, and all present and former attorneys, agents, employees, officials, contractors, representatives, or other persons who possess, or who have obtained information for or on Sarah Simkiss's behalf.

6.      A reference to a person includes an individual, corporation, partnership, joint venture, limited liability company, governmental authority, unincorporated organization, trust,

association, or other entity and includes all of that person's principals, employees, agents, attorneys, consultants, and other representatives.

7.    "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A). The term "document" refers to any document now or at any time in Your possession, custody, or control. A person is deemed in control of a document if the person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

8.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

9.    "Concerning" means consisting of, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

10.    The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

11.    The terms "all," "any," or "each" encompass any and all of the matter discussed.

12.    The use of singular form includes plural, and vice versa.

13.    The use of present tense includes past tense, and vice versa.

## **<u>REQUESTS</u>**

14.    All communications between you and any of the following:

(a)    ~~Shaen Bernhardt~~

(b)    Ashley Miron Leshem

(c)    David Hesterman

(d)    Nicolai Colshorn

2

(e)    Stefan Kammerlander

(f)    Alexander Coenen

(g)    Martin Fasser Heeg

(h)    Capana Swiss Advisors AG

(i)    Amerimark Group AG

(j)    Amerimark Automotive Group AG

(k)    Philomaxcap AG

(l)    <u>Achim Pfeffer</u>

(m)    ~~Orbital AG~~

(n)    Philocity Global GmbH

(o)    ~~H2E Americas LLC~~

(p)    Whitetree Capital

(q)    Erika Zordaki

(r)    Josh McMorrow

15.    <u>All communications between you and any of the following that refer or relate in any way to Rymark, Inc.; AmeriMark Group AG; AmeriMark Automotive AG; Nicholas Markosian; Vicky Small; John Kirkland; and/or the lawsuit captioned *Capana Swiss Advisors AG et al. v. Rymark, Inc. et al.*, No. 2:23-CV_00467 (D. Utah):</u>

16.    <u>Shaen Bernhardt</u>

17.    <u>Capana Swiss Advisors AG</u>

18.    <u>Orbital AG</u>

19.    <u>Josh McMorrow</u>

20.    <u>H2E Americas LLC</u>

21.    <u>Venable LLP, including but not limited to John Worden, Sarah Diamond, and/or</u>

Arthur Cirulnick

22.      Parsons Behle & Latimer, including but not limited to Erik Christiansen and/or Nick Greenwood.

23.      All documents and communications that refer or relate to AmeriMark Automotive AG, AmeriMark Group AG, 4Service Cloud Tech AG, Rymark, Inc., Nicholas Thayne Markosian, John Kirkland, and/or Vicky Small, Capana Swiss Advisors AG, Capana Swiss Advisors AG, and/or Orbital AG.

24.      All documents and communications concerning Whitetree Capital.

25.      All documents and communications concerning Erika Zorkadi.

26.      All documents and communications that refer or relate to any actual or potential transaction between any of the following: H2E Americas LLC, Philomaxcap AG, Capana, Amerimark AG, and/or Philocity Global GmbH.

27.      All documents and communications that refer or relate to any actual or potential transaction or agreement between H2E Americas LLC and Philomaxcap AG.

28.      Records of all corporate meetings of Capana Swiss Advisors AG, Orbital AG, Philomaxcap AG, and H2E Americas LLC.

29.      All documents and communications that refer or relate to any business dealings between you and Orbital AG and/or Capana Swiss Advisors AG, including but not limited to loans you have received from and loans you have provided to those entities.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**DUCivR 37-1 DISCOVERY: MOTIONS AND DISPUTES; REFERRAL TO MAGISTRATE JUDGE**

**(a) Discovery Disputes.**

(1) The parties must make reasonable efforts without court assistance to resolve a dispute arising under Fed. R. Civ. P. 26-37 and 45.  At a minimum, those efforts must include a prompt written communication sent to the opposing party:

(A) identifying the discovery disclosure/request(s) at issue, the repsones(s) thereto, and specifying why those repsonses/objections are indequate, and;

(B) requesting to meet and confer, either in person or by telephone, with alternative dates and times to do so.

