Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* (srichards@kba.law)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants, Counter Claimants and Third-Party Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | ***EX PARTE* MOTION FOR ALTERNATIVE SERVICE**<br><br>Case No.: 2:23-cv-00467<br><br>Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero<br><br>**EXPEDITED TREATMENT REQUESTED** |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and AMERIMARK AUTOMOTIVE AG, a Swiss Corporation,<br><br>Counter Defendants. | |

| |
|---|
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual, <br><br>    Third-Party Plaintiffs, <br><br> vs. <br><br> SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation, <br><br>    Third-Party Defendants. |

  Pursuant to Rule 4 and Rule 45 of the Federal Rules of Civil Procedure, Defendants Rymark, Inc. and Nicolas Thayne Markosian ("**Defendants**" or "**Rymark**") hereby move this Court to permit service of Rule 45 deposition and document subpoenas on John Simkiss ("**Mr. Simkiss**") and Sarah Simkiss ("**Ms. Simkiss**" and, collectively, with Mr. Simkiss, the "Simkisses") via email to the Simkisses' counsel.

  Since December 18, 2024, the Simkisses' counsel has confirmed that they are in receipt of the subpoenas. The Simkisses' counsel has lodged formal objections to the subpoenas and has moved to quash the subpoenas in the Eastern District of Pennsylvania and the Eastern District of Louisiana. Despite those realities, the Mr. Simkiss's counsel has argued that the subpoenas were not validly served and has refused to accept service on grounds that they are not "authorized" by their client to do so. (Osbourne Email Jan. 24, 2025, attached as **Exhibit 1**.)

In the meantime, a process server has attempted to serve Mr. Simkiss with the subpoenas at his residence *on nine separate days*, but has been unable to do so despite purportedly speaking with Mr. Simkiss's wife. Defendants have been unable to ascertain Mr. Simkiss's whereabouts through reasonable diligence and it appears Mr. Simkiss is evading service. Defendants should be permitted to serve Mr. Simkiss through alternative means (via email to his counsel) given these realities.

## **RELIEF REQUESTED AND GROUNDS THEREFOR**

Rule 45 of the Federal Rules of Civil Procedure provides that subpoenas may be served "at any place within the United States." Fed. R. Civ. P. 45(b)(2). Service of a subpoena within the United States typically involves "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). But "[c]ourts have interpreted this rule as allowing service by means other than personal service under Rule 4 of the Federal Rules of Civil Procedure." *OL Priv. Couns., LLC v. Olson*, No. 2:21-CV-00455, 2023 WL 2788634, at *1 (D. Utah Apr. 5, 2023). Those other means under Rules 4 and 45 "can include methods of service other than direct, hand-over-hand personal service" *Ross v. Jenkins*, No. 17-2547, 2019 WL 3453705, at *1–2 (D. Kan. July 31, 2019) (unpublished). In other words, "effective service under Rule 45 is not limited to hand-to-hand personal service in every case." *E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733, 2008 WL 1806200, at *6 (D. Colo. Apr. 21, 2008) (unpublished). Rule 45 permits that "service be made in a manner that reasonably insures actual receipt of the subpoena." *Yost v. K. Truck Lines, Inc.*, No. 03-2086, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) (unpublished).

"Even if personal service under Rule 4 were required, courts may authorize service by alternative means as permitted under applicable state law." *OL Priv. Couns., LLC*, No. 2:21-CV-

3

00455, 2023 WL 2788634, at *1 (citing Fed. R. Civ. P. 4(e)(1) (providing that service of an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made")). Utah law permits service by alternative means if the "whereabouts of the person to be served [is] unknown and cannot be ascertained through reasonable diligence, ... or if there is good cause to believe that the person to be served is avoiding service." Utah R. Civ. P. 4(d)(5)(A).

There is no question that Mr. Simkiss and his counsel have received the subpoenas. Yet they now argue that service was insufficient while in the same breath refusing to accept service. Their tactics elevate form over substance and should not be rewarded.

From the outset, counsel for the Simkisses has made clear that they were in receipt of the subpoenas. On December 18, 2024, Jonathan Goldstein emailed counsel for Defendants and explained "I represent John and Sarah Simkiss and their related entities. We're in receipt of your subpoenas and related documents." (Goldstein First Email Dec. 18, 2024, attached as **Exhibit 2**.) Later that same day, Mr. Goldstein sent a separate email to recap a meet and confer teleconference and to explain, "[w]e're not interested in having my clients deposed and would oppose any effort to do so." (Goldstein Second Email Dec. 18, 2024, attached as **Exhibit 3**.)

On December 26, 2024, Mr. Goldstein sent an objection letter to defense counsel. That letter again explained that Mr. Goldstein was "legal counsel for John Simkiss, Sarah Simkiss, and H2E Americas LLC." (Dec. 26, 2024 Objection Letter, attached as **Exhibit 4**.) Mr. Goldstein explained unequivocally in that letter that his clients had received the document subpoenas: "My clients are in receipt of your Subpoenas Duces Tecum." (*Id.*) The first subpoena that letter

addressed was "the Subpoena Duces Tecum to John Simkiss." (*Id.*) Mr. Goldstein went on to provide detailed objections to all three of those document subpoenas. (*Id.*)

Defense counsel met and conferred with Mr. Goldstein on January 3, 2025. That meet and confer teleconference included discussion regarding the deposition subpoenas and the proposed deposition dates. Mr. Goldstein explained that he would be out of the country during those proposed dates. Mr. Goldstein reconfirmed this point in a follow up email on January 10, 2025, explaining "I'm confirming again that I'll be out of the country from January 19th, through and including the 27th and neither Mr. nor Mrs. Simkiss will be able to make dates that week work for a deposition." (Simkiss Jan. 13, 2025 email, attached as **Exhibit 5**.)

Counsel for Defendants made clear that the Defendants were willing to work with counsel for the Simkisses on deposition dates. Specifically, Mr. Harrington wrote, "[w]e are obviously willing to work with you to accommodate deposition dates that work for you and your client and on timing and scope of the document productions." (Harrington Email Jan. 13, 2025, attached as **Exhibit 6**.)

A process server has attempted to effect service on Mr. Simkiss at his residence on nine different dates. (*See* Declarations of Diligence, attached as **Exhibits 7 and 8**, respectively). Given these realities, Defendants have been unable to ascertain Mr. Simkiss's whereabouts through reasonable diligence and it appears Mr. Simkiss may be evading service. Defendants should be permitted to serve Mr. Simkiss via email to his counsel.

## CONCLUSION

For the foregoing reasons, Defendants request that they be permitted to serve Mr. Simkiss

with the deposition and document subpoenas via email to Mr. Simkiss's counsel.

DATED: February 4, 2025

                                              **KUNZLER BEAN & ADAMSON, PC**

                                              */s/Robert P. Harrington*
                                              Chad S. Pehrson
                                              Robert P. Harrington
                                              Stephen Richards

                                              *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February 2025, I filed the foregoing ***EX PARTE MOTION FOR ALTERNATIVE SERVICE*** via the Court's CM/ECF system, which provided notice of such filing to all counsel of records.

*/s/Robert P. Harrington*