

December 26, 2024

Mr. Chad Pehrson, Esq.
Mr. Robert Harrington, Esq.
Kunzler Bean & Adamson, PC
50 W. Broadway, Suite 1000
Salt Lake City, Utah 84101

Gentlemen:

As you know, this firm is legal counsel for John Simkiss, Sarah Simkiss, and H2E
Americas LLC.

Since our correspondence on December 18, 2024 I have had the opportunity to
consult with my clients and review your discovery requests (the "Request") with them.
Your clients have a vastly over-inflated view of my clients' involvement with respect
to your litigation.

My clients are in receipt of your Subpoenas Duces Tecum.  Please consider this
correspondence our formal objection to the requests outlined therein.  I specify our
objections below:



With respect to the Subpoena Duces Tecum to John Simkiss:

REQUEST FOR PRODUCTION 1

All communications between you and any of the following:

a.  Ashley Miron Leshem
b.  David Hesterman
c.  Nicolai Colshorn
d.  Stefan Kammerlander
e.  Alexander Coenen
f.  Martin Fasser Heeg
g.  Capana Swiss Advisors AG
h.  Amerimark Group AG
i.  Amerimark Automotive Group AG
j.  Philomaxcap AG
k.  Achim Pfeffer
l.  Philocity Global GmbH
m.  Whitetree Capital
n.  Erika Zordaki
o.  Josh McMorrow

RESPONSE TO REQUEST 1

Mr. Simkiss objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  The Request lacks reasonable particularity sufficient to identify the materials requested.  Mr. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege. Mr. Simkiss objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 2

All communications between you and any of the following that refer or relate in any way to Rymark, Inc.; AmeriMark Group AG; AmeriMark Automotive AG; Nicholas Markosian; Vicky Small; John Kirkland; and/or the lawsuit captioned Capana Swiss Advisors AG et al.  v.  Rymark, Inc.  et al., No.  2:23-CV_00467 (D.  Utah):

1.  Shaen Bernhardt
2.  Capana Swiss Advisors AG
3.  Orbital AG
4.  Josh McMorrow
5.  H2E Americas LLC
6.  Venable LLP, including but not limited to John Worden, Sarah Diamond, and/or Arthur Cirulnick



7. Parsons Behle & Latimer,
including but not limited to Erik
Christiansen, and/or

8. Nick Greenwood.

RESPONSE TO REQUEST 2

Mr. Simkiss objects.  This Request is overbroad, unduly burdensome, and is not
reasonably limited in scope or time.  Mr. Simkiss objects to the phrase "refer or relate
in any way to" as vague, ambiguous, and overbroad, lacking reasonable particularity,
and purporting to seek documents that are wholly irrelevant to the litigation in
question.  Mr. Simkiss objects to the extent that the Request purports to seek
materials that are protected by the attorney client privilege.  Mr. Simkiss objects that
the Request generally purports to seek materials that are not reasonably related to the
litigation in question or proportional to the needs of that case.

[Requests 3-9 are mislabeled in original]

REQUEST FOR PRODUCTION 10

All documents and communications that refer or relate to AmeriMark Automotive
AG, AmeriMark Group AG, 4Service Cloud Tech AG, Rymark, Inc., Nicholas
Thayne Markosian, John Kirkland, and/or Vicky Small.

RESPONSE TO REQUEST 10

Mr. Simkiss objects.  This Request is overbroad, unduly burdensome, and is not
reasonably limited in scope or time.  Mr. Simkiss objects to the phrase "refer or relate
to" as vague, ambiguous, and overbroad, and lacking reasonable particularity.   Mr.
Simkiss objects to the extent the Request seeks documents that are publicly available.

REQUEST FOR PRODUCTION 11

All documents and communications concerning Whitetree Capital.



**RESPONSE TO REQUEST 11**

Mr. Simkiss objects. This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mr. Simkiss objects to the phrase "concerning" as vague, ambiguous, and overbroad, and lacking reasonable particularity. Mr. Simkiss objects to the extent the Request seeks documents that are publicly available. The Request lacks reasonable particularity sufficient to identify the materials requested.

