Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

### UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANTS' SHORT FORM DISCOVERY MOTION TO STRIKE OBJECTIONS AND COMPEL RULE 30(B)(6) DEPOSITION**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

## PLAINTIFFS' SUPPLEMENTAL RESPONSE

On January 23 and 24, 2025, the Rule 30(b)(6) designee for Capana Swiss Advisors AG and AmeriMark Automotive AG, Shaen Bernhardt, was deposed by Defendants in Salt Lake City. *This was the second time Mr. Bernhardt travelled from his home in Switzerland to be deposed by Defendants*. Bernhardt was previously deposed for seven full hours on September 4, 2024. Defendants again refused Bernhardt's request to appear virtually (for days two and three), refusing to allow any virtual accommodation as Plaintiffs have done for other witnesses.

As the Court knows from Defendants' pending Short Form Discovery Motion to Strike Objections and Compel Rule 30(b)(6) Deposition, Plaintiffs served objections to nine of the forty categories Defendants propounded for the 30(b)(6) depositions.

Mr. Bernhardt and his counsel, John Worden, were fully prepared to spend seven hours each day. Much to their surprise, Defendants' counsel – Stephen Richards – abruptly stopped his questioning each day with approximately two hours of deposition time left. Declaration of John S. Worden ("Worden Decl.") ¶ 3. Mr. Richards insisted on waiting until the Court ruled on the objections, even though the witness was sitting across the table from him, ready, willing and able to respond further. *Id*. ¶ 5.

In response, Mr. Worden and Mr. Bernhardt stated clearly – on the record, both days – that Mr. Richards could ask questions on virtually all of the 30(b)(6) categories, except those invading the attorney-client privilege, but Mr. Richards refused. *Id*. ¶ 4. Mr. Worden pleaded with Mr. Richards on both days to finish whatever questioning he had, explaining there would be no instructions not to answer questions other than the most offensive category, clearly violating the attorney-client privilege:

> Topic 4: Grounds for privileges asserted by You with respect to all documents withheld from production on grounds of privilege, including as communicated by You in Your July 2024 privilege log.

Mr. Richards refused to finish his questioning. Mr. Worden asked him repeatedly, why not just ask the questions now as opposed to making Mr. Bernhardt fly back again? Mr. Richards' only response was that he wanted to wait for the ruling so Defendants could make Mr. Bernhardt fly back from Switzerland *for a fourth time.*[1] Worden Decl. ¶¶ 4, 5.

Anyone who has ever attended a deposition knows it is routine for the party defending the deposition to object to certain categories, just as lawyers often in depositions object to individual questions. Nonetheless, in every other deposition (except, apparently, this one) the deposing party asks their questions, the witness answers subject to the objections, and life goes on.

The only reason Defendants did not do so here was some scheme to get a ruling from the Court whereby Defendants could force Mr. Bernhardt to fly back from Switzerland to Salt Lake City for a fourth time. This is not how the process works, and this is not an issue deserving any further consideration from this Court.

Dated: February 4, 2025

VENABLE LLP

*/s/ John S. Worden*
John S. Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

PARSONS BEHLE & LATIMER
Erik A. Christiansen
Hannah Ector
*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

---

[1] In May 2024, Mr. Bernhardt also traveled to Salt Lake City from Switzerland for mediation in this case.

## DECLARATION OF JOHN S. WORDEN

I, John S. Worden, declare as follows:

1. I am an attorney in the law firm of Venable, LLP, and I am admitted *pro hac vice* in this Court. I am among the counsel of record for Plaintiffs Capana Swiss Advisors, AG, and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG (collectively, "Plaintiffs") in the above-referenced litigation. This declaration is submitted in support of Plaintiffs' Supplemental Opposition to Defendants' Short Form Motion to Strike Objections to Depositions [ECF No. 226]. I have personal knowledge of the facts set forth in this declaration. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I defended the Rule 30(b)(6) depositions of AmeriMark Automotive AG and Capana Swiss Advisors AG in Salt Lake City on January 23 and 24, 2025.

3. At both depositions Stephen Richards, counsel for Defendants, stopped his questioning of Mr. Bernhardt, the Rule 30(b)(6) designee, approximately two hours before the seven-hour time limit had elapsed.

4. I repeatedly told Mr. Richards that he could ask questions of Mr. Bernhardt relating to all but one of Defendants' 30(b)(6) topics, but Mr. Richards refused. Mr. Richards' explanation for his refusal was that he wanted to wait for this Court's ruling on Defendants' Motion to Strike Objections and Compel Rule 30(b)(6) Deposition (ECF No. 226).

5. An Appendix of this testimony is included herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 4th day of February, 2025.

