Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* (srichards@kba.law)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants, Counter Claimants and Third-Party Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation,<br><br>Counter Defendants. | |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual, | |

|   |
|---|
| Third-Party Plaintiffs,<br>vs.<br>SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation,<br>Third-Party Defendants. |

## I.  INTRODUCTION

Rymark's Motion[1] for a Limited Extension of Fact Discovery makes an unremarkable request: that Rymark be given a short amount of time to take party discovery from two third-party defendants the Court specifically authorized Rymark to add to the case. (*See* Dkt. 137 (granting Rymark's motion for leave to amend).) Plaintiffs' Opposition[2] responds that by avoiding or contesting service, those two parties successfully ran the clock out against Rymark, and that Rymark should be deprived of its right to discovery under Rules 26, 30, 33, 34, and 35 against them. Plaintiffs cite no examples of federal courts authorizing a party to add new third-party defendants but then refusing to allow discovery as to those new third-party defendants. Instead, the Opposition consists mainly of (1) attempts to relitigate the motion to amend, (2) unsupported accusations of delay or a lack of diligence, (3) improper attempts to argue the merits of the case, and (4) Plaintiffs' customary invective against Rymark. Mindful of the volume of briefing presently before the Court, this reply corrects only the most significant of Plaintiffs' errors.

---

[1] The "**Motion**," Dkt. 219.

[2] The "**Opp'n**," Dkt. 228.

## II.    DISCUSSION

### A.    Mr. Leshem And AmeriMark Group Avoided Service, And Plaintiffs Had Ongoing Access To Mr. Leshem

Plaintiffs argue that in fact, Mr. Leshem did not evade service, that perhaps Rymark attempted to serve Mr. Leshem at the wrong address, and that Rymark did not attempt to diligently serve Mr. Leshem. But the Opposition *nowhere* addresses the fact that Mr. Leshem's counsel accepted service of a Rule 45 deposition subpoena from *Plaintiffs* – with whom Mr. Leshem is aligned in this lawsuit – while *at the same time* refusing to accept service of Rymark's Third-Party Complaint. (*See* Mot. at 3–4; Dkt. 219-1 ¶ 4.) Rymark can hardly be blamed for delay consequent to these sorts of service antics. Nor do Plaintiffs address the facts regarding service that were set forth in the declaration accompanying the Motion. (*See* Dkt. 219-1 ¶¶ 2–3.) While the disputations scarcely seem worth this Court's time, Rymark nonetheless submits an affidavit from Investigator Mitch Jacobs explaining the history of attempts to serve Mr. Leshem and the ultimate need for the round-the-clock surveillance and tracking efforts. [Decl. of Mitch Jacobs, ¶¶ 4-10.]

With respect to AmeriMark Group, Rymark served that entity at the absolute earliest practical opportunity: the in-person deposition of AmeriMark Group's chairman of the board. Plaintiffs complain that Rymark did so "to avoid" the lengthier Hague Convention process, and then argue that this is evidence that Rymark was dilatory. (Opp'n at 9.) This is nonsensical. Rymark served Mr. Fasser Heeg in person because that was a lawful method, and because it was *faster* than the Hague Convention process, which can drag on for months. By arguing that Rymark should have instead employed the Hague Convention process, it is *Plaintiffs* who seek delay – or, at least, an excuse for AmeriMark Group to not be required to participate in discovery.

As to Plaintiffs' connections to Mr. Leshem, the Opposition very carefully says that

3

*counsel* for Plaintiffs has "had minimal contact with Leshem only since December 2024." (Opp'n at 8.) But regardless of whether this representation is true,[3] *Plaintiffs* have had abundant contact with Mr. Leshem. Plaintiff Capana's ultimate owner, Shaen Bernhardt, was the corporate representative of both Plaintiffs at deposition and testified that since the genesis of this dispute in 2020, he has "for sure" had literally "hundreds" of conversations with Mr. Leshem about the dispute. (Pehrson Decl. Ex. 1 [AmeriMark Tr. at 52:25–53:9].) So when Rymark argued in the Motion that Plaintiffs have had "access" to Mr. Leshem, this if anything rather understated how available Mr. Leshem has been to Plaintiffs. And it is particularly inequitable for Plaintiffs to now argue that Rymark should not be permitted to obtain standard party discovery from an individual with whom they have consulted "hundreds" of times.

