Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards (19332) srichards@kba.law
KUNZLER BEAN & ADAMSON, PC
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants & Counter Claimants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DECLARATION OF MITCH JACOBS**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAP ANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation,<br><br>Counter Defendants.<br>RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an | |

1

individual,

          Third-Party Plaintiffs,

vs.

SHAEN BERNHARDT, an individual;
ASHLEY MIRON LESHEM, an individual;
DAVID HESTERMAN, an individual;
NICOLAI COLSHORN, an individual;
STEFAN KAMMERLANDER, an individual;
ALEXANDER COENEN, an individual;
MARTIN FASSER HEEG, an individual;
AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation,

          Third-Party Defendants.

I, Mitch Jacobs, declare as follows:

1. I am an adult above the age of 18 years old. Unless otherwise stated, the facts set forth herein are stated of my own personal knowledge and understanding and if called and sworn as a witness, I could and would testify competently thereto.

2. I am a licensed private investigator who, among other things, specializes in due diligence investigations and remote forms of stalking and harassment, whether computer related, telephonic, or otherwise. I have thirty-two (32) years of experience as a police officer, twenty-five (25) of which were as a detective assigned to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF"), where I was cross-designated as a Task Force Agent. In that capacity, I was responsible for investigating violations of state and federal narcotics, robbery, and firearms laws, where I gained extensive experience in threat assessment and criminal propensity.

3. After retiring from the police department, in 2016 I co-founded HD Investigative Group, a licensed private investigation firm (A-1600006). I am now a licensed private investigator

in the State of Florida (C-1800016). My professional experiences since retiring focus on due diligence investigations, process service, surveilllance, cyber stalking, and personal harassment among others.

4. I was retained by counsel for Rymark in this case to use whatever efforts were necessary to locate and serve Ashley Miron Leshem. Counsel for Rymark, Chad Pehrson, informed me that his law firm had previously retained two process servers/investigators who had been unable to serve Mr. Leshem.

5. As part of my work, I reviewed information provided by those two prior investigators. The first investigator reported: "10/3/2024 @ 8:14pm – There was no answer at the door. No activity was heard or seen inside. 10/6/2024 @ 2:18pm – There was no answer at the door. No activity was heard or seen inside. 10/7/2024 @ 11:05am – Upon arrival the server saw a man was standing in the driveway as I pulled up to the residence. The man went inside the house as I was getting out of the car. No answer at the door. White utility van parked in driveway. Can see another car parked in garage. May be avoiding service."

6. The second investigator was Rick Loveridge. Mr. Loveridge is a retired FBI Special Agent. I reviewed Mr. Loveridge's extensive report, which stated that he had conducted the following diligence: database searches on Mr. Leshem, home searches (revealing the only home possibly connected with Mr. Lesem as belonging to 91-yo Alyssa Leshem); associate searches (revealing a possible associate named Whitney Vaun Burgess), company searches, vehicle searches and surveillance.

7. In my professional judgment, given these prior efforts and the lack of definitive contact information for Mr. Leshem, I determined that stationary, round-the-clock surveillance

efforts would be necessary. We installed surveillance equipment near the house that we believed belonged to Mr. Leshem's Mother, and at which we believed he either resided or frequented. I made this decision to start with round-the-clock surveillance including because of the reports from the prior investigators, as well as the lack of determinative residence records for Mr. Leshem in my professional databases.

8. On January 7, I reported to Mr. Pehrson: "We have not seen him at the residence but have seen his vehicle once the garage was opened. We also have had many LPR hits, which show the vehicle moving around throughout his immediate area." The following picture was taken as part of our ongoing surveillance efforts:



9. On January 13, I reported to Mr. Pehrson: "After extensive surveillance, we were able to locate and serve Mr. Leshem."

10. The following picture was taken as part of our successful surveillance and ultimate service:



I declare the foregoing to be true and correct under penalty of perjury under the laws of the United States

Executed on February 5, 2024, in Miami-Dade, Florida

By: _____
Mitch Jacobs