Chad S. Pehrson (12622) cpehrson@kba.law
Robert P. Harrington (12541) rharrington@kba.law
Stephen Richards (19332) srichards@kba.law
**KUNZLER BEAN & ADAMSON, PC**
50 W Broadway, Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL SEARCH OF ADDITIONAL COMMUNICATION PLATFORMS**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |

Defendants' diligent searches in this case have involved producing tens of thousands of documents and incurring hundreds of thousands of dollars in e-discovery expenses. Now, with discovery closed, Plaintiffs want to force Defendants to search additional sources of documents, with no showing at all that those sources contain responsive documents. This is part of a "'scorched earth discovery strategy designed to overwhelm an opponent, particularly where the requests are

1

of marginal relevance." *Blendtec Inc. v. Blendjet, Inc.*, No. 21-668, 2023 WL 2773644, at *1 (D. Utah Apr. 4, 2023) (quoting *Utley v. Wray*, 2007 WL 2703094, at *2 (D. Kan. Sept. 14, 2007). The Court should deny the motion.

*Slack*

Rymark is a used car dealership. Its employees use Slack to conduct the ongoing business of selling used cars. Those sales have nothing to do with the dispute here. Plaintiffs' motion says that "dozens" of produced documents "refer to Slack," but Plaintiffs do not (and cannot) assert that any of those documents has anything to do with the dispute.

*Personal Emails*

A document in Defendants' production, not material to the parties' dispute, refers to the markosianauto1@gmail.com email address; Defendants' counsel investigated and determined that the address is used for Rymark's software subscriptions, which have nothing to do with this case. Similarly, the parties' document productions do not even contain a hint that Mr. Markosian's Netscape email address will contain responsive documents (and Plaintiffs' motion does not argue otherwise). Mr. Markosian used his "Markosian Auto" email address to communicate about the matters relevant here.

Plaintiffs' cases show why their demand is unreasonable. In *Navajo Nation v. Urban Outfitters*, No. 12-cv-195, 2014 WL 11511092, at *3 (D.N.M. Nov. 21, 2014), everyone agreed that the shared drive at issue "may have additional responsive documents." Plaintiffs' citation to *Larsen v. PTT, LLC* may be incorrect,[1] but orders from that case make clear that both parties agreed

---

[1] Defendants cannot locate a *Larsen* order dated January 18, 2024.

Slack had responsive information. *E.g.*, *Larsen v. PTT, LLC*, No. 3:18-05275, 2025 WL 241105, at *2 (W.D. Wash. Jan. 17, 2025).

Federal courts commonly reject attempts by a party to gratuitously increase the other side's costs by demanding searches of questionable document repositories – particularly this late in the game. *See, e.g.*, *In re WorldCom, Inc.*, No. 08-10354, 2009 WL 2215296, at *4 (S.D.N.Y. July 23, 2009) (rejecting obligation to search repository "unlikely" to contain responsive documents and noting that "discovery into irrelevant issues imposes significant social costs and has the potential to corrupt the adversarial process"). And courts only require inquiry into additional repositories when a party's demand is "supported by specific references to additional repositories and custodians in the produced documents themselves" – something Plaintiffs do not offer here. *Eagle View Techs. Inc. v. GAF Materials LLC*, No. 2:22-cv-215, 2024 WL 384984, at *3 (D. Utah Feb. 1, 2024).

### iPad

The parties are not at an impasse on Mr. Markosian's iPad. Defendants are currently investigating whether emails sent from that iPad were not captured in their exhaustive collection of nearly a decade of Outlook files, and have committed to report to Plaintiffs what they discover.

Defendants are happy to submit declarations and present further argument or evidence at the Court's direction.

DATED: February 6, 2025

        **KB&A**
        */s/Chad S. Pehrson*
        Chad S. Pehrson
        Stephen Richards
        Robert Harrington
        *Attorneys for Defendants*