Chad S. Pehrson (12622) cpehrson@kba.law
Robert P. Harrington (12541) rharrington@kba.law
Stephen Richards (19332) srichards@kba.law
**KUNZLER BEAN & ADAMSON, PC**
50 W Broadway, Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' "SUPPLEMENTAL RESPONSE TO DEFENDANTS' SHORT FORM DISCOVERY MOTION," DKT. 241**<br><br>Case No.: 2:23-cv-00467<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |

On February 4, 2025, Plaintiffs filed a "Supplemental Response" (Dkt. No. 241) to Rymark's short-form motion regarding Plaintiffs' untimely Rule 30(b)(6) objections (Dkt. No. 226). The Court should strike Plaintiffs' "Supplemental Response"

First, Local Rule DUCivR 37-1, which governs short-form discovery motions, does not authorize "supplemental responses." Moreover, the same local rule forbids attaching declarations

1

to short-form discovery filings, as Plaintiffs did in their supplemental response. DUCivR 37-1(3)(C) (response must "not include any additional exhibits").

Second, Plaintiffs' supplemental response does not even pretend to style itself as a Notice of Supplemental Authority, which are allowed under DUCivR 7-1(c); however, that Rule expressly excludes argument and is intended solely for citations to recently discovered "pertinent and significant authority." Plaintiffs' supplemental response contains no authority. This Rule, which allows the filing of notices of supplemental authorities after briefing on a motion has been completed, should not be used to submit the equivalent of a sur-response, which requires leave of Court. See DUCivR 7-1(a)(9) ("Unless otherwise ordered, the court will not consider additional memoranda.").

While Rymark strongly disagrees with the argument presented in Plaintiffs' "Supplemental Response," Rymark will not present further argument without leave of Court.[1] If the Court would appreciate full briefing on any of the arguments presented in the Trust's Supplemental Response, Rymark will submit briefing but only pursuant to the Court's direction. In short, the Court should strike Plaintiffs' Supplemental Response. In the alternative, if the Court would appreciate more briefing on issues in this case, including the arguments raised in the Supplemental Response, Rymark stands ready to follow this Court's direction

---

[1] The only actual new argument in the Supplemental Response appears to be Plaintiffs' several grievances regarding travel from Switzerland. Plaintiffs did not meet-and-confer regarding this issue prior to filing their "Supplemental Notice." If they had, Rymark would have explained its willingness to agree to a Zoom deposition for the remaining topics.

2

DATED: February 7, 2025

                                               **Kunzler Bean & Adamson, PC**

                                               <u>/s/*Chad S. Pehrson*</u>
                                               Chad S. Pehrson
                                               Stephen Richards
                                               Robert Harrington

                                               *Attorneys for Defendants*