# EXHIBIT O
## to
## Declaration of Stephen Richards

```
 1              UNITED STATES DISTRICT COURT

 2                FOR THE DISTRICT OF UTAH

 3                        -o0o-

 4   CAPANA SWISS ADVISORS AG, a    )
     Swiss corporation; AMERIMARK   )
 5   AUTOMOTIVE AG, a Swiss         )      CERTIFIED COPY
     corporation,                   )
 6                                  )
              Plaintiffs,           )
 7                                  ) Case No.: 2:23-cv-00467
      v.                            ) Judge Ted Stewart
 8                                  )
     RYMARK, INC., a Utah           )
 9   corporation; NICHOLAS THAYNE   )
     MARKOSIAN, an individual;      )
10   JOHN KIRKLAND, an              )
     individual; and VICKY SMALL,   )
11   an individual,                 )
                                    ) RULE 30(b)(6) DEPOSITION
12            Defendants.           ) AMERIMARK AUTOMOTIVE AG
     _____) BY:   SHAEN BERNHARDT
13                                  )
     RYMARK, INC., a Utah           )
14   corporation; and NICHOLAS      )
     THAYNE MARKOSIAN, an           )
15   individual,                    )
                                    )
16            Counter Claimants,    )
                                    )
17    v.                            )
                                    )
18   CAPANA SWISS ADVISORS AG, a    )
     Swiss corporation, and         )
19   Amerimark Automotive AG, a     )
     Swiss corporation,             )
20                                  )
              Counter Defendants.   )
21   _____)

22

23

24

25
```

```
 1   RYMARK, INC., a Utah              )
     corporation; and NICHOLAS         )
 2   THAYNE MARKOSIAN, an              )
     individual,                       )
 3                                     )
           Third-Party Plaintiffs,     )
 4                                     )
      v.                               )
 5                                     )
     SHAEN BERNHARDT, an               )
 6   individual; ASHLEY MIRON          )
     LESHEM, an individual; DAVID      )
 7   HESTERMAN, an individual;         )
     NICOLAI COLSHORN, an              )
 8   individual; STEFAN                )
     KAMMERLANDER, an individual;      )
 9   ALEXANDER COENEN, an              )
     individual; MARTIN FASSER         )
10   HEEG, an individual;              )
     AMERIMARK GROUP AG, a Swiss       )
11   corporation; and PHILOMAXCAP      )
     AG, a German corporation,         )
12                                     )
           Third-Party Defendants.     )
13   _____)

14

15      RULE 30(b)(6) DEPOSITION OF AMERIMARK AUTOMOTIVE AG

16                  BY:   SHAEN BERNHARDT

17

18            Taken on Friday, January 24, 2025

19                    At 9:00 a.m. MT

20

21            At Kunzler Bean & Adamson, PC

22                    50 West Broadway

23                       Suite 1000

24               Salt Lake City, Utah 84101

25   Reported by:  Brooke Simms, RPR, CCR, CSR
```

```
 1   that, yes, he did, and he started the introductory
 2   process.  But after that, I don't see him anymore in
 3   production, from my recollection.
 4        Q.   Well, he also sent an unsigned share register
 5   to Mr. Colshorn on January 24th that included Whitetree
 6   and asked Mr. Colshorn to sign it; correct?
 7        A.   Well, but when you talk about aware of the
 8   Whitetree transaction, do we mean the transaction or the
 9   end result of the transaction?  I know I'm splitting
10   hairs there, but was he involved in the process?  I
11   don't know.  Certainly he knew who Whitetree was, and he
12   knew who Whitetree was far before this transaction -- is
13   my understanding.
14        Q.   As of January 24th, Mr. Leshem was aware of
15   the result of the transaction, which is that Whitetree
16   owned 13 million shares; correct?
17        A.   I think that's clear.
18        Q.   And we have no idea why he would have told
19   Jeremy Blimbaum otherwise a few weeks later?
20        A.   Well, he's wrong on two counts; right?  He's
21   wrong on what the actual count would be absent to
22   Whitetree transaction, and he's wrong that the Whitetree
23   transaction is not reflected to what was sent to
24   Blimbaum.
25        Q.   I think you testified yesterday that you've
```

1   had hundreds of conversations with Mr. Leshem in the
2   course of this dispute, before and after the complaint
3   was filed; is that correct?
4        A.   So by the course of this dispute, are we
5   talking about since September 16th, 2020, when
6   Mr. Pehrson sent the disavowal letter?
7        Q.   Sure.
8        A.   Yes.  For sure, I've had hundreds of
9   conversations with him.
10       Q.   And not one of those hundreds of conversations
11  has touched on this email; correct?
12       A.   On that particular email, I don't remember.
13  The Blimbaum email?
14       Q.   Yes, the Blimbaum email.
15       A.   No.  I mean, that's -- I wasn't copied on it.
16  The company's not copied on it.
17       Q.   Plaintiffs produced it; correct?
18       A.   Yes, it was in the files from somewhere.  I
19  think it was -- probably came from Mr. Leshem's files.
20       Q.   Yeah, actually.  I want to correct myself.
21  Plaintiffs didn't produce this.  It came from
22  Mr. Hesterman's production.
23       A.   I'm sorry.  So thank you.
24            I mean so, no, I haven't had occasion to talk
25  to him about it.

```
 1                    REPORTER'S CERTIFICATE

 2     STATE OF UTAH           )
                               ) SS
 3     SALT LAKE COUNTY        )

 4              I, BROOKE SIMMS, an Idaho Certified Shorthand

 5     Reporter, Utah State Certified Court Reporter, and

 6     Registered Professional Reporter, hereby certify:

 7              THAT the foregoing proceedings were taken

 8     before me at the time and place set forth in the caption

 9     hereof; that the witness was placed under oath to tell

10     the truth; that a verbatim record of the proceedings was

11     made by me using machine shorthand which was thereafter

12     transcribed under my direction; further, that the

13     foregoing is an accurate transcription thereof taken to

14     the best of my ability.

15              I further certify that I am not a relative or

16     employee of an attorney or party, nor am I financially

17     interested in the action.

18                    [XX] Signature was requested.

19                    [ ] Signature was waived.

20                    [ ] Signature was not requested.

21              I have subscribed my name on this 3rd

22     day of January, 2025.

23
                           Brooke J. Simms
24                     _____
                       Brooke Simms, RPR, CCR, CSR
25                     Idaho CSR No. 1174
                       Utah CCR No. 12335391-780
```