Christopher M. Von Maack (10468)
 vonmaack@mvmlegal.com
**MCNEILL | VON MAACK**
236 South 300 East
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Andrew B. Peretz (*pro hac vice*)
 aperetz@peretzlawpa.com
**LAW OFFICES OF ANDREW B. PERETZ P.A.**
One East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301
Telephone: 954.558.8829

Attorneys for Third-Party Defendant Ashley Miron Leshem

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CAPANA SWISS ADVISORS AG**, a Swiss corporation; and **AMERIMARK AUTOMOTIVE AG**, a Swiss corporation,<br><br>     Plaintiffs,<br><br>v.<br><br>**RYMARK, INC.**, a Utah corporation; **NICHOLAS THAYNE MARKOSIAN**, an individual; **JOHN KIRKLAND**, an individual; and **VICKY SMALL**, an individual,<br><br>     Defendants. | **REPLY MEMORANDUM SUPPORTING THIRD-PARTY DEFENDANT ASHLEY MIRON LESHEM'S MOTION TO DISMISS**<br><br>**HEARING REQUESTED** |
| **RYMARK, INC.**, a Utah corporation; and **NICHOLAS THAYNE MARKOSIAN**, an individual,<br><br>     Counterclaim Plaintiffs,<br><br>v.<br><br>**CAPANA SWISS ADVISORS AG**, a Swiss corporation; and **AMERIMARK AUTOMOTIVE AG**, a Swiss corporation.<br><br>     Counterclaim Defendants. | Case No. 2:23-cv-00467-TS-CMR<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

| |
|---|
| **RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,** |
| Third-Party Plaintiffs, |
| v. |
| **SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation,** |
| Third-Party Defendants. |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. 4

OBJECTIONS ................................................................................................................... 5

ARGUMENT ..................................................................................................................... 5

    A.    Third-Party Plaintiffs' Pending Motion to Amend Does Not Moot the Motion. ........................................................................................................... 5

    B.    Conspiracy Theory Does Not Convey Personal Jurisdiction Over Leshem. .......... 5

    C.    Third-Party Plaintiffs Failed to Satisfy Their Burden Under Traditional Jurisdiction Tests. ................................................................................................. 7

    D.    Exercising Personal Jurisdiction Over Leshem Would Violate Due Process. ........................................................................................................... 11

    E.    Jurisdictional Discovery Should Not be Permitted. ............................................. 11

    F.    Third-Party Plaintiffs Fail to Show that the Economic Loss Rule Is Inapplicable. ........................................................................................................ 12

    G.    Third-Party Plaintiffs Failed to Adequately Plead Civil Conspiracy .................... 13

    H.    Third-Party Plaintiffs' Fraudulent Inducement Fails for Lack of Particularity. ........................................................................................................ 13

    I.    Third-Party Plaintiffs' Civil Theft Count Should Be Dismissed. ......................... 14

    J.    Third-Party Plaintiffs Failed to Plead an Essential Element of Conversion. ......... 15

    K.    Third-Party Plaintiffs' Failure to Serve Leshem with Process Should Not Be Excused. ......................................................................................................... 15

CONCLUSION ................................................................................................................ 16

