Chad S. Pehrson (12622) (cpehrson@kba.law)
Robert P. Harrington (12541) (rharrington@kba.law)
Stephen Richards *(*19332*)* (srichards@kba.law)
**KB & A**
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants, Counter Claimants and Third-Party Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DEFENDANTS AND THIRD-PARTY PLAINTIFFS' RESPONSE TO EVIDENTIARY OBJECTIONS**<br>**[DKT. 260]**<br><br><br>Case No.: 2:23-cv-00467-TS-CMR<br><br>Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and AMERIMARK AUTOMOTIVE AG, a Swiss Corporation,<br><br>Counter Defendants. | |

| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual, |
|---|
| Third-Party Plaintiffs, |
| vs. |
| SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation, |
| Third-Party Defendants. |

## RESPONSE TO EVIDENTIARY OBJECTIONS

Pursuant to DuCivR 7-1(b)(4), Defendants and Third-Party Plaintiffs Rymark, Inc. and Nicholas Markosian (together, "**Rymark**") respectfully submit this Response to the evidentiary objections set forth in Third-Party Defendant Miron Leshem's Reply in Support of Motion to Dismiss, Dkt. 260 (the "**Reply**") at p.5.

Exhibits A through N to the Richards Declaration, Dkt. 256-1, are all (1) pleadings, orders, or judgments from litigation or regulatory investigations involving Leshem, (2) communications to or from Leshem, (3) documents Leshem authored and used in the scheme at issue, or (4) discovery responses in this case, as follows:

| Exhibit | Description |
|---|---|
| A | March 22, 1999 Consent Order between Leshem and the SEC. |

| Exhibit | Description |
|---|---|
| B | February 6, 2006 civil complaint by the SEC against Leshem. |
| C | Final judgment in civil litigation brought by the SEC against Leshem. |
| D | French regulatory decision fining Leshem for market manipulation. |
| E | December 3, 2015 email received by Leshem. |
| F | December 15, 2014 email from Leshem. |
| G | Information Document produced by Plaintiffs in this litigation. |
| H | German-language Information Document produced by Plaintiffs in this litigation. |
| I | AmeriMark Group press release. |
| J | Plaintiff AmeriMark Automotive's discovery responses identifying Leshem as the author of certain press releases. |
| K | AmeriMark Group press release. |
| L | June 6, 2017 letter from Leshem's company, Grantchester Equity, to Burke Roney. |
| M | Listing proposal from Grantchester Equity. |
| N | July 26, 2017 email received by Leshem. |

Leshem's objections to these exhibits, on foundation and authentication grounds, are without merit. *First*, Leshem does not actually contend that any of the documents lack foundation or is inauthentic, let alone explain why that is supposedly so. And although the documents were properly authenticated, "[e]ven if a party fails to authenticate a document properly or lay a proper foundation, the opposing party is not acting in good faith in raising such an objection if the party nevertheless knows that the document is authentic." *Fenje v. Feld*, 301 F. Supp. 2d 781, 789 (N.D. Ill. 2003). Federal courts routinely overrule throwaway foundation and authenticity objections that – like the objections here – are not actually supported by a good-faith dispute over foundation or authenticity. *See, e.g.*, *Powell v. City of Elko*, 2024 WL 3964648, at *8 (D. Nev. Aug. 28, 2024)

(collecting cases); *Phillip M. Adams & Assocs., LLC v. Dell, Inc.*, 621 F. Supp. 2d 1173, 1183 (D. Utah 2009) (Stewart, D.J.) ("*Dell*") (overruling objection where party made "marginal challenge" to documents' authenticity and did not "repudiate[] any of the documents").

*Second*, even if there were a good-faith dispute over authenticity or foundation – and there is not – the personal jurisdiction standard requires resolving that dispute in Rymark's favor. In the "absence of a hearing" on the issue of personal jurisdiction, district courts are required to "resolve any factual disputes in the plaintiff's favor, even where there is 'plainly reason to question the authenticity' of the evidence the plaintiff has offered." *Nutmeg Gaming and Bingo Prods., LLC v. Abbott Prods. Inc.*, 2023 WL 143198, at *5 (D. Conn. Jan. 9, 2023) (quoting *Dorchester Fin. Secs., Inc. v. Banco BRJ. S.A.*, 722 F.3d 81, 85–86 (2d Cir. 2013); *see also Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (on motion to dismiss for lack of personal jurisdiction, "[i]f the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor") (citation omitted). Leshem, of course, produced no affidavit or declaration disputing any of the evidence submitted with Rymark's Opposition.

*Third*, authenticity and foundation go to admissibility. But at the personal jurisdiction stage, "plaintiffs are not limited to evidence that meets the standards of admissibility." *Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005). "Rather, they may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *Id.*; *see also Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*, 2010 WL 3489400, at *8 (D. Utah Sept. 1, 2010) (Stewart, D.J.) (even "hearsay" can be submitted on personal jurisdiction). Indeed, even at summary judgment, an objection to evidence must show that it "cannot be presented in a form that would be admissible." Fed. R. Civ. P. 56(c)(2).

And *fourth*, in any event, Third-Party Defendants did properly lay foundation for, and authenticate, the documents in question. Public records are, of course, self-authenticating. Fed. R. Evid. 902. Production of documents by adverse parties, similarly, is "effective authentication." *Dell.*, 621 F. Supp. 2d at 1183. And authenticity only tests for "evidence sufficient to support a finding that [an] item is what the proponent claims it is." Fed. R. Evid. 901(a). In every case, the Richards Declaration describes the provenance (or public availability) of each of the attached documents. Indeed, considering the unquestioned provenance of the documents in question, many of Leshem's specific objections verge on frivolous, especially his objection to Exhibit J, which is a set of verified discovery responses served by Plaintiff AmeriMark Automotive on Rymark. It is *obviously* the case that counsel who receive discovery responses can authenticate them. *E.g.*, *McLaren Automotive Inc. v. Shaoo*, 2021 WL 4707001, at *3 (C.D. Cal. June 1, 2021).

\* \* \*

The Court should overrule the objections.

DATED:  April 24, 2025

                   **KB&A**

                   /s/ *Chad S. Pehrson*
                   Chad S. Pehrson
                   Robert P. Harrington
                   Stephen Richards

                   *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2025, I filed the foregoing **DEFENDANTS AND THIRD-PARTY PLAINTIFFS' RESPONSE TO EVIDENTIARY OBJECTIONS [DKT. 260]** via the Court's Cm/ECF system, which provided notice of such filing to all counsel of records.

*/s/Chad S. Pehrson*