Eric G. Benson, eric@pbp.law
Loren Washburn, loren@pbp.law
Brennan Moss, brenann@pbp.law
Parkinson Benson Potter
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>        Defendants. | **DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER BY TOLLING EXPERT REPORT DISCLOSURE DATES UNTIL 30 DAYS AFTER ADJUDICATION OF MOTIONS AFFECTING FACT DISCOVERY**<br><br><br>Case No.: 2:23-cv-00467<br><br>Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>        Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation,<br><br>        Counter Defendants. | |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>        Third-Party Plaintiffs, | |

vs.

SHAEN BERNHARDT, an individual;
ASHLEY MIRON LESHEM, an individual;
DAVID HESTERMAN, an individual;
NICOLAI COLSHORN, an individual;
STEFAN KAMMERLANDER, an individual;
ALEXANDER COENEN, an individual;
MARTIN FASSER HEEG, an individual;
AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation,

        Third-Party Defendants.

## MOTION AND RELIEF REQUESTED

Defendants Rymark Inc., Nick Markosian, and all other Defendants (collectively, "Defendants") jointly move to amend the current Scheduling Order pursuant to Fed. R. Civ. P. 16(b)(4) and DUCivR 16-1. Specifically, Defendants request that the Court vacate the existing expert discovery deadlines and reset them to run from the Court's resolution of several pending motions regarding fact discovery. Good cause exists to modify the schedule given ongoing discovery disputes, unresolved motions, need to take discovery from newly added third party defendant Miron Leshem, and recent changes in Defendants' counsel. Discovery and pending motions have recently become the subject of a renewed meet-and-confer effort between Plaintiffs' counsel and Defendants' new counsel, and Defendants believe that this meet-and-confer effort should be seen through before expert reports and depositions commence.

Defendants propose that new deadlines be triggered by the Court's rulings on the pending motions. Under this proposal, the expert disclosure process will occur on a stable factual record once key disputes are resolved, ensuring that all parties can prepare expert testimony efficiently and fairly. Defendants further request that the Court enter an order accordingly amending the

Scheduling Order and permitting the parties to submit a revised Proposed Amended Scheduling Order to chambers.

## BACKGROUND

This complex commercial dispute involves multiple international entities, cross-border transactions, and intricate financial relationships that have generated substantial discovery needs and procedural complexities. Rather than seeking a wholesale rescheduling of the case, Defendants request a targeted amendment to the expert-related deadlines. This modest adjustment will allow the parties to develop expert opinions based on a complete factual record.

Under the current Scheduling Order, the deadline for serving opening expert reports by the party bearing the burden of proof is May 10, 2025. The deadline for rebuttal expert reports is currently set for a corresponding interval thereafter (approximately 30 days after opening reports, under the present schedule). Defendants believe that given the nature of the claims and defenses in this case, all of their expert reports are appropriately served at the rebuttal time frame. Following reports, the deadline for filing dispositive motions is currently set a short time after the expert report deadlines.

Multiple critical motions remain pending. In particular, Defendants have been unable to obtain essential written discovery from Defendant Miron Leshem. Leshem evaded service for months, was finally served *after* the Scheduling Order's deadline to serve written discovery, and then filed a Motion to Dismiss on grounds of jurisdiction, which motion remains pending. Defendants previously requested an extension of the current fact discovery deadline to ensure their appropriate ability to discover Leshem's written materials and then depose him. (*See* Dkt. 219.) This setting has caused a substantial gap in the factual record. Defendants cannot prepare complete expert analyses without information and testimony from Leshem, which includes documents and

communications central to Defendants' defenses. The same is true with respect to Nicolai Colshorn, whose deposition Defendants requested when Colshorn was still a director of Plaintiff AmeriMark Automotive, but whom Plaintiffs have not produced for deposition. (*See* Dkt. 173.)

Also, multiple additional pending motions exist that affect the contour of the case, such as Defendants' Motion for Leave to Amend the Pleadings and Third-Party Defendants' Motions to Dismiss. Defendants have twice sought to amend the complaint to add claims and parties, with the second motion still pending. Furthermore, certain Third-Party Defendants including Leshem and AmeriMark Group AG have filed Motions to Dismiss. The outcomes of those motions will determine whether those third-party claims remain in the case. In short, the universe of claims and parties in this action remains in flux pending the Court's decisions on the motions to amend and to dismiss.

