Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER BY TOLLING EXPERT REPORT DISCLOSURE DATES UNTIL 30 DAYS AFTER ADJUDICATION OF MOTIONS AFFECTING FACT DISCOVERY**<br><br>Case No. 2:23-cv-00467<br>Judge: Hon. Ted Stewart<br>Magistrate Judge: Hon. Cecilia M. Romero |

## I.     **INTRODUCTION**

This Court set the ***May 10, 2025*** Rule 26(a)(2) expert report deadline on ***June 21, 2024,*** nearly a *year ago*. See ECF No. 88.  Yet, on Friday, May 9, 2025—*one day* before the deadline—Markosian's counsel filed an "emergency" Motion asking to move the long set deadline for no apparent reason aside from their lack of diligence.[1] ECF No. 263.

Defendants' eleventh-hour request is *another transparent delay tactic* that should be denied.  *See, e.g.*, ECF No. 180 (Defendants' Motion for Leave to File a Second Amended Counterclaim/Amended Third-Party Complaint); ECF No. 183 (Defendants' Motion to Extend Time to Complete Service of Ashley Miron Leshem); ECF No. 219 (Defendants' Motion for Extension of Fact Discovery); ECF No. 230 (Defendants' Motion to Take Three Depositions After Scheduled Close of Fact Discovery).[2]  *See* ECF No. 86.  Enough is enough.  Defendants have failed to act diligently and should not be permitted to delay this case further.[3]

Unlike Defendants, Plaintiffs have spent substantial time and money to comply with the Court's May 10, 2025, expert report deadline.  Plaintiffs were prepared to serve their reports on the deadline but only deferred in deference to the Court's May 9, 2025 Order.  *See* ECF No. 265.  Plaintiffs' reports are ready to be served as soon as the Court deems it appropriate to do so.  Pushing the deadline out further will force Plaintiffs to expend more time and pay more fees.  There can be no question that Defendants' last minute extension request is incredibly prejudicial to Plaintiffs.  Plaintiffs have and will continue to be unduly prejudiced by further delays in this case which was filed in July 2023 and still has no trial date.

---

[1] While the Motion is filed on behalf of all Defendants, the January 17, 2025 notice of appearance for Messrs. Benson, Washburn, and Moss was only entered "for Defendant, Counter Claimant and Third-Party Plaintiff Nicholas Thayne Markosian."  ECF Nos. 222, 224, and 225.
[2] Similarly, the parties' Rule 26(a)(2) counter expert disclosures were due on April 4, 2025 (*see* ECF No. 88).  Though Plaintiffs served their disclosures on April 4, Defendants never did.
[3] Defense counsel has repeatedly attempted to avoid court deadlines with last-minute filings.  *See, e.g.*, ECF No. 183 (requesting extension to the deadline to serve Leshem on December 2, 2024—the deadline for service).  Defense counsel has again waited until *the day before the deadline* to file their Motion, forcing Plaintiffs to choose between two untenable options: (1) comply with the original Court-imposed deadline and be prejudiced; or (2) functionally stipulate to an open-ended request for an extension and still be prejudiced.

## II. LEGAL STANDARD

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). "Good cause" exists only where the moving party can show that despite its *diligent* efforts, the current deadlines cannot reasonably be met. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014) (denying motion to extend scheduling order where there was "ample time to comply with the deadline established."). "Good cause" is established where "the need for more time was neither foreseeable nor [the moving party's] fault." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (affirming the district court's denial of an extension of time to designate an expert witness).

## III. ARGUMENT

Defendants' Motion does not present a *single* issue that was not known *months* ago. Still, Defendants waited until *the day before the deadline* to file an "emergency" motion requesting an extension. The Motion does not even attempt to argue that Defendants were *unable* to comply with the relevant deadlines, nor does it demonstrate that Defendants have diligently pursued expert discovery up to this point. Defendants seek relief from their clear disregard for the Court's deadlines. This is not a valid reason to push the deadlines. *See, e.g.*, *Ordonez v. Taylorsville City Police Dep't*, No. 2:23-cv-00458-TC-CMR, 2025 U.S. Dist. LEXIS 35846, at *5-6 (D. Utah Feb. 26, 2025) (denying "eleventh hour request" to extend the expert discovery deadline where moving party failed to demonstrate any diligence).

