Christopher M. Von Maack (10468)
 vonmaack@mvmlegal.com
**MCNEILL | VON MAACK**
236 South 300 East
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Andrew B. Peretz (*pro hac vice*)
 aperetz@peretzlawpa.com
**LAW OFFICES OF ANDREW B. PERETZ P.A.**
One East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301
Telephone: 954.558.8829

Attorneys for Third-Party Defendant Ashley Miron Leshem

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CAPANA SWISS ADVISORS AG**, a Swiss corporation; and **AMERIMARK AUTOMOTIVE AG**, a Swiss corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **RYMARK, INC.**, a Utah corporation; **NICHOLAS THAYNE MARKOSIAN**, an individual; **JOHN KIRKLAND**, an individual; and **VICKY SMALL**, an individual, <br><br> Defendants. | **REPLY REGARDING EVIDENTIARY OBJECTIONS** |
| **RYMARK, INC.**, a Utah corporation; and **NICHOLAS THAYNE MARKOSIAN**, an individual, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> **CAPANA SWISS ADVISORS AG**, a Swiss corporation; and **AMERIMARK AUTOMOTIVE AG**, a Swiss corporation. <br><br> Counterclaim Defendants. | Case No. 2:23-cv-00467-TS-CMR <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Cecilia M. Romero |

| | |
|---|---|
| **RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,**     **Third-Party Plaintiffs,** v. **SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation,**     **Third-Party Defendants.** | |

Third-Party Defendant Ashley Miron Leshem ("Leshem"), through his counsel of record, respectfully submits this Reply Regarding Evidentiary Objections, which relates to the arguments and authorities in Defendants and Third-Party Plaintiffs' Response to Evidentiary Objections (Dkt. 261) ("Response").

In their Response, Third-Party Plaintiffs present four main arguments to Leshem's evidentiary objections ("Evidentiary Objections") to Paragraphs 2–11 and Exhibits A–N of Stephen Richards's declaration (Dkt. 256-1) ("Richards Declaration").[1]  Third-Party Plaintiffs' arguments are not well taken.  Leshem responds to each of Third-Party Plaintiffs' arguments in the order presented in Third-Party Plaintiffs' Response.

---

[1] Leshem's Evidentiary Objections are on page 5 of his Reply Memorandum Supporting Third-Party Defendant Ashley Miron Leshem's Motion to Dismiss (Dkt. 260) ("MTD Reply").

2

As to Third-Party Plaintiffs' first argument, their points are misplaced. Contrary to Third-Party Plaintiffs' assertion, Leshem does, in fact, contend that the subject exhibits lack foundation. [*See* MTD Reply at 5 (Dkt. 260).] "To satisfy the requirement of authenticating or identifying an item of evidence, *the proponent* must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a) (emphasis added). Here, the proponents of the subject exhibits are Third-Party Plaintiffs, who have failed to meet their burden of authentication by producing sufficient evidence that Richards has personal knowledge to show that Exhibits A–H and J–N[2] are what Third-Party Plaintiffs claim them to be. Those exhibits are source documents that Richards did not author or receive from the author. Neither Richards nor Third-Party Plaintiffs provide foundation for Richards's purported personal knowledge of those exhibits. Instead, Third-Party Plaintiffs contend that Richards can authenticate documents prepared by others because he found them in his "review of the file." [Richards Decl. ¶ 1 (Dkt. 256-1).] The Federal Rules of Evidence do not permit authentication by a witness with no personal knowledge. *See* Fed. R. Evid. 602, 901(b)(1). On this point alone, Leshem's Evidentiary Objections should be sustained with respect to those exhibits.

The case law relied upon by Third-Party Plaintiffs does not support Third-Party Plaintiffs' suggestion that the Court ignore or otherwise abandon the authentication requirement. For instance, unlike the circumstances in *Fenje v Feld*, 301 F. Supp 2d 781 (N.D. Ill. 2003), a case cited by Third-Party Plaintiffs in their Reply, Third-Party Plaintiffs have not shown that

---

[2] Exhibit J to the Richards Declaration, which is supposedly Plaintiff AmeriMark Automotive's discovery responses, was not referenced in Defendants and Third-Party Plaintiffs' Opposition to Third-Party Defendant Miron Leshem's Motion to Dismiss (Dkt. 256).

