# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS, AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **ORDER DENYING [226] SHORT FORM DISCOVERY MOTION TO STRIKE 30(B)(6) OBJECTIONS AND COMPEL RULE 30(B)(6) DEPOSITION**<br><br>Case No. 2:23-cv-00467-TS-CMR<br><br>Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendants Rymark, Inc. (Rymark) and Nicolas Markosian's (Markosian) (collectively, Defendants) Short Form Discovery Motion to Strike 30(b)(6) Objections and Compel Rule 30(b)(6) Deposition (ECF 226) (Motion). For the reasons set forth below, the court DENIES the Motion.

Defendants served their initial 30(b)(6) deposition notices on Plaintiffs Capana Swiss Advisors AG (Capana) and AmeriMark Automotive AG (AmeriMark) (collectively, Plaintiffs) on December 13, 2024 (ECF 226 at 1). On January 2, 2025, Plaintiffs informed Defendants that the dates would not work, and Defendants re-noticed the depositions on January 9, 2025, with only the dates of the deposition changed. On January 16, 2025, one week before the depositions, Plaintiffs served objections to 6 of the 20 topics for AmeriMark (ECF 226-2) and 5 of the 20 topics for Capana (ECF 226-3). The parties met and conferred and were unable to reach an agreement on the timing of the objections. Defendants filed the present Motion arguing Plaintiffs' objections were untimely because Plaintiffs were required to object 7 days after the original deposition notices

1

(December 13, 2024) and not 7 days after the amended notices (January 9, 2025). The court disagrees because the dates in the initial deposition notices were just holder dates and, as a result, once the amended notices were issued, it mooted the initial notice.

As explained by Plaintiffs, on December 3, 2024, Defendants proposed deposition dates via email to which Plaintiffs indicated they needed to see the deposition notices before they could agree to a date (ECF 227 at 2). Defendants thereafter served deposition notices on December 13, 2024, which was also the last date to serve the notice prior to the fact discovery cutoff of January 28, 2025 pursuant to DUCivR 30-2(a)(1).[1] It appears the parties understood the dates in the December 13 notices were not going to work as there was no discussion on the dates after the December 3 email from Defendants, and Plaintiffs officially indicated the noticed dates would not work on January 2, 2025. Seven days later, on January 9, 2025, the amended deposition notices were served.

Local Rule 30-2 sets forth the notice that is required for depositions under Fed. R. Civ. P. 30(b)(6). It provides in pertinent part:

> The 30(b)(6) notice must be served at least 28 days prior to the scheduled deposition and at least 45 days before the discovery cutoff date. Within 7 days of being served with the notice, the noticed entity may serve written objections. If the parties are unable to resolve their objections within 7 days of service of the objections, either party may seek resolution from the court in accordance with DUCivR 37-1.

DUCivR 30-2.

---

[1] Neither party provided the 30(b)(6) notices, so the actual date of the depositions is unclear. However, given the January 16, 2025 objections were "one week before the first of the depositions" (ECF 226 at 2), it appears the deposition notices were not served at least 28 days prior to the scheduled deposition as required by DUCivR 30-2. While this was not the focus of the opposition, the court notes this as both parties are again reminded to adhere to the rules in all respects to avoid unnecessary conflicts. Moreover, Defendants' argument on the late timing of the objections is undermined considering the deposition was not noticed for at least 28 days prior.

The court finds that although Defendants served their initial notices on December 13, 2024, which would require any objections 7 days later, once Defendants served amended notices on January 9, 2025, the December 13 notices were moot. Thus, Plaintiffs' objections, which were served on January 16, 2025, were timely served within the 7-day deadline after the January 9 amended notices.

If the court were to accept Defendants' argument, it would undermine the purpose of the Local Rule 30-2, which allows time to meet and confer regarding objections. The parties engaged as they were supposed to—when the initial notices were served that selected a date that was not confirmed by Plaintiffs, the parties conferred, and amended notices were served. Moreover, here it appears that the parties knew the initial date was not going to work as Defendants issued the notices after sending the email requesting dates, and getting the response that Plaintiffs needed to see the notices before a date could be provided.

For these reasons, Defendants' Motion (ECF 226) is DENIED. The court directs the parties to meet and confer regarding the scheduling of the 30(b)(6) deposition(s) including any virtual accommodations.

**IT IS SO ORDERED.**

DATED this 27 May 2025.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah