IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; and AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; VICKY SMALL, an individual,<br><br>Defendants,<br><br>AND ALL COUNTERCLAIMS AND THIRD-PARTY CLAIMS. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM AND AMENDED THIRD-PARTY COMPLAINT, DENYING THIRD-PARTY DEFENDANT AMERIMARK GROUP AG'S MOTION TO DISMISS, AND DENYING THIRD-PARTY DEFENDANT LESHEM'S MOTION TO DISMISS<br><br>Case No. 2:23-cv-00467-TS-CMR<br><br>Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

This case comes before the Court on Defendants' Motion for Leave to File Second Amended Counterclaim and Amended Third-Party Complaint,[1] Third-Party Defendant AmeriMark Group AG's Motion to Dismiss for Insufficient Service,[2] and Third-Party Defendant Ashley Miron Leshem's Motion to Dismiss for Lack of Jurisdiction.[3] As discussed in further detail below, the Court finds that allowing amendment would not be futile or cause undue prejudice or delay. Therefore, the Court will grant the Motion to Amend. The Court will deny the remaining motions for reasons discussed below.

---

[1] Docket No. 180.

[2] Docket No. 207.

[3] Docket No. 252.

I. BACKGROUND

This case arises out of a dispute over the ownership of Rymark, Inc., a used car dealership in Taylorsville, Utah. Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG initiated this action on July 18, 2023,[4] alleging Defendants Rymark Inc., Nicholas Thayne Markosian, John Kirkland, and Vicky Small launched a scheme to transfer ownership of Rymark into AmeriMark Automotive AG, a Swiss corporation, so that Defendants could list it on the foreign stock exchange.[5]

Defendants previously filed a Motion for Leave to File Amended Counterclaim and Third-Party Complaint, which the Court granted in September 2024.[6] There Defendants alleged an "international 'pump-and-dump' securities fraud scheme," originally conceived by Hesterman and Leshem and furthered by Leshem and various European associates including Plaintiff Capana and its principal, Shaen Bernhardt.[7] The First Amended Counterclaim and Third-Party Complaint asserted claims for declaratory relief, civil conspiracy, theft by receiving stolen property, conversion, and fraudulent inducement against Plaintiffs Capana and AmeriMark Automotive AG, and Third-Party Defendants Bernhardt, Leshem, Hesterman, Colshorn, Kammerlander, Coenen, Heeg, AmeriMark Group AG, and Philomaxcap AG.

Defendants' Proposed Second Amended Counterclaim and Amended Third-Party Claim seeks to add two new claims and two additional third-party defendants.[8] Specifically Defendants seek to add Felix Kappeler and Frank Hueser as defendants, and to add causes of action for

---

[4] Docket No. 1.

[5] Docket No. 16 ¶¶ 12–13.

[6] Docket No. 137.

[7] Docket No. 138 ¶ 1.

[8] Docket No. 180, at 2–3.

securities fraud under Utah Code Ann. § 61-1-1 *et seq.* and violation of Section 10(b) of the Exchange Act and Rule 10b-5.[9]

Third-Party Defendant AmeriMark Group AG ("AmeriMark Group") filed a Motion to Dismiss for Insufficient Service Pursuant to Rule 12(b)(5).[10] In it, AmeriMark Group argues that Defendants failed to satisfy procedural requirements when it served John S. Worden, counsel for Plaintiffs, and Martin Fasser Heeg, another Third-Party Defendant, at Heeg's deposition in Salt Lake City, on November 26, 2024.

Subsequently, Third-Party Defendant Ashley Miron Leshem filed a Motion to Dismiss[11] asserting that the Court lacks personal jurisdiction over him, insufficient process, and that the Third-Party Complaint fails to state a claim upon which relief can be granted.

Having reviewed the parties' briefing and finding that oral argument would not be materially helpful,[12] the Court now rules on the Motions.

## II. ANALYSIS

A. Motion for Leave to Amend

Rule 15 of the Federal Rules of Civil Procedures provides that, after a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[13] "[T]he court should freely give leave [to amend] when

---

[9] 15 U.S.C. § 78j, 17 C.F.R. § 240.10b-5(b).

[10] Docket No. 207.

[11] Docket No. 252.

[12] *See* DUCivR 7-1(g).

[13] Fed. R. Civ. P. 15(a)(2).

justice so requires,"[14] because "[t]he purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[15]

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[16] "A general presumption exists in favor of allowing a party to amend its pleadings, and the non-moving party bears the burden of showing that the proposed amendment is improper."[17]

Plaintiffs argue that Defendants' Motion should be denied for undue delay, undue prejudice, and futility of amendment. The Court will address each argument in turn.

