# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; and AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>　　　Plaintiffs,<br><br>v.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' [173] MOTION TO COMPEL DEPOSITION OF NICOLAI COLSHORN**<br><br><br>Case No. 2:23-cv-00467-TS-CMR<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

## I.　BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 7). Plaintiffs Capana Swiss Advisors AG (Capana) and AmeriMark Automotive AG (AmeriMark) (collectively, Plaintiffs) filed this action asserting claims against Defendants Rymark Inc. (Rymark), Nicholas Markosian, John Kirkland, and Vicky Small (collectively, Defendants) (ECF 1). On September 3, 2024, the court issued an Order (ECF 137) granting Defendants' motion for leave to amend counterclaim and to file third-party complaint (ECF 107) against nine third-party defendants including former AmeriMark director Nicolai Colshorn (Colshorn).

Before the court is Defendants' Motion to Compel Deposition of Colshorn (Motion) (ECF 173). Defendants informally requested the deposition of Colshorn on June 11, 2024 (*id.* at 2). On July 22, 2024, Plaintiffs informed Defendants that Colshorn had retired on June 28, 2024, due to his advancing age, and he had moved to Switzerland (*id.*). As a result, Plaintiffs indicated they would not produce him for deposition (*id.*). Defendants officially noticed Colshorn's deposition for August 6, 2024, but he did not appear (*id.*). Plaintiffs object to Colshorn's deposition claiming

that he "maintains no contact with or control over AmeriMark" (ECF 181 at 2). In Reply, Defendants claim that Colshorn was a director of AmeriMark for eight years and resigned 2.5 weeks after Rymark's request to schedule his deposition (ECF 191 at 2). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motion (ECF 173).

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). This rule "authorizes a party to compel the deposition of an adversary corporation or other business entity through one of its officers, directors, or managing agents which the party names in its deposition notice." *OL Private Counsel, LLC v. Olson*, No. 2:21-cv-00455, 2023 WL 8018982, *2 (D. Utah Nov. 20, 2023) (quoting *Centurion Silver, LLC v. Silverberg Dev. Corp.*, No. 01-1091 RB/ACT, 2008 WL 11415878, at *2 (D.N.M. June 26, 2008)). "A corporation is responsible for producing its officers, managing agents, and directors if notice is given[,] and sanctions may be imposed against the corporation if they fail to appear." *Id.* (quoting *Brunson v. PHH Mortg. Corp.*, 342 F.R.D. 315, 320 (M.D. Fla. 2022)). If the individual designated in the deposition notice is not an officer, director, or managing agent, then attendance for a deposition may only be compelled by subpoena. *Id*.

## III.   DISCUSSION

Defendants ask the court for an order compelling AmeriMark to produce Colshorn for deposition arguing that he resigned as director to avoid being deposed (ECF 173 at 7). In support of this argument, Defendants point to the "suspicious" timing of Colshorn's retirement, noting that

he retired just 2.5 weeks after Defendants had requested his deposition (*id.* at 2). Defendants also assert that Colshorn remains a director of 75 other Swiss companies, did not resign contemporaneously from AmeriMark's parent AmeriMark Group AG (AmeriMark Group), and threatened to resign from AmeriMark for years for reasons other than his age (*id.* at 9–10). In response, Plaintiffs argue that they cannot produce Colshorn for deposition because he is no longer a director or managing agent of AmeriMark, he chose to retire, and he is a foreign national that AmeriMark does not control (ECF 181 at 6–8). In Reply, Defendants further argue that Colshorn is a critical witness, and Rymark has no workable alternative means of obtaining his deposition (ECF 191 at 8–9). Having carefully considered the parties' respective arguments, the court denies Defendants' request to compel the deposition of Colshorn because he does not fall within the purview of individuals that Plaintiffs are compelled to produce under Rule 30, and Defendants have not demonstrated an exception to the rule applies to this matter.

### a. Colshorn was not the director or a managing agent of AmeriMark when his deposition was noticed.

Defendants argue that at the time they requested Colshorn's deposition, Plaintiffs were required to produce him for deposition as "the longtime director (and managing agent)" of AmeriMark (ECF 173 at 2, 9; ECF 191 at 2). While the court acknowledges the questionable timing of Colshorn's June 28, 2024 retirement shortly after Defendants' informal June 11, 2024 request for his deposition, the court notes that Defendants did not actually notice his deposition until August 6, 2024, a month after his retirement. Under Rule 30, AmeriMark is only responsible for producing its directors and managing agents for deposition if notice is given, *see OL Private Counsel*, 2023 WL 8018982, *2, and at the time the deposition was noticed, Colshorn was no longer the director or a managing agent of AmeriMark.

### b. Defendants have failed to demonstrate the exceptions to the managing agent rule are applicable to Colshorn as a former employee of AmeriMark.

While acknowledging that Colshorn is a former director and managing agent of AmeriMark, Defendants emphasize the "suspicious" timing of Colshorn's retirement and that AmeriMark should not be permitted to "shield" him from deposition where he was a longtime director of AmeriMark and "likely the most knowledgeable witness in this case" (ECF 173 at 2, 7, 11). Generally, "former employees cannot be 'managing agents' of an organization and the organization cannot be compelled to produce them for deposition." *Rundquist v. Vapiano SE*, 277 F.R.D. 205, 208 (D.D.C. 2011). Rather, "a deponent's status as a 'managing agent' is 'determined as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred.'" *Id.* (quoting *E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 48–49 (E.D. Va. 2010)). Courts outside of the Tenth Circuit "have made exceptions to this general rule, for example when a corporation terminates an officer in light of pending litigation, plans to rehire the individual in another position, or an individual continues to act as a managing agent despite no longer being an employee." *Id.* (citing *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 541 (D. Md. 1996)).

Here, even if the court were to recognize all the exceptions addressed in cases outside the Tenth Circuit, Defendants have not demonstrated that (1) Colshorn was terminated or otherwise compelled to leave his position by AmeriMark, (2) AmeriMark plans or planned to rehire him in another position, or (3) Colshorn actually continued to act as the managing agent of AmeriMark.[1]

---

[1] Defendants resist this conclusion by pointing to cases that are distinguishable from the facts at hand. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03MDL01570GBDSN, 2020 WL 8611024, at *1 (S.D.N.Y. Aug. 27, 2020) (applying exception to the managing agent rule where the party intended to terminate a witness who instead took an early retirement); *RePet v. Zhao*, No. ED CV 15-2315-VAP (SPx), 2018 WL 9802098, at *7 (C.D. Cal. Jan. 16, 2018) (applying exception where a corporate party admitted to terminating a witness after the deposition had been noticed); *In re Lithium Ion Batteries Antitrust Litigation*, No. 13MD02420YGRDMR, 2015 WL 5440789, at *4 (N.D. Cal.

Defendants argue Colshorn's retirement due to his age is suspicious because he remains a "director of some 75 other Swiss companies" and remained a director with AmeriMark Group until October 2024, four months after resigning from AmeriMark (ECF 173 at 9). Notwithstanding, these facts do not fall into the exceptions noted in the cases relied upon by Defendants.

The parties devote much of their arguments to the third exception—where an individual continues to act as a managing agent despite no longer being employed by the subject corporation—which does have some support within the Tenth Circuit. Courts in the Tenth Circuit have recognized that managing agents "must possess general power to exercise judgment and discretion in corporate matters, must be a person who can be relied on to give testimony at the employer's request, and must be a person who can be expected to identify with the interests of the corporation." *PetSmart, Inc. v. Dancor Constr., Inc.*, No. 17-CV-361-CVE-JFJ, 2018 WL 4328258, at * 3 (N.D. Okla. Aug. 6, 2018) (citing *Finley v. Count of Martin*, No. C-07-59-22 EMC, 2009 WL 3320263, at *2 (N.D. Cal. Oct. 13, 2009)). Courts have also "accorded managing agent status to individuals who no longer exercised authority over the actions in question . . . so long as those individuals retained some role in the corporation or at least maintained interests consonant with rather than adverse to its interests." *Id.* (quoting *Founding Church of Scientology, Inc. v. Webster*, 802 F.2d 1448, 1456 (D.C. Cir. 1986)). For the third exception to apply, this court has determined that the corporation must "effectively control[] these individuals such that it has authority to produce them for depositions." *See OL Private Counsel*, 2023 WL 8018982, *3.

Here, Plaintiffs assert that Colshorn has no involvement with or authority over AmeriMark since his retirement, his interests may no longer align with AmeriMark's interests, and AmeriMark

---

Sept. 15, 2015) (finding a party violated the deposition protocol where a witness suddenly left his employment but remained employed by the corporation in some capacity).

has no control over him or ability to produce him for a deposition (ECF 181 at 7). Defendants do not dispute these assertions but, in addition to the arguments discussed above, point to potential difficulties in obtaining Colshorn's deposition through third party discovery and international discovery (ECF 191 at 9–10). Though the court appreciates these practical considerations, they are not relevant to the determination of whether Colshorn has continued to act as a managing agent for AmeriMark despite the fact that he is no longer an AmeriMark employee. As explained above, Defendants have only pointed to the alleged suspicious timing of Colshorn's retirement and their belief that he did not retire due to his age, which, if true, still does not show that Colshorn has continued to act as a managing agent for AmeriMark. Under these circumstances, where Defendants have failed to show adequate legal support or factual justification to adopt the exceptions to the general rule that a former employee cannot be a managing agent, the court declines to compel AmeriMark to produce Colshorn for deposition.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the court DENIES the Motion (ECF 173).

IT IS SO ORDERED.

DATED this 17 June 2025.

                                                Magistrate Judge Cecilia M. Romero
                                                United States District Court for the District of Utah