# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; and AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>    Plaintiffs,<br><br>v. | **MEMORANDUM DECISION ORDER GRANTING MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY [ECF 219] AND MOTION TO AMEND SCHEDULING ORDER BY STAYING EXPERT DISCOVERY [ECF 263]** |
| RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>    Defendants. | Case No. 2:23-cv-00467-TS-CMR<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendants' Motion for Limited Extension of Fact Discovery (Fact Discovery Motion) (ECF 219) and Motion to Amend Scheduling Order by Tolling Expert Report Disclosure Dates Until 30 Days After Adjudication of Motions Affecting Fact Discovery (Expert Discovery Motion) (ECF 263) (collectively, the Motions). In the Motions, Defendants seek to extend the discovery deadlines until after the court rules on pending motions, in particular, the Motion to Dismiss for Lack of Jurisdiction filed by Third Party Defendant Ashley Leshem (Leshem) (ECF 252) (Motion to Dismiss), Motion for Leave to File Second Amended Counterclaim and Amended Third-Party Complaint (ECF 180) (Motion to Amend), and Motion to Compel Deposition of Nicolai Colshorn (ECF 173) (Motion to Compel), which have since been resolved.[1]

---

[1] On June 16, 2025, Judge Stewart issued a Memorandum Decision and Order (ECF 280) granting the Motion to Amend (ECF 180) and denying the Motion to Dismiss (ECF 252). On June 17, 2025, the undersigned issued a Memorandum Decision and Order (ECF 282) denying the Motion to Compel (ECF 173).

At the May 15, 2025 hearing, Defendants clarified they could narrow which expert discovery they need more time on and have done so through a supplemental filing (ECF 270). Plaintiffs object to both Motions arguing Defendants have not been diligent, this is Defendants' second discovery extension, Defendants have attempted to delay trial from the start, and Plaintiffs would suffer great prejudice because additional delays are more costly (ECF 228, 266). Plaintiffs also addressed concerns with the supplemental filing which the court has considered (ECF 276). For the reasons set forth below, the court GRANTS the Motions.

Under the current Amended Scheduling Order, the fact discovery deadline was January 28, 2025, and the initial expert reports were due May 10, 2025 with expert discovery concluding July 10, 2025 (ECF 88). The Fact Discovery Motion was filed prior to the deadline on January 15, 2025 (ECF 219), and the Expert Discovery Motion was also filed just prior to the deadline, on May 9, 2025 (ECF 263). As such, the court looks to Federal Rule of Civil Procedure 16, which indicates a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Golden v. Mentor Cap., Inc.,* No. 2:15-CV-00176-JNP, 2017 WL 5151350, at *2 (D. Utah Nov. 3, 2017) (quoting *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005)). "Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Courts may consider a number of different factors when weighing a request to extend discovery including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Integrated Bus. Planning Assocs., Inc. v. Operational Results, Inc.*, No. 2:22-733, 2024 WL 4884447, at *1 (D. Utah Nov. 25, 2024) (quoting *Trove Brands, LLC v. Hut Grp. Ltd.*, No. 2:20-CV-00803, 2022 WL 2835470, at *1 (D. Utah July 20, 2022)).

Having considered the parties' briefing, oral argument, and supplemental filings, the court finds that the relevant factors weigh in favor of extending fact and expert discovery deadlines. Although the request is opposed, trial is not imminent, the evidence is relevant, and the extension will not unduly prejudice Plaintiffs, especially considering the court recently granted Defendants' Motion to Amend (ECF 280), which may prolong this matter regardless of the extension. Leshem and AmeriMark Group were added as parties on September 3, 2024 and were served on January 13, 2025 and November 26, 2024, respectively (ECF 219). Defendants argue both "are critical parties in this case" (ECF 219 at 2). While the motion detailing the service efforts of Defendants is now denied as moot based on the stipulation of the parties (ECF 267), it is apparent that Defendants were attempting to have Leshem served, but it took time. It would be prejudicial to not allow Defendants limited time to engage in fact discovery given Leshem and AmeriMark Group were added later in the matter. Some of Plaintiffs' arguments focus on the frustration that these parties were added later in this matter, but that issue was resolved when amendment was granted (ECF 137). With respect to expert discovery, Defendants have demonstrated there were, until recently, pending motions that impact what experts may opine on, and it is reasonable Defendants would want to wait on the outcome of these motions, which have just been resolved this month (ECF 280). While the court appreciates that Plaintiffs have met the deadlines and engaged in expert discovery and understands that prejudice can result from the expense of litigation and prolonging it, the prejudice to Defendants in this case outweighs the prejudice to Plaintiffs.

Moreover, the court finds that Defendants have demonstrated diligence in obtaining discovery from other third parties while also making reasonable efforts to effect service of AmeriMark Group and Lehsem in order to be able to obtain discovery from them as well. In opposition to this request, Plaintiffs primarily rely on cases that are factually distinguishable given that Defendants' request was timely filed prior to the fact discovery deadline. While the court agrees with Plaintiffs that adding new lead counsel in itself is not reason to extend deadlines, the court in its discretion finds that the circumstances here warrant a reasonable extension of the deadlines.

The court also agrees with Plaintiffs' argument that pending discovery motions alone are not grounds for an extension of expert discovery as noted in *Schroer v. U.S.*, 250 F.R.D. 531, 538 (D. Colo. 2008) (ECF 266 at 4). However, the *Schroer* case is distinguishable because the moving party in that case had already requested four prior extensions of the expert discovery deadline without bringing the motion to compel to the court's attention. *See id.* In this case, the expert discovery deadline has only been extended once (ECF 88), and Defendants have raised discovery issues through motion practice.

Considering the relevant factors, the court concludes that Defendants have demonstrated good cause for an extension. For these reasons, the court hereby GRANTS Defendants' Motions (ECF 219; ECF 263). The court ORDERS the parties to meet and confer and no later than June 27, 2025 submit a proposed second amended scheduling order addressing the discovery deadlines in the Motions. The parties should also address any deadlines that may be impacted by the court's other recent rulings.

IT IS SO ORDERED.

DATED this 18 June 2025.


Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah