Erik A. Christiansen (USB 7372)
Hannah J. Ector (USB 17980)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
EChristiansen@parsonsbehle.com
HEctor@parsonsbehle.com

John S. Worden (CA SBN 142943) (*Admitted Pro Hac Vice*)
Sarah E. Diamond (CA SBN 281162) (*Admitted Pro Hac Vice*)
**VENABLE LLP**
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:     (415) 653-3750
Facsimile:     (415) 653-3755
JSWorden@venable.com
SEDiamond@venable.com

*Attorneys for Plaintiffs Capana Swiss Advisors AG and
AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt,
Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **PLAINTIFFS' MOTION TO COMPEL THIRD-PARTY FORENSIC INSPECTION OF DEFENDANTS NICHOLAS MARKOSIAN AND RYMARK INC.'S ELECTRONIC DEVICES**<br><br>Case No. 2:23-cv-00467<br><br>Judge: Hon. Ted Stewart<br><br>Magistrate Judge: Hon. Cecilia M. Romero |
| And Related Counterclaims and Third-Party Claims. | |

1

Plaintiffs and Counterclaim Defendants Capana Swiss Advisors AG ("Capana") and AmeriMark Automotive AG ("Automotive") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby submit the following Motion to Compel a Third-Party Forensic Inspection of Defendants Nick Markosian and Rymark Inc.'s Devices.

## STATEMENT OF RELIEF SOUGHT AND GROUNDS THEREFOR

Plaintiffs have tried to avoid seeking intervention from the Court for months. After *numerous* meet-and-confers and the exchange of numerous correspondence, the parties are truly at an impasse. Plaintiffs have no choice but to respectfully request that this Court enter an order allowing Plaintiffs to undertake a forensic inspection of Defendants Nicholas Markosian's and Rymark, Inc.'s personal devices and messaging platforms. Specifically, Plaintiffs request an order allowing a forensic inspection of Mr. Markosian's iPhone(s); Mr. Markosian's iPad(s); Mr. Markosian's and Rymark Inc.'s ("Rymark") Microsoft Exchange mail servers and any file servers or back-up files; Mr. Markosian's personal email accounts; and the Slack messaging channel used by Rymark Inc. and Mr. Markosian.

Rule 34 requires a party responding to requests for production to conduct a reasonable search for responsive information and provides "an affirmative duty to seek information reasonably available through [a party's] employees, agents and others subject to their control." *Denson v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No. 2:18-CV-00284, 2020 WL 3507410, at *4 (D. Utah June 29, 2020); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 626 (D.Colo.2007). Despite having control of personal electronic devices, email accounts and servers, and a business Slack channel, Defendants have refused to search those devices and platforms for information responsive to Plaintiffs' discovery requests.

During discovery in this matter, Plaintiffs learned, via third-party subpoena, of a number of critical documents clearly responsive to its discovery requests that were not produced by Defendants. Plaintiffs thus became concerned with the extent to which Defendants preserved their documents and communications and whether Defendants undertook a reasonable search for responsive documents.[1] Plaintiffs raised these concerns with Defendants in short-form discovery motions, letters, and a number of meet and confer conferences dating back to at least July of 2024. Despite repeatedly pointing out specific documents missing from Defendants' productions, Defendants have refused to search additional platforms and devices to ensure their search protocols hit on all relevant documents in their custody and control, instead offering their (untested) belief that those platforms and devices do not have responsive information. Given the well-documented examples of missing documents and Defendants' refusal to engage in any additional searches, coupled with the significant amount of time that has elapsed since Plaintiffs first raised this issue to Defendants and the current impasse in which the parties find themselves, Plaintiffs request that this Court order Defendants to make Mr. Markosian's iPhone(s); Mr. Markosian's iPad(s); Mr. Markosian's and Rymark's Microsoft Exchange mail servers and any file servers or back-up files; Mr. Markosian's personal email accounts and Slack messaging channel available for forensic inspection. For the same reasons, Plaintiffs further request the Court order Defendants to answer, under penalty of perjury, the following questions previously posed to them in a letter dated July 3, 2025:

1. A detailed explanation of where the documents from the May 22, 2025 production were recovered from;

---

[1] Based on Defendants' conflicting statements, it appears that all of former Rymark employee, Eric Gardiner's highly relevant emails from Rymark address, eric@markosianauto.com, were deleted. Mr. Gardiner was charged by Markosian to assist in the efforts to list Rymark parent Automotive on the Malta Stock Exchange and worked directly with Malta auditor James Ellul.

3

2. A list of all data backup systems utilized by Rymark and affiliated entities (including, but not limited to, Rymark Properties LLC, NTM Meineke, APG Financial, etc.) from 2016-2023;

3. An inventory of email server log files (SMTP logs, Message Tracking logs, Exchange Transport logs, etc.) covering the period 2016-2023;

4. An explanation as to why the mailbox "scanner@markosioanauto.com" was deleted and the date of such deletion;

5. An inventory of Mr. Markosian's personal devices including, but not limited to, laptops, iPads, iPhones, other mobile phones or devices including their serial numbers and model numbers for the period 2016-2023;

6. An inventory of Ms. Small's personal devices including, but not limited to, laptops, iPads, iPhones, other mobile phones or devices for the period 2016-2023; and

7. An inventory of Mr. Kirkland's personal devices including, but not limited to, laptops, iPads, iPhones, other mobile phones or devices for the period 2016-2023.

## STATEMENT OF RELEVANT FACTS

1. Plaintiffs first raised their concerns with what appears to be missing documents from Defendants' productions via a Short Form Discovery Motion to Compel a Third-Party Forensic Inspection of Defendants' Devices on July 18, 2024. ECF No. 116.

2. A hearing was set for this Motion and several other discovery motions on October 2, 2024. At that hearing, the Court denied the Motion, as well as a number of other motions, for failure to meet and confer. Transcript of October 2, 2024 Hearing, attached hereto as **Exhibit 1**.

3. The Court also indicated that should the issues underlying the original motion need to be addressed by the Court again, Plaintiffs were entitled to file a "longer brief" rather than a brief that complies with the short-form requirements in DUCivR 37-1(b). Tr. of October 2, 2024 hearing at 24:24-25:10.

4. Fact discovery initially closed on January 28, 2025. ECF No. 88.

5. On January 31, 2025, Plaintiffs filed a short form Motion to Search Additional Communications Platforms, including (1) Markosian's iPad; (2) Rymark's Slack channels, and

(3) Markosian's personal emails. ECF No. 232.

6. At a hearing on May 15, 2025, the Court ordered the parties to meet and confer and submit a status report addressing whether that motion (among others) could be resolved by the parties. Minute Entry, ECF No. 267.

7. The parties submitted a joint status report on May 30, 2025, indicating they were still meeting and conferring on the issues in the motion. ECF No. 278.

8. The Court thus denied the motion without prejudice based on the representation that the parties continued to meet and confer. Docket Text Order, ECF No. 281.

9. Defendants submitted a supplemental production of documents on May 22, 2025, which included 2,823 documents (201 natives and 8,766 pages) (the "May 22 Production").

10. In the transmittal email for the May 22 Production, counsel stated that "[t]hese docs were located by an outside expert who spent the last few months conducting extensive forensic repair and search of previously collected and searched files and devices."

11. On June 2, 2025, Plaintiffs' counsel wrote to Defendants' counsel to raise concerns with the May 22 Production. A true and correct copy of counsel's June 2 letter is attached hereto as **Exhibit 2**.

12. In Defendants' June 2 letter, counsel pointed out that "[n]one of the documents in the May 22 Production seems to include communications from messaging platforms (e.g. WhatsApp, Slack, Signal, etc.)" and reminded Defendants' current counsel that prior counsel had refused to search these platforms, which refusal occasioned the filing of Plaintiffs' Short Form Motion to Compel Search of Additional Communications Platforms (ECF No. 232). *Id.* at 3.

13. Plaintiffs' counsel also requested "an inventory of Mr. Markosian's personal devices from 2016 to the present, particularly his iPhones and iPads, along with a description of

which (if any) were inspected, and an indication if those devices were disposed of or destroyed and when as well as "a timeframe by which Defendants intend to complete a search of these platforms or a written statement that the Defendants do not intend to conduct such a search" as well as "clarification by the Defendants as to the status of the material on the Slack messaging platform and, if it was in fact destroyed, the details regarding the date it was destroyed, any backups or archives that may exist, and an explanation as to why it was not preserved given the present and ongoing litigation." *Id.*

14. The parties met and conferred on June 12, 2025, to discuss the issues addressed in the June 2 letter. On June 20, Defendants' counsel wrote a letter memorializing the June 12 meet and confer. In that letter, counsel indicated that they would not search for messages on the Slack platform because based on "interviews with all relevant parties" there were no responsive communications on that platform. A true and correct copy of counsel's June 20 letter is attached hereto as **Exhibit 3**.

15. Counsel also stated, "I explained that I would get additional information regarding the iPhone and iPad data; specifically, how far back the data went. I was not able to track that information down prior to completing this letter but will work on finding that information from the expert." *Id.* Defendants never provided additional information.

16. Plaintiffs' counsel responded to the June 20 letter on July 3, 2025 requesting that:

> ***by July 9, 2025***, please confirm whether Defendants agree to conduct a diligent and good faith search of these platforms [e.g., WhatsApp and Slack] for responsive material and provide a schedule for production for same or indicate when data on these platforms (e.g. Slack) was destroyed and why.

A true and correct copy of the July 3, 2025 Letter is attached hereto as **Exhibit 4**.

17. In the July 3 letter, Plaintiffs also requested that Defendants provide the following information by July 17, 2025:

6

- A detailed explanation of where the documents from the May 22, 2025 production were recovered from;

- A list of all data backup systems utilized by Rymark and affiliated entities (including, but not limited to, Rymark Properties LLC, NTM Meineke, APG Financial, etc.) from 2016-2023;

- An inventory of email server log files (SMTP logs, Message Tracking logs, Exchange Transport logs, etc.) covering the period 2016-2023;

- An explanation as to why the mailbox "scanner@markosioanauto.com" was deleted and the date of such deletion;

- An inventory of Mr. Markosian's personal devices including, but not limited to, laptops, iPads, iPhones, other mobile phones or devices including their serial numbers and model numbers for the period 2016-2023;

- An inventory of Ms. Small's personal devices including, but not limited to, laptops, iPads, iPhones, other mobile phones or devices for the period 2016-2023; and

- An inventory of Mr. Kirkland's personal devices including, but not limited to, laptops, iPads, iPhones, other mobile phones or devices for the period 2016-2023.

*Id.*

18. On July 15, 2025, Defendants' counsel responded to Plaintiff's letter arguing that the requested search constitutes "discovery upon discovery" and that the requested search is not proportionate to the benefit of any responsive material it may find. A true and correct copy of the July 15, 2025 letter is attached hereto as **Exhibit 5**.

19. Defendants did not answer the aforementioned questions or even allude to them in their July 15 Letter. *Id*.

## ARGUMENT

I. **DEFENDANTS FAILED TO CONDUCT REASONABLE SEARCHES FOR INFORMATION RESPONSIVE TO DISCOVERY REQUESTS.**

"The Federal Rules require a party to conduct a reasonable search for responsive information." *Denson v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No.

2:18-CV-00284, 2020 WL 3507410, at *4 (D. Utah June 29, 2020); *see also Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 626 (D.Colo.2007) (explaining that Rule 34 imposes "an affirmative duty to seek information reasonably available through [a party's] employees, agents and others subject to their control."; *Navajo Nation v. Urb. Outfitters, Inc.*, No. 12CV0195 LH/LAM, 2014 WL 11511092, at *4 (D.N.M. Nov. 21, 2014) (finding Defendants failed to adequately respond to Plaintiff's discovery requests by failing to identify and search a database and compelling Defendants to search that database for documents notwithstanding their representation that the drive was unlikely to contain information that has not already been produced to Plaintiffs.)

Plaintiffs request an order allowing a forensic inspection of Mr. Markosian's iPhone(s); Mr. Markosian's iPad(s); Mr. Markosian's and Rymark's Microsoft Exchange mail servers and any file servers or back-up files; Mr. Markosian's personal email accounts, and Rymark's Slack messaging channel due to Defendants' refusal to search those platforms for responsive documents and communications. Each of these devices and platforms is in Defendants' control and should have been preserved and searched in response to Plaintiffs' discovery requests. Further, evidence produced in this matter suggests additional responsive information exists that may be available on those platforms.

Specifically, as to Markosian's iPhone and iPad, numerous emails received via third-party subpoena indicate that Mr. Markosian sent and received critical emails using those devices. Those critical emails include an email produced by Whitetree Capital (an entity Mr. Markosian initially said he never heard of and who Mr. Markosian claims stole 13M of his AmeriMark Group shares without his knowledge) wherein Mr. Markosian emailed with Whitetree representatives to schedule a conference call with Whitetree regarding the very transactions

8

Markosian disputes he knew about in his Counterclaim. *See* **Exhibit 6** (WHITETREE000029). This email indicates that it was sent from Mr. Markosian's iPad. *Id.*

Nevertheless, Defendants' counsel indicated they would not search Mr. Markosian's iPad or iPhone because the email servers Defendants searched *should* have all emails sent by Markosian (regardless of the device they were sent from). But Mr. Markosian's failure to produce the aforementioned email calls counsel's statement into question – either that email was destroyed or withheld, or the search of Defendants' email Servers failed to pick it up. Faced with evidence that responsive emails were sent from Mr. Markosian's iPad and apparently not found and produced during discovery, Defendants were obligated to undertake a diligent search of that device to ensure additional responsive information was not withheld (despite counsel's claims that "these platforms do not contain responsive material.")

Defendant John Kirkland testified in his August 26, 2024 deposition that Defendants historically communicated on the messaging application Slack. Moreover, dozens of documents from Defendants' production refer to Slack. *See* e.g., **Exhibit 7** (RYMARK078601, RYMARK127997, RYMARK134143, RYMARK135892, RYMARK140454, RYMARK144853). Despite this evidence, Defendants refuse to search Slack because their clients have purportedly represented that the platforms do not contain responsive material. These purported representations do not eliminate the obligation of Defendants to undertake a diligent search of devices they control.

Defendants also refuse to search Mr. Markosian's personal email accounts (markosianauto1@gmail.com and nickwvap@netscape.net) for similar reasons, namely because they claim, without any support or verification, that these accounts have no responsive documents. It is unclear how Defendants can make such claims despite admittedly never

searching those accounts for responsive documents. Indeed, third party productions demonstrate that several highly relevant emails were not produced by Defendants:

- On April 17, 2019, Vicky Small responded to an email from Markosian sent the same day (RYMARK090775) stating "$125000.00 on our balance sheet that we paid to Ananda Capital." Small asks Markosian how to answer questions from "the auditors." The original email from Markosian was never produced. This is a critical statement potentially evidencing accounting fraud.

- On July 13, 2020, AmeriMark Automotive Director Colshorn emailed proxy forms to Small (PL_0000004117-4120), Kirkland (PL_0000004456-4459), and Markosian (PL_0000004452-4455). Defendants have only produced forms for Small and Kirkland—*not Markosian*. Markosian's missing email, which constituted formal notice under Swiss law, stated his shareholding in AmeriMark Group AG, debunking the claim that he was unaware of his approximately 25% stake in the company and that 13M shares of AmeriMark Group were stolen from him (PL_0000008869).

- In a February 5, 2016, email exchange between Leshem and Markosian (produced by third-party Hesterman), Markosian sent emails scheduling a call to discuss audits of Rymark's accounts (Hesterman0000198). Defendants have not produced Markosian's email from his account.

Exacerbating Plaintiffs' concerns about the reasonableness of Defendants' searches, Defendants have failed to state which of Markosian's devices they searched. Defendants also refuse to search any of the additional platforms requested by Plaintiffs, despite numerous letters and conferences discussing the same. Defendants' refusal to undertake a reasonable search of these platforms (which are in their possession and control) is a violation of their duties under the Federal Rules of Civil Procedure, and, given the considerable time that has elapsed while the parties have attempted to negotiate these issues, Plaintiffs request court intervention.

## II. PLAINTIFFS ARE ENTITLED TO A FORENSIC INSPECTION OF DEFENDANTS' DEVICES.

As stated above, in addition to refusing to search Mr. Markosian's iPad, iPhone, Microsoft email servers and back up files, and personal email accounts as well as Rymark's

internal Slack channel, all of which are in Defendants' control, Defendants have also refused to provide an inventory of Mr. Markosian's personal devices from 2016 to the present, particularly his iPhones and iPads, along with a description of which (if any) were inspected, and an indication if those devices were disposed of or destroyed. This is despite evidence that each of those devices and platforms likely contains responsive documents that have not been produced in this matter. *See supra* at § I. The parties have met and conferred over this issue a number of times over the last year and are at an impasse. Given Defendants' refusal to search the relevant platforms and devices, and given that it has been over a year since Plaintiff's first requested such information, Plaintiffs request that this Court order Defendants to make available the relevant devices and messaging platforms for forensic inspection.

    Courts in this district have ordered forensic inspection of devices upon a finding that a party has failed to meet its discovery obligations. *See, e.g.*, *Denson*, No. 2:18-CV-00284, 2020 WL 3507410, at *4–5 (ordering forensic inspection of the plaintiff's electronic devices and cloud-based accounts because the plaintiff lost evidence, changed stories about the location of the evidence, and submitted conflicting reports of the facts underlying her case.); *Eagle Air Med Corp. v. Sentinel Air Med. All.*, No. 2:16-CV-00176-TC-EJF, 2018 WL 6304835, at *2 (D. Utah Dec. 3, 2018) (ordering a forensic inspection of the defendant's laptop computers because the defendant "intentionally attempted to avoid production of relevant, responsive, proportional discovery."); *Jacobson v. Starbucks Coffee Co.*, No. 05-1338 JTM, 2006 WL 3146349, at *7 (D. Kan. Oct. 31, 2006) (ordering forensic inspection of defendant's representative's hard drive because of the "history of incomplete and inconsistent responses to plaintiff's production requests.") For the reasons explained *supra* at § I, the Court should find the same here and order a forensic inspection.

### III. THIS COURT SHOULD ORDER DEFENDANTS TO ANSWER THE QUESTIONS POSED IN PLAINTIFFS' JULY 3 LETTER.

Following Defendants' continued refusal to search platforms and devices within their control and in the face of evidence that a number of critical documents were missing from their productions, Plaintiffs requested that Defendants answer a number of questions about their search protocols, including questions related to the May 22 production which included a number of relevant and responsive documents that had previously been inexplicably withheld. *See* SOF ¶ 20. Defendants refused to answer the questions and indeed did not even allude to them at all in their response to Plaintiffs' July 3 Letter. For the same reasons discussed above, namely that a number of critical and responsive documents were never produced by Defendants, Plaintiffs request that the Court order Defendants to answer the questions posed at pages 2–3 of Plaintiffs' July 3 letter, including all subparts.

### IV. THE REQUESTED RELIEF DOES NOT CONSTITUTE "DISCOVERY ON DISCOVERY"

In Defendants' most recent response to Plaintiffs' requests to search the relevant platforms and devices, Defendants claimed that such a request was "'discovery upon discovery,' which is permitted only 'where there is reasonable doubt about the sufficiency of a party's response.'" July 15 Letter at 1 (quoting *Podium Corp. v. Chekkit Geolocation Servs.*, 2022 WL 1773016, at *5, Case No. 2:20-cv-00352 (D. Utah, June 1, 2022)).

In *Podium*, Chekkit moved to compel Podium to "verify that a reasonably diligent search has occurred, noting the Defendants were previously ordered to provide a similar verification." *Id.* The Court denied the Motion, explaining that because Chekkit "offered no factual basis supporting reason to doubt the sufficiency of Podium's search for documents," Podium was not required to provide verification of its search efforts. *Id.* Notably, Podium had previously been required to provide verification of a reasonably diligent search because Chekkit "offered

evidence suggesting responsive documents existed which Defendants had not produced, and Defendants' counsel admitted he made no effort to verify whether his clients conducted an adequate search." *Id.* *Podium* thus supports Plaintiffs' position that Defendants' failure to produce responsive documents coupled with their failure to verify the adequacy of their clients' searches and representations thereabout constitutes a violation of their discovery obligations. *See id.* Further, as explained *supra* at § I, Plaintiffs have provided a number of examples of documents demonstrating "reasonable doubt about the sufficiency of [Defendants'] response." The requested forensic inspection should be granted.

## CONCLUSION

Based on the foregoing, this Court should order a forensic inspection of Mr. Markosian's iPhone(s); iPad(s); Microsoft email servers and back up files; and personal email accounts as well as an inspection of Rymark's Slack messaging channel.

Dated: July 29, 2025

PARSONS BEHLE & LATIMER

By: */s/ Erik A. Christiansen*
Erik A. Christiansen
Hannah Ector

VENABLE LLP
John Worden (*Admitted Pro Hac Vice*)
Sarah E. Diamond (*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG, and Third-Party Defendants Shaen Bernhardt, Martin Fasser Heeg, Stefan Kammerlander, and AmeriMark Group AG*

## CERTIFICATE OF SERVICE

I hereby certify that on **July 29, 2025**, I caused a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL THIRD-PARTY FORENSIC INSPECTION OF DEFENDANT NICHOLAS MARKOSIAN AND RYMARK INC.'S ELECTRONIC DEVICES** to be filed on CM/ECF and accordingly electronically served to the parties of record.

*/s/ Hannah Ector*
Hannah Ector