# EXHIBIT 1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                        DISTRICT OF UTAH

 3                        CENTRAL DIVISION

 4

 5   CAPANA SWISS ADVISORS, A.G., a  )

 6   Swiss corporation, et al.,      )

 7            Plaintiffs,            )

 8   vs.                             )  Case No. 2:23-CV-467TS

 9   RYMARK, a Utah corporation,     )

10   et al.,                         )

11            Defendants.            )

12   _____)

13

14

15            BEFORE THE HONORABLE CECILIA M. ROMERO
             ---------------------------------------

16                      October 2, 2024

17

18                      Motion Hearing

19

20

21      Transcript of Electronically Recorded Proceedings

22

23

24

25
```

1

2                      A P P E A R A N C E S

3

4

     For Plaintiffs:              ERIK A. CHRISTIANSEN
5                                 201 South Main Street
                                  Suite 1800
6                                 Salt Lake City, Utah

7                                 SARAH E. DIAMOND
                                  2049 Century Park East
8                                 Suite 2300
                                  Los Angeles, California
9
     (Telephonically)            JOHN WORDEN
10                                101 California Street
                                  Suite 3800
11                                San Francisco, California

12

13

     For Defendants:             CHAD PEHRSON
14                                STEPHEN RICHARDS
                                  50 West Broadway
15                                Suite 1000
                                  Salt Lake City, Utah

16

17

18

19

20

21

     Court Transcriber:          Ed Young
22                                351 South West Temple
                                  Room 3.302
23                                Salt Lake City, Utah 84101-2180
                                  801-328-3202
24                                ed_young@utd.uscourts.gov

25

```
 1   October 2, 2024

 2                   P R O C E E D I N G S

 3

 4           THE COURT:  Good afternoon.

 5           We're here in the matter of Capana Swiss Advisors

 6   versus Rymark, et al., case number 2:23-CV-467.

 7           If I could ask counsel to make their notice of

 8   appearance.  Who is present on behalf of the plaintiffs?

 9           MS. DIAMOND:  Good afternoon.  Sarah Diamond and

10   Erik Christiansen on behalf of the plaintiffs.

11           THE COURT:  Thank you.

12           For the defendants?

13           MR. PEHRSON:  Your Honor, my name is Chad Pehrson.

14   My colleague Stephen Richards is with me and we are with the

15   K.B. and A. lawfirm.

16           THE COURT:  Thank you.

17           Pending before the Court are a number of motions

18   that I have spent the last few days reviewing.  Normally I

19   would hear argument from you all, but the Court is actually

20   prepared to make rulings on all of those, and you'll

21   understand why I'm not hearing argument when I make those

22   rulings, but before I do that I have a point of

23   clarification.

24           In looking at my notes it appears still

25   outstanding, and the Court took under advisement ECF docket
```

1    number 68, the defendants' motion to quash, and it is my

2    intention to issue an oral ruling on that via Zoom, bringing

3    the parties back hopefully on Friday of this week, just so I

4    get myself a deadline to get that done.  I just wanted to

5    make sure that that was still a live issue.

6            Mr. Pehrson, is that motion still alive and

7    pending from your perspective?

8            MR. PEHRSON:  Yes, Your Honor.

9            THE COURT:  All right.  And the same question to

10   you, Ms. Diamond.

11           MS. DIAMOND:  Yes, Your Honor.

12           THE COURT:  All right.  Thank you.

13           So what I'm inclined to do then is to have us get

14   on a Zoom call for the Court to issue an oral ruling on that

15   motion.  I'm hoping to do that on Friday of this week, and

16   let me just pull up my calender, at 2:00 p.m.

17           Mr. Pehrson, does that work for you?

18           MR. PEHRSON:  Yes, Your Honor.

19           THE COURT:  All right.  Ms. Diamond and Mr.

20   Christiansen, does that work for both of you?

21           MS. DIAMOND:  Yes, Your Honor.

22           THE COURT:  What I will do then is we'll have a

23   docket entry setting that motion for an oral ruling on

24   Friday at 2:00 p.m. via Zoom.  The Zoom link will also be

25   issued.

1          My deputy just handed me a note and indicated that

2    it appears that we also have individuals on the phone.  I

3    want to make sure that we note who that is.

4          Mr. Christiansen, are you able to answer that

5    question?  I see you shaking your head yes.

6          MR. CHRISTIANSEN:  I think Sarah can answer it.

7          THE COURT:  Ms. Diamond?

8          MS. DIAMOND:  Yes, Your Honor.  We have our

9    client, Shaen Bernhardt, and I believe John Worden, another

10   attorney from Venable, is on the line.  I am not sure if

11   there is one or two.

12         THE COURT:  So your client Bernhardt and Worden,

13   who is an attorney.

14         Is that correct?

15         MS. DIAMOND:  Correct.

16         THE COURT:  All right.  Mr. Pehrson, anyone on the

17   line from your perspective?

18         MR. PEHRSON:  Not that I'm aware of.

19         THE COURT:  Thank you.

20         I am going to issue rulings on all of the pending

21   motions except ECF-68, which I have indicated I will rule on

22   this Friday.  I'm going to ask the parties to carefully

23   track to ensure that I have addressed each and every one of

24   those.  If I have missed one, please indicate that to me at

25   the end.  All right.

1    As I have indicated, I have read everything over

2    the last few days.  When I was reading everything I thought

3    I would cancel the hearing and just issue written rulings,

4    but then I was reminded that I told you all at the June

5    hearing that when I get the quantity and contentious nature

6    of the motions that you have all filed, that I would bring

7    you down to court and have you come down to court, which is

8    what I'm doing today.

9    I will also add that this is not the first time

10   that the Court has had to remind the parties of their

11   obligations to meet and confer and that this Court will

12   start to impose sanctions.  It appears that reminders need

13   to be given again.  Local Rule 37-1 requires the parties to

14   make reasonable efforts to resolve a discovery dispute

15   before seeking court assistance.  At a minimum, those

16   efforts must include a prompt written communication sent to

17   the opposing party identifying the discovery issues,

18   specifying why those responses and objections are

19   inadequate, and requesting a meet and confer either in

20   person or by phone, including suggested dates and times.

21   Pending before the Court for the plaintiffs is one

22   motion to seal, ECF-110, and four short form discovery

23   motions, ECF-111, 114, 116 and 121.

24   For the defendants one motion to seal, ECF-140,

25   which is unopposed, and five short form discovery motions,

1    ECF-112, 117, 128, 129 and 136.  Setting aside the two

2    motions to seal, so ECF-110 and 140, in all other pending

3    motions it is clear that the parties have not complied with

4    local Rule 37-1.

5              In fact, with respect to the certifications, both

6    parties concede that they have not been able to meet and

7    confer in person or by phone.  Rule 37-1 is not

8    discretionary, but is mandatory.  It is shocking that these

9    motions would have been filed without reading this mandatory

10   rule.  In reviewing the pending motions, it appears if the

11   parties could have set aside their animus towards one

12   another, some of these could have been resolved or narrowed

13   without involving the Court.

14             With the exception of the motions to seal, again,

15   ECF-110 and 140, each of the plaintiffs' motions, so

16   ECF-111, 114, 116 and 121, as well as each of the

17   defendants' motions, 112, 117, 128, 129 and 136 are denied

18   for failure to meet and confer.

19             In addition, as I assume some of these motions may

20   intend to come back to the Court, the Court makes further

21   additional rulings and/or provides some guidance to the

22   parties.  With regard to the defendants' short form motion,

23   ECF-112, in addition to being denied for failure to meet and

24   confer, ECF-112 is also denied because an outright refusal

25   to meet and confer unless calls are recorded is unreasonable

1   and interferes with the litigation process and violates

2   counsels' obligations under the discovery rules and as

3   officers of the court.  As this Court has already stated,

4   local Rule 37-1 is not discretionary but mandatory.

5        The Court also finds that the defendants have

6   provided no specific examples of alleged improper or false

7   accusations by plaintiffs' counsel.  Instead, what is

8   apparent by all of these pending motions is that neither

9   side is engaging as these rules require.  There appears to

10  be some animosity, and as a result neither party's counsel

11  is engaging in the professional manner this Court requires

12  and orders you to adhere to going forward.

13        This behavior stops today.  This is a court of law

14  which the parties are welcome to come before where there are

15  legitimate disputes for the Court to decide after complying

16  with their meet and confer obligations.  The Court will not

17  babysit the parties, nor will the Court allow one another to

18  depose each other, but, rather, orders the parties to engage

19  professionally with one another through the meet and confer

20  process.

21        I am going to order as of today that the meet and

22  confer process is to take place in person, not via Zoom or

23  over the phone, in the hope that in person meetings lowers

24  any animosity between the parties.

25        I know, Ms. Diamond, that you are not local

1  counsel and you reside outside of the State of Utah, so you

2  are permitted to attend via Zoom over the phone with Mr.

3  Christensen, but local counsel is ordered to meet and confer

4  in person to discuss any pending issues going forward.

5       We can revisit that once you all start to engage

6  like the professionals I know that you are.  I will stress

7  that some of the issues before this Court could absolutely

8  have been resolved if you had met and conferred without

9  imputing any bad faith or ill will and just discuss the

10 issues and the applicable legal standards and listen to one

11 another and, where necessary, cooperate and make concessions

12 and narrow the issues.

13      I also want to make it clear going forward for any

14 discovery issues that come before me consistent with Rule

15 37, I will consider it a violation of a court order subject

16 to contempt or other sanctions if any further motions are

17 filed without meeting and conferring in person.  I have

18 already reminded you at the last hearing that I would award

19 attorneys' fees and other sanctions.  I tried to do that

20 here but, frankly, found that they would just cross each

21 other out, because both of the parties have failed to meet

22 and confer in good faith.

23      That is regarding ECF-112.

24      Regarding defendants' motion, ECF-117, the motion

25 to compel overlength briefs, the Court also denies that

1   motion, because the purpose of the meet and confer process

2   is to narrow the issues before bringing them to the Court.

3   The Court will not consider a request to file an overlength

4   brief where you have not met your obligation to meet and

5   confer and determine if the issues can be narrowed.  For

6   this additional reason the motion is also denied.

7           With respect to ECF-128, the motion to quash

8   overbroad subpoenas, in addition to being denied for failure

9   to meet and confer, I want to provide some additional

10  guidance.  First, the Court would note that in looking at

11  the subpoenas they appear to be very broad, which the

12  parties needed to discuss to determine if they could be

13  narrowed.

14          Second, the defendants indicate that perhaps with

15  respect to some of the requests they are unnecessary as they

16  may be able to produce the documents, which the parties are

17  specifically ordered to discuss, and, third, if there are

18  accusations of spoliation and refusal to produce, those need

19  to be fully addressed and supported.  The Court does not

20  want to see any baseless accusations by any party going

21  forward.

22          Finally, if a motion is filed, it needs to address

23  standing of the objecting party and also the full legal

24  standard.  So that is the additional guidance that the Court

25  provides with respect to ECF-128.

1        With respect to ECF-129, the motion to compel the

2    Colshorn deposition, and I hope I'm saying that name right,

3    and in addition to being denied for failure to meet and

4    confer, the Court also gives the parties some guidance.  I

5    tend to not look outside of the Tenth Circuit for cases

6    unless there is a reason for me to do so.  The brief cites

7    to cases outside of the Tenth Circuit with no explanation if

8    there are in fact controlling or persuasive cases with a

9    fact pattern within the Tenth Circuit or district courts

10   within the Tenth Circuit.

11       If the motion is refiled, I will need to

12   understand why the Court would follow cases outside of the

13   Tenth Circuit.  I generally never look to the Ninth Circuit.

14   It is not a circuit that we tend to follow here.  All right.

15       With respect to the motion to quash regarding the

16   deposition notice, ECF-136, and that is also the defendants'

17   motion, in addition to being denied for failure to meet and

18   confer, the Court also denies the motion as the defendants

19   have failed to address how they have standing to challenge

20   the deposition of William Bower, a vice president of Oak

21   Street.

22       As set forth in the Hutchinson versus Kamauu case,

23   which is a 2022 WestLaw at 180641 case from the District of

24   Utah from January 20th of 2022, a motion to quash a subpoena

25   may only be made by the party to whom it is directed.  The

1    exception to this rule is where the party seeking to

2    challenge the subpoena has a personal right or privilege

3    with respect to the subject matter requested in the

4    subpoena.  That comes from the same case.

5           However, even when a party has standing to quash a

6    subpoena based on privilege or a personal right, he or she

7    lacks standing to object on the basis of undue burden and on

8    the grounds of overbreadth and relevance.  That comes from

9    Monroe versus FinWise Bank, a 2021 Westlaw case, 5926416, a

10   District of Utah case from December 15th of 2021.  The

11   defendants have failed to address standing and any

12   exceptions and for this additional reason ECF-136 is denied.

13          With respect to defendants' motion to seal at

14   ECF-140, no opposition was filed and it is, therefore,

15   granted.  I would note that this is a motion to seal and the

16   Court does not find that any discussion about the properness

17   of the designations to be appropriately addressed in the

18   motion to seal and, therefore, declines to do so.  All

19   right.

20          Now, turning back to the plaintiffs' motion, the

21   plaintiffs' motion to seal, ECF-110, the Court first makes

22   it clear that to the extent that the defendants seek

23   affirmative relief in the opposition, with the argument that

24   the plaintiffs violated the protective order with a blanket

25   designation of every page of every document, the Court finds

1    the request to be improperly brought before the Court.

2    Local Rule 7-1-A-3 indicates that a party may not make a

3    motion in a response.  The focus of this motion relates to

4    sealing only 11 documents, document 3, 5, 6, 16, 21, 23, 25,

5    26, 32, 34 and 37.  Nothing more.

6         Moreover, the plaintiffs' motion does not address

7    the applicable standard for maintaining confidentiality

8    designations under the protective order and this Court will,

9    therefore, not address that issue.  By way of providing

10   guidance, to maintain confidentiality designations a party

11   must file a motion for a protective order addressing the

12   specific documents for which the party is seeking to

13   maintain its designation and its reasons for doing so.

14        Where a party seeks a protective order to maintain

15   confidentiality designations of trade secrets or other

16   confidential commercial information, the Court must weigh

17   the risk of disclosure to competitors against the risk that

18   a protective order will impair prosecution or defense of the

19   claims.  That standard can be found in the Annie A. versus

20   United Healthcare Insurance case, 2023 WestLaw at 197301,

21   District of Utah case from January 17th of 2023.

22        The moving party must satisfy a three-factor test

23   by establishing the information sought is a trade secret or

24   other confidential research, development or commercial

25   information and its disclosure might be harmful and the harm

1    from disclosure outweighs the need for access.  It is the

2    Court's expectation that any future request addressing

3    confidentiality designations be procedurally proper and

4    address the relevant standard.

5           As for the request before the Court today in

6    ECF-110, the plaintiffs' motion is styled as a motion to

7    seal and, therefore, references the standard for sealing

8    documents under local Rule 5-1, which requires a, quote,

9    showing of good cause, end quote.  That comes from local

10   Rule 5-3-A-1.  Under this standard and for the reasons

11   stated in the motion as to why each of the listed documents

12   was designated confidential, the Court finds the request is

13   narrowly tailored to protect only the specific information

14   deserving protection pursuant to local Rule 5-3, and the

15   Court finds good cause to maintain plaintiffs' confidential

16   business information under seal.  The Court, therefore,

17   grants the motion.

18          In doing so, the Court makes it clear it has not

19   addressed the separate issue of whether the confidential

20   designation should remain as that issue was not properly

21   before the Court.  If a motion for a protective order is

22   filed, it must be done so after meeting and conferring and

23   discussing the relevant legal standard between the parties

24   and then a motion may be filed.

25          With respect to the plaintiffs' motion to protect

1    confidentiality designations, ECF-111, in addition to being

2    denied for failure to meet and confer, the Court finds that

3    there is not a specific request to designate specific

4    documents but, rather, a frustration on the communications

5    over the designations.  The parties are reminded to adhere

6    to the standard protective order and to follow the procedure

7    to protect any documents and file appropriate motions

8    focusing on the relevant legal standards.

9         With respect to the plaintiffs' motion regarding

10   the document dump, ECF-114, in addition to being denied for

11   failure to meet and confer, the Court adds that in the

12   opposition the defendants indicate that with respect to

13   production nine, P-R-O-D 009, that there was a

14   misunderstanding with the production vendor and the text

15   messages were not culled by search terms.  The defendants at

16   the time were working on that issue and intended to replace

17   production nine with a, quote, substantially narrower, end

18   quote, production, which appears to moot the plaintiffs'

19   motion and concern.

20        The Court reiterates that had there been a meet

21   and confer as required by our rules, the parties should have

22   discussed this and perhaps the motion would not have been

23   needed to be filed.  The Court also cautions that the meet

24   and confer obligation is ongoing.  For example, you may have

25   to have multiple discussions to make sure what your

1  respective positions and understandings are and after a

2  reasonable time seek court intervention.

3        With respect to the plaintiffs' motion to compel

4  the third-party inspection of devices, ECF-116, in addition

5  to failing to meet and confer, the Court also finds that the

6  motion is based on speculation of spoliation with no factual

7  or legal basis.  The Court also notes that the plaintiffs'

8  examples contain documents already produced by the

9  defendants, as this motion is not properly supported and for

10  this additional reason the motion is denied.

11        With respect to the motion for the protective

12  order regarding the Martin Fasser Heeg deposition, ECF-121,

13  the Court has a written ruling which it will issue today,

14  and that ruling is an order denying plaintiffs' short form

15  discovery motion for a protective order requiring that the

16  deposition of Martin Fasser Heeg proceed remotely.

17        By way of summary, the Court in that written

18  ruling addresses the relevant standard which the parties can

19  read, but the Court also adds that Mr. Heeg verified the

20  amended complaint, is a named party by way of a third-party

21  complaint, and has not demonstrated any specific detailed

22  costs to him personally that are not customary in litigation

23  and the Court, therefore, orders the Heeg deposition to

24  proceed in person.  The written ruling will be issued right

25  after this hearing and available on the docket to see the

1    Court's full basis for the ruling.

2            That addresses -- with the exception of ECF-68, I

3    believe I have addressed all of the outstanding motions.

4            Ms. Diamond, from your perspective is that correct

5    and/or do you have anything to add?

6            MS. DIAMOND:  That is correct.

7            The only thing I would add is on the document dump

8    short form motion, that would be docket number 114, it

9    actually was not correct that a replacement production was

10   provided.  Until last night at about 11:00 p.m. defendants'

11   counsel sent us a sheet of documents that they said we

12   could -- you know, here is what you should use and then we

13   should then do the filtering ourselves.  So it is not

14   actually correct as stated in their July 25th response that

15   they would be going through the documents one by one and

16   reproducing a narrative production within days.  I just

17   wanted to update the Court with regard to that development.

18           With regard to docket number ECF-128, the

19   overbroad subpoenas, I wanted to update the Court that we

20   have a third-party deposition of Mr. Brelove that has been

21   scheduled for October 22nd.  We had initially noticed that

22   for September 26th.  On August 13th we noticed that

23   deposition date and then a few days before defendants'

24   counsel said that they were not available and requested that

25   it be taken -- postponed rather.  So we did postpone that,

1  but I just wanted to update the Court so that we can kind of

2  get that onto the record that that is proceeding and that we

3  rescheduled it based on Mr. Pehrson's stated availability as

4  well as the availability of the third-party witness and his

5  counsel.

6        THE COURT:  Thank you.

7        Mr. Pehrson?

8        MR. PEHRSON:  I just want to comment on the

9  document issue.  The issue with the initial production is

10  that it was overinclusive.

11        THE COURT:  Sorry.  I need to know which ECF

12  you're talking about.  Are you talking about 114?

13        MR. PEHRSON:  Yes, the one labeled document dump.

14  That did require longer interactions with our discovery

15  vendor than initially anticipated in our brief, but those

16  were initiated at that time and they were ongoing.  It was

17  determined that all of the relevant documents and the

18  responsive documents had been produced, so they already had

19  them and we provided a list of those, and so we deemed that

20  to be sufficient.  Reproducing those documents would just

21  require additional expense that was not deemed necessary.

22        THE COURT:  Mr. Pehrson, in your motion, and I'm

23  looking at -- sorry.  In your opposition, so ECF-112, it

24  indicates and you have filed a pleading indicating that you

25  are expeditiously combing the documents in question and

1  doing a document by document review of them.  Rymark expects

2  to replace production nine with a substantially narrower

3  production of text messages within the coming days, which

4  will then moot the plaintiffs' motion.

5          The Court took that representation at face value

6  because you put it in the pleading.

7          Is that what you have done?

8          MR. PEHRSON:  I believe that is substantively what

9  happened, Your Honor, yes.  We listed the documents which

10  they already had, right, so --

11          THE COURT:  This says that you're going to replace

12  it with a substantially narrower production of text

13  messages.

14          Has that been done?

15          MR. PEHRSON:  Your Honor, you're asking me to

16  reproduce text messages that have already been produced.

17          THE COURT:  I am not asking you to reproduce them.

18  I am asking you if you have done what you have represented

19  in this pleading?  This pleading says that you are going to

20  replace them with a substantially narrower production.

21          Have you done that?

22          MR. PEHRSON:  I believe so, Your Honor.

23          THE COURT:  How have you done that?

24          MR. PEHRSON:  Your Honor, yesterday we sent a

25  letter to opposing counsel identifying 1,100 Bates numbers

1    that hit on the search terms from the prior production, and

2    I consider that to be a replacement of that production.

3         If you would like me to reprint those Bates

4    numbers and send them those documents over again, I'm happy

5    to do that, but they already have that along with the list

6    that I conveyed to them, which I believed fits my

7    description there.  If Your Honor disagrees with me I'm

8    happy to do it any way that you state, but I don't think

9    that there was nothing untoward in what happened there.

10        THE COURT:  Ms. Diamond?

11        MS. DIAMOND:  It was not a replacement production.

12   A replacement production would have been producing it in the

13   same way where it is something that we could give to our

14   document vendor to then process.  We were given last night,

15   you know, 12 hours before this hearing, a list, as Mr.

16   Pehrson says, of 1,100 documents.  Well, then we have to go

17   back to our document team and they have to go through and

18   filter it.  It is not a replacement production and that was

19   July 25th that that statement was made.  So now we're at

20   October 2nd, so it is certainly not any day.  It has been a

21   lot of time and we have been paying the hosting charges on

22   these 17,000 plus documents that were in his initial prod

23   nine.

24        THE COURT:  Thank you.

25        So, Mr. Pehrson, you have indicated, consistent

1    with the representation that you made in ECF-122, that you

2    would be willing to replace that production with a

3    substantially narrower production, which has not been done,

4    so I will order you to do that and I will order that to be

5    done within 15 days of today's date, where you replace that

6    production with the narrower production that complies with

7    whatever culling that you did and that you think meets your

8    obligation.  Again, that is to be done within 15 days.

9           I will say, Mr. Pehrson, that this motion was

10   filed back in July, on July 18th, and your opposition was

11   filed on July 25th, and it did say that text messages would

12   be coming within the coming days, which suggests to me that

13   would have been done much sooner than today.  So I want to

14   stress to the parties that I do expect when representations

15   are made in pleadings that you comply with those

16   representations.  The coming days is not October 2nd.  That

17   is also not timely.  I know that you have a lot of back and

18   forth going on between you on what needs to be produced and

19   what is to be outstanding, but I have indicated the Court's

20   expectation that the parties engage professionally.

21          I want to stress that before you engage you should

22   look at the relevant standard that applies, because it seems

23   to me that if you focus on the relevant standard and then

24   whatever the factual situation is between the two of you,

25   and discuss that in your in person meet and confers,

1    hopefully you'll be able to focus in on the relevant issues.

2          It is clear that a lot of these motions were filed

3    in a haphazard manner because, as I have indicated, much of

4    the relevant standards are not even being addressed, which

5    is ultimately not helpful to me in trying to give you all

6    the guidance and orders that you need.  So I want to stress

7    that things need to be done much more timely going forward.

8          I have already indicated that you are to have in

9    person meet and confers and we'll have you all switch back

10   and forth in terms of hosting them at your respective

11   offices so that there is no concern there.  I will start

12   first with the plaintiffs hosting and then go to the

13   defendants and then go back and forth, so it is clear that

14   that should also not be a source of any contention.

15         With respect to the October 22nd deposition which

16   you indicated was already postponed, the Court will require

17   the meet and confer that I told you in the guidance that I

18   gave you on that specific motion, but also the other ones,

19   the Court also does require that meet and confer to take

20   place -- give me a second -- by October 14th of this month.

21         So that meeting, Mr. Christiansen, should be set

22   by you before then so that you can all discuss whatever the

23   other outstanding issues are and then get any motions before

24   the Court.

25         It was my hope and expectation, obviously, that I

1  could have gotten you this guidance before now, but my

2  calendar just has not facilitated that.  As I told you, I

3  have a criminal docket that takes precedence and I just came

4  off the criminal rotation and so that takes up all of my

5  time.

6         Is there anything else that we need to discuss,

7  with the expectation that I do expect you all to play nice

8  in the sandbox?  It is clear that that is not happening and

9  I am not sure why.  I know there are clients on the line and

10  you should take that back to your clients that I also expect

11  that from them as well, because I am stressing contempt of

12  court if I get any more motions where you have not

13  legitimately met and conferred.

14         Ms. Diamond, anything else that we need to address

15  from your perspective?

16         MS. DIAMOND:  No, Your Honor.

17         THE COURT:  Mr. Pehrson?

18         MR. RICHARDS:  Just briefly, Your Honor, if I may.

19  Is it the Court's expectation -- certainly it is your

20  aspiration is that we will resolve all of this.  In the

21  event that we can't resolve a small number of things, is it

22  the Court's expectation that we continue to use the short

23  form motion process to bring these things to the Court?

24         THE COURT:  Mr. Richards, I think it depends on

25  the type of issue, right?  Sometimes it does require, and it

1    sounds like one of the briefs that you anticipated filing

2    had more meatier, substantive things to discuss, you know,

3    and I have found if it covers privileged issues,

4    confidentiality issues, waiver issues, that those are hard

5    to address in a short form motion just because of the

6    limitations on the number of words and pages, and so usually

7    when I get motions like that I order the full briefing, and

8    that option is obviously available to you to do that.

9         I do recognize that I pulled the most recent

10   scheduling order and you still have some time, right?  You

11   still have some time, but if it is necessary to file

12   something outside of the short form, certainly we could try

13   to get it on our calendar much more quickly than you were

14   able to get all of these on our calendar.  When I have the

15   criminal rotation, there is just so much work there to do

16   and I have to get those resolved and they have to take

17   precedent over the civil matters.

18        MR. RICHARDS:  That is helpful.  Thank you, Your

19   Honor.

20        THE COURT:  All right.  With that we will conclude

21   the hearing.

22        Yes?

23        MS. DIAMOND:  I'm sorry, Your Honor.

24        I just wanted to clarify, because on our docket

25   number 116, the motion to compel the third-party inspection

1    of the defendants' devices, that would also be one that I

2    think may warrant a longer form brief rather than the short

3    form.  It is docket 116.

4            THE COURT:  Hold on one second.  Right.

5            I think probably that is one where you would have

6    to have the longer brief to make sure you're setting out the

7    legal standard and what the Court needs to look at.

8            MS. DIAMOND:  Following the in person meet and

9    confer?

10           THE COURT:  That is correct.

11           MS. DIAMOND:  I'm sorry, but just to go back to

12    this point again about this October 22nd deposition, so it

13    is not -- with regard to overbreadth it is not a document

14    subpoena.  It is a deposition, and so just to get out ahead

15    of any discussion, I assume, and not I will speak for them,

16    but I assume that the defendants' position will be that they

17    do not want the deposition to go forward, and our position

18    is that it is highly relevant and we do want it to go

19    forward, and so given that we have already moved this to

20    accommodate Mr. Pehrson's schedule, I am just trying to see

21    if there is any further guidance from the Court with regard

22    to that specific question, the scheduled deposition.  Again,

23    it is not a document subpoena.  It is just the deposition

24    going forward on that date.

25            THE COURT:  So you're talking about the motion to

1    quash the overbroad subpoenas, ECF-128.

2            Is that correct?

3            MS. DIAMOND:  I believe so.  There is not a motion

4    to quash that deposition subpoena.  Mr. Richards can correct

5    the Court if I am mistaken, but I believe that would fall

6    under the 128 overbroad subpoenas generally.

7            THE COURT:  I did deny that, and I certainly can't

8    speak to the specific October 22nd deposition, right, you

9    have noticed that up and nobody has moved to do anything

10   with respect to that.

11           What I can say is when I looked at the subpoenas

12   in reference to ECF-128 the categories did appear to be very

13   broad, as the defendants pointed out in their opposition,

14   and perhaps duplicative of information that they were

15   willing to provide or consider providing, and it looks like

16   that wasn't discussed and, therefore, perhaps not necessary.

17           I don't know what that specific subpoena is about.

18   I do recognize that under Rule 26 the standard for discovery

19   is relevant information, which is pretty broad, and I follow

20   that rule to the letter of the law, right?  I think one of

21   you cited one of the cases that I had where I found that it

22   was not relevant, and I would say that that was an

23   employment dispute, and I remember that case because that

24   case also resulted in a sanctions award against the

25   attorney.  That was a case where it was an employment

1    dispute, and if I recall correctly, they were asking to

2    depose family members and the spouse of the defendant who

3    was alleged to have engaged in inappropriate conduct with

4    his subordinates.  It was clear that they were doing that to

5    harass that family.  So that was the basis of my ruling.  I

6    didn't think that that was an appropriate mechanism for them

7    to do that.  So I tell you that because I know you cited

8    that case, but that appeared to be a particularly egregious

9    set of circumstances, and Rule 26 is generally construed

10    very broadly and so that is the guidance I can give you.  I

11    am not sure if that helps.

12          MS. DIAMOND:  Yes.

13          On this October 22nd deposition, again, it is not

14    a P and P and there are not topics and there are not

15    documents being requested, it is just the deposition of the

16    relationship partner for an auditor between 2022 and 2023.

17          THE COURT:  What I will say is that they have not

18    moved to quash it yet, so from my perspective I have nothing

19    to say otherwise that it should not be taken.

20          MS. DIAMOND:  Thank you, Your Honor.

21          THE COURT:  All right.  Again, a reminder.  I

22    recognize that this is a serious subject matter and it is

23    very important to the parties and there is nothing wrong

24    with having a different perspective and a different

25    position, but I do think it is necessary for the parties to

1  make sure, when they are talking through these issues, that

2  you're looking at the relevant legal standard that applies

3  compared to whatever the factual situation is, to discuss

4  that to determine if the issues can be narrowed or if you

5  really do have to bring a concern to the Court.

6          Again, we're here for legitimate business

7  disputes, but I do expect the parties to engage

8  professionally with one another.

9          With that we'll conclude the hearing and be in

10  recess.  Thank you.

11          MS. DIAMOND:  Thank you, Your Honor.

12          (Hearing concluded.)

13

14

15

16

17

18

19

20

21

22

23

24

25