# EXHIBIT 3

# PARKINSON BENSON POTTER
### AN ASSOCIATION OF INDEPENDENT TRIAL LAWYERS

Brennan Moss  Office: 858-375-7185
brennan@pbp.law  Cell: 801-633-4292

June 20, 2025

**Via Email**

John S. Worden, Esq.
Sarah E. Diamond, Esq.
Zoe Gallagher, Esq.
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067

Erik A. Christiansen, Esq.
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111

Re: *Capana Swiss Advisors AG et al. v. Rymark Inc. et al.*, **Case No. 2:23-cv-00467 (D. Utah)** – Meet & Confer Items

Counsel:

Thank you for the opportunity to meet and confer regarding the issues raised in your letter of June 2, 2025. The following is meant to provide further information and memorialize the information provided on those calls. At the outset, I reiterate that we disagree with the tone, content, and conclusions of your letter and approach to the meet and confer. Your approach continues an unfortunate pattern of unsupported allegations of misconduct that are both legally baseless and counterproductive to resolving these disputes. Defendants have fully complied with their discovery obligations, and we remain committed to complete transparency. We deny in the strongest terms any deliberate wrongdoing by Defendants or their counsel, past or present.

**Confidentiality Designations in the May 22 Production**

In your introduction you observed that none of the May 22 Production documents were marked "CONFIDENTIAL" under the protective order and questioned whether that should be corrected. We do not find that any of the documents qualify for confidential designation under the standards of the protective order in this matter and therefore Defendants reasonably determined these documents did not require confidential treatment. If you disagree with specific designations, please let us know.



**Defendants' May 22 Production**

The May 22 Production demonstrates Defendants' good faith, not misconduct. When Plaintiffs suggested additional documents might exist, Defendants voluntarily retained expensive forensic experts and spent months recovering additional materials. This extraordinary effort—undertaken at significant cost and without any court order—directly contradicts any inference of bad faith concealment. Had Defendants wished to hide these materials, they simply would not have undertaken this costly and time-consuming further forensic project. The suggestion that Defendants "cherry-pick[ed]" only what had been revealed by third parties is both false and unsupported. It is frustrating that our voluntary production after great effort is met with accusations of misconduct. Plaintiffs' attempt to characterize this voluntary production as evidence of misconduct is both legally and logically inconsistent with their simultaneous demand for these very documents.

Plaintiffs also speculate that Defendants' prior counsel and/or Defendants themselves intentionally withheld documents and only produced the May 22 materials when "forced" to by third-party disclosures. We reject these suggestions unequivocally. There is zero evidence that any Rymark emails were deliberately deleted to thwart discovery. Rymark's email servers were searched by prior counsel through the retention of professional discovery vendors, and any gaps in the production were technical in nature. The very fact that an additional outside expert was able to recover additional emails from those same sources demonstrates extraordinary efforts, not discovery misconduct. The insinuation that anyone "attempted to delete" harmful emails is not supported by any forensic finding.

**Communications with Mr. Ellul and the Malta Listing – No Concealment**

This issue was fully addressed in our correspondence of June 6, 2024, where we explained that after Mr. Pehrson sent a standard audit letter to Mr. Ellul, he forwarded it to Rymark personnel. That email, with appropriate privilege redactions, was included in subsequent productions over a year ago. This matter has been comprehensively resolved, and we will not relitigate closed discovery issues.

**Messaging Platforms (WhatsApp/Slack)**

Defendants conducted comprehensive searches of all relevant communication platforms. We conducted interviews with all relevant parties. Those parties reported that Slack was used solely for dealership operations and contained no materials responsive to this litigation—a fact communicated to Plaintiffs long ago. We have no reason to disbelieve these reports, and Plaintiffs have provided no evidence to the contrary. Defendants' search methodology was thorough and appropriate. Plaintiffs' continued speculation about these platforms, without any evidence of relevant communications, is unproductive.

**Paper Documents**



Your letter next questions Rymark's practices regarding original paper documents. You claim that Mr. Pehrson indicated Rymark "habitually destroyed original documents after scanning," even after this dispute arose. You further note that no original hardcopy documents (with wet signatures) have been produced, and that our production has included only scanned copies. We fail to see the issue. Rymark's long-acknowledged practice of discarding originals post-scanning was a general office practice aimed at efficiency and digital recordkeeping. It was not targeted at this litigation or any specific documents. In fact, this practice is not uncommon in modern business—many companies digitize documents and dispose of physical copies to save space.

**Electronic Devices**

Contrary to your unsupported assertions, Defendants retained qualified discovery vendors who conducted thorough searches of all relevant electronic devices, including Mr. Markosian's devices. Defendants have fully complied with all discovery obligations regarding electronic evidence. Your speculation about inadequate searches lacks any evidentiary foundation. I explained that I would get additional information regarding the iPhone and iPad data; specifically, how far back the data went. I was not able to track that information down prior to completing this letter but will work on finding that information from the expert.

**Intent to Re-Open Depositions**

Plaintiffs made the strategic choice to depose key witnesses at the beginning of fact discovery and with full awareness of the status of ongoing productions from both sides. The allegedly "new" documents produced on May 22 are cumulative of previously produced materials or marginal in significance.

**Gardiner's Emails**

This issue has already been addressed. Eric Gardiner left the company in 2017. As has been conveyed to you many times, the technicians reported that his email box was not available. As we explained in our recent meet and confer discussions, certain emails he sent to others were accessible in those others' outlook files; such emails were collected and produced.

**Scanner-Sent Documents and Email Evidence**

As has been communicated a number of times, technicians report that the scanner "Sent Mail" boxes are not persistent. As such, nothing was ever destroyed. All relevant outlook accounts were collected and searched.

**Privilege Logs and Alleged Withheld Communications**

The privilege log issues you raise were the subject of extensive meet-and-confer discussions in 2024. Under the DUCivR 37-1, objections to privilege logs must be raised promptly, and any Short Form Discovery Motion must be filed within 45 days of the first



written communication. Having failed to timely object, these issues are waived. Defendants will not expend additional resources relitigating discovery matters that have been closed for months.

**The AmeriMark Entities and Plaintiffs' "Scheme" Narrative**

Much of your letter abandons discovery issues entirely and attempts to relitigate the merits of your claims through inflammatory accusations of fraud and tax evasion. These arguments are improper in discovery correspondence and will not be dignified with a response. The merits will be addressed through appropriate motion practice and at trial.

**Moving Forward**

We must address the overall tone of Plaintiffs' letter. It is laden with accusations that are not conducive to a productive meet-and-confer process. The June 2 letter repeatedly accuses Defendants of perjury and deliberate misrepresentation. We respond in the strongest terms that these accusations are unsupported and irresponsible. Plaintiffs cavalierly label testimony they dislike as "perjury," but citing argumentative inconsistencies is not the same as proving a willful lie under oath. We suggest that you save your efforts for trial.

**Conclusion**

Defendants have fully complied with all discovery obligations and reject your allegations of misconduct in their entirety. The May 22 Production exemplifies Defendants' commitment to transparency, not evidence of concealment. Your pattern of inflammatory accusations, unsupported by evidence, is inappropriate and counterproductive.

We will not engage in prohibited discovery "do-overs" or respond to stale disputes that have been previously resolved. If you believe you have grounds for discovery sanctions, the proper course is to seek relief from the Court with appropriate evidentiary support—not to make unfounded accusations in correspondence.

Despite your letter's inflammatory tone, Defendants remain open to good faith discussions about case resolution, should you choose to pursue that path constructively.

Sincerely,

Brennan H. Moss

