# EXHIBIT 4



2049 CENTURY PARK EAST   SUITE 2300   LOS ANGELES, CA 90067
T 310.229.9900   F 310.229.9901   www.Venable.com

July 3, 2025

**Sarah E. Diamond**
**t** 310.229.0321
**f** 310.229.9901
SEDiamond@Venable.com

**VIA ELECTRONIC MAIL**
*brennan@pbp.law*
*loren@pbp.law*
*eric@pbp.law*

Mr. Brennan Moss
Mr. Loren Washburn
Mr. Eric Benson
Parkinson Benson Potter
2750 Rasmussen Rd., Ste. H-107
Park City, Utah 84098

Re:   *Capana Swiss Advisors AG et al. v. Rymark Inc., et al.*, Case No. 2:23-cv-00467

Dear Counsel:

We write in response to your June 20, 2025 letter (the "Letter") which raises serious questions regarding Defendants' compliance with their discovery obligations as to a number of communications platforms (e.g. WhatsApp, Slack).

The conclusory assurances in your Letter that your clients have no responsive documents on those platforms cannot excuse Defendants from their obligation to make a diligent search of those platforms. Accordingly, **by July 9, 2025**, please confirm whether Defendants agree to conduct a diligent and good faith search of these platforms for responsive material and provide a schedule for production for same or indicate when data on these platforms (e.g. Slack) was destroyed and why.

Without this confirmation that Defendants agree to comply with their obligation to search these platforms, we will consider the Parties at an impasse and will be forced to seek relief from the Court with respect to Defendants' refusal to search platforms that were clearly used extensively in business communications for responsive material, and/or the destruction of data on such platforms including motions to compel production.

*Defendants' Deficient Privilege Logs*

Plaintiffs respectfully disagree that Defendants' failures to log their privileged communications is untimely. Defendants' belated May 22, 2025 production demonstrates that

**VENABLE** LLP

Parkinson Benson Potter
July 3, 2025

documents are clearly missing from Defendants' scant privilege log.

*Accordingly, by July 17, 2025* please provide an affidavit from the Defendants that all privilege logs have been updated to include all responsive but privileged communications including but not limited to Defendants' correspondence with attorneys at Parr Brown Gee & Loveless and Kunzler Bean & Adamson from the period 2016-2023. If an affidavit is not provided by July 17, 2025, we will consider the Parties at an impasse on this issue and will be forced to seek relief from the Court.

*The May 22, 2025 Production*

With reference to your explanations of the Defendants' belated May 22, 2025 production:

The Defendants' continued refusal to provide technical details as to the origins of this production and any explanation at all for the delay in producing this responsive material is highly concerning. A number of technical questions we have posed remain unanswered suggesting to us the very real possibility that evidence was spoliated or that there was a failed attempt to spoliate evidence prior to the May 22, 2025 production.

***Accordingly, please provide the following information by July 17, 2025***:

1. A detailed explanation of where the documents from the May 22, 2025 production were recovered from, i.e.:

    - What storage device or system were these documents on?
    - What mail/file server software and system was/is used to store this data?
    - Which vendor or provider was/is storing these documents?
    - Why were these devices, systems, or providers not searched prior?
    - Were these documents recovered from data backups?
        - If so: which backups and what were the dates of the backups from which documents were recovered?
        - What is the latest date of a backup on which these documents appear?

2. A list of all data backup systems utilized by Rymark and affiliated entities (including, but not limited to, Rymark Properties LLC, NTM Meineke, APG Financial, etc.) from 2016-2023.

    - An inventory of all data backups and if incremental backups were kept, a dated list of all incremental backup files.
    - A list of any backups files that were deleted along with the dates of such deletion.

2



Parkinson Benson Potter
July 3, 2025

3. An inventory of email server log files (SMTP logs, Message Tracking logs, Exchange Transport logs, etc.) covering the period 2016-2023.

   o If these logs have been deleted, the date of such deletions and an explanation for the deletion.

4. An explanation as to why the mailbox "scanner@markosioanauto.com" was deleted and the date of such deletion.

   o An explanation as to when the mailbox "scanner@markosianauto.com" was set to destroy all outgoing email and attachments (i.e. set to "exploding messages" mode) and why.
   o An explanation as to why no backups of the mailbox "scanner@markosianauto.com" were kept.

5. An inventory of Mr. Markosian's personal devices including, but not limited to, laptops, iPads, iPhones, other mobile phones or devices including their serial numbers and model numbers for the period 2016-2023.

   o A statement as to which of these devices were searched, what method was used, and when the search was conducted.
   o An inventory of any iPhone or iPad backup files or any laptop backups (i.e. Apple's Time Machine, Windows Backup) that would contain backups of Mr. Markosian's personal devices.

6. An inventory of Ms. Small's personal devices including, but not limited to, laptops, iPads, iPhones, other mobile phones or devices for the period 2016-2023.

7. An inventory of Mr. Kirkland's personal devices including but not limited to laptops, iPads, iPhones, other mobile phones or devices for the period 2016-2023.

   ***If we do not receive a statement from Defendants by July 17, 2025***, we will consider the Parties at an impasse on this issue and will be forced to seek relief from the Court including, but not limited to, a requested order for inspection of relevant devices, servers, and backup files.

   *Missing Originals of Key Documents Scanned on Rymark Office Scanners*

   Defendants have repeatedly indicated in correspondence and prior testimony, while declining to provide any details, that the originals of key documents were routinely destroyed. Accordingly, please provide an affidavit from Defendants indicating when the following original documents, all of which were scanned at one time or another on scanners in Rymark's offices, were destroyed:



Parkinson Benson Potter
July 3, 2025

1. The Power of Attorney agreement of May 6, 2016 authorizing attorneys of the law firm of Daniel Gysi to execute the contribution of Rymark, Inc. into AmeriMark Automotive AG signed by Mr. Markosian.

2. The minutes of the inaugural meeting of AmeriMark Automotive dated May 6, 2016 and signed by Mr. Markosian.

3. The Power of Attorney agreement of May 31, 2016 authorizing attorneys of the law firm of Daniel Gysi to execute the contribution of Rymark, Inc. into AmeriMark Automotive AG.

4. Mr. Markosian's May 2016 subscription form for 100% of AmeriMark Automotive via the contribution of Rymark, Inc. into AmeriMark Automotive AG.

5. Signature copies of sale documents related to the June 2016 sale by Mr. Markosian of his AmeriMark Automotive shares to Ms. Small, Mr. Kirkland, Mr. Gardiner, Mr. Garcia, Mr. Bill Holmes, and German limited liability company Friends and Equity GmbH, and various members of Mr. Markosian's family.

6. The AmeriMark Automotive shareholder list signed by Mr. Markosian and dated June 17, 2016.

7. The letter to Euroclear dated June 24, 2016, signed by Mr. Markosian.

8. The listing application to Euronext Paris dated June 24, 2016, signed by Mr. Markosian.

9. The declaration to Euronext Paris of intent to sell shares dated June 24, 2016 and signed by Mr. Markosian in his capacity as the senior executive of AmeriMark Automotive AG and under penalty of perjury.

10. The 2016 "Organigram Rymark" showing AmeriMark Automotive AG as the parent of Rymark, Inc. signed by Mr. Markosian.

11. AmeriMark Automotive's 2016 Swiss tax return signed by Mr. Markosian.

12. The 19 "Power of Attorney" documents dated March 2017 signed by Mr. Markosian and others authorizing attorneys at Gysi & Partner to execute corporate actions at an extraordinary meeting of AmeriMark Automotive AG shareholders to amend the company's articles to meet requirements of the Malta Stock Exchange.



Parkinson Benson Potter
July 3, 2025

    13.    The August 2017 NTM Meineke "Assignment of Membership Interests" documents backdated to December 31, 2016 and signed by Mr. Markosian.

    14.    The February 2018 "Acquisition and Reverse Merger Agreement" and attached "Promissory Note," both signed by Mr. Markosian.

    15.    The April 26, 2018 "VALUATION Rymark Group" document signed by Mr. Markosian and Ms. Small.

    16.    The April 26, 2018 "CONFIRMATION" document signed by Mr. Markosian.

    17.    The April 2018 Financial Statement Declaration for AmeriMark Automotive signed by Mr. Markosian.

    18.    The May 19, 2018 mandate agreement for ECON Commercial Company appointing Mr. Colshorn as director signed by Mr. Markosian.

The above list is non-exhaustive, and we reserve the right to supplement our request.

***If Defendants do not provide us with an accounting of the destruction of these documents by July 20, 2025***, we will be forced to seek relief from the Court including, but not limited to, an order to compel the production of the missing originals.

Please note that the issues outlined here are not an exhaustive list of the serious concerns pertaining to Defendants' failures to comply with their discovery obligations, failures which include the withholding of key evidence and potentially perjured testimony. Plaintiffs will address these additional issues under separate cover.

Please let us know if you wish to meet and confer on any of these issues prior to July 17.

                                Sincerely,

                                Sarah E. Diamond

cc:    jsworden@venable.om
          echristiansen@parsonsbehle.com

5