# EXHIBIT 5

# PARKINSON BENSON POTTER
AN ASSOCIATION OF INDEPENDENT TRIAL LAWYERS

Brennan Moss        Office: 415-534-7970
[brennan@pbp.law](mailto:brennan@pbp.law)

July 15, 2025

**Via E-mail**

John S. Worden
Sarah E. Diamond
Venable, LLP
Email: [JSWorden@Venable.com](mailto:JSWorden@Venable.com), [sdiamond@venable.com](mailto:sdiamond@venable.com)

Erik A. Christiansen
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Email: [Echristiansen@parsonsbehle.com](mailto:Echristiansen@parsonsbehle.com)

Re: *Capana Swiss Advisors AG, et al. v. Rymark, Inc., et al.*, Case No. 2:23-cv-00467-TS-CMR (D. Utah) – Proposed Scheduling Order

Counsel:

Thank you for your patience as we have considered the initial request in your letter dated July 3, 2025 ("July 3 Letter"). In that letter you ask the Rymark defendants to indicate whether they "agree to conduct a diligent and good faith search of [various] platforms for responsive material and provide a schedule for production for same [the] same or indicate when data on these platforms (e.g. Slack) was destroyed and why." July 3 Letter at 1. We maintain that such a costly search, which would presumabely require time and perhaps the retention of someone to conduct a forensic search, is not necessary in light of the representations by our clients that these platforms do not contain responsive material. Indeed, as we have mentioned before, the Rymark defendants only used these platforms to discuss selling cars.

1. *The request impermissably seeks "discovery on discovery."*

Your request that the Rymark defendants agree to conduct a diligent search of various communication platforms after representations that those platforms were not used for purposes that would produce responsive material is "'discovery upon discovery,' which is permitted only 'where there is reasonable doubt about the sufficiency of a party's response." *Podium Corp. v. Chekkit Geolocation Servs.*, 2022 WL 1773016, at *5, Case No. 2:20-cv-00352 (D. Utah, June 1,



2022)(quoting *Dalton v. Town of Silver City*, No. 17-1143, 2021 WL 4307149 at *5, 714 Fed. App'x (D.N.M. Sep. 22, 2021))(unpublished). The need for such discovery on discovery "requires an adequate basis, not mere speculation." While you have continually insisted that these platforms "were clearly used extensively in business communications for responsive material," you have not provided an adequate factual basis for that assertion. July 3 Letter at 1. If you point to something in the record that indicates that further inquiry into these platforms is necessary, we will reconsider our position. But for the time being, your request seeks unnecessary additional effort and expense.

2. *The requested "diligent" search is not proportionate to the benefit of any responsive material it may find.*

Additionally, your request must be weighed under the principles of Rule 26(b)(1) of the Federal Rules of Civil Procedure, which explicitly consider whether "the burden or expense of the proposed discovery outweighs its likely benefit."

Absent some indication from deposition testimony or elsewhere in the record that there is reason to believe that the Rymark defendants may have responsive information on these communication platforms, the time-consuming and potentially expensive search you propose is not proportionate to any potential benefit. Especially since we anticipate such a search would be fruitless.

3. Conclusion

Therefore, we again ask that you identify some indication from the record that these platforms were clearly used for business communications dealing with responsive material necessitating their deeper search. If you provide such, we will reconsider our position.

Sincerely,

Brennan Moss

