# Exhibit 1

Eric Benson
Brennan Moss
**PARKINSON BENSON POTTER**
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
Telephone:
Email: eric@pbp.law
brennan@pbp.law

*Attorneys for Defendants Rymark, Inc.,
Nicholas Markosian*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENRAL DIVISION

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an Individual, JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DECLARATION OF CHRIS ADAM'S IN SUPPORT OF DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THIRD-PARTY FORENSIC INSPECTION OF DEFENDANTS NICOHLAS MARKOSIAN AND RYMARK INC.'s ELECTRONIC DEVICES**<br><br>Case No. 2:23-cv-00467<br><br>Judge: Hon. Ted Stewart<br><br>Magistrate Judge: Hon. Cecilia M. Romero |
| And Related Counterclaims and Third-Party Claims. | |

I, Chris Adams, declare as follows:

1. I have been an IT professional for small to mid-size companies for over 25 years.

2. My experience ranges from Help Desk and IT manager roles up to, and including, being the Director of Technology.

3. Additionally, I have a strong background in Systems and Network Engineering and Administration.

4. I took over IT for Rymark, Inc. (d/b/a/ Markosian Auto), full time, in October or November of 2023.

5. I had provided services to Rymark occasionally prior to my full-time role with the company.

6. On January 16, 2024, I began spearheading the effort to identify and collect company email data to be searched as part of the litigation in the above captioned matter, and in response to discovery requests.

7. I exported the mailboxes of Nicholas Markosian, John Kirkland, and Vicky Smalls to an external storage drive and a google drive.

8. The purpose of exporting the mailbox data was to upload data from the time period relevant to this litigation and data that would be response to Plaintiffs' discovery requests to a secure ShareFile link provided by the Rymark's e-discovery vendor Premier Legal Technologies ("Premier").

9. Once I had synced each mailbox, I exported them to PSTs and rigorously verified that the PST contents matched the InterMedia server mailbox in item count and size to confirm that nothing was missing from the exports.

10. In the export process I took retention precautions to ensure that the email collection was complete and reliable.

11. I was also asked to find emails from and to Eric Gardiner, a former Rymark Employee.

12. I did a search for any and all traces of "Eric" and "Gardiner" but found nothing.

13. It appears that Mr. Gardiner's mailbox was not preserved when he left the company in 2017.

14. At one point I looked into the mailbox "scanner@markosianauto.com."

15. This was an email account associated with the Rymark scanner.

16. When I searched the mailbox I found bounceback replies for scan-to-emails that had been attempted but failed at delivery.

17. I remained a point of contact for Premier and another forensic technology company throughout this discovery process.

18. I estimate that, in all, I spent approximately 170 hours on the project of collecting, storing, and exporting data, working with outside vendors to facilitate searches, and to assist verification during ongoing forensic efforts.

19. Had I not been a direct employee of Rymark, and had submitted a bill for my services, I would have invoiced Rymark roughly $42,500 for this work.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2025.

_____
Chris Adams

Signed by:
*John Christopher Adams*
F35329CD14C3434...