# Exhibit 5



201 S. Main Street, Suite 1800
Salt Lake City, Utah 84111
Main  801.532.1234
Fax  801.536.6111

A Professional
Law Corporation

Erik A. Christiansen
Attorney at Law
Direct  801.536.6719
echristiansen@parsonsbehle.com

January 24, 2024

**VIA ELECTRONIC MAIL**

Mr. Chad S. Pehrson
Kunzler Bean & Adamson
50 W Broadway, Suite 1000
Salt Lake City, Utah 84101
Cpehrson@kba.law

   Re: *Capana Swiss Advisors AG et. al v. Rymark Inc., et. al*,
      **Civil Case No. 2:23-cv-00467**

Chad:

  We are in receipt of your January 17, 2024 letter.[1]  We write to further meet and confer regarding the blatant deficiencies in your document production and the Responses of Nicholas Markosian, John Kirkland, and Vicky Small to Plaintiff's Requests for Production.

**Immediate Demand for Supplemental Production**

  First and foremost, it is troubling that you have failed to collect and produce documents dated prior to 2019.  There can be *no* question that the relevant time period pertaining to this dispute begins in January 2016.  *See* Compl. ¶ 12.  As demonstrated in our January 3, 2024 letter, Plaintiffs' own document productions and the documents produced by Mr. Hesterman make clear that you have failed to produce hundreds (if not thousands or more) of relevant documents.  This document deficiency is particularly striking in light of the many document and record retention rules and regulations to which Rymark, Inc. is subject to given the nature of its business (*e.g.*: the Department of Transportation, the Federal Trade Commission, etc.).

  In contrast to your limited production of only *299 documents* (which you audaciously stated was "nearly complete"), to date Plaintiffs have produced over two thousand documents, including documents dating back to 2016.  Further, Plaintiffs' document production is ongoing.

---

[1] This correspondence concerns Plaintiffs' affirmative discovery demands.  We will respond to your claims concerning Plaintiffs' discovery under separate cover.

4859-6919-0552.v2

Chad S. Pehrson
January 24, 2024
Page Two

Plaintiffs expect to produce thousands of additional documents in the near term. We also note that, despite your repeated allegations of "forgery" and your demonstrated and ongoing failure to produce key documents, Plaintiffs' and third-party document productions establish the provenance of a number of documents signed by Mr. Markosian and Ms. Small and the involvement of Mr. Kirkland in the AmeriMark structures; facts which Defendants have repeatedly, and apparently wrongfully, denied. These revelations appear to suggest that your ongoing failure to produce relevant documents is an effort by Defendants to conceal damaging evidence.

Accordingly, we hereby demand that you commence a rolling production of relevant documents, including pre-2019 documents, no later than **February 5, 2024**. Failure to do so will force us to seek relief from the Court. Further, to the extent that you have not preserved your relevant documents, we reserve all rights and remedies pertaining to evidence spoilation. *See Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007) ("A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence."). We sincerely hope that evidence relevant to this dispute has been preserved.

***Additional Needed Search Terms***

We have reviewed your proposed search terms. In addition to the terms you have proposed, we request inclusion of the following terms below from all email accounts used by Nicholas Markosian, John Kirkland and Vicky Small from January 2, 2016 to August 30, 2023.

- SIX SIS[2]
- Malta
- WhiteTree
- PoA
- Power of Attorney
- @whitetreecapital.ltd
- @whitetreevc.com
- Bill Holmes
- William Holmes
- Eric Gardiner
- David Garcia
- Gus Comacho
- Guz Comacho
- Gustavo Comacho
- AmeriMark AND Michael Markosian
- Malta AND Michael Markosian

---

[2] Though the proposed search terms in your January 17 Letter included "SIX-SIS," the unhyphenated version of this phrase should be included as well.

4859-6919-0552.v2

Chad S. Pehrson
January 24, 2024
Page Three

- AmeriMark AND Richard Markosian
- Malta AND Richard Markosian
- AmeriMark AND Paul Markosian
- Malta AND Paul Markosian
- AmeriMark AND Bruce Markosian
- Malta AND Bruce Markosian
- AmeriMark AND Becky Markosian
- Malta AND Becky Markosian
- AmeriMark AND Jennifer Markosian
- Malta AND Jennifer Markosian
- AmeriMark AND John Paul Markosian
- Malta AND John Paul Markosian
- AmeriMark AND Louis Markosian
- Malta AND Louis Markosian
- AmeriMark AND Jacob Wilhite
- Malta AND Jacob Wilhite
- AmeriMark AND Ethan Wilhite
- Malta AND Ethan Wilhite

Please immediately confirm if you will agree to include these additional search terms. We are available to discuss at your request.

**Deficiencies In Your Written Discovery**

Your responses to Plaintiff's Requests for Production also remain deficient. As you know, in an effort to avoid burdening the Court, Plaintiffs have already supplemented Capana's Responses to Markosian's Requests for Production *twice*. In contrast, you have failed to supplement your responses to written discovery at all. Contrary to the statements in your January 17 Letter, as set forth below, your responses to the following Requests for Production are deficient: Markosian – RFPs 13, 17, 19, Kirkland – RFP 9, and Small – RFP 9.

*Markosian RFP 13*

Central to this dispute is Plaintiffs' allegation that Defendants converted funds that rightfully belong to AmeriMark Automotive by paying dividends to entities other than AmeriMark Automotive. Compl. ¶¶ 128-138. Plaintiffs further assert that Markosian breached his fiduciary duty by causing Rymark to pay dividends to an entity other than AmeriMark Automotive. *Id*. ¶¶ 139-151. Plaintiffs are entitled to discovery pertaining to Rymark's expenditures to understand the amounts Defendants have converted and how much money in dividends Markosian directed to entities other than AmeriMark Automotive. Though Defendants will undoubtedly incur some necessary burden in producing the sought-after information, it is not an *undue* burden, as the information is critical to Plaintiffs' claims. *See* Fed. R. Civ. P. 26(b)(1) (the question in discovery is whether the "burden or expense of the proposed discovery outweighs its likely benefit").

Chad S. Pehrson
January 24, 2024
Page Four

Nonetheless, Plaintiffs agree to limit this request to documents sufficient to show dividends paid to entities other than AmeriMark automotive. Dividends are defined as "an individual share of something distributed, such as a share in a pro rata distribution (as of profits) to stockholders." (Merriam-Webster).

*Markosian – RFPs 17, 19, Kirkland – RFP 9, and Small – RFP 9*

You argue that RFPs 17, 19, Kirkland – RFP 9, and Small – RFP 9 are somehow "inappropriate" because they "call for all documents supporting certain contentions or affirmative defenses," and are therefore "blockbuster" requests. Not so. Simply labeling something "blockbuster" does not make it so – our requests are specific and differ significantly from those that courts have appropriately labeled "blockbuster," such as those you cite to in your initial December 17, 2023 Letter.

Your reliance upon *Grynberg v. Total S.A.*, 2006 WL 1186836 (D. Colo. May 3, 2006) is misplaced. You argue that it is "'abuse of the discovery system' to require a party to, among other things, 'identify all material documents supporting the denial or affirmative defense.'" Yet the interrogatory at issue in *Grynberg* sought the following information:

> "Identify each denial of a material allegation and each affirmative defense in your pleadings and for each: (a) state all material facts upon which you base denial of affirmative defense; (b) state the names, addresses, and telephone numbers of all material persons who have knowledge of those facts; and (c) identify all material documents and other tangible things which support your denial or affirmative defense, and state the name, address and telephone numbers of the person who has each document." (2006 WL 1186836 at *6 (D. Colo. May 3, 2006)).

In essence, this Request asked the responding party to provide the propounding party with the entirety of its case, spelled out fact-by-fact and witness-by-witness. Here, Plaintiff's requests do no such thing. Likewise, the "blockbuster" requests that were rejected by the court in *Gondola v. USMD PPM, LLC,* 223 F. Supp. 3d 575 (N.D. Tex. 2016) are far more sweeping and broad than Plaintiff's in the present case. Indeed, the *Gondola* RFPs asked for production of "[a]ll documents which evidence, describe, concern, or otherwise relate to the allegations in your Complaint" and "[a]ll documents not previously produced that support, contradict, or otherwise relate in any way to any of the allegations you have made in this lawsuit." *Id.* at 568. The *Gondola* Court went on to order the responding party to instead provide:

> "Any documents not previously produced that would be covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)'s requirement that a party disclose 'a copy ... of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.'" *Id.* [3]

---

[3] As you admit, Rule 26 permits Defendants to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Chad S. Pehrson
January 24, 2024
Page Five

*Lillard v. Univ. of Louisville*, 2014 WL 12725816 (W.D. Ky. Apr. 7, 2014) is similar in that the Court rejects a request for "[C]opies of any and all documents that memorialize, embody, refer, or relate to the specific allegations and/or affirmations contained in Defendant's Answer and/or each of Defendant's Affirmative Defenses as contained in the Answer and Affirmative Defenses." *Id.* at 7. The *Lillard* court goes on to define "blockbuster interrogatories" as those which "require a responding party to identify each and every fact supporting the allegations of its answer and affirmative defenses while identifying every person having knowledge of those facts and all documents supporting them." *Id.* Again, this case dealt with a request that was much broader than those included in Plaintiff's requests. The case law you relied upon fails to support your claim that Plaintiff's requests are "blockbusters."[4] They are not.

Indeed, the definitions of "blockbuster" provided in the aforementioned caselaw support the conclusion that Plaintiff's requests are *not* "blockbusters," as they do not meet the definition provided in *Lillard*. As such, Plaintiffs request that you supplement your responses to these discovery requests by February 5, 2024.

\* \* \*

Please serve your clients' supplemental written responses and commence your supplemental document production no later than **February 5, 2024**. Failure to do so will force us to seek relief from the Court. If you wish to further discuss any of these issues, please provide your availability to meet and confer.

The issues identified herein are not exhaustive. Plaintiffs reserve the right to raise additional discovery issues. Nothing in this letter should be construed as a waiver of any of Plaintiffs' rights, remedies, claims or defenses, at law or in equity, all of which are expressly reserved.

Sincerely,

PARSONS BEHLE & LATIMER

*/s/ Erik A. Christiansen*
Erik A. Christiansen

*Attorney for Plaintiffs Capana Swiss Advisors AG and AmeriMark Automotive AG*

cc: sediamond@venable.com
bperkins@bperkins@parsonsbehle.com
srichards@kba.law

---

[4] Your reliance on *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567 (N.D. Tex. Aug. 1, 2018) is also misguided. In *Lopez* the court merely discussed Federal Rule of Civil Procedure 26 – it does not provide an example of what is or is not "blockbuster." While you are correct that it condemns blockbuster interrogatories and "broad and undirected requests for production," it does not provide any insight as to what is considered a "blockbuster" request.

5

4859-6919-0552.v2