Eric G. Benson (Bar No. 10414)
Loren Washburn (Bar No. 10993)
Brennan Moss (Bar No. 10267)
Clifford B. Parkinson (Bar No. 13327)
Parkinson Benson Potter
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
eric@pbp.law
loren@pbp.law
brennan@pbp.law
cliff@pbp.law

*Attorneys for Nicholas Thayne Markosian,
Rymark, Inc., Vicky Small, and John
Kirkland*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual, <br><br> Defendants. | **AMENDED AND EMERGENCY RENEWED MOTION FOR PROTECTIVE ORDER RE IMPROPER SUBPOENA HISTORY TO RYMARK'S PRIMARY LENDER AND THEIR RELATIONSHIP OFFICER AT THAT LENDER** <br><br> Case No.: 2:23-cv-00467 <br><br> Judge Ted Stewart <br> Magistrate Judge Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual, <br><br> Counter Claimants, <br><br> vs. <br><br> CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation, | |

|  |  |
|---|---|
| Counter Defendants. | |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>        Third-Party Plaintiffs,<br><br>vs.<br><br>SHAEN BERNHARDT, an individual; ASHLEY MIRON LESHEM, an individual; DAVID HESTERMAN, an individual; NICOLAI COLSHORN, an individual; STEFAN KAMMERLANDER, an individual; ALEXANDER COENEN, an individual; MARTIN FASSER HEEG, an individual; AMERIMARK GROUP AG, a Swiss corporation; and PHILOMAXCAP AG, a German corporation,<br><br>        Third-Party Defendants. | |

Defendants Rymark, Inc., Nicholas Markosian, John Kirkland, and Vicky Small (, "Defendants") respectfully submit this Amended And Emergency Renewed Motion for Protective Order under Fed. R. Civ. P. 26(c) to forbid enforcement of Plaintiffs' improper Subpoena to Testify at a Deposition in a Civil Action (attached hereto as Ex. 1) and to forbid the reissuance or enforcement of their improper third-party subpoena issued to Bill Bower or Oak Street Funding ("Oak Street") personnel. (Dkt. No. 192-5). Defendants seek an order protecting them (and non-party Oak Street) from the undue burden, expense, and prejudice of this subpoena. The Motion is styled as an Emergency Motion only regarding Plaintiffs assertion in their Objections (Dkt. No. 335) that the automatic stay under DUCivR 30-1(d) is based on a motion for protective order being served within 3 days of service of deposition notice to Defendants. Defendants read the rule to apply the automatic stay when the motion for protective

2

order is filed within 3 days of deposition notice being served on deponent. Defendants are advised Mr. Bower was served on October 13, 2025.

## INTRODUCTION

Oak Street Funding LLC is Rymark's primary commercial lender. As its Vice President and relationship manager, Bill Bower has unilateral authority to modify, restrict, or terminate Rymark's access to capital. Rymark depends on Oak Street's continued financial support—and Plaintiffs know it. That is why Plaintiffs have continually threatened Defendants with subpoenas to Oak Street, and why they have reneged on an agreement with Defendants not to subpoena Oak Street by issuing a new subpoena deposition date to Mr. Bower.

Plaintiffs do not seek discovery. They seek disruption. Their real objective is to apply financial pressure by placing Rymark's funding source under litigation scrutiny. The effort is transparent and improper. As this Court already ordered, discovery into Oak Street should proceed (if at all) through targeted requests to Rymark, not third-party harassment. Plaintiffs' end-run around that order—and their strategic misuse of Rule 45—calls for the issuance of a protective order and the quashing of the subpoena.

## FACTUAL BACKGROUND

### A.  Plaintiffs' Original Subpoena to Oak Street:

On July 23, 2024, Plaintiffs served notice of their intent to subpoena Oak Street. On July 30, 2024, Plaintiffs issued that subpoena, commanding Oak Street to produce a broad array of documents.  *See* Dkt No. 192-2. This subpoena demanded virtually all documents and communications related to Rymark or its principals. The requests were extraordinarily expansive and went well beyond any issue raised in this litigation. It was a fishing expedition at best.

Defendants promptly objected to the Oak Street subpoena as improper and moved for a

protective order. (Mot. for Protective Order re: Improper Subpoenas to Oak Street, Dkt. 192, filed Dec. 11, 2024). At hearing, Magistrate Judge Cecilia M. Romero expressly held that the Oak Street subpoena was overbroad and premature, and directed the parties to confer about narrowing its scope. Judge Romero specifically ordered the parties to discuss whether Defendants themselves could produce the necessary materials, rather than burdening Oak Street. *See* Tr. of October 2, 2024 Hr'g, at Dkt. No. 192-3. The Court emphasized that the parties "needed to discuss" the breadth of the Oak Street requests.

Following the Court's guidance, counsel for both sides met on October 11, 2024 to address various discovery issues, including the Oak Street subpoena. Defendants' counsel offered a compromise: Defendants would voluntarily produce documents relating to Rymark's relationship with Oak Street (even though such documents had not been previously requested in party discovery). The goal was to provide Plaintiffs with the core information they claimed to need, while avoiding unnecessary involvement of the third-party lender.

On October 14, 2024, Plaintiffs' Counsel sent a letter memorializing the discussion, saying *"Plaintiffs will provide Defendants with a targeted list of documents they are seeking from Oak Street and Defendants will confirm if they will agree to produce those documents in lieu of Plaintiffs seeking those same documents via third-party subpoena."*. (Dkt. No. 192-4, at 3-4) Thus, Plaintiffs expressly agreed to withdraw their third-party subpoena and to request only specific, relevant Oak Street documents through the party discovery process.

**B.  Plaintiffs' Breach of the Agreement – The December 3, 2024 Bower Subpoena:**

Plaintiffs never provided the promised "targeted list of documents." Instead, without warning, on December 3, 2024 Plaintiffs served a new subpoena directed to Bill Bower, an executive at Oak Street who oversees Rymark's loan relationship. This subpoena to Mr. Bower

demanded production of documents similar to (and even broader than) the original Oak Street subpoena. Plaintiffs *did not* give Defendants any advance notice that they intended to issue this subpoena, violating Fed. R. Civ. P. 45(a)(4) and DUCivR 45-1's notice requirement. Nor did Plaintiffs meet and confer with Defendants about the scope of the subpoena or attempt to obtain the documents from Defendants first, as Judge Romero had ordered. Instead, Plaintiffs completely ignored their agreement and the Court's directive. (Dkt. No. 192-6). The December 3 Bower document subpoena contained 17 wide-ranging requests for production, even more overbroad than the original Oak Street subpoena. Additionally, Plaintiffs failed to notify Defendants of the subpoena in violation of Rule 45(a)(4) and DUCivR 45-1. This lack of notice and consultation was egregious given Judge Romero's order specifically instructing Plaintiffs to confer with Defendants about Oak Street discovery.

### C.  Meet-and-Confer Efforts and Plaintiffs' "Withdrawal" of the Document Subpoena.

On December 4, 2024, then defense counsel of record, (Mr. Stephen Richards) emailed Plaintiffs' counsel demanding that the subpoena be withdrawn due to the rule violations and the conflict with the Court's instructions. Mr. Richards pointed out that Plaintiffs had broken their promise to provide a document list "in lieu" of a subpoena, and in fact had done *"exactly the thing [they] told us [they weren't] going to do"*. Dkt. No. 192-6, at 2. Nevertheless, he noted that Defendants stood ready to work in good faith once Plaintiffs sent the promised list. *Id.* Plaintiff's counsel indicated she would provide the targeted list by the next day. Effectively, Plaintiffs threatened to forge ahead with Mr. Bower's deposition (and the enforcement of the document subpoena) unless Defendants preemptively agreed to an unknown set of demands. Mr. Richards replied that Rymark was willing to meet and confer in good faith, but it could not agree to produce an unspecified list of documents on two weeks' notice. *See* Dkt. No. 192-6 at 3.

5

Plaintiffs finally relented – at least in part. On December 5, 2024, Plaintiffs' counsel emailed that *"we have withdrawn the 12/3/24 Bower deposition subpoena and have served a new subpoena to Mr. Bower which does not include any requests for documents."* (Plaintiffs took the position that no advance notice is required for a pure deposition subpoena without document requests, citing Rule 45(a)(4) and DUCivR 45-1.) Dkt. No. 192-6, at 1. In the same email, Plaintiffs stated they would no longer pursue the Oak Street documents via subpoena. They offered to meet and confer about those forthcoming requests in due course. In essence, Plaintiffs conceded that their document subpoena was improper and withdrew it, substituting a notice for Mr. Bower's deposition only. Plaintiffs appeared to revert to the agreed path of obtaining documents from Defendants through formal requests, though only after Defendants expended significant effort to enforce the prior agreement.

Plaintiffs finally served a set of Rule 34 document requests on Defendants targeting Oak Street information. Defendants responded to those requests in the ordinary course. In light of Plaintiffs' withdrawal of the Bower subpoena, Defendants' then-pending Motion for Protective Order (Dkt. 192) was taken off calendar. At a hearing on May 15, 2025, Magistrate Judge Romero denied that motion without prejudice as moot, "for the reasons stated on the record and based on the agreement of the parties." Minute Order at Dkt. No. 267.

### D.  Renewed Dispute – Plaintiffs' Deposition Subpoena to Mr. Bower.

In September 2025, Plaintiffs issued a notice of deposition subpoena setting Mr. Bower's deposition for October 8, 2025, attached hereto as Ex. 1. While some notice was provided, the deposition subpoena went out without regard to the parties' previous agreement referenced by the Court in the May 15, 2025 hearing.  Plaintiffs then submitted an Amended Notice of Deposition of Bill Bower, unilaterally setting the date for October 21, 2025, attached hereto as

Ex 2. Defendants now bring this renewed motion because the issues that plagued the December 2024 subpoena have not been cured: Defendants have significant concerns that the true purpose of dragging Oak Street and Mr. Bower into this case is to harass Defendants or to fish for collateral evidence, rather than obtain genuinely relevant, non-duplicative information.

## ARGUMENT

### I. Defendants Have Standing to Seek a Protective Order and to Challenge the Subpoena

As a preliminary matter, Defendants have standing to object to Plaintiffs' subpoena and to move for a protective order. Ordinarily, a party lacks standing under Rule 45 to quash a subpoena directed to a non-party unless the party claims a **"personal right or privilege"** in the subpoenaed information. See *Hutchinson v. Kamauu*, 2022 WL 180641, at *2 (D. Utah Jan. 20, 2022) (internal quotations omitted). Here, Defendants' relationship with Oak Street involves private commercial information (e.g. loan terms, financial statements, communications) in which Defendants have a strong interest. Accordingly, Defendants have standing to object to the Bower deposition to the extent it seeks disclosure of such sensitive information. This Court should exercise its authority to prevent enforcement of a subpoena that violates the rules and seeks improper and abusive discovery tactics, to protect both the non-party and the Defendants.

### II. The Subpoena Seeks Information That Is Irrelevant and Not Proportional

Under Rule 26(b)(1), discovery must be "relevant to any party's claim or defense" and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court has authority – indeed, an obligation – to limit or prohibit discovery that exceeds these bounds. See Fed. R. Civ. P. 26(b)(2)(C)(iii) (court *"must limit the frequency or extent of discovery"* if it is outside the scope of Rule 26(b)(1)). The subpoena to Oak Street/Bill Bower fails this fundamental test of relevance and proportionality. It is an unwarranted detour into the affairs of a

non-party lender, with minimal if any probative value for the actual claims in this lawsuit.

Although a detailed discussion of the merits is beyond the scope of this motion, the Court should be aware that this case involves allegations by Plaintiffs – two foreign companies – that Defendants engaged in misconduct in connection with certain business transactions or investments. The dispute largely centers on communications and dealings between Plaintiffs and Defendants. Oak Street Funding is not a party to this case and not alleged to have played any role in the dealings between Plaintiffs and Defendants. Oak Street is simply a commercial lender that provided financing to Rymark. Plaintiffs have not made any claims of Oak Streets involvement in the case. Against this backdrop, Plaintiffs' subpoena to Bower appears to be a speculative fishing expedition designed to harass Oak Street and abuse Defendants.

Plaintiffs have not shown that Oak Street possesses unique, non-duplicative evidence that is crucial to their case. See *Monroe v. FinWise Bank*, No. 2:21-cv-42, 2021 U.S. Dist. LEXIS 240298, at *6–7 (D. Utah Dec. 15, 2021) (Oberg, M.J.) (third party subpoena properly denied where the information's relevance was not established and the party failed to show it was crucial). Therefore, the Court should **exercise its authority under Rule 26(b)(2)(C) to bar discovery that is outside the scope of relevance and proportionality**. Plaintiffs' subpoena to Oak Street/Bower seeks largely irrelevant information and is not justified given the ample discovery already available from the parties. As such, a protective order should issue.

## IV. Enforcing the Subpoena Would Impose Undue Burden and Expense on Both the Non-Party and Defendants, Contrary to Rule 45(d)(1)

Rule 45(d)(1) imposes a duty on the party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Rule further provides that courts *"must enforce this duty."* Plaintiffs have breached this duty.

8

Crucially, Oak Street itself has not been shown to possess any information justifying this burden. Oak Street has not been accused of wrongdoing, nor does it appear to have unique evidence. It is hard to escape the conclusion that Plaintiffs targeted Oak Street at least in part to put pressure on Defendants' business relationship. Rymark relies on Oak Street for financing; a subpoena from Plaintiffs obviously damages that relationship and prompts Oak Street to treat Rymark with heightened caution. Plaintiffs know this. This is an improper use of discovery and exemplifies undue burden. See *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) ("Subpoenas issued for the purpose of annoying and harassment, or to pressure a party by inconveniencing a non-party, are *per se* improper.").

Although Rule 45 is aimed at protecting the subpoenaed person, courts recognize that a party can suffer undue burden indirectly when its sensitive information is subpoenaed or when it must monitor and address overbroad subpoenas. This Court should consider the totality of burden and hardship imposed by the subpoena as part of the good cause analysis for a protective order. Indeed, Defendants have already incurred substantial burden in responding to Plaintiffs' shifting subpoena tactics as described above. And further efforts will be required to participate in any deposition of Mr. Bower to protect their interests. In issuing the Oak Street/Bower subpoenas, Plaintiffs manifestly failed to take "reasonable steps" to avoid imposing undue burden. Quite the opposite: Plaintiffs maximized the burden by serving duplicative requests on a distant non-party. Under Rule 45(d)(1), the Court *"must enforce"* the duty to avoid undue burden, which may include sanctions on the issuing party.

## V. The Circumstances Indicate Plaintiffs Issued the Subpoena for Improper Purposes, Warranting a Protective Order

Finally, a protective order is justified because Plaintiffs' conduct surrounding the subpoena suggests an improper motive inconsistent with the goals of discovery. Discovery is

9

meant to be a good-faith search for truth, not a strategic weapon to surprise or intimidate. Here, several facts point to Plaintiffs' misuse of the subpoena power:

**End-Run Around Agreements:** Plaintiffs agreed on the record to withdraw the Oak Street subpoena and use party discovery, only to renege on that agreement without explanation. This bait-and-switch indicates gamesmanship on Plaintiff's part.

**Use of Subpoena as Leverage:** When confronted previously, Plaintiffs did not defend the subpoena on its merits. Plaintiffs withdrew the document subpoena, which speaks volumes. If Plaintiffs truly believed the subpoena was proper and necessary, they presumably would have stood their ground and litigated the issue then. Their readiness to withdraw it in exchange for documents suggests the subpoena's primary function was as a bargaining chip, not a bona fide discovery tool.

**Circumvention of Normal Discovery Channels:** Plaintiffs could have sought Oak Street-related documents directly from Defendants at any time (indeed, they eventually did). The fact that Plaintiffs initially chose the more onerous path of a third-party subpoena – and did so without even attempting a narrow request to Defendants – implies a tactical ploy. One result of the tactic would potentially obtaining documents from Oak Street thereby circumventing Defendants' right to review and object. Another inference is that Plaintiffs wanted to send a message to Defendants by involving their lender, as discussed above. Both inferences reflect an improper purpose. Discovery should not be used to "go around" a party's legitimate discovery objections or to harass a party by dragging unrelated third parties into the fray. See *Stanford v. Freedom Equity Grp., LLC*, No. 18-cv-1315, 2019 WL 13023874, at *2 (D. Utah Nov. 4, 2019) (quashing third-party subpoenas that appeared aimed at "sidestepping" the normal discovery process and harassing the opponent).

10

Allowing the Bower deposition to proceed (or enforcing any part of the subpoena) would effectively reward Plaintiffs' improper conduct. The Court has broad discretion under Rule 26(c) to guard against discovery abuse and should use it in this case. See *Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 482 (10th Cir. 1995) ("The district court is in the best position to weigh the soundness of plaintiff's assertions that the discovery sought is unduly burdensome or otherwise improper….").

## VI. A Protective Order Should Issue Forbidding the Subpoena and Related Discovery, or Alternatively Strictly Limiting Its Scope

Defendants respectfully request that the Court quash the subpoena to Bill Bower and prohibit Plaintiffs from obtaining the requested discovery. In practical terms, since the document subpoena was withdrawn, the main relief sought is an order forbidding the deposition of Mr. Bower (and any re-issuance of document demands on Oak Street) on the grounds that such discovery is improper. See Fed. R. Civ. P. 26(c)(1)(A) (court may order "forbidding the disclosure or discovery" entirely).

## CONCLUSION

For the foregoing reasons, Defendants seek the following relief:

1.      If the Subpoena was indeed served October 13, the deposition should be automatically stayed, since this motion was filed within 3 business days. However, Defendants have not been definitively appraised of the service date on Mr. Bower.

2.      Defendants respectfully request that the Court GRANT this Motion and issue a Protective Order that forbids Plaintiffs from enforcing or reissuing the December 2024 subpoena to Oak Street Funding or Bill Bower, and relieves Mr. Bower of any obligation to appear for a deposition in this matter (Fed. R. Civ. P. 26(c)(1)(A), (B)).

A proposed order is attached hereto as Ex. 3 and provided in editable form to Chambers.

11

DATED:  October 16, 2025

**PARKINSON BENSON POTTER**

  /s/ *Brennan H. Moss*
Eric G. Benson
D. Loren Washburn
Brennan H. Moss
Clifford B. Parkinson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of October, 2025, I filed the foregoing

**AMENDED AND EMERGENCY RENEWED MOTION FOR PROTECTIVE ORDER RE IMPROPER SUBPOENA HISTORY TO RYMARK'S PRIMARY LENDER AND THEIR RELATIONSHIP OFFICER AT THAT LENDER**

via the Court's CM/ECF system, which provided notice of such filing to all counsel of records.


*<u>/s/ Clifford B. Parkinson</u>*