Eric G. Benson (Bar No. 10414)
Loren Washburn (Bar No. 10993)
Brennan Moss (Bar No. 10267)
Clifford B. Parkinson (Bar No. 13327)
Parkinson Benson Potter
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
eric@pbp.law
loren@pbp.law
brennan@pbp.law
cliff@pbp.law

*Attorneys for Nicholas Thayne Markosian,*
*Rymark, Inc., Vicky Small, and John*
*Kirkland*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **DEFENDANTS' DUCivR 5-3(b)(2) MOTION FOR LEAVE TO FILE UNDER SEAL OBJECTION TO MAGISTRATE'S ORDER [DKT. 366] AND EXHIBITS 1 AND 2 THERETO [DKT. Nos. 379, 380, 380-1]**<br><br>Case No.: 2:23-cv-00467<br><br>Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation,<br><br>Counter Defendants. | |

Defendants Rymark, Inc. ("Rymark"), Nicholas Thayne Markosian ("Markosian"), John Kirkland ("Kirkland"), and Vicky Small ("Small") (together, "Defendants") hereby file this Motion for Leave to File Under Seal Defendants' Objection to Magistrate's Order [Dkt. 366] (ECF 379) and Exhibits 1 (ECF 380) and 2 (ECF 380-1) thereto. Specifically, Defendants request that a few lines from the Objection (ECF 379) and its exhibits (ECF 380, 380-1) be filed under seal and be redacted from the public version of the Objection and its exhibits.

## I.      BACKGROUND

During a hearing on April 28, 2026, (ECF 359) Plaintiffs submitted new evidence during oral argument previously produced by Defendants. The Court instructed Plaintiffs to submit these new materials on the record. Plaintiffs submitted the documents under seal, along with a Motion for Leave to File them under Seal. ECF 361. In that motion, Plaintiffs accurately described the documents as follows:

- **Exhibit 1:** RYMARK273783 is a confidential email dated February 1, 2024, from Robert Burt of Oak Street Funding to Defendant Nicholas Markosian, containing confidential information relating to Defendants' relationship with one of their primary lenders. Exhibit 1 was designated "CONFIDENTIAL" by Defendants pursuant to the parties' Protective Order (ECF. No. 272).

- **Exhibit 2:** RYMARK326317-19 is a confidential letter dated May 14, 2024, from Oak Street to Rymark, Inc. ("Rymark"), discussing the status of Oak Street's loan to Rymark. Exhibit 2 was designated "CONFIDENTIAL" by Defendants pursuant to the parties' Protective Order (ECF. No. 272).

- **Exhibit 3:** RYMARK326530-31 is a confidential letter dated May 31, 2024, from Oak Street to Rymark discussing the status of Oak Street's loan to Rymark. Exhibit 3 was designated "CONFIDENTIAL" by Defendants pursuant to the parties' Protective Order (ECF. No. 272).

ECF 361, at 2-3. Plaintiffs also explained that the Confidential Materials "contain financial information related to Defendants' primary lender, Oak Street, and Defendants' ability to repay loans previously extended by Oak Street." *Id.*, at 2-3. Plaintiffs collected cases demonstrating

2

that this Court has granted motions to seal similar information.

Subsequently, the Court entered a Docket Text Order taking Plaintiff's Motion under advisement. ECF 368. The Court noted that since the underlying basis for Plaintiff's Motion was that Defendant's had designated the Confidential Materials as CONFIDENTIAL Defendants should file their own Motion for Leave to File under Seal. *Id.* Defendants did so on May 6, 2026. ECF 374. That Motion was granted on May 7, 2026.  ECF 377.

Defendants now seek to file an Objection to Magistrate's Order (ECF 366) (ECF 379) with exhibits (ECF 380, 380-1) under seal ("Objection").  The Objection, and Exhibits 1 and 2 thereto, include information from the documents previously sealed by the Magistrate Judge's May 7, 2026 order ("Confidential Information"). To maintain the integrity of the information in the documents under seal, Defendants' file the present motion for leave to file the Objection and Exhibits 1 and 2 Thereto Under Seal.

## II.    ARGUMENT

Under DUCivR 5-3(b)(2), a Motion to File Under Seal must "specify why the Document[s are] privileged, protectable as a trade secret, or otherwise entitled to protection under the law." Specifically the motion must "(A) be narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection; (B) state the duration of the seal; and (C) state the statute, rule, case law, or reason supporting the sealing of the Document…." *Id.* This Court has already held that the documents from which the Objection and its exhibits cite Confidential Information are properly under seal. ECF 377. The present motion seeks to ensure the integrity of that order.

### A.  The Request is Narrowly Tailored.

The request is narrowly tailored "to seek protection of only the specific information that

the [Defendants'] allege[] is truly deserving of protection." Here, the Defendants seek to file under seal their Objection to Magistrate's Order and exhibits. That said, Defendants seek only to redact a handful of lines from the Objection and its exhibits reciting information from documents already under seal. Thus the request is narrowly tailored. Defendants are not requesting a "blanket sealing" of a large number of documents, but only of handful of lines in the Objection and Exhibits 1 and 2 thereto. Contrast *DevIntent LLC v. HeroDevs, LLC* Case No. 2:22-cv-9680RJS, 2022 WL 17690152, at *2 (D. Utah Dec. 15, 2022) (wherein the Court declined to grant a blanket request to seal *400 documents* but rather invited the parties to "file another motion that identifies the *specific* portions of the record that should be redacted."). Unlike the request in *DevIntent*, this motion only requests the sealing of a mere three documents that were requested by the Court.

### B.   The Duration of the Seal Would be Perpetual

The subject of the Confidential Information includes financial information and communications with Defendants' primary lender about the status of Rymark's credit line. It is matter of ongoing concern for Defendants. Defendant Rymark relies heavily on the line of credit at issue. Consequently, Defendants ask that the duration of the seal be permanent.

### C.   Information Such as that in the Confidential Material is Routinely Sealed in this Court and the Tenth Circuit and the Documents from Which it Comes are Already Sealed.

As described above, the Confidential Materials contain confidential financial information and communications between Defendants and Rymark's primary lender regarding the status of Rymark's credit line. The Court has already ordered that the documents from which the confidential information is drawn be filed under seal. Consequently, the Confidential Information cited therefrom should also be under seal.

It is true that "[c]ourts have long recognized a common-law right of access to judicial

records." *Alfwear Inc. v. Ibkul Corp.*, Case No. 2:21-cv-00698, 2025 WL 721327, at *1 (D. Utah Jan. 31, 2025) (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). But the "presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access." *Id.* (quoting *Colony Ins.*, 698 F.3d at 1241). Indeed, this presumption can be overcome by "demonstrating the pages [to be sealed] contain 'sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir, 2016)). The presumption can also be overcome when "the moving party 'submit[s] any specific argument or facts indicating why the confidentiality of the [documents] outweigh the presumption of public access." *Capana v. Swiss Advisors AG v. Rymark Inc.*, Case No. 2:23-cv-00457-TS-CMR, 2024 WL 4882065, at *1 (quoting *Colony Ins.*, 698 F.3d at 1241-42).

Defendant Rymark's Confidential Information contains "sensitive business information about how defendants do business," specifically regarding Defendant's reliance on its lender, the nature of the relationship with that lender, and the status of Defendants' line of credit at a particular time. *Alfwear Inc.*, 2025 WK 721327, at *1. This information "will cause Defendants competitive harm if publicly disclosed." *Id.* Indeed, the documents from which the Confidential Information is derived is already under seal. Therefore this Court should allow information from those documents to be sealed.

**CONCLUSION**

For the foregoing reasons, the Court should allow Defendants' Objection to Magistrate

5

Order [Dkt. 366] (ECF 379) and Exhibits 1 (ECF 380) and 2 (ECF 380-1) to be filed under seal.

Dated: May 14, 2026.

**PARKINSON BENSON POTTER**

*/s/ Clifford B. Parkinson*
Eric G. Benson
D. Loren Washburn
Brennan H. Moss
Clifford B. Parkinson

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, I caused a copy of the foregoing to be served on all counsel of record via the Court's Electronic Filing System.

_/s/ Clifford B. Parkinson_