Eric G. Benson (Bar No. 10414)
Loren Washburn (Bar No. 10993)
Brennan Moss (Bar No. 10267)
Clifford B. Parkinson (Bar No. 13327)
Parkinson Benson Potter
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
eric@pbp.law
loren@pbp.law
brennan@pbp.law
cliff@pbp.law
*Attorneys for Nicholas Thayne Markosian,
Rymark, Inc., Vicky Small, and John
Kirkland*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAPANA SWISS ADVISORS AG, a Swiss corporation; AMERIMARK AUTOMOTIVE AG, a Swiss corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>RYMARK, INC., a Utah corporation; NICHOLAS THAYNE MARKOSIAN, an individual; JOHN KIRKLAND, an individual; and VICKY SMALL, an individual,<br><br>Defendants. | **EXPEDITED MOTION TO STAY MAGISTRATE'S ORDER (ECF 366) PENDING DISTRICT COURT'S REVIEW OF DEFENDANTS' OBJECTION THERETO (ECF 379)**<br><br>Case No.: 2:23-cv-00467<br><br>Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |
| RYMARK, INC., a Utah corporation; and NICHOLAS THAYNE MARKOSIAN, an individual,<br><br>Counter Claimants,<br><br>vs.<br><br>CAPANA SWISS ADVISORS AG, a Swiss corporation, and Amerimark Automotive AG, a Swiss Corporation,<br><br>Counter Defendants. | |

Defendants Rymark, Inc. ("Rymark"), Nicholas Thayne Markosian ("Markosian"), John Kirkland ("Kirkland"), and Vicky Small ("Small") (together, "Defendants") hereby file this Motion to Stay Magistrate's Order (ECF 366) Pending the District Court's Review of Defendants Objection Thereto (ECF 379).

### REQUESTED DISPOSITION

Defendants respectfully request that the Court stay it's Order denying the Motion for Protective Order and Memorandum in Support (ECF 336) ("Motion for Protective Order") placed on the docket in a minute order at ECF 366 pending the District Court's decision on Defendants' Objection thereto (ECF 379) (hereinafter, "Objection"), in accordance with Federal Rule of Civile Procedure 72 and DUCivR-72-2. Federal Rule 72 requires that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the other that is clearly erroneous or is contrary to law." The Order should be stayed so that the District Court has time necessary to properly rule on the Objection. In the absence of a stay, the Defendants' will be deprived of their rights under Federal Rule 72 and Local Rule DUCivR 72-2.

### BACKGROUND

On October 13, 2026, Plaintiffs served a deposition subpoena to Plaintiff's to Bill Bower, Vice President and Relationship Manager of Oak Street Funding LLC ("Oak Street"). *See* ECF 336-2. Oak Street is Rymark's primary lender, providing a credit line in the tens of millions of dollars that Rymark's continued operations depend upon. Bill Bower, as Oak Street's relationship manager for Rymark, has unilateral authority to modify, restrict, or terminate that credit line. Plaintiffs know this and this is precisely why Plaintiffs' October Subpoena is just the most recent attempt in a long pattern to disrupt Defendants' business relationship with Oak Street. This is just the most recent attempt, in a long pattern, of Plaintiffs efforts to disrupt

Defendants' business relationships and financing under the guise of discovery. For context, Plaintiffs have served subpoenas on every bank, credit union, and financing source they could connect to Rymark in an obvious attempt to damage Rymark's reputation with its lenders and, ultimately, put it out of business. *See* ECF 128 at 1-2. The targets have included Bank of Utah, Bank of the West, Mountain West Small Business Finance, Holladay Bank and Trust, Ted Jenkins, Keddington & Christensen LLC, Security Service Credit Union, Utah Community Bank, White & Associates, Zions Bank, Covington Capital Corporation, First Insurance Funding, Arrowhead General Insurance Agency, the Small Business Administration, Katz Sapper & Miller LLP, AAM Investments LTD, LHPH Capital, and — three times now — Oak Street Funding LLC and its relationship manager, Bill Bower. *Id.* at 2. Plaintiffs know that Defendants' business in capital intensive, and it is Plaintiffs goal to use this as leverage.

In response to this subpoena at issue, Defendants' filed their Motion for Protective Order. *See* ECF 336. The motion was fully briefed and heard by the Court on April 28, 2026. At the hearing, Plaintiffs introduced new documents and arguments for the first time. *See* Tr. of Hearing at ECF 380 ("Hearing Tr.").

The Court took the new documents and arguments under consideration, and relied upon them its order Denying Plaintiff's Motion for Protective Order, using them to find that relevant evidence may be sought by the subpoena. *See* ECF 366; and *see* Tr. of Order Hearing ECF 380-1, (the "Order"), at 8-9. The Court "recognize[d] that there may be an impact to Rymark's relationship with Oak Street" but found that risk did not outweigh the relevant evidence Plaintiffs' purport to seek. Order at 9. The Court also found that the new documents and arguments were produced just days before the hearing, when in fact they were produced just days before the end of discovery, *back in October 2025. See* Order at 8; *and see* Objection at 9-10.

On May 14, 2026 Defendants' filed their Objection to the Magistrate Judge's Order. The Objection respectfully requests that the District Court overrule the Magistrate's Order because it relies on documents and arguments that were only provided by Plaintiffs' for the first time in oral argument. *See Deseret Trust Co. v. Unique Inv. Corp.*, Case No. 2:17-cv-00569, 2018 WL 8110959, at * 4 (D. Utah July 3, 2018) (stating that Courts "reject[] arguments raised for the first time at oral argument."). This constitutes a decision that is "contrary to law" because it failed to "apply or misapplie[d] relevant …case law [and] rules of procedure." *Pingree v. University of Utah*, Case No. 2:20-cv00724-JNP-CMR, 2024 WL 2832541, *2 (D. Utah Jun 4, 2024) (citing FED. R. CIV. P. 72(a)) and therefore warrants being overruled or struck by the District Court.

Defendants' Objection also requests that the District Court overrule the Magistrate's Order since it appears that the Magistrate allowed the newly raised documents and arguments because it was under the impression that the documents had only been produced for the first time days prior to the hearing. Order at 8. In fact, the documents had been produced seven months ago. *See* Hearing, Tr.at 16. This mistake is "clearly erroneous" as there is no doubt "that a mistake has been committed" *Id.* In conjunction with the mistake of law, this mistake of fact also warrants overruling of the Order by the District Court.

**ARGUMENT**

A. **Not implementing a Stay Will Deprive Defendants of their Rights under Rule 72 of Civil Procedure and DUCivR 7-2.**

The Magistrate's Order, unless stayed, will deprive Defendants' of their rights under Rule 72 and DUCivR 7-2. In denying the Motion for Protective Order, the Court also ordered that the deposition of Bill Bower be taken within "3 weeks of" of May 1, 2026. (ECF 366). The deposition is currently scheduled for May 21st, 2026. *See* Subpoena to Bill Bower, Ex. 1. If the deposition is taken prior to the District Court's ability to rule on Defendants' Objection, it

functionally deprives Defendants of their right to object to the Magistrate's order under Rule 72 and DUCivR 7-2.

**B. Defendants Are Also Entitled to a Stay Under the Traditional Stay Framework.**

Defendants are also entitled to a stay of the Magistrate's Order under the traditional framework for a stay analysis. "When determining whether a stay is warranted, [a party] must show (1) likelihood of success on the merits; (2) irreparable harm 'in the absence of a stay' (3) other parties will not be substantially harmed by the entry of a stay; and (4) the public interest favors a stay.'" *Kane County, Utah v. Unites States*, Case No. 2:10-cv-01073, 2022 WL 4365991, at *1 (D. Utah Sept. 21, 2022) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F. 3d 1256, 1267 (10th Cir. 2004). Each of these factors is met by Defendants.

**1. Defendants are likely to Succeed on the Merits.**

For reasons briefly described above and more fully in Defendants' Objection, Defendants are likely to succeed on the merits of their Objection. *See* Objection. The Court's reliance on information and documents introduced at oral argument and an inaccurate timeline in its decision renders the decision both "contrary to law" and "clearly erroneous." *Pingree,* 2024 WL 2832541, *2 ("When a party objects to a magistrate judge's nondispositive ruling, district court's employ a 'clearly erroneous or … contrary to law' standard of review."

First, the Order relied on arguments and information that were not supplied until oral argument. This is contrary to law, as the newly raised issues should have been rejected rather than relied on. *Deseret Trust* 2018 WL 8110959, at * 4 (collecting cases). Because the Order relies on documents and arguments improperly raised, the Order "fails to apply or misapplies relevant case law [and] rules of procedure," namely Rule 7 and relevant case law. Therefore the

Order is "contrary to law" and should be overruled by the District Court. *Hawkins v. Ghiz*, Case No. 2:18-cv-00466-DBB-JCB, 2021 WL 308238, *1 (D. Utah Jan. 29, 2021).

Second, the Court appears to have relied on the improperly introduced arguments and documents because it found that the documents were not produced until shortly before the hearing. *See* Order, at 8. But this finding is erroneous. The documents were provided in October 2025, a full 7 months prior to the hearing. Objection at 9-10. The Order's finding is thus "clearly erroneous" as a "mistake has been committed." *Pingree,* 2024 WL 2832541, *2 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the Order should be overruled.

As demonstrated by the foregoing, the Defendants' are likely to succeed on the merits.

**2.  Defendants Will Be Irreparably Harmed in the Absence of the Requested Stay.**

Defendants are entitled to the requested stay because they will suffer irreparable harm in its absence. Plaintiffs' have long sought to interfere with Defendants' relationship with Oak Street. Indeed, Plaintiffs' even noted that Defendants lost their relationship with Katz Sap Miller as a result of this lawsuit during the hearing. Objection at 5-6. What Plaintiffs' didn't mention is that KSM's relationship with Defendant only soured *after* Plaintiffs took KSM's deposition.  As articulated in the Motion for Protective Order, Plaintiffs intent is to annoy, harass, and interfere with Defendants' business relationship. ECF 336, at 3 and 9. If the deposition scheduled for May 21st is allowed to go forward, whatever mischief Plaintiffs' accomplish in the deposition cannot be undone.

Consequently, the stay should be granted because Defendants will suffer irreparable harm in its absence.

**3.  Other Parties Will Not be Substantially Harmed by the Entry of a Stay.**

6

No parties will be substantially harmed by the requested stay. There is no articulable harm that can result from making Plaintiffs wait to take this deposition until the District Court has ruled on the Objection. Indeed, this case has been moving forward without a named party for nearly a year, since Miron Leshem, a primary counter-defendant, has refused to engage in discovery since filing his pending Motion to Dismiss on July 31, 2025. ECF 301. Thus, having another, tangential third-party deposition put on hold (in the event the District Court allows it to move forward) will not result in cognizable harm.

### 4. The Public Interest Favors a Stay.

In this instance, the public interest clearly favors a stay. As described in the first section above, without a stay, the May 21st Deposition of Mr. Bowers may occur before the District Court even has an opportunity to opine on the Objection (and perhaps even before Plaintiffs' can respond if they choose to). Guidance to courts "is grounded in the 'public interest in having rules of procedure obeyed." *Rogue Wave Software, Inc. v. BTI Systems, Inc.*, 16 Civ. 7772, 2018 WL 6920770, at *6 (S.D.N.Y. Dec. 14, 2018) (quoting *Keller v. Mobile Corp.*, 55 F.3d 94, 99 (2nd Cir. 1995).

Therefore, this factor weighs in favor of a stay.

CONCLUSION

For the foregoing reasons, the Order should be stayed immediately, pending resolution of Defendants' Objection.

Dated May 14, 2026.

**PARKINSON BENSON POTTER**

*/s/ Clifford B. Parkinson*_____
Eric G. Benson
D. Loren Washburn
Brennan H. Moss
Clifford B. Parkinson

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 14, 2026, I caused a copy of the foregoing to be served on all counsel of record via the Court's Electronic Filing System.


                                */s/ Clifford B. Parkinson*