(2) If the parties cannot resolve the dispute, and they wish to have the Court mediate the dispute in accordance with Fed. R. Civ. P. 16(b)(3)(v), the parties (either individually or jointly) may contact chambers and request a discovery dispute conference.

(3) If the parties wish for the court to resolve the matter by order, the parties (either individually or jointly) must file a Short Form Discovery Motion, which should not exceed 500 words exclusive of caption and signature block.

(4) The Short Form Discovery Motion must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the names of all participating parties or attorneys. The filing party should include a copy of the offending discovery request/response (if it exists) as an exhibit to the Short Form Motion. Each party should also e-mail chambers a proposed order setting forth the relief requested in a word processing format.

(5) The parties must request expedited treatment as additional relief for the motion in CM/ECF to facilitate resolution of the dispute as soon as practicable. (After clicking the primary event, click Expedite.)

(6) The opposing party must file its response five business days [5] after the filing of the Motion, unless otherwise ordered. Any opposition should not exceed 500 words exclusive of caption and signature block.



(7) To resolve the dispute, the court may:

(A) decide the issue on the basis of the Short Form Discovery Motion after hearing from the parties to the dispute, either in writing or at a hearing, consistent with DUCivR 7-1(f);

(B) set a hearing, telephonic or otherwise, upon receipt of the Motion without waiting for any Opposition; and/or

(C) request further briefing and set a briefing schedule.

(8) If any party to the dispute believes it needs extended briefing, it should request such briefing in the short form motion or at a hearing, if one takes place. This request should accompany, and not replace, the substantive argument.

(9) A party subpoenaing a non-party must include a copy of this rule with the subpoena. Any motion to quash, motion for a protective order, or motion to compel a subpoena will follow this procedure

(10) If disputes arise during a deposition that any party or witness believes can most efficiently be resolved by contacting the Court by phone, including disputes that give rise to a motion being made under Rule 30(d)(3), the parties to the deposition shall call the assigned judge and not wait to file a Short Form Discovery Motion.

(11) Any objection to a magistrate judge's order must be made according to Federal Rule of Civil Procedure 72(a), but must be made within fourteen (14) days of the magistrate judge's oral or written ruling, whichever comes first, and must request expedited treatment. DUCivR 72-3 continues to govern the handling of objections.

## Short Form Discovery Flow Chart

When a discovery dispute arises, the parties must make reasonable efforts without the court to resolve that dispute. **At a minimum**, the party who intends to file a motion must:

**(1) identify the problem, (2) explain the deficiency, citing legal authority, (3) and request a telephone or in-person meeting.**



If the parties' attempts at informal resolution are unsuccessful, they may file a joint, or individual, motion seeking relief, but that motion may not exceed 500 words exclusive of caption and signature block. This motion must include a certification that the parties attempted to reach an agreement including "the date, time, and place of such consultation and the names of all participating parties or attorneys." The filing party or parties must request expedited treatment of the motion.

Unless otherwise ordered, the opposing party must file an opposition within five business days, also limited to 500 words



Motion decided without hearing

Hearing set (potentially before opposition filed)

Court requests further briefing and sets briefing schedule

Court issues ruling and order.

Any appeal from a magistrate judge's decision on a Short Form Discovery Motion is reviewed under an extremely-deferential standard that requires the objecting party to show the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Any purported error must strike the district court "as wrong with the force of a five-week-old, unrefrigerated dead fish." *Flying J Inc. v. TA Operating Corp.*, No. 06-30, 2008 WL 2019157, at *1 (D. Utah May 7, 2008) (quoting *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.,* 866 F.2d 228, 233 (7th Cir.1998)).