**REQUEST FOR PRODUCTION 12**

All documents and communications concerning Erika Zorkadi.

**RESPONSE TO REQUEST 12**

Mr. Simkiss objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mr. Simkiss objects that the word "concerning" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to this case. The Request lacks reasonable particularity sufficient to identify the materials requested.

**REQUEST FOR PRODUCTION 13**

All documents and communications that refer or relate to any business dealings between you and Orbital AG and/or Capana Swiss Advisors AG, including but not limited to loans you have received from Orbital AG and/or Capana Swiss Advisors AG and loans you have provided to Orbital AG and/or Capana Swiss Advisors AG.

**RESPONSE TO REQUEST 13**

Mr. Simkiss objects. This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. The Request lacks reasonable particularity sufficient to identify the materials requested. Mr. Simkiss objects to the phrase "refer or relate to" as vague, ambiguous, and overbroad, lacking reasonable particularity, and purporting to seek documents that are wholly irrelevant to the litigation in question. Mr. Simkiss objects to the phrase "business dealings" as vague, ambiguous, and overbroad, lacking reasonable particularity, and purporting to seek documents that are



wholly irrelevant to the litigation in question.  Mr. Simkiss objects that the Request
generally purports to seek materials that are not reasonably related to the litigation in
question or proportional to the needs of that case.  Mr. Simkiss objects to the extent
that the Request purports to seek materials that are protected by attorney client
privilege.

REQUEST FOR PRODUCTION 14

All documents and communications that refer or relate to any actual or potential
transaction between any of the following: H2E Americas LLC, Philomaxcap AG,
Capana, Amerimark AG, and/or Philocity Global GmbH.

RESPONSE TO REQUEST 14

Mr. Simkiss objects.  This Request is overbroad, unduly burdensome, and is not
reasonably limited in scope or time.  Mr. Simkiss objects to the phrase "actual or
potential transaction" as vague, ambiguous, overbroad, and lacking reasonable
particularity.  Mr. Simkiss objects that the phrase "refer or relate to" is vague,
ambiguous, overbroad, and lacking reasonable particularity, and purports to seek
documents that are wholly irrelevant to the litigation in question.  Mr. Simkiss objects
that the Request generally purports to seek materials that are not reasonably related to
the litigation in question or proportional to the needs of that case.  Mr. Simkiss
objects to the extent that the request purports to seek materials that are protected by
attorney client privilege.  Mr. Simkiss objects to the extent the Request seeks
documents that are publicly available.

REQUEST FOR PRODUCTION 15

All documents and communications that refer or relate to any actual or potential
transaction or agreement between H2E Americas LLC and Philomaxcap AG.

RESPONSE TO REQUEST 15

Mr. Simkiss objects.  This Request is overbroad, unduly burdensome, and is not
reasonably limited in scope or time.  Mr. Simkiss objects that the phrase "refer or
relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports



to seek documents that are wholly irrelevant to the litigation in question. Mr. Simkiss objects to the phrase "actual or potential transaction" as vague, ambiguous, overbroad, and lacking reasonable particularity. Mr. Simkiss objects that the Request generally purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case. Mr. Simkiss objects to the extent that the request purports to seek materials that are protected by attorney client privilege. Mr. Simkiss objects to the extent the Request seeks documents that are publicly available.

REQUEST FOR PRODUCTION 16

Records of all corporate meetings of Capana Swiss Advisors AG, Orbital AG, Philomaxcap AG, and H2E Americas LLC.

RESPONSE TO REQUEST 16

Mr. Simkiss objects. This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mr. Simkiss objects that the request generally purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case. Mr. Simkiss objects to the extent the Request seeks documents that are publicly available.



With respect to the Subpoena Duces Tecum to Sarah Simkiss:

REQUEST FOR PRODUCTION 14 [as labeled in original]

All communications between you and any of the following:

(a) Shaen Bernhardt
(b) Ashley Miron Leshem
(c) David Hesterman
(d) Nicolai Colshorn
(e) Stefan Kammerlander
(f) Alexander Coenen
(g) Martin Fasser Heeg
(h) Capana Swiss Advisors AG
(i) Amerimark Group AG
(j) Amerimark Automotive Group AG
(k) Philomaxcap AG
(l) Achim Pfeffer
(m)      Orbital AG
(n) Philocity Global GmbH
(o) H2E Americas LLC
(p) Whitetree Capital
(q) Erika Zordaki
(r) Josh McMorrow

RESPONSE TO REQUEST 14

Mrs. Simkiss objects. The Request is overbroad, unduly burdensome, and is not
reasonably limited in scope or time. The Request lacks reasonable particularity
sufficient to identify the materials requested. Mrs. Simkiss objects to the extent that
the Request purports to seek materials that are protected by attorney client privilege.
Mrs. Simkiss objects that the Request purports to seek materials that are not
reasonably related to the litigation in question or proportional to the needs of that
case.

REQUEST FOR PRODUCTION 15 [as labeled in original]

All communications between you and any of the following that refer or related in any
way to Rymark, Inc.; AmeriMark Group AG; AmeriMark Automotive AG; Nicholas
Markosian; Vicky Small; John Kirkland; and/or the lawsuit captioned Capana Swiss
Advisors AG et al. v. Rymark, Inc. et al., No. 2:23-CV_00467 (D. Utah):



1. Shaen Bernhardt
2. Capana Swiss Advisors AG
3. Orbital AG
4. Josh McMorrow
5. H2E Americas LLC
6. Venable LLP, including but not limited to John Worden, Sarah

Diamond, and/or Arthur Cirulnick
7. Parsons Behle & Latimer, including but not limited to Erik Christiansen and/or Nick Greenwood.

RESPONSE TO REQUEST 15

Mrs. Simkiss objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mrs. Simkiss objects that the phrase "refer or related in any way to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. The Request lacks reasonable particularity sufficient to identify the materials requested. Mrs. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege. Mrs. Simkiss objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 23 [as labeled in original]

All documents and communications that refer or relate to AmeriMark Automotive AG, AmeriMark Group AG, 4Service Cloud Tech AG, Rymark, Inc., Nicholas Thayne Markosian, John Kirkland, and/or Vicky Small, Capana Swiss Advisors AG, Capana Swiss Advisors AG, and/or Orbital AG.

RESPONSE TO REQUEST 23

Mrs. Simkiss objects. The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time. Mrs. Simkiss objects that the phrase "refer or relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. The Request lacks reasonable particularity sufficient to identify the materials requested. Mrs. Simkiss objects to the extent that the Request purports to seek materials that are protected by attorney client privilege. Mrs. Simkiss objects that the Request purports



to seek materials that are not reasonably related to the litigation in question or
proportional to the needs of that case.

REQUEST FOR PRODUCTION 24

All documents and communications concerning Whitetree Capital.

RESPONSE TO REQUEST 24

Mrs. Simkiss objects.  This Request is overbroad, unduly burdensome, and is not
reasonably limited in scope or time.  Mrs. Simkiss objects to the phrase "concerning"
as vague, ambiguous, and overbroad, and lacking reasonable particularity.  Mrs.
Simkiss objects to the extent the Request seeks documents that are publicly available.
The Request lacks reasonable particularity sufficient to identify the materials
requested.

REQUEST FOR PRODUCTION 25

All documents and communications concerning Erika Zorkadi.

RESPONSE TO REQUEST 25

Mrs. Simkiss objects.  The Request is overbroad, unduly burdensome, and is not
reasonably limited in scope or time.  Mrs. Simkiss objects that the word "concerning"
is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek
documents that are wholly irrelevant to this case.  The Request lacks reasonable
particularity sufficient to identify the materials requested.

REQUEST FOR PRODUCTION 26

All documents and communications that refer or relate to any actual or potential
transaction between any of the following: H2E Americas LLC, Philomaxcap AG,
Capana, Amerimark AG, and/or Philocity Global GmbH.



**RESPONSE TO REQUEST 26**

Mrs. Simkiss objects.  The Request is overbroad, unduly burdensome, and is not
reasonably limited in scope or time.  Mrs. Simkiss objects that the phrase "refer or
related to" is vague, ambiguous, overbroad, lacks reasonable particularity, and
purports to seek documents that are wholly irrelevant to the litigation in question.
Mrs. Simkiss objects that the phrase "potential transaction" is vague, ambiguous,
overbroad, lacks reasonable particularity, and purports to seek documents that are
wholly irrelevant to the litigation in question.  The Request lacks reasonable
particularity sufficient to identify the materials requested.  Mrs. Simkiss objects to the
extent that the Request purports to seek materials that are protected by attorney client
privilege.  Mrs. Simkiss objects that the Request purports to seek materials that are
not reasonably related to the litigation in question or proportional to the needs of that
case.

**REQUEST FOR PRODUCTION 27**

All documents and communications that refer or relate to any actual or potential
transaction or agreement between H2E Americas LLC and Philomaxcap AG.

**RESPONSE TO REQUEST 27**

Mrs. Simkiss objects.  The Request is overbroad, unduly burdensome, and is not
reasonably limited in scope or time.  Mrs. Simkiss objects that the phrase "refer or
related to" is vague, ambiguous, overbroad, lacks reasonable particularity, and
purports to seek documents that are wholly irrelevant to the litigation in question.
Mrs. Simkiss objects that the phrase "potential transaction or agreement" is vague,
ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents
that are wholly irrelevant to the litigation in question.  The Request lacks reasonable
particularity sufficient to identify the materials requested.  Mrs. Simkiss objects to the
extent that the Request purports to seek materials that are protected by attorney client
privilege.  Mrs. Simkiss objects that the Request purports to seek materials that are
not reasonably related to the litigation in question or proportional to the needs of that
case.

**REQUEST FOR PRODUCTION 28**

Records of all corporate meetings of Capana Swiss Advisors AG, Orbital AG,
Philomaxcap AG, and H2E Americas LLC.

**RESPONSE TO REQUEST 28**

Mrs. Simkiss objects.  The Request is overbroad, unduly burdensome, and is not
reasonably limited in scope or time.  Mrs. Simkiss objects that the phrase "corporate
meetings" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports
to seek documents that are wholly irrelevant to the litigation in question.  Mrs. Simkiss
objects to the extent that the Request purports to seek materials that are protected by
attorney client privilege.  Mrs. Simkiss objects that the Request purports to seek
materials that are not reasonably related to the litigation in question or proportional to
the needs of that case.

**REQUEST FOR PRODUCTION 29**

All documents and communications that refer or relate to any business dealings
between you and Orbital AG and/or Capana Swiss Advisors AG, including but not
limited to loans you have received from and loans you have provided to those entities.

**RESPONSE TO REQUEST 29**

Mrs. Simkiss objects.  The Request is overbroad, unduly burdensome, and is not
reasonably limited in scope or time.  Mrs. Simkiss objects that the phrase "refer or
relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports
to seek documents that are wholly irrelevant to the litigation in question.  Mrs. Simkiss
objects that the phrase "business dealings" is vague, ambiguous, overbroad, lacks
reasonable particularity, and purports to seek documents that are wholly irrelevant to
the litigation in question.  The Request lacks reasonable particularity sufficient to
identify the materials requested.  Mrs. Simkiss objects to the extent that the Request
purports to seek materials that are protected by attorney client privilege.  Mrs. Simkiss
objects that the Request purports to seek materials that are not reasonably related to
the litigation in question or proportional to the needs of that case.



With respect to the Subpoena Duces Tecum to H2E Americas LLC ("H2E"):

REQUEST FOR PRODUCTION 1

All communications between you and any of the following:

a)   Shaen Bernhardt
b)   Ashley Miron Leshem
c)   David Hesterman
d)   Nicolai Colshorn
e)   Stefan Kammerlander
f)   Alexander Coenen
g)   Martin Fasser Heeg
h)   Capana Swiss Advisors AG
i)   Amerimark Group AG
j)   Amerimark Automotive Group AG
k)   Philomaxcap AG
l)   Orbital AG
m)   Philocity Global GmbH
n)   H2E Americas LLC
o)   Whitetree Capital
p)   Erika Zordaki
q)   Josh McMorrow

RESPONSE TO REQUEST 1

H2E objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  H2E objects that Request 1 demands communications between H2E and itself.  The Request lacks reasonable particularity sufficient to identify the materials requested.  H2E objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  H2E objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 2

All documents and communications that refer or relate to AmeriMark Automotive AG, AmeriMark Group AG, 4Service Cloud Tech AG, Rymark, Inc., Nicholas Thayne Markosian, John Kirkland, Vicky Small, Capana Swiss Advisors AG, Capana Swiss Advisors AG, and/or Orbital AG.



RESPONSE TO REQUEST 2

H2E objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  H2E objects that the phrase "refer or relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.  The Request lacks reasonable particularity sufficient to identify the materials requested.  H2E objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  H2E objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 3

All documents and communications that refer or relate to any actual or potential transaction between or among any of the following: H2E Americas LLC, Philomaxcap AG, Capana, Amerimark AG, and/or Philocity Global GmbH.

RESPONSE TO REQUEST 3

H2E objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  H2E objects that the phrase "refer or relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.  H2E objects that the phrase "potential transaction" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question. The Request lacks reasonable particularity sufficient to identify the materials requested.  H2E objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  H2E objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 4

Any consideration (whether cash, stock, real property, or otherwise) related to any of the actual potential transactions listed above.



RESPONSE TO REQUEST 4

H2E objects.  The Request references a request (Request for Production 3) that is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  This Request is therefore equally overbroad, unduly burdensome, and is not reasonably limited in scope or time.  H2E objects that the phrase "related to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.  H2E objects that the phrase "transactions listed above" refers to the prior Request (Request for Production 3) a request which lists no transactions and that therefore the phrase is vague, ambiguous, overbroad, lacks reasonable particularity.  H2E objects that the phrase "any of the actual potential transactions" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.  The Request lacks reasonable particularity sufficient to identify the materials requested.  H2E objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  H2E objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 5

Records of all corporate meetings of H2E Americas LLC.

RESPONSE TO REQUEST 5

H2E objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  H2E objects that the Request purports to seek documents that are not reasonably related to the litigation in question or proportional to the needs of that case.

REQUEST FOR PRODUCTION 6

All documents and communications concerning Whitetree Capital.



RESPONSE TO REQUEST 6

H2E objects.  This Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  H2E objects to the phrase "concerning" as vague, ambiguous, and overbroad, and lacking reasonable particularity.  H2E objects to the extent the Request seeks documents that are publicly available.  The Request lacks reasonable particularity sufficient to identify the materials requested.

REQUEST FOR PRODUCTION 7

All documents and communications concerning Erika Zorkadi.

RESPONSE TO REQUEST 7

H2E objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  H2E objects that the word "concerning" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to this case.  The Request lacks reasonable particularity sufficient to identify the materials requested.

REQUEST FOR PRODUCTION 8

All documents and communications that refer or relate to any business dealings between you and Orbital AG or Capana Swiss Advisors AG, including but not limited to loans you have received from Orbital AG or Capana Swiss Advisors AG and loans you have provided to Orbital AG or Capana Swiss Advisors AG.

RESPONSE TO REQUEST 8

H2E objects.  The Request is overbroad, unduly burdensome, and is not reasonably limited in scope or time.  H2E objects that the phrase "refer or relate to" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.  H2E objects that the phrase "business dealings" is vague, ambiguous, overbroad, lacks reasonable particularity, and purports to seek documents that are wholly irrelevant to the litigation in question.   The Request lacks reasonable particularity sufficient to identify the



materials requested.  H2E objects to the extent that the Request purports to seek materials that are protected by attorney client privilege.  H2E objects that the Request purports to seek materials that are not reasonably related to the litigation in question or proportional to the needs of that case.

If you would like to meet and confer regarding these issues and the matter of fee sharing with respect to responsiveness and privilege review costs, I am happy to have a call to discuss.  With a bit of advanced notice, I am available on December 30 & 31 and January 2 & 3 during normal east coast business hours.

Sincerely,

Jonathan S.  Goldstein, Esq.