                                                  */s/ John S. Worden*
                                                  John Worden

**APPENDIX**

| Description | Text |
|---|---|
| Deposition Transcript of Capana Swiss Advisors AG 30(b)(6)<br><br>(Shaen Bernhardt), p. 289:21-291:22 | MR. RICHARDS: I have us at just over five hours. As you know, we're going to adjourn the depo. We've asked the court to overrule your objections to the other topics, and I hope to have you back to examine you on those other topics.<br><br>THE WITNESS: Well, you'll definitely see us tomorrow.<br><br>MR. WORDEN: Hold on. So we're back on tomorrow?<br><br>MR. RICHARDS: Yeah, but for AmeriMark.<br><br>MR. WORDEN: I'm not instructing him not to answer questions on the topics we objected to with the exception of a couple of them, one regarding the lawyers' basis for their privilege objections. The reason we objected to most of them is they are extremely overbroad such as all communications over a nine-year period between anyone at Capana and anyone on this long list. You can still ask him questions on those areas and he's still here for another two hours to answer those questions.<br><br>MR. RICHARDS: The objection's on the record. You made us file a motion. The objections are untimely. I expect to have him back here.<br><br>MR. WORDEN: I don't think they're untimely. The objection did not say we're not allowing any questions. But I'm telling you right now he's sitting here, he's not coming back. This is the last trip he is going to make and I will – I'll just say it again. We're here for two more hours if you want to ask him.<br><br>MR. RICHARDS: We're adjourning today and I will get him back after the court overrules your untimely objections.<br><br>MR. WORDEN: All right.<br><br>MR. RICHARDS: I mean, you had a chance to withdraw the objections. We met with Sarah in person about that last week and she wouldn't withdraw the objections. Now we're here and I'm prepared to depose Mr. Bernhardt on the topics you didn't object to. |

| Description | Text |
|---|---|
| | MR. WORDEN: No. I don't have to withdraw the objections. Just like the 20 objections I've made in this deposition, I still allowed him to answer every single one of them, but one. If you want to – it's your call. If you want to adjourn, we're adjourning. He's not coming back.<br><br>MR. RICHARDS: The local rule is crystal clear, John. The local rule says if there are written objections, a party can move and then still proceed with the deposition on the topics not objected to. That's what we did today. I understand you don't want to bring Mr. Bernhardt back. We'll let the court decide.<br><br>MR. WORDEN: Very well. |
| Deposition Transcript of AmeriMark Automotive AG 30(b)(6)<br><br>(Shaen Bernhardt), p. 9:11-11:13 | MR. RICHARDS: And on pages 5 and 6 of this deposition notice, there's a list of designated topics. Do you see that?<br><br>THE WITNESS: I do.<br><br>MR. RICHARDS: And your attorneys objected to some of the topics. Setting aside the topics they objected to, are you prepared to testify on the other topics today?<br><br>THE WITNESS: I am.<br><br>MR. WORDEN: Let me just jump in and say, as was the case yesterday, he is here to answer whatever questions you have, other than specific questions I may object to and instruct him not to answer. We served the objection. Many of them are extremely overbroad – the factual basis for all allegations made in your complaint and answers thereto, et cetera. Nonetheless, as was the case yesterday, we did not prohibit you from asking him hardly any questions except where invading the attorney-client privilege. That is still true today. You will have had him for three days, 21 hours. He's not coming back. So I encourage you to ask whatever you want to ask today.<br><br>MR. RICHARDS: And I'll just state for the record that there's a motion pending before the court to strike the untimely objections, and we intend to see that motion resolved. |

| Description | Text |
|---|---|
| | MR. WORDEN: Why not just ask him today? What's the – what's the prohibition – |
| | MR. PEHRSON: Mr. Worden, did you attend the meet and confer session last Friday with your co-counsel? Have you read -- have you read the local rules of this district? |
| | MR. WORDEN: I have read the local rules. I've also been on a few depositions, including yesterday, where there are lots of categories and objections are made. Nonetheless, this is the first time I have ever seen someone go to the court and say we're going to fly someone from Switzerland and not ask them anything in this area because we want to tell the court we need an extension to discovery so the court will not set a trial date to drag this out. He's here. If you have questions, ask him. If not, that's going to be it. |
| | MR. PEHRSON: We disagree, Mr. Worden. |
| | MR. WORDEN: Very well. |
| | THE WITNESS: Just for the record, I spent 35 hours in continuous travel to get here. It will be a similar trip back, and I did that twice before – once for my mediation with the defendants and once for my prior deposition. So I'm certainly willing to answer any questions. Looking forward to having the opportunity to participate in the dispute resolution process. |
| | MR. WORDEN: Thank you. |
| Deposition Transcript of AmeriMark Automotive AG 30(b)(6) (Shaen Bernhardt), p. 299:18-300:2 | MR. RICHARDS: So I've reached the end of my questions for today. Mr. Worden and I have both said our piece on the record. We're at odds about whether I'll get you again, but I am grateful for your time. You've come a long way. I always enjoy speaking with you. John, anything else to add? |
| | MR. WORDEN: Just that Mr. Bernhardt is here to continue answering questions. We've made that offer. You've declined. So I guess that's all I have. |

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 4, 2025**, I caused a true and correct copy of the foregoing **PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANTS' SHORT FORM DISCOVERY MOTION TO STRIKE OBJECTIONS AND COMPEL RULE 30(B)(6) DEPOSITION** to be filed on CM/ECF and accordingly electronically served to the parties of record.

*/s/ Hannah Ector*
Hannah Ector