## B.      Rymark Acted Diligently

Plaintiffs also accuse Rymark – at some length – of being dilatory with respect to discovery generally, saying Rymark is only lately attempting to do what it "should have done six months ago." (Opp'n at 2.)[4] But this is really just an attempt to relitigate Rymark's motion for leave to

---

[3] It is not clear whether Plaintiffs mean that their counsel has had minimal contact with Mr. Leshem since December 2024, but had something greater than "minimal" contact before that time, or whether they mean that the only contact their counsel has ever had with Mr. Leshem has been minimal and has occurred since December 2024. Regardless, the fact that Plaintiffs have worked closely with Mr. Leshem regarding this case is not genuinely in dispute.

[4] Elsewhere, Plaintiffs repeatedly complain about "delays" of a single month. *See, e.g.*, Opp'n at 4 n.3 (Rymark "waited one month" to file a motion for leave to amend); *id.* at 9 (Rymark "delayed in attempting to serve Leshem for a month"). These supposed delays stand in contrast to the fact that Plaintiffs delayed filing this suit for *three years*; that delay was intentionally implemented so that Plaintiffs and Mr. Bernhardt could engage in fraud, market manipulation and express misrepresentations to Vienna market officials and securities purchasers—without Rymark's knowledge and the concomitant scrutiny presently being applied in this litigation. (Mot. at 8.)

amend, which Judge Stewart granted in September 2024. On that motion, Plaintiffs made all the same arguments they do here: that Leshem and AmeriMark Group's (and others') identities and "roles were well known to Defendants" before the motion for leave, and that Rymark was "on notice of the fundamental dispute" at issue here in 2020, so Rymark should not be permitted to add new defendants. (Dkt. 125 at 9; *compare* Opp'n at 3.) Judge Stewart expressly rejected these arguments, explaining that it is one thing to know a third party exists, and another to allege the third party's basis for liability:

> But Defendants knowing the third-parties had roles in the relevant companies is not sufficient for Defendants to plead "factual content that allows the court to draw the reasonable inference that the [third-parties are] liable for the [market manipulation scheme] alleged." To show undue delay, Plaintiffs would need to demonstrate Defendants were long aware of the specific conduct of each third-party in the alleged market manipulation scheme. The Court finds Defendants did not unduly delay in bringing the Motion to Amend.

(Dkt. 137 at 10-11.)

It is not clear why Plaintiffs now believe it appropriate to ignore Judge Stewart's ruling and re-argue that Rymark should have added AmeriMark Group and Mr. Leshem earlier.

Finally, Plaintiffs' case law does not assist them. Plaintiffs do not discuss the facts of any case in detail; upon examination, each case they cite has little in common with this case. *See, e.g.*, *100 Mount Holly Bypass v. Axos Bank*, No. 2:20-856, 2023 WL 3007940, at *2 (D. Utah Apr. 19, 2023) (noting that expert witness's death "may meet the good cause standard" but denying without prejudice motion to extend expert discovery and directing parties to meet and confer "to try to resolve this issue without the court's assistance"); *Jones v. State Farm Fire and Cas. Co.*, No. 20-683, 2022 WL 1518039, at *4 (W.D. Okla. Mar. 29, 2022) (discovery closed five months before motion to extend deadlines was filed); *Torres v. United States*, No. 13-402, 2014 WL 12791247,

5

at *2 (D.N.M. May 14, 2014) (party "unnecessarily delayed scheduling [an expert] deposition for several months"); *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) (party filed motion to extend time "nine months" after expert disclosure deadline). Nor do Plaintiffs address the cases cited in the Motion. (*See* Mot. at 5–6.)

### III.   CONCLUSION

Rymark has shown good cause to extend discovery. It is entitled to obtain party discovery from AmeriMark Group and Mr. Leshem, and it could not do so until those parties were served – which happened after the deadline to serve written discovery. Rymark's motion was filed before the discovery deadline expired, and Rymark does not seek to delay trial. Throughout this litigation, Plaintiffs have opposed any effort by Rymark to pursue its own claims. But that strategy goal is not a basis to deprive Rymark of its rights under the Federal Rules to conduct party discovery of properly added third-party defendants. The Court should grant the Motion.

DATED: February 5, 2025

**KUNZLER BEAN & ADAMSON, PC**

/s/ *Chad S. Pehrson*
Chad S. Pehrson
Robert P. Harrington
Stephen Richards

*Attorneys for Defendants,
Counter Claimants and
Third-Party Plaintiffs*