WORD COUNT CERTIFICATION ............................................................................... 17

CERTIFICATE OF SERVICE ........................................................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Applied Predictive Techs., Inc. v. MarketDial, Inc.*, 598 F. Supp. 3d 1264 (D. Utah 2022) ........ 12
*Calder v. Jones*, 465 U.S. 783 (2006) .................................................................................... 7, 8
*Clifford v. Dewbury Homes*, No. 2:18-cv-522-RJS-EJF, 2018 WL 11584099 (D. Utah Oct. 1, 2018) ......................................................................................................................... 15
*GeometWatch Corp. v. Hall*, No. 114-cv-60-JNP-PMW, 2017 WL 1136946 (D. Utah Mar. 27, 2017) ......................................................................................................................... 13
*Labertew v. WinRed, Inc.*, No. 2:21-cv-555-TC, 2022 WL 1568924 (D. Utah May 18, 2022) ... 14
*Nelson v. Phillips*, 2024 UT 30, 554 P.3d 1075 ...................................................................... 6, 10
*Raser Techs., Inc. v. Morgan Stanley & Co., LLC*, 2019 UT 44, 449 P.3d 150 ............................ 6
*REI Holdings, LLC v. LienClear - 0001, LLC*, No. 2:17-cv-00564, 2019 WL 498356 (D. Utah Feb. 8, 2019) ................................................................................................................ 10
*Shipp v. Int'l Auto Grp. of S. Fla., Inc.*, No. 2:16-cv-24 TS, 2016 WL 3951079 (D. Utah July 20, 2016) ......................................................................................................................... 11
*Thorp v. Charlwood*, 2021 UT App 118, 501 P.3d 1166 ........................................................... 12
*Walden v. Fiore*, 571 U.S. 277 (2014) .............................................................................. 7, 8, 9
*Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir. 1995) ......................................................... 10
*XMission, L.C. v. PureHealth Research*, 105 F.4th 1300 (10th Cir. 2024) ............................... 10
*Younique, L.L.C. v. Youssef*, No. 2:15–cv–00783–JNP–DBP, 2016 WL 6998659 (D. Utah Nov. 30, 2016) ....................................................................................................................... 7

**Statutes**

Utah Code Ann. § 76-6-408 ........................................................................................................ 14
Utah Code Ann. § 78B-3-205 ..................................................................................................... 10

**Other Authorities**

17A Am. Jur. 2d Contracts § 17 .................................................................................................. 12

**Rules**

DUCivR 7-1 .................................................................................................................................. 5
Fed. R. Evid. 602 ......................................................................................................................... 5
Fed. R. Evid. 901 ......................................................................................................................... 5

Pursuant to DUCivR 7-1, Leshem respectfully submits this reply memorandum supporting his motion to dismiss (Dkt. 252) ("Motion").[1] *See* DUCivR 7-1.

## OBJECTIONS

Leshem objects to Paragraphs 2–11 of the Richards Declaration (Dkt. 256-1) as lacking personal knowledge. *See* Fed. R. Evid. 602. Leshem objects to Exhibits A–N of the Richards Declaration as lacking adequate foundation or authentication. *See* Fed. R. Evid. 901(a). Richards did not author and did not receive (outside of his capacity as counsel in this matter) Exhibits A–N, which he purports to authenticate.

## ARGUMENT

### A. Third-Party Plaintiffs' Pending Motion to Amend Does Not Moot the Motion.

In their opposition (Dkt. 256) ("Opposition"), Third-Party Plaintiffs argue that their *pending* motion to amend (Dkt. 180) renders the Motion moot. However, Third-Party Plaintiffs' proposed amended third-party complaint is not the operative pleading, is not the subject of the Motion, and does not moot the Motion.

### B. Conspiracy Theory Does Not Convey Personal Jurisdiction Over Leshem.

Third-Party Plaintiffs do not allege conspiracy theory of personal jurisdiction in the TPC. That theory was first advanced in the Opposition.

The Utah Supreme Court adopted the conspiracy theory of personal jurisdiction "warily" and expressed its intent "to prevent a broad extension of long-arm jurisdiction." *Raser Techs., Inc.*

---

[1] Except where otherwise noted, capitalized terms in this reply have the same meaning set forth in the Motion.

*v. Morgan Stanley & Co., LLC*, 2019 UT 44, ¶ 86, 449 P.3d 150 (additional quotations and citation omitted).  The *Raser* court was so concerned with potential misuse of the new theory that it went out of its way to caution courts "to carefully assess the relationship between each individual defendant and the conspiracy to assess whether that individual defendant's relationship with the conspiracy and forum is such that she could reasonably anticipate being haled into court in the state." *Id.*  Accordingly,

> the plaintiff must plead with particularity that (1) the defendant is a member of a conspiracy, (2) the acts of the defendant's co-conspirators create minimum contacts with the forum, and (3) the defendant could have reasonably anticipated that her co-conspirator's actions would connect the conspiracy to the forum state in a meaningful way, such that she could expect to defend herself in that forum.

*Id.* ¶ 85; *see also Nelson v. Phillips*, 2024 UT 30, ¶ 88, 554 P.3d 1075.

The TPC does not allege all elements set forth above, let alone with the requisite individualized particularity.  Instead, Third-Party Plaintiffs base personal jurisdiction over Leshem solely on the allegation that Leshem "purposely availed [himself] of the protections of Utah law and purposely directed tortious conduct toward Utah."  [TPC ¶ 38 (Dkt. 139).]  While Third-Party Plaintiffs allege that Leshem and others were part of a conspiracy, they fail to allege elements two and three.  [*See generally id.* (Dkt. 139).]  Those failures are fatal to Third-Party Plaintiffs' (unpleaded) conspiracy theory of personal jurisdiction over Leshem.  *See, e.g.*, *Nelson*, 2024 UT 30, ¶ 61.

Perhaps recognizing the defects in their TPC, Third-Party Plaintiffs argue that the Court can impute personal jurisdiction over Leshem because other alleged co-conspirators submitted to the jurisdiction of this Court by filing a complaint or otherwise appearing in this case.  However,

this Court's personal jurisdiction over *other* parties does not permit Third-Party Plaintiffs to sidestep the individualized personal jurisdiction analysis to which Leshem is entitled.

Finally, Third-Party Plaintiffs' argument that Leshem did not address conspiracy jurisdiction in the Motion is a red herring. The TPC does not allege conspiracy jurisdiction. Third-Party Plaintiffs have the burden to establish personal jurisdiction over Leshem and their failure to allege the conspiracy theory of personal jurisdiction in their TPC prevents them from relying on that theory here.

C. **Third-Party Plaintiffs Failed to Satisfy Their Burden Under Traditional Jurisdiction Tests.**

For at least seven reasons, none of Third-Party Plaintiffs' arguments overcome their burden to show that this Court has traditional personal jurisdiction over Leshem. First, Third-Party Plaintiffs do not dispute that this Court can grant the Motion solely on the ground that Third-Party Plaintiffs failed to satisfy the three-prong "effects test."

Second, Third-Party Plaintiffs do not contest that they failed to plead or make any allegation in the TPC regarding the third prong of the effects test.

Third, Third-Party Plaintiffs disregard the United States Supreme Court's ruling "that mere injury to a forum resident is not a sufficient connection to the forum," even in intentional tort cases. *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Rather, Third-Party Plaintiffs rely on the older, pre-*Walden* case of *Calder v. Jones*, 465 U.S. 783 (2006). Numerous courts (including *Walden* itself) acknowledged that *Walden* narrowed the effects test discussed in *Calder*. *See, e.g.*, *Younique, L.L.C. v. Youssef*, No. 2:15–CV–00783–JNP–DBP, 2016 WL 6998659, at *7 (D. Utah Nov. 30, 2016) (unpublished) (recognizing "that *Walden*'s clarification may significantly narrow otherwise broad readings of *Calder*'s 'effects' test" and citing cases).

The impact of *Walden* on *Calder* is relevant here. In *Calder*, the Supreme Court found that California's exercise of personal jurisdiction over the Florida defendants was appropriate because the Florida defendants wrote and published a libelous article about the California plaintiff that defendants knew would be read by California residents and harm the California plaintiff. *See* 465 U.S. at 788–90. In *Walden*, the Supreme Court distinguished *Calder*, explaining that the "crux of *Calder* was that the reputation-based 'effects' of the alleged libel connected the defendants to California, not just to the plaintiff" and, thus, "the defendants intentional tort actually occurred in California." *Walden*, 571 U.S. at 287, 288.

Here, Third-Party Plaintiffs have not shown a basis to hail Leshem into this Utah court. The Opposition relies on numerous, unsupported allegations absent from the TPC (or any declaration) that Leshem sent materials to Utah, contacted Utahns, and drafted documents. Those allegations are unavailing. For instance, Third-Party Plaintiffs fail to challenge Leshem's case law that holds that sending emails or communicating from Florida to a Utah-resident is insufficient to establish personal jurisdiction. [*See* Motion at 22–23 (Dkt. 252).] Lesham's alleged actions did not connect him to Utah "in a meaningful way." *Walden*, 571 U.S. at 290.

Additionally, Third-Party Plaintiffs fail to rebut the fact that all of Leshem's services to Third-Party Plaintiffs were all foreign focused. [*See* Motion ¶¶ 17–19, 21–30, 34 (Dkt. 252).] Leshem's services were undertaken to allow Third-Party Plaintiffs to get listed on a *foreign* exchange through Third-Party Plaintiffs' retention of professional service providers, all located in Europe and retained by, and governed under agreements approved by, Third-Party Plaintiffs, including powers of attorney (executed by Third-Party Plaintiffs) to effectuate actions falsely attributed to Leshem. [*See id.* (Dkt. 252).] Each of the *foreign* agreements was performed in

8

*Europe* and under *foreign* law—key facts ignored by Third-Party Plaintiffs. Third-Party Plaintiffs' attempt to use their Utah residence, and to ignore the true focal point of Leshem's contacts (*i.e.*, Florida and Europe), to establish personal jurisdiction has been soundly rejected by courts. [*See id.* at 20–22 (collecting cases) (Dkt. 252)]. Third-Party Plaintiffs' Utah residence cannot be a factor in this case; otherwise, jurisdiction would be available to any state where a plaintiff resides. This is the type of "random, fortuitous, or attenuated contacts" to the forum state that the courts have found insufficient to establish personal jurisdiction. *Walden*, 571 U.S. at 286 (additional quotations and citation omitted).

       The aforementioned financial and other documents referenced by Third-Party Plaintiffs do not warrant hailing Leshem into Utah. Even if such documents refer to Utah (even dozens of times) or refer to Rymark's operations in Utah, none of those documents connected Leshem to Utah in a substantial or meaningful way for jurisdictional purposes and do not show Leshem seeking the protections, or benefiting from the resources, of Utah law, especially considering all of the transactions and related documents were foreign focused and governed by foreign law.

       Third-Party Plaintiffs' contention that their causes of action arise from Leshem's contacts with Utah is incorrect. Such suit-based connections with Utah must create a "substantial connection" with Utah. *Walden*, 571 U.S. at 284. As shown above, they do not. None of Leshem's alleged conduct arose from *his* contacts with Utah.

       Fourth, as noted in the Objections section above, all but one of documents relied upon in the Opposition are inadmissible for want of proper foundation and authentication. [*See supra*, Objections.] This Court can only accept the well-plead allegations "'to the extent they are uncontroverted by the defendant's affidavits.'" *REI Holdings, LLC v. LienClear - 0001, LLC*, No.

2:17-cv-00564, 2019 WL 498356, at *3 (D. Utah Feb. 8, 2019) (unpublished) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)). As such, the Court has only Leshem's evidentiary submissions before it, [*see* Leshem Decl. (Dkt. 253)], and this Court may not consider the TPC's challenged jurisdictional allegations. *See Nelson*, 2024 UT 30, ¶¶ 92–93 (reversing district court's denial of defendants' motions to dismiss for lack of personal jurisdiction where defendants contradicted plaintiff's conspiracy jurisdictional allegations with declarations and plaintiff "failed to introduce evidence to support his jurisdictional allegations").

Fifth, Third-Party Plaintiffs' reliance on footnote 12 from *XMission, L.C. v. PureHealth Research*, 105 F.4th 1300 (10th Cir. 2024), is misplaced. *XMission* is consistent with settled law and supports Leshem's position—"The proper focus of the purposeful-direction inquiry is thus on [the defendant's] conduct in Utah and not the conduct of the email recipients who reside in the state." *Id.* at 1311.

Sixth, Third-Party Plaintiffs fail to refute Leshem's argument that the Listing Agreement supports the denial of the instant Motion. The Listing Agreement demonstrates the intent of the parties that Utah was neither the intended nor the actual focal point of the transaction at issue and that Leshem was not availing himself of the protections of Utah. [*See* Motion at 15–16, 23 (Dkt. 252).]

Finally, Third-Party Plaintiffs' attempt to use the Listing Agreement or Utah Code section 78B-3-205 to establish personal jurisdiction fails for at least two reasons (a) Third-Party Plaintiffs admit that "only specific jurisdiction is at issue," and (b) Third-Party Plaintiffs never pleaded general personal jurisdiction or Section 78B-3-205.

### D. Exercising Personal Jurisdiction Over Leshem Would Violate Due Process.

Each of Third-Party Plaintiffs' responses to Leshem's due process arguments presupposes allegations that have been challenged with evidence or makes redundant, immaterial, impertinent, and/or scandalous accusations against Leshem.

As to the choice-of-law and venue provisions in the Listing Agreement, Third-Party Plaintiffs fail to meaningfully address Leshem's argument that these provisions have been used successfully by non-resident defendants to avoid being hailed into a Utah court from Florida. *See Shipp v. Int'l Auto Grp. of S. Fla., Inc.*, No. 2:16-cv-24 TS, 2016 WL 3951079, at *9–10 (D. Utah July 20, 2016) (unpublished).

This case does not require the application of Utah law, and the Listing Agreement establishes that Utah law does not apply. As to Utah itself, any interest in protecting its residents can be fully and fairly accomplished in and by a Florida court. While Third-Party Plaintiffs may prefer that this complex dispute involving parties domiciled around the world be tried in this Court, the parties to the instant Motion bargained for Florida law and venue to adjudicate their claims. Having made that agreement, Third-Party Plaintiffs cannot truly object because it is convenient or better for them to try this case in Utah.

### E. Jurisdictional Discovery Should Not be Permitted.

The Court should deny Third-Party Plaintiffs' request to permit discovery on the personal jurisdiction issue. Since Third-Party Plaintiffs did not submit admissible evidence to refute the Leshem Declaration and did not identify any factual issues that would need clarification or resolution through additional discovery, the request has no legitimate basis and should be denied.

### F. Third-Party Plaintiffs Fail to Show that the Economic Loss Rule Is Inapplicable.

Third-Party Plaintiffs incorrectly claim that the economic loss rule does not apply here. First, the Court may consider the Listing Agreement because it was referenced in the Third-Party Complaint (albeit not by name), is central to Third-Party Defendants' claims against Leshem, and its authenticity is not challenged. [*See* TPC ¶ 53 (Dkt. 139).] *See Applied Predictive Techs., Inc. v. MarketDial, Inc.*, 598 F. Supp. 3d 1264, 1277 n.5 (D. Utah 2022) (considering employment agreement for purposes of motion to dismiss).

Second, it matters not that Third-Party Plaintiffs did not assert a claim for breach of the Listing Agreement. The economic loss rule still operates to bar tort claims that overlap with the rights and obligations of the Listing Agreement. *See Thorp v. Charlwood*, 2021 UT App 118, ¶ 31, 501 P.3d 1166 (ruling that economic loss rule barred tort claim even though plaintiff did not plead breach of contract claim).

Third, Leshem's conduct at issue was performed pursuant to the terms of the Listing Agreement, which was impliedly extended through the parties' continued performance thereunder. [*See generally* TPC (Dkt. 139).] *See* 17A Am. Jur. 2d Contracts § 17 ("If, after the expiration of a contract, the parties to the contract continue to perform under the contract's terms, the parties' relationship is generally governed by a new, implied in fact contract that incorporates the terms, or substantially the same terms, of the expired contract." (footnotes omitted)).

Finally, Third-Party Plaintiffs' allegations amount to breaches of the Listing Agreement. [*See* Listing Agreement §§ III(e)(2) (prohibiting conduct "adverse to the Company's interests"), IV.1(a) (stating that Consultant will assist with the Company's listing and prepare

documents), IV.1(c) (stating that Consultant will assist with delivery of Company shares) (Dkt. 253-1).]

### G. Third-Party Plaintiffs Failed to Adequately Plead Civil Conspiracy.

This Court's prior ruling (Dkt. 137) does not bar Leshem's challenge to Third-Party Plaintiffs' civil conspiracy claim. First, Leshem was not a party at that time and his unique arguments were not before the Court.

Second, Third-Party Plaintiffs' civil conspiracy allegations are improperly group-pleaded. "[W]here the unlawful act underlying the civil conspiracy is a fraud-based tort, both the underlying tort and the conspiracy claim must be pleaded with particularity." *GeometWatch Corp. v. Hall*, No. 114-cv-60-JNP-PMW, 2017 WL 1136946, at *17 (D. Utah Mar. 27, 2017) (unpublished) (additional quotations and citation omitted) (dismissing group-pleaded civil conspiracy claim against individual defendants for failure to comply with Rule 9(b)). Third-Party Plaintiffs do not allege at all, let alone with particularity, the details of Leshem's alleged participation in a conspiracy.

Finally, Third-Party Plaintiffs incorrectly suggest that Leshem did not read the Third Party Complaint as a whole. Not so. Reviewing the TPC as a whole, Third-Party Plaintiffs failed to meet the heightened pleading requirement applicable here.

### H. Third-Party Plaintiffs' Fraudulent Inducement Fails for Lack of Particularity.

For the same reasons identified in the preceding section, Third-Party Plaintiffs failed to plead their fraudulent inducement claim with the requisite Rule 9(b) particularity.

I.     **Third-Party Plaintiffs' Civil Theft Count Should Be Dismissed.**

Third Party Plaintiffs fail to meaningfully distinguish *Labertew v. WinRed, Inc.*, No. 2:21-cv-555-TC, 2022 WL 1568924 (D. Utah May 18, 2022) (unpublished). "The theft statute is primarily designed to address situations where an individual gives stolen property to a business dealing in *secondhand goods*" and "refers to property that has already been stolen by *someone else*." *Id.* at *8 (emphasis added). As in *Labertew*, Third-Party Plaintiffs do "not allege that [Leshem] received [the stolen property] from third parties," but instead that Leshem "affirmatively stole" 13,000,000 shares. *Id.* Accordingly, Third-Party Plaintiffs have "not set forth facts establishing an essential element of [their] theft claim," and this Court should dismiss that cause of action. *Id.*

Third-Party Plaintiffs allege that their civil theft claim survives dismissal because after allegedly stealing the property, Leshem disposed of, concealed, or withheld the stolen shares. However, that analysis ignores that the critical element in alleging a civil theft claim under Section 76-6-408 is the predicate act of receiving stolen property *from the thief*, which is distinct from the direct theft of the property alleged here.

The statutory sections preceding Section 76-6-408 set forth numerous ways that the actual thief can be criminally charged with that crime, such as common theft (§ 76-6-404), theft by deception (§ 76-6-405), theft by extortion (§ 76-6-406), and theft of lost, mislaid, or mistakenly delivered property (§ 76-6-407).

Section 76-6-408, however, is titled "[t]heft by *receiving* stolen property," and imposes liability on a party who does not steal the property at issue himself, but instead "receives, retains, or disposes of the property of another, … or who conceals, sells, withholds … the property from

14

the owner," after obtaining that property from the direct thief, but only if the receiving party knows or believes that property to be stolen. UTAH CODE ANN. § 76-6-408 (emphasis added). It therefore does not matter whether a plaintiff alleges that a defendant "received," "retained," "disposed," "concealed," or "withheld" of the property at issue, because unless that defendant performed one of these acts after obtaining the property from the direct thief, this section simply does not apply. Asserting Section 76-6-408 against the alleged thief would render the preceding statutory sections redundant and overlapping, and must therefore be interpreted to apply only to those receiving property from the direct thief, consistent with its plain language and as determined in *Labertew*. Because Third-Party Plaintiffs admit that Leshem did not receive stolen property from a third party, and they have been unable to cite any case distinguishing or avoiding the holding in *Labertew*, they cannot state a cause of action as a matter of law.

### J. Third-Party Plaintiffs Failed to Plead an Essential Element of Conversion.

An essential element of a conversion claim is the absence of lawful justification. Third-Party Plaintiffs concede that they failed to specifically plead that essential element but argue that they ought not to be required to "use the magic words." [Opposition at 25 (Dkt. 256).] Third-Party Plaintiffs' failure to plead an essential element should not simply be ignored.

### K. Third-Party Plaintiffs' Failure to Serve Leshem with Process Should Not Be Excused.

In response to their defective service of process on Leshem, Third-Party Plaintiffs again ask the Court to give them a pass. This Court has held that "service of a complaint without exhibits" renders that service "ineffective." *Clifford v. Dewbury Homes*, No. 2:18-cv-522-RJS-EJF, 2018 WL 11584099, at *1 (D. Utah Oct. 1, 2018) (unpublished). Third-Party Plaintiffs ask

this Court not to dismiss the case, claiming Leshem evaded service of process. However, there is no competent evidence or authority offered to support that argument.

## CONCLUSION

For all of the foregoing reasons, Leshem respectfully requests that the Court dismiss him from this action because (A) this Court does not have personal jurisdiction over Leshem, (B) Third-Party Plaintiffs failed to state a cause of action against Leshem, and (C) service of process upon Leshem was insufficient.

DATED this 23rd day of April, 2025.

**LAW OFFICES OF ANDREW B. PERETZ P.A.**

/s/ Andrew B. Peretz
Andrew B. Peretz (*admitted pro hac vice*)
*Attorneys for Third-Party Defendant Ashley Miron Leshem*

**MCNEILL VON MAACK**

/s/ Christopher M. Von Maack
Christopher Von Maack
*Attorneys for Third-Party Defendant Ashley Miron Leshem*

## WORD COUNT CERTIFICATION

I, Christopher M. Von Maack, certify that this reply memorandum contains 3,100 words and complies with DUCivR 7-1(a)(4)(A)(ii). *See* DUCivR 7-1(a)(4)(A)(ii) (permitting 3,100 words for a reply filed under Fed. R. Civ. P. 12(b)); DUCivR 7-1(a)(6)(B) ("The caption, face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits do not count toward the page or word limit.").

DATED this 23rd day of April, 2025.

                              **MCNEILL VON MAACK**

                              /s/ Christopher M. Von Maack
                              Christopher Von Maack
                              *Attorneys for Third-Party Defendant Ashley Miron Leshem*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MCNEILL VON MAACK, 236 South 300 East, Salt Lake City, Utah, and that, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **REPLY MEMORANDUM SUPPORTING THIRD-PARTY DEFENDANT ASHLEY MIRON LESHEM'S MOTION TO DISMISS** was delivered this 23rd day of April, 2025, via CM/ECF to all parties and counsel registered to receive email notices of filings.

/s/ Camille Coley