Moreover, the defense team itself recently underwent a significant change. The trial law firm of Parkinson Benson Potter ("PBP") recently appeared as counsel, initially as counsel for Mr. Markosian and then as counsel for all parties. Since taking over representation, PBP has worked to get up to speed on the case, engage in pending discovery, and address the outstanding disputes. Following its entry into the case, PBP initiated good-faith discussions with Plaintiffs' counsel to attempt to resolve the discovery issues and to discuss a reasonable path forward for the case schedule. Specifically some weeks ago, after receiving correspondence from Plaintiffs' counsel at Venable that appeared to invite discussion on the pending motions, PBP's attorneys traveled to San Francisco to meet with Venable in person as a good-faith effort to resolve or narrow the disputes. Following that meeting, the parties have continued to confer about the status of discovery and the outstanding motions. PBP specifically proposed that the parties jointly move to amend the Scheduling Order with respect to the expert report deadlines, but Plaintiffs' counsel

declined. During these efforts, Plaintiffs declined to stipulate to any extension of any expert deadlines, necessitating this motion.

Defendants emphasize that they have been diligent, that they have already disclosed the identity of their experts, and that they are not seeking to delay the case for any improper purpose. Rather, they seek a modest adjustment of deadlines to accommodate the reality that expert reports and depositions at this juncture would be premature and potentially inefficient. Expert witnesses should base their opinions on a stable and complete set of facts. Here, critical facts remain unavailable (including because of the fourteen pending motions), and the contours of the case may yet change. Proceeding with the current schedule could result in experts opining on claims that are later altered or preparing reports without benefit of key evidence. This would waste resources and could necessitate supplemental reports or further extensions later.

## LEGAL STANDARD

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." The "good cause" standard primarily considers the diligence of the party seeking the amendment. *See, e.g., Golden v. Mentor Cap., Inc.*, No. 2:15-00176-JNP, 2017 WL 5151350, at *2 (D. Utah Nov. 3, 2017) (quoting Rule 16(b)'s "good cause" standard). The moving party must show that despite its diligent efforts, the current deadlines cannot reasonably be met *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014). In practice, this means that the schedule may be adjusted if the party seeking extension has been generally diligent and the need for more time arises from unforeseeable or outstanding developments, rather than from the movant's mere lack of care or planning. Courts in the Tenth Circuit have noted that Rule 16's good cause inquiry "obligates the moving party to provide an adequate explanation for any delay" in meeting the existing deadlines.

*Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) Importantly, prejudice (or lack thereof) to the opposing party may also be considered, but the touchstone is the movant's diligence and the practicality of meeting the schedule under the circumstances. See Johnson, 975 F.2d at 609 ("the focus is upon the moving party's diligence"

The District of Utah adheres to these standards and will grant modifications to scheduling orders upon a clear showing of good cause. For example, when significant new developments occur or obstacles arise that were not anticipated at the time of the original scheduling order, courts have found good cause to extend deadlines. Even the withdrawal or substitution of counsel, coupled with resulting case management challenges, can constitute good cause for relief from a schedule in appropriate cases. Ultimately, the Court has broad discretion in managing its docket and may amend scheduling deadlines to ensure that cases are decided on their merits with a complete record, rather than on technicalities or an artificially compressed timeline, provided that the party seeking change has acted in good faith and with diligence in responding to new circumstances. *See* Fed. R. Civ. P. 1.

## ARGUMENT

Defendants respectfully submit that good cause exists here to vacate the current expert report deadlines and reset them in light of the pending motions and discovery issues. Each of the following factors demonstrates diligence and the necessity for an amended schedule:

1. **Outstanding Discovery Disputes.** Numerous discovery-related motions are currently pending before the Court. For instance, as soon as Mr. Leshem was served, Defendants promptly filed a Motion to address taking discovery from Mr. Leshem. That motion remains pending. Furthermore, presently before the Court are 14 motions related to discovery, the pleadings, or other matters, as follows:

| Dkt. | Filed | Requested Relief | Short Summary of Motion, Parties' Positions, Effect on Schedule |
|---|---|---|---|
| 172 | 11/14/2024 | Protective order | Dispute re confidentiality designations placed on Plaintiffs' documents. |
| 173 | 11/15/2024 | Compel Deposition of Nicolai Colshorn | Defendants asked the Court to require Plaintiffs to make Nicolai Colshorn available for deposition. Defendants argue that Mr. Colshorn was a current director of Plaintiff AmeriMark Automotive AG at the time his deposition was requested and is a central witness to the parties' dispute. |
| 180 | 11/26/2024 | Leave to amend pleadings. | Defendants sought leave to amend their previous counterclaim based on new information uncovered during discovery. |
| 183 | 12/02/2024 | Extend time for service | Defendants sought a 60-day enlargement of the Rule 4(m) deadline to serve third-party defendant Miron Leshem. |
| 192 | 12/11/2024 | Protective order | Defendants sought a protective order to address what they allege are improper discovery efforts directed at Rymark's primary lender. |
| 207 | 1/2/2025 | Motion to dismiss | Third-Party Defendant AmeriMark Group argues that it was not properly served and should be dismissed. |
| 211 | 1/2/2025 | Motion to disqualify counsel | Defendants argue that an impermissible conflict of interest arose when counsel represented corporate entities and a shareholder in a control dispute |
| 219 | 1/15/2025 | Limited extension of fact discovery | Defendants requested a brief extension of the fact discovery deadline for the specific purpose of completing discovery from two recently added third-party defendants. |
| 226 | 1/20/2025 | Strike 30(b)(6) objections | Defendants asked the court to strike Plaintiffs' objections to certain Rule 30(b)(6) deposition topics on the ground that the objections were served too late. |
| 230 | 1/28/2025 | Authorize depositions | Defendants sought leave to depose two non-parties, John and Sarah Simkiss after the close of fact discovery on grounds of witness unavailability. |
| 232 | 1/31/2025 | Compel search of additional communications platforms | Plaintiffs requested an order requiring Defendants to search for and produce relevant communications from messaging platforms beyond email used by Defendants and their principals. |

| 240 | 2/4/2025 | Alternative service | This Motion sought permission to serve the third-party defendant Ashley Miron Leshem by alternative means. |
| --- | --- | --- | --- |
| 245 | 2/7/2025 | Strike supplemental response | Plaintiffs filed what Defendants characterized as an improper sur-reply, and Defendants moved to strike. |
| 252 | 2/27/2025 | Motion to dismiss | This Motion, filed by Miron Leshem, sought dismissal due to lack of jurisdiction. |

Good cause is present when a party "cannot meet the deadline despite its diligent efforts," and Defendants exercised diligence by (1) waiting as long as they could on the pending motions but then (2) timely seeking Court relief before the expert report deadline arrived. *Gorsuch*, 771 F.3d at 1241. Defendants also exhausted available avenues short of court order. Experts should have access to the complete factual record, including any documents or information that Mr. Leshem will be compelled to produce, before forming their opinions. Proceeding without that information would risk necessitating supplemental expert analyses later, which is precisely what a well-coordinated scheduling order seeks to avoid.

2. **Several Depositions Cannot Be Completed Due to Disputes.** Important depositions remain incomplete or on hold because of pending motions to compel testimony and motions to strike certain deposition objections. In particular, certain key witnesses' depositions were stalled by disputes that are now the subject of motions awaiting the Court's decision. This includes entity depositions and a demanded deposition of Nicolai Colshorn, who was the sole director of Plaintiff AmeriMark entities for many years. Until those motions are resolved (and the depositions can be concluded, if allowed), the factual record will not be fully developed. Requiring expert reports and depositions before these

depositions are finished could prejudice one or more Parties, as experts would lack the benefit of the complete testimony.

3. **The Pending Motion for Leave to Amend the Pleadings May Alter the Claims at Issue.** The existence of a pending motion to amend the pleadings further supports a finding of good cause. Until the Court decides whether new claims will be added or certain claims will be altered, the parties cannot fully anticipate what subject matter expert testimony might cover. If the motion to amend is granted, it could introduce new theories of liability or new parties, potentially requiring additional fact discovery or expert analysis in different areas.

4. **Two Third-Party Defendants Have Pending Motions to Dismiss, Creating Uncertainty about Their Involvement.** Two Third-Party Defendants moved to dismiss Defendants' claims against them. (*See supra*.) Those motions to dismiss are pending. The outcome of these motions will determine whether those Third-Party Defendants remain in the litigation moving forward. This uncertainty affects expert discovery. If the Third-Party Defendants are dismissed from the case, then any expert analysis related to their alleged conduct or involving their role may become moot, and those parties would not be participating in expert discovery or trial. If instead the motions to dismiss are denied and the Third-Party Defendants remain in the case, they may participate in expert discovery (including possibly disclosing their own experts or responding to others). The content of the Parties' expert reports could change depending on whether the Third-Party Defendants are in or out of the case. For these reasons, Defendants submit that it is sensible to toll the expert report deadlines until the Court decides the Third-Party Defendants' motions to dismiss, so that expert reports can account for the proper parties and claims in the case. *Cf.*

*Ennis v. Alder Prot. Holdings*, LLC, No. 2:19-cv-00512-CW-DBP, 2023 WL 2719377, at *1–2 (D. Utah Mar. 7, 2023) (granting extension of discovery deadline until 90 days after ruling on motion to dismiss counterclaims, because proceeding would have been "inefficient, ineffective, and potentially costly" if the claims were dismissed)*; Weldon v. Ramstad-Hvass,* 512 F. App'x 783, 790 (10th Cir. 2013) (affirming stay of discovery pending the district court's ruling on a motion to dismiss).

5. **New Counsel Recently Appeared for Defendants and is Working with Plaintiffs' Counsel to Narrow the Discovery Disputes.** Additionally, new counsel from the law firm PBP has recently appeared in this case and is in the process of engaging in good-faith discussions to resolve or narrow some of the outstanding discovery issues. This change in representation and the cooperative efforts by new counsel may lead to the resolution of certain disputes without Court intervention, or at least a clearer focus of the issues that truly require Court resolution. Since appearing, PBP has diligently advanced the case, and any minor delay inherent in a handoff of a large case has been mitigated by the prompt actions taken by new counsel. Thus, to the extent the schedule has been impacted, Defendants have shown good faith in immediately working to get the case back on track and requesting a schedule that is fair to all sides. Notably, Defendants sought input from Plaintiffs' counsel regarding these scheduling concerns. While no agreement was reached, Defendants' willingness to discuss and stipulate to extensions reflects their good-faith effort to avoid burdening the Court unnecessarily. Only upon recognizing that court intervention was necessary did Defendants proceed with this motion.

6. **No Prejudice and Promotion of Efficient Resolution:** Granting the requested relief will not prejudice any party; rather, it will benefit all parties and the Court. The adjustment will

ensure that expert discovery proceeds on a complete and stable record, avoiding piecemeal or duplicative expert updates. Plaintiffs cannot claim legitimate prejudice from a brief, contingent extension of deadlines, especially since they too will benefit from knowing what the operative claims and available facts are when engaging their own experts. The only "prejudice" from denial of this motion would be to reward the party who delayed participation (Leshem) and to potentially force all parties into expensive multiple rounds of expert reports. By contrast, a scheduling order modification now will streamline the path to dispositive motions and trial by anchoring these phases to a well-developed factual foundation.

In sum, Defendants have shown good cause for the requested scheduling order amendment. They have been diligent in pursuing discovery and case development, and through no fault of their own, critical information and rulings remain outstanding as current expert deadlines approach. Defendants acted promptly by seeking to compel needed discovery and by bringing this joint motion well in advance of trial. This modest request will enable the parties to incorporate the Court's forthcoming decisions and any resulting discovery into their expert analyses. This course is far more sensible and economical. Under Rule 16(b)(4), this constitutes good cause for modification of the Scheduling Order. Defendants therefore respectfully request the Court's consent to the modified schedule, which will ultimately facilitate a fair and efficient resolution on the merits.

## **Relief Requested**

Should the Court grant this Motion, Defendants propose to confer with all parties and prepare a Revised Proposed Scheduling Order reflecting the new deadlines. In accordance with District of Utah practice, the parties would submit the proposed amended scheduling order to the

Court by email in Microsoft Word format for the Court's review and approval. The key deadlines to be reflected in that proposal are those outlined above, repeated here for clarity:

- **Opening Expert Reports:** 30 days after the Court's last ruling on the pending motions, *or* 30 days after the close of any additional fact discovery permitted by the Court as a result of those rulings, whichever is later.
- **Rebuttal Expert Reports:** 30 days after service of the Opening Expert Reports.
- **Deadline for Dispositive Motions:** 30 days after the deadline for Rebuttal Expert Reports.

All other interim deadlines in the current Scheduling Order that have not yet passed (such as Daubert motion deadlines, pretrial order deadlines, or others, if any) can be adjusted proportionally in the Revised Schedule or set at a status conference, as the Court deems appropriate. If the Court prefers, the parties are amenable to discussing these deadlines in a scheduling conference to ensure they align with any prospective trial setting.

## CONCLUSION

For the foregoing reasons, Defendants therefore respectfully request that the Court grant the motion. Good cause exists for this relief under Fed. R. Civ. P. 16(b)(4) in light of the diligent yet thwarted efforts by Defendants to meet the prior deadlines, coupled with significant pending developments in the case that warrant a brief extension for expert and dispositive phases. Defendants have conferred with the other parties regarding the relief sought and will continue to meet and confer in good faith to finalize a mutually agreeable schedule consistent with the Court's ruling.

## WORD COUNT CERTIFICATION

Excluding captions, signature blocks, and the like, this brief is 3,091 words.

DATED: May 9, 2025

                                          **PARKINSON BENSON POTTER**

                                          __/s/ Brennan H. Moss__
                                          Eric G. Benson
                                          Loren Washburn
                                          Brennan Moss