Despite calling their Motion an "emergency," Defendants argue four reasons for their requested delay: (1) there are ongoing discovery disputes; (2) depositions "cannot be completed" due to disputes; (3) Defendants "need to take discovery from newly added third party defendant Miron Leshem"; and (4) there have been recent additions to Defendants' counsel. Each of these purported "reasons" fail because they have been known to Defendants *for months*. There is no good cause to extend the deadlines.

3

### A. Ongoing Discovery Disputes and Motions Are Not Grounds for an Extension

Defendants' Motion lists fourteen pending motions claiming that because of their pendency, Defendants cannot meet the expert report deadline that has been in place for a full year. This argument fails both factually and legally. First, the most recent motion on Defendants' list was filed on February 27, 2025. If Defendants anticipated the pendency of this (or any other) motion would impact their expert's reports, they should have asked for an extension *in February.* Instead, Defendants waited until *the day before the expert report deadline* to file their Motion.[4]

Defendants' argument also fails on legal grounds. Courts in the Tenth Circuit have declined to find good cause to extend expert deadlines where discovery motions are pending. *See, e.g.*, *Schroer v. United States*, 250 F.R.D. 531, 538 (D. Colo. 2008) (rejecting argument that expert witness deadlines should be extended because of the pendency of a motion to compel). Where (like here) the moving party provides no valid reason for an extension, motions for extensions are denied. *See, e.g.*, *Watts-Klien v. Marriot Vacation Club*, No. 2:19-cv-00872-JNP-JCB, 2021 U.S. Dist. LEXIS 166186 at *8-9 (D. Utah Aug. 31, 2021) (denying a request to extend the expert deadline where the moving party "fail[ed] to provide an adequate explanation for its failure" to meet the deadline).

### B. All Relevant Depositions Have Been Taken

Defendants' Motion vaguely claims that "certain key witnesses' depositions were stalled by disputes." That is patently untrue. To the contrary, *fifteen* depositions have already been taken in this case. The *only* deposition Defendants noticed but have not yet taken is that of Nicolai Colshorn – the only so-called "key witness" identified by name in Defendants' Motion. *See* Motion at 8-9. As Plaintiffs have explained to Defendants multiple times, Colshorn is represented by separate counsel. *See, e.g.*, ECF No. 181 at 2. Plaintiffs provided Defendants

---

[4] Moreover, pursuant to the Court's May 9, 2025 Order (ECF No. 265), prior to the May 15, 2025 hearing, the parties are meeting-and-conferring about any motions that may be able to be withdrawn.

with the contact information for Colshorn's counsel multiple times, but as far as Plaintiffs are aware, *Defendants have never even attempted to contact Colshorn's counsel. Id.* To now argue that Colshorn's "pending" deposition is a basis for an extension (when Defendants have made no legitimate attempts to depose Colshorn over the past two years) certainly does not amount to diligence or "good cause."

Moreover, even if Colshorn's deposition was grounds for an extension (it is not) Defendants provide no explanation for why they waited until *the day before expert reports were due* to argue that completion of such reports is contingent upon the completion of Colshorn's deposition – when Defendants have not even reached out to Colshorn's attorney. Defendants had *months* to raise this issue, but never did. Doing so now is untimely, and therefore improper.

### C. Defendants Already Have Thousands of Leshem's Documents *and* They Refused To Attend His January 16, 2025 Deposition

Defendants' claim that there is a "substantial gap in the factual record" which requires them to "take discovery from newly added third party Defendant Miron Leshem" (*see* Mot. at 3). This argument fails to provide a basis to extend the deadline because: (1) Defendants already **have over 3,500 documents** from, to, or referencing Leshem; (2) Defendants refused to even attend Leshem's January 16, 2025 deposition; and (3) Defendants did not even serve Leshem with document requests when they served him with the complaint.

*First,* thousands of documents with Leshem's email accounts were produced in 2023-2024. An additional 116 documents were produced in January and February of 2025. There is no question that, since February of 2025 *at the latest*, Defendants have had sufficient discovery from Leshem for their experts to complete their reports.

*Second,* Defendants' claim that they "cannot prepare complete expert analysis without information *and testimony* from Leshem" is totally without merit. Leshem was deposed on January 16, 2025. The deposition was noticed well in advance. Defendants could have attended the deposition and questioned Leshem. However, the day before his deposition, counsel for Defendants suddenly stated that they objected to the deposition and would not attend.

5

***Third***, Defendants have not even served Leshem with document requests.  There is no reason Defendants could not have served document requests to Leshem with the complaint.  They failed to do so.  Leshem is no basis to extend the expert discovery deadline.  Defendants again provide no explanation to explain why they waited until May 9, 2025, to raise this issue.

### D. Markosian's Counsel Addition Is No Reason To Extend The Expert Deadline

Defendants' Motion suggests that because Markosian added three additional attorneys, Defendants have not had sufficient time to prepare their expert reports.  *See* ECF No. 263 at 10 (calling the addition of three lawyers from PBP a "handoff of a large case").  Tellingly, the Motion ignores the fact that ***Defendants' initial counsel of record, Kunzler, Bean, and Adamson ("KBA") has not withdrawn.***  Indeed, Messrs. Benson, Washburn, and Moss filed their notice of appearance for Markosian on January 17, 2025, nearly *four months ago*.  *See* ECF Nos. 222, 224, and 225.  The *addition* of three more lawyers to Markosian's legal team is not grounds for an extension of a long-standing Court expert report deadline.

Three attorneys, Chad Pehrson, Stephen Richardson, and Robert Harrington, all remain counsel of record for all Defendants.  The addition of new counsel is entirely irrelevant to whether Defendants have had sufficient time to prepare their expert reports.  Tellingly, it was KBA who disclosed Defendants' ten (10) experts on February 27, 2025.

Moreover, courts in the Tenth Circuit routine hold that "the addition of counsel generally does not amount to good cause under the standard set out in Fed. R. Civ. P. 16(b)." *McMillan v. Wiley*, 813 F.Supp.2d 1238, 1254 (D. Colo. 2011); *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003) ("That new counsel is dissatisfied with the state of the case it inherited is not" good cause).

### E. Granting Defendants an Extension Will Unduly Prejudice Plaintiffs

Plaintiffs have expended substantial time and resources the past few months preparing expert reports.  If Defendants would have requested an extension of the expert deadlines months ago, the prejudice to Plaintiffs would have been substantially reduced.  However, Defendants did not request to push the expert report deadline until the day before reports were due.  As a result,

6

Plaintiffs' expert reports are finalized and ready to be served as soon as the Court orders. If the Court instead grants Defendants' request for an extension (presumably to accommodate their open ended and extensive requests for additional discovery), Plaintiffs will be forced to spend additional time and resources updating the expert reports.[5] Granting Defendants' Motion will do precisely what Defendants claim they want to avoid: "piecemeal or duplicative expert updates." There is no basis to further extend the schedule in this long pending case.

## IV.   CONCLUSION

Plaintiffs have expended extensive time and incurred substantial costs to abide by the Court's long-standing expert report deadline. Defendants' failure to move their case forward is not a valid reason to push the Court's deadlines. Plaintiffs respectfully request that the Motion be denied so that expert discovery can proceed.

Dated:  May 13, 2025

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen
Hannah Ector

VENABLE LLP
John Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

---

[5] Defendants claim to only request a "modest," "brief" extension, but actually seek an undefined extension of *at least* thirty (30) days, if not longer.  *See, e.g.*, Mot. at 12 (requesting extension of "30 days after the Court's last ruling on the pending motions, or 30 days after the close of any additional fact discovery permitted by the court as a result of those rulings, whichever is later").

## CERTIFICATE OF SERVICE

I hereby certify that on **May 13, 2025**, I caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER BY TOLLING EXPERT REPORT DISCLOSURE DATES UNTIL 30 DAYS AFTER ADJUDICATION OF MOTIONS AFFECTING FACT DISCOVERY** to be filed on CM/ECF and accordingly electronically served to the parties of record.

*/s/ Hannah Ector*
Hannah Ector