Leshem "knows that the [subject] document[s] [are] authentic." [Response at 6 (Dkt. 261) (quoting *Fenje*, 301 F. Supp 2d at 798).] As another example, unlike the situation in *Powell v City of Elko*, No. 3:21-CV-00418-ART-CSD, 2024 WL 3964648 (D. Nev. Aug. 28, 2024) (unpublished), a case cited by Third-Party Plaintiffs, Third-Party Plaintiffs have not shown that there are sufficient indicia of authenticity.'" *Id.* at *8 (D. Nev. Aug. 28, 2024) (quoting *Ford v. Fletes*, 56 Fed. App'x 318, 318–19 (9th Cir. 2003)). And the decision in *Phillp M. Adams & Assocs., LLC v. Dell, Inc.*, 621 F. Supp. 2d 1173 (D. Utah 2009), yet another case cited by Third-Party Plaintiffs, is of no help to them. In *Dell*, the court examined each of the subject documents to determine that authenticity was established through various means and, only then qualified the moving party's objections as a "marginal challenge." *Id.* at 1184. Here, the sole evidence offered by Third-Party Plaintiffs to authenticate the subject exhibits is Richards's conclusory statement that "[he has] personal knowledge of the matters set forth below or have obtained knowledge from [his] review of the file." [Richards Decl. ¶ 1 (Dkt. 256-1).]

Third-Party Plaintiffs' second argument amounts to an unauthorized sur-reply in that it attempts to argue the applicable legal standards related to Leshem's motion to dismiss, including the burdens applicable in adjudicating the personal jurisdiction motion. Leshem, as the party moving to dismiss the Third-Party Complaint, was afforded the opportunity by rule to make the last argument in his MTD Reply. [*See* MTD Reply at 7–10 (Dkt. 260) at 7-10.]

If this Court decides to consider the merits of Third-Party Plaintiffs' second argument, the Evidentiary Objections should still be sustained. Third-Party Plaintiffs' argument that any dispute over the Evidentiary Objections should be resolved in their favor is incorrect. Only where there is a conflict over the evidence regarding the personal jurisdiction issue (as presented

by affidavits or declaration) can a court rule in favor of the non-movant, here Third-Party Plaintiffs. However, that test does not apply to a dispute over the Evidentiary Objections themselves, and Third-Party Plaintiffs cite to no case to support its proffered application.

As to the declarations of Leshem and Richards, Third-Party Plaintiffs miss the point made by Leshem: There simply are no conflicting or factual disputes raised in comparing those declarations. As such, Third-Party Plaintiffs' effort to remind this Court that any conflicts must be resolved in favor of Third-Party Plaintiffs is a red-herring insofar as that rule does not have any application here.

More importantly, as shown by Leshem in his MTD Reply there are no conflicts between the declarations and there are no factual disputes. [*See* MTD Reply at 8–10 (Dkt. 260).] As such, Third-Party Plaintiffs' argument regarding how this Court should resolve the Evidentiary Objections (here, dealing with authenticity) is incorrect. As such, Third-Party Plaintiffs' reliance on *Nutmeg Gaming and Bingo Prods., LLC v, Abbott Products, Inc.*, No. 3:22-CV-716 (JAM), 2023 WL 143198 (D. Conn., Jan. 9, 2023) (unpublished), and *Intercon, Inc. Bell Atl. Internet Solutions, Inc.*, 205 F. 3d 1244 (10th Cir. 2000), is misplaced.

In light of the applicable standard, Third-Party Plaintiffs' statement that "Leshem, of course, produced no affidavit or declaration disputing any of the evidence with Rymark's Opposition" is a straw argument. [Response at 4 (Dkt. 261).] Leshem's Declaration was filed before the Richards Declaration was filed. In his Declaration, Leshem provided the necessary personal jurisdiction facts to support his motion to dismiss. If Leshem's facts do not contradict the "facts" contained in Richards' Declaration, that is simply because the testimony and exhibits in the Richards Declaration do not present facts going to the personal jurisdiction question or

contradict Leshem's statement of facts. In the context of his Motion to Dismiss for lack of personal jurisdiction, Leshem was not required to contest the non-jurisdictional "facts" contained in the Richards Declaration because (a) there are no facts presented, and (b) Richards does not possess the personal knowledge to properly present such facts.

Third-Party Plaintiffs' third argument suffers from the same core infirmity as its second argument: Third-Party Plaintiffs simply present the basic rules governing a motion to dismiss for personal jurisdiction that were presented in Third-Party Plaintiffs' opposition and contested by Leshem in his MTD Reply. This is an unauthorized submission. The only difference between Third-Party Plaintiffs' argument in their opposition to Leshem's motion to dismiss and their renewed argument in their Response is that Third-Party Plaintiffs now present the rule as enunciated by its new cases of *Mwani v bin Laden*, 417 F.3d 1 (D.C. Cir. 2005) and *Phillip M. Adams & Assocs., LLC v Wibond Elecs. Corp.*, No. 1:05-CV-64 TS, 2010 WL 3489400 (D. Utah Sept. 1, 2010) (unpublished). Unremarkable as the regurgitation of these rules are, Third-Party Plaintiffs should not be permitted to re-argue or even re-present these rules or burdens via their Response. Moreover, the holding upon which Third-Party Plaintiffs rely in *Wibond* is mere dicta, and while some hearsay may be admissible, the *Wibond* court nevertheless ruled "without that hearsay." 2010 WL 3489400 at *8. Third-Party Plaintiffs fail to identify which exhibits they are referring to under their third argument or explain how *Wibond* would allow any such unidentified documents to be considered by this Court. As such, Third-Party Plaintiffs' reliance on *Wibond* is misplaced.

Third-Party Plaintiffs' fourth argument is without merit for at least three reasons. First, contrary to Third-Party Plaintiffs' assertion, not all "public records" are self-authenticating, and

6

Third-Party Plaintiffs reliance on Rule 902 of the Federal Rules of Evidence is misplaced. Rule 902 only permits self-authentication where one of Rule 902's subparts is satisfied. *See* Fed. R. Civ. P. 902. Third-Party Plaintiffs do not demonstrate to this Court which subpart or subparts of Rule 902 they are relying upon and for good reason: None of the subparts apply in the instant case, thereby belying Third-Party Plaintiffs' broad statement that Rule 902's public-records rule applies here; none do. As such, Third-Party Plaintiffs' conclusory statement that in "every case, the Richards Declaration describes the provenance (or public availability) of each of the documents [identified in Richards Declaration]" simply falls flat. [Response at 5 (Dkt. 261).]

Second. Third-Party Plaintiffs' statement that "[p]roduction of documents by adverse parties" is "'effective authentication'" is of no moment here. [*Id.* (Dkt. 261) (quoting *Dell*, 621 F. Supp. 2d. at 1183).] Leshem, of course, did not produce any of the subject Exhibits identified in the Richards Declaration; thus, this rule does not apply here. Given the foregoing, Third-Party Plaintiffs' aspersion that "many of Leshem's specific objections verge on frivolous" rings hollow. [*Id.* (Dkt. 261).] Indeed, Third-Party Plaintiffs do not identify which of the "many" objections they are referring. Without such identification, there is no way for Leshem, or indeed this Court, to check the accuracy or even the applicability of Third-Party Plaintiffs' argument to the exhibits at issue. Without clear articulation, Third-Party Plaintiffs' arguments here should be rejected.

Finally, Third-Party Plaintiffs' overstatement that "it is *obviously* the case" that where an attorney receives discovery responses that attorney can authenticate them does not apply here because the discovery responses are not Leshem's or Third-Party Plaintiffs; they are AmeriMark Automotive's discovery responses. [*Id.* (Dkt. 261) (emphasis in original).] Personal knowledge

7

is a dispositive factor as stated in Third-Party Plaintiffs' own case of *McLaren Automotive Inc. v. Shaoo*, No. 219CV06966FLAJCX, 2021 WL 4707001 at *3 (C.D. Cal. June 1, 2021) (unpublished). *Mclaren* held, unremarkably, that where a party's *own* exhibits are produced back to the other party, there is no need to authenticate those documents. *See id.* Again, this fact is not present in this case. Leshem's Evidentiary Objections do not relate to documents that *he* produced.

## CONCLUSION

For the foregoing reasons, Leshem's Evidentiary Objections should be sustained.

DATED this 6th day of May, 2025.

**LAW OFFICES OF ANDREW B. PERETZ P.A.**

/s/ Andrew B. Peretz
Andrew B. Peretz (*admitted pro hac vice*)
*Attorneys for Third-Party Defendant Ashley Miron Leshem*

**MCNEILL VON MAACK**

/s/ Christopher M. Von Maack
Christopher Von Maack
*Attorneys for Third-Party Defendant Ashley Miron Leshem*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MCNEILL VON MAACK, 236 South 300 East, Salt Lake City, Utah, and that, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **REPLY REGARDING EVIDENTIARY OBJECTIONS** was delivered this 6th day of May, 2025, via CM/ECF to all parties and counsel registered to receive email notices of filings.

/s/ Camille Coley