1. Undue Delay

A party's ability to amend its pleadings is not restricted to a particular stage in the action.[18] Therefore, "[l]ateness does not of itself justify the denial of the amendment."[19] Rather, courts "focus[] primarily on the reasons for the delay."[20] If the moving party "has no adequate

---

[14] *Id.*

[15] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[16] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

[17] *Carrazco v. Morrison*, No. 21-cv-01277-NYW, 2022 WL 2666031, at *2 (D. Colo. July 11, 2022) (citing *Foman*, 371 U.S. at 182; *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[18] *Minter*, 451 F.3d at 1205 (citation omitted).

[19] *Id.* (internal quotation marks and citation omitted).

[20] *Id.* at 1206.

explanation for the delay," the court has sufficient grounds to deny leave to amend.[21] The court may also deny the motion "where the party seeking amendment kn[ew] or should have known of the facts upon which the proposed amendment is based but fail[ed] to include them in the original complaint[.]"[22]

Defendants filed their Motion for Leave to Amend two days before the scheduling order's November deadline to amend pleadings or to add parties.[23] Defendants explain they only recently learned about the specific conduct of Kappeler and Hueser's in the scheme.[24] Under these circumstances, courts in this district generally find no undue delay.[25]

Plaintiffs assert that Defendants unduly delayed because Defendants knew about Kappeler's involvement based on press releases produced in discovery five months prior to the Motion for Leave to Amend and about Hueser's involvement since February 2020.[26] Plaintiffs contend that an email Defendants received in discovery in July 2024 between Leshem, Colshorn, and Bernhardt—that also copied Kappeler and stated "please find the AmeriMark Press release as approved by Herr Kappeler"—shows that Defendants knew of Kappeler's role prior to Bernhardt's September 4, 2024 deposition.[27] Plaintiffs further argue that Defendants have had

---

[21] *Id.* (quoting *Frank*, 3 F.3d at 1365–66).

[22] *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (internal quotation marks and citation omitted).

[23] Docket No. 88, at 3.

[24] Docket No. 199, at 4–5.

[25] *See, e.g.*, *J White, L.C. v. Wiseman*, No. 2:16-cv-01179-CW-PMW, 2019 WL 4393297, at *2 (D. Utah Sept. 13, 2019) ("If Defendants had objections to the potential that Plaintiffs would seek leave to amend their complaint, Defendants should not have agreed to . . . the deadline for filing such motions.").

[26] Docket No. 187, at 9.

[27] *Id.*

discovery since February 2020 in which Hueser's involvement was described in detail by Leshem to Defendant Markosian.[28]

To show undue delay warranting denial, Plaintiffs need to demonstrate Defendants were long aware of the specific conduct of Kappeler and Hueser in the alleged market manipulation scheme. Plaintiffs have not done so and accordingly, the Court finds Defendants did not unduly delay in bringing this Motion for Leave to Amend.

Plaintiffs also assert that even if Defendants were not aware of Kappeler and Hueser's involvement prior to Bernhardt's September 4, 2024 deposition, that waiting until November 26, 2024 to file the Motion for Leave to Amend also shows undue delay. The Court does not find that these circumstances constitute undue delay.

2. Undue Prejudice

The most important factor when deciding a motion to amend "is whether the amendment would prejudice the nonmoving party."[29] While any amendment will invariably cause some degree of practical prejudice, "[c]ourts typically find prejudice only when the amendment unfairly affects the [non-moving party] in terms of preparing [its] defense to the amendment."[30] This occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[31]

Plaintiffs argue that Defendants' proposed amendment would be prejudicial because Plaintiffs have "judiciously pursued their claims and wish to avoid spending thousands of

---

[28] *Id.* Neither party attaches the referenced discovery for the Court to review.

[29] *Minter*, 451 F.3d at 1207.

[30] *Id.* at 1208 (internal quotation marks and citation omitted).

[31] *Id.*

additional hours and dollars waiting for Defendants to do the same."[32] However, Tenth Circuit precedent is clear that "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice."[33] Furthermore, at the time the Motion to Amend was filed, discovery was still ongoing. While discovery closed in January, a pending motion for an amended scheduling order has been taken under advisement by the Magistrate Judge.

Plaintiffs also argue that the claims involve new theories relating to Utah and federal securities law and they will suffer undue prejudice caused by delay in discovery. While the claims are different than those in the first Amended Counterclaim and Third Party Complaint, the claims do not arise out of a different subject matter than the fraudulent scheme already alleged. Therefore, the Court concludes that Plaintiffs have not shown they will suffer undue prejudice from Defendants' proposed amendments.

3. Futility of Amendment

Finally, an amendment is futile when "the complaint, as amended, would be subject to dismissal."[34] Plaintiffs argue granting Defendants' Motion to Amend is futile for two reasons. First, because the Court lacks personal jurisdiction over the proposed new defendants, and second, because the proposed claims fail as a matter of law.[35]

Plaintiffs argue that proposed defendants do not have any contacts with Utah and therefore the Court cannot exercise personal jurisdiction over them. However, there is no requirement that "a court . . . determine whether personal jurisdiction exists before allowing

---

[32] Docket No. 187, at 11.

[33] *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) (citation omitted).

[34] *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal quotation marks and citation omitted).

[35] Docket No. 187, at 11–15.

amendment to add a new party, particularly where the new party has not appeared or asserted lack of personal jurisdiction."[36]

Next, Plaintiffs argue that the proposed new claims for violation of Utah Code Ann. § 61-1-1 *et seq.* and Section 10(b) of the Exchange Act and Rule 10b-5 fail as a matter of law and amendment would therefore be futile because (1) Kappeler, as AmeriMark Automotive AG's attorney, cannot be held liable for aiding and abetting and (2) it is undisputed that any and all trades of AmeriMark stock occurred on the Vienna Stock Exchange.

While the Court acknowledges that Plaintiffs' arguments raise interesting questions, "it is within a court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions."[37] Here, the Court does not believe that the instant Motion is the appropriate avenue for the parties and the Court to properly analyze the complexities of these arguments, especially given similar claims in Plaintiffs' Amended Complaint. The Court will therefore exercise its discretion and decline to analyze futility regarding these issues as the arguments are

---

[36] *Simple Prods. Corp. v. Chia-Ling Huang*, No. 2:19-cv-00317-DBB-DAO, 2021 WL 2210308, at *4 (D. Utah June 1, 2021).

[37] *Id.*; *see Lambe v. Sundance Mtn. Resort*, No. 2:17-cv-00011-JNP, 2018 WL 4558413, at *3 (D. Utah Sept. 21, 2018) (declining to engage in a futility analysis when "the viability of [the] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment."); *JDK, LLC v. Hodge,* No. 15-cv-00494-NYW, 2015 WL 5766466, at *2 (D. Colo. Oct. 2, 2015) ("With a mind to the interests of judicial economy, this court exercises its discretion in declining to engage in a detailed futility analysis where [d]efendants' arguments are better suited for consideration in the context of their [m]otions to [d]ismiss."); *Gen. Steel Domestic Sales, LLC v. Steelwise*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (concluding that the futility argument "seems to place the cart before the horse[,] [r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place").

more appropriately suited for dispositive motions. Accordingly, the Court will grant Defendants' Motion.

B. AmeriMark Group's Motion to Dismiss

Third-Party Defendant AmeriMark Group moves to dismiss for insufficient service of process under Federal Rule 12(b)(5). It argues that Leshem was not permitted to accept service on behalf of AmeriMark Group and therefore, serving him with the Complaint and Summons at his November 26, 2024 deposition was insufficient.

Under Rule 4 of the Federal Rules of Civil Procedure, a domestic or foreign corporation must be served in a judicial district of the United States either by following state law for serving a summons in the state where the district court is located or service is made,[38] or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by mailing a copy of each to the defendant."[39] Utah law mirrors federal law for serving corporations.[40]

Here, not only is Leshem the sole officer and director of AmeriMark Group, he is also the only natural person associated with the corporation.[41] The parties do not dispute that Leshem was served with a copy of the Complaint and Summons at his deposition in Salt Lake City, Utah in November 2024. The Court therefore finds that service was sufficient under Rule 4(h). As the

---

[38] Fed. R. Civ. P. 4(h)(1)(A).

[39] *Id.* 4(h)(1)(B).

[40] Utah R. Civ. P. 4(d)(1)(E).

[41] Docket No. 217-3, at 155:13–22.

only officer and natural person associated with AmeriMark Group, the Court finds that Leshem is authorized to accept service on behalf of the corporation and will deny the Motion.

C. Leshem's Motion to Dismiss

Third-Party Defendant Leshem moves to dismiss the claims alleged against him in the Third-Party Complaint under Federal Rule Civil Procedure 12(b)(2),(5), and (6). Because the Court grants the Motion for Leave to Amend the Third-Party Complaint, the Court will deny Leshem's Motion as moot.[42]

### III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Leave to File Second Amended Counterclaim and Amended Third-Party Complaint (Docket No. 180) is GRANTED; It is further

ORDERED that Defendants are to file the Second Amended Counterclaim and Amended Third-Party Complaint within seven (7) days of this Order; It is further

ORDERED that Third-Party Defendant AmeriMark Group AG's Motion to Dismiss (Docket No. 207) is DENIED; It is further

ORDERED that Third-Party Defendant Leshem's Motion to Dismiss (Docket No. 252) is DENIED WITHOUT PREJUDICE.

---

[42] *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect."); *Howeth v. Aramark Corp.*, No. 2:10-CV-221-TS, 2011 WL 1428087, at *2 (D. Utah Apr. 13, 2011) (finding a motion to dismiss is moot when complaint has been amended).

DATED June